Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

TAMIE RICHARDSON,

Plaintiff,

vs.

First Horizon Home Loan Corporation,

Defendants.

Case No. 10-03073
**RESPONSE IN OPPOSITION TO PETITION FOR NO ANSWER DEFAULT AND MOTION  FOR A MORE DEFINITE STAEMENT AND TO EXTEND TIME TO FILE AN ANSWER PURSUANT TO FRCP 12(e) and 6.**

COMES NOW Defendant First Horizon Home Loan Corporation and responds to Plaintiff's Petition for No Answer Default as follows:

**DEFENDANT FILED AN APPEARANCE ON AUGUST 25, 2010, APPEARED AT A HEARING ON PLAINTIFF'S MOTION FOR A TEMPORARY INJUNCTION AND OTHERWISE DEFENDED AGAINST THE ALLEGATIONS OF THE COMPLAINT AND PLAINTIFF HAS FAILED TO GIVE NOTICE OF HER INTEND TO SEEK A DEFAULT**

Plaintiff's motions is based on the assertion that Defendant "did not file a responsive pleading or otherwise defend the suit"  Docket #13, page 2.  This assertion is false.  The docket clearly shows that Defendant did file a Notice of Appearance on August 25, 2010, Docket #12.  In addition, counsel for defendant appeared on August 30, 2010, to contest Plaintiff's motion for a temporary restraining order.  It is therefore clear that the Defendant not only appeared but is actively defending this suit.

Response in Opposition to Default- 1

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Plaintiff either fails to appreciate the process required under Federal Rule of Civil Procedure 55, or purposefully ignores it. *See 6 Moore's Federal Practice para. 55.02[3], at 55-8.* However, because Defendant had filed a notice of appearance, entry of judgment by the clerk under Rule 55(b)(1) as requested by Plaintiff would be been improper. Because of the appearance, the district court, not the clerk, is required to determine whether default judgment should be entered.

Default judgments are ordinarily disfavored, since cases should be decided upon their merits whenever reasonably possible. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). In deciding on a motion for a default the court should generally consider the following factors:

(1) the possibility of prejudice to the plaintiff,
(2) the merits of plaintiff's substantive claim,
(3) the sufficiency of the complaint,
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect, and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986), citing 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26.

All six factors way in favor of Defendant and against entry of a default. Plaintiff's complaint consists of 26 pages, but does not follow established pleading rules. None of the paragraphs are numbered. Her complaint neither identifies the property that is subject to the litigation, nor the mortgage instrument, nor does it provide any substantive allegations that are particular to Plaintiff or Defendant. It would appear, however that her complaint is in reference to a Deed of Trust that was recorded on April 8, 2005, as Instrument No. 2005-008429, records of Josephine County, Oregon. Said Instrument lists Mike A Richardson and Tamie S. Richardson as the Grantors, Defendant First Horizon Home Loan Corporation as the Beneficiary and Ticor Title Insurance Company as the Trustee. The principal

Response in Opposition to Default- 2

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

amount is $370,000.00.  Therefore there is a $370,000.00 loan at stake for the Defendant.  Plaintiff seeks to remove that lien from her real property and in addition seeks $1,160,226.66 in actual damages and punitive damages in the amount of $3,480,679.98.  Defendant thus not only faces the loss of a substantial security, but the prospect of a multimillion dollar judgment without proper opportunity to defend itself.  Prejudice to the Defendant would be extraordinary should default be entered.

With respect to the second factor it should be kept in mind that Plaintiff has not provided any specific allegations of wrong doing against the Defendant, but simply conclusory allegations or a general nature. A plaintiff fails to state a claim if the complaint does not allege sufficient facts which, if true, would provide adequate grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Even if her allegations are taken at its most charitable, there is a lack of nexus between the alleged wrong and the remedies sought.  The allegations are varied, but boil down to four main allegations:

> Defendants, in the action by Plaintiff in the instant motion for a temporary restraining order, initiated foreclosure actions against Plaintiff without demonstrating that:
> o the alleged real party in interest, for whom defendant claimed to act as agent, is in fact a true party in interest in the promissory note alleged by defendant;.
> o defendant is in fact a proper agent for the real party in interest to the alleged promissory note;
> o that the real party in interest held a valid lien against the property;
> o that defendants had complied with all relevant laws.

*See Docket No. 2-1, page 1.*

Apart from the fact that Defendant is the actual named Beneficiary in the deed of trust at issue, the claim misconstrues the result that can be legally achieved even if Plaintiff's allegations can be proven (this is not conceded and is in fact vigorously denied).  Finding that for one reason or another

Response in Opposition to Default- 3

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Defendant is not the proper party to enforce a contractual right simply means that there is another party

that is.  It does not mean the debt is somehow discharged or the lien removed:

> **It is a firmly established rule that** a mortgage given as security for a debt is not discharged by a change in the form of the indebtedness, and that **nothing short of actual payment of the debt or an express release of the mortgage will operate to discharge the same**. *Hoy v. Biladeau*, 110 Ore. 591, 597-598 (Or. 1924)(emphasize added)

Proving her case, would thus not result in a discharge of her mortgage, as Plaintiff is seeking,

but simply in a delay of the remedy to which the holder of the beneficial interest (even assuming it is

not Defendant) is entitled under the contract.  Plaintiff is simply overreaching in the remedy she seeks.

The validity of Deeds of Trust as security for a debt has been recognized for a very long time,

and is not in doubt.  *Bell Silver &Copper Mining Co. v. First Nat. Bank of Butte, 156 U.S. 470 at page 477, 15 S.Ct. 440 at page 443, 39 L.Ed. 497 at page 501.*   Plaintiff cannot excuse her non performance

under said Deed of Trust by alleging some unrelated breach by Defendants. Her duty to make her

payments was and is absolute.  *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 467 (U.S. 1960).

The idea that her debt could somehow become unenforceable because the note and deed of trust

were separated has no basis in the law.,[1]  Even if Plaintiff can show violations of federal lending law,

for example TILA, rescission is not the remedy, only monetary damages.  *Shaw v. Lehman Bros Bank*,

2009 U.S. Dist. LEXIS 22996 (D. Idaho Mar. 20, 2009).

Therefore, even if her allegations are taken at their most charitable, Plaintiff is not entitled to

the remedies she is seeking.

---

[1] See *Bellistri v. Ocwen*, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009), a case often cited in support of this theory. There the court did indeed find that a loan servicer lacked standing, but also held that: "Effectively, the note and the deed of trust are inseparable, and when the promissory note is transferred, it vests in the transferee 'all the interest, rights, powers and security conferred by the deed of trust upon the beneficiary therein and the payee in the notes."

Response in Opposition to Default- 4

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

**IN LIGHT OF THE CONFUSE PLEADINGS PLAINTIFF SHOULD MAKE THEM MORE DEFINITE AND DEFENDANT SHOULD BE GIVEN APROPRIATE AND ADDITIONAL TIME TO DRAFT A PROPER RESPONSE.**

Defendant is taking all appropriate actions to defendant itself in this matter.  A notice of appearance was filed and Defendant has presented oral argument in opposition to the motion for an injunction.  Defendant believes that this matter is ripe for a motion on a judgment on the pleadings or summary judgment.  However, the local rules require an effort by the parties to first attempt to settle their differences.  Defendant did attempt to do just that by meeting with Plaintiff in person on August 30, 2010. Those efforts were not fruitful, but they explain why Defendant was unable to file dispositive motions until now.

Plaintiff's failure to follow normal pleading procedures may be excused by the fact that Plaintiff is pro se, but it makes a proper written response much more difficult.  It is neither plain nor short.  It is 28 pages of allegations that in fact indict an entire industry, not just Defendant.  It throws quite literally the kitchen sink at the Defendant, accusing the Defendant of almost every conceivable wrong, and a few that are hard to conceive at all.

In addition to a failure to number, the complaint is full of incomplete sentences and ideas.  For example:

"Petitioner is, "
"Currently Known Defendant(s) are/is: ,,, ,by and through its attorney"

Docket #1, page 1.

The complaint makes reference to "Lender", "Agent," "Defendants, "servicer," "Investor" and other parties.  However, none of these parties are identified, and there is only one named Defendant.  It is unclear whether responding Defendant is the "Lender," "Agent," or both.   Even a single term seems to

Response in Opposition to Default- 5

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

refer to different parties.  For example on page 11 of the complaint, the "Agent" is a type of loan

broker, on page 10, "agents" are the agents of the principal for purposes of foreclosure. On page  12,

second paragraph, it appears that the "Lender" and a "servicer" are the same person or entity, on other

pages they are different entity. On the same page, "Lender" is accused of acts that in other sections are

imputed to the "Agent."

Certain allegations do not appear to allege alleged misconduct by "Lender" against a third party, not

the Plaintiff:

> Lender intended to defraud Investor by converting the promissory note into a security
> instrument and selling same to Investor" Docket #1, page 8.

> While there are numerous allegations of fraud or even "criminal conduct" the alleged fraud is

never stated with particularity. *See* Fed. R. Civ. P. 9(b).

These are only some examples that show that it is nearly impossible to draft an intelligent response to

these pleadings in a timely manner.  Defendant therefore requests that the court order Plaintiff to

amend its pleadings to do the following:

1.  Number each paragraph and provide only one allegation of fact for each paragraph.

2.  Identify the loan at issue by date, trustee, named beneficiary, grantor, or provide copies of the

    deed of trust and note.

3.  Identify each party referenced in the pleadings by name and other identifiable information.

4.  When making allegations of fact, identifying those facts with specificity.  For example, date,

    amount, parties involved, etc.

5.  Attach copies of the documents which Plaintiff wishes to have interpreted by the court or upon

    which Plaintiff relies.

Response in Opposition to Default- 6

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

6.  If violations of specific statutes are alleged reference those statutes by proper citation.

7.  Identify the connection between the wrong alleged and the alleged resulting harm for each such wrong.

8.  Provide allegations that are consistent or identify those allegations as alternate pleadings.

9.  Striking any conclusory or irrelevant language.

DATED September 2, 2010

> McCarthy & Holthus, LLP
> */s/ Holger Uhl*
> By_____
> Holger Uhl, Of the Firm
> Attorneys for First Horizon Home Loan Corporation

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  September 2, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing:

- 

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

**Tamie Richardson**
746 Bailey Drive
Grants Pass, OR 97527

*/s/ Holger Uhl*

_____

Holger Uhl

Response in Opposition to Default- 8

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045