Tamie Richardson
746 Bailey Drive
Grants Pass OR  97527

FILED'10 SEP 14 15:42USDC-ORM

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| Tamie Richardson | Case #  **10-3073-CL** |
| Plaintiff, | |
| vs. | **REQUEST FOR CLARIFICATION** |
| First Horizon Home Loan Corp | **OF TRIAL MANAGEMENT ORDER** |
| Defendant | Dated:  September 14, 2010 |

**REQUEST FOR CLARIFICATION OF TRIAL MANAGEMENT ORDER**

COMES NOW, Plaintiff Tamie Richardson, 746 Bailey Drive, Grants Pass, OR 97527. seeking clarification to Docket #16 TRIAL MANAGEMENT ORDER issued by this court on September 7, 2010.  Plaintiff is confused with the document and the timeliness of this order and asks for clarification with regards to same.

In regards to Plaintiffs confusion, the document seems to offer contradictory information as to that posed in a previous ORDER from the court entered on August 9, 2010, where the case discovery timeline was given dates well into January of 2011, yet the 2 day trial as outlined in the Trial Management ORDER is asking for discovery by October 8, 2010.  It is unclear what the court is requesting, and Plaintiff hereby seeks clarification.

Secondly, Plaintiff has read through the Federal Rules of Civil Procedure ("FCRP") relative to a Defendants response and has understood that upon Defendants answer, if a cause of action was stated upon which relief can be had, then both parties would create a case management plan to determine how discovery, and normal management of this instant case would be further determined. Once the plan was created and approved by both sides, there would be a movement to Rule 26F.  Plaintiff is not aware of the rule which guides parties to follow the Trial Management Order procedure, especially not a party who is pro se. It is requested that the court

25  please offer further information as to the reasoning behind the circumvention of the previously
26  read FCRP and ORDER timeline filed on August 9, 2010.

27  It is also requested that the court give some direction on how the Plaintiff should proceed, as to
28  confer with all orders and rules. Plaintiff understands that the court cannot give any legal advice.

29  Lastly, please take notice, in regards to discovery, and proper parties, Plaintiff is unable, at this
30  time, to determine who, if any, other real parties in interest may be.  Plaintiff has named and
31  properly served the one party known to Plaintiff to be culpable for the fraud committed against
32  Plaintiff.  If other parties are culpable, said parties have been hidden by the failure of said parties
33  to properly register holder status of the security instrument with the local county recorder's
34  office.  Therefore, if the court determines that other parties should be joined, Plaintiff will
35  certainly comply with any order by the court to join said parties as soon as the identity of said
36  parties are fully established. Until such time as the Defendant files their answer, it would be
37  premature and impossible for Plaintiff to know what interrogatories, admissions, depositions and
38  discovery requests would even be appropriate.
39
40  **Respectfully Submitted,**
41
42  *Tamie Richardson*
43  **Tamie Richardson**