Holger Uhl, OSB# 950143
McCarthy & Holthus, LLP
19735 10th Ave. NE, Suite N200
Poulsbo, WA 98370
206-319-9100
206-780-6862 fax
huhl@mccarthyholthus.com
Attorneys for First Horizon Home Loan Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

TAMIE RICHARDSON,

Case No.:  10-3073

ANSWER

                                        Plaintiff,

vs.

First Horizon Home Loan Corporation,

                                        Answering Defendant.

COMES NOW the Defendant, First Horizon Home Loans a Division of First Tennessee

Bank National Association, successor by merger to First Horizon Home Loan Corporation

("Answering Defendant"), by and through their attorney of record, Holger Uhl of McCarthy

& Holthus, LLP, and Answers Plaintiff's Complaint as follows:

*Preliminary Statement:*   The Complaint styled Original Petition does not contain
numbered paragraphs or line numbers.  Answering Defendant has therefore numbered the
paragraphs on its own in order to properly identify said paragraphs in the answer.  A copy
of the Complaint with the added numbering is attached to this answer as Exhibit 1.

1.  Answering Defendant denies each and every allegation or part thereof not explicitly and

specifically admitted herein.

ANSWER  1

M&H# OR10-7486

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

2. General Response: Plaintiff has made reference to numerous parties, but has failed to identify any of those parties within its pleadings, nor has it identified with specificity the property or the contract or contracts subject to this litigation.   Based upon Defendant's own investigation, the pleadings appear to relate to real property known as 746 Bailey Drive, Grants Pass, Oregon 97527, and a construction loan obtained in 2005 by Plaintiff and her then husband, Mike S. Richardson.  Upon information and believe the parties have been divorced. Answering Defendant hereby affirmatively states that Mr. Richardson has not been released from the obligations of this loan and is a necessary party to this action.   Upon information and believe, the subject property is also encumbered by subsequent mortgages.  It is unclear from the pleadings whether any of the allegations are made with reference to those junior liens.  Answering Defendant affirmatively states that it has no interest in those liens and to the extent such allegations refer to said junior liens Answering Defendants lacks sufficient information to form a belief as to the truth of the allegations with respect to such junior liens.

3. Answering Defendant denies the following paragraphs of the Complaint:  4, 5, 6, 29, 30, 31, 32, 33, 34, 35, 36, 46, 49, 50, 52

4. The following paragraphs are statements that do not appear to assert a claim against Answering Defendant, and are therefore denied: 7-25 To the extent that the allegations set forth allegations of fact against the Answering Defendant those are denied.

5.     The following paragraphs set forth legal conclusions to which no answer is required and are therefore denied:  26, 27, 28, 37, 38, 39, 40, 44, 47, 48, 63, 64, 65, 66, 67, 68, 88, 90-106, and 108-126.  In addition, the allegations fail to set forth sufficient facts to admit or deny, but to the extent that the allegations are deemed to set forth facts,

ANSWER  2

M&H# OR10-7486

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

those are denied.

6. The following paragraphs "beg the question" as they set forth legal conclusions based upon erroneous factual assumptions to which no answer is required, but any factual assumptions of the allegations are specifically denied: 51, 54, 56, 57, 58, 59, 60, 61, 62, 86

7. The following paragraphs are incomplete or fragmentary; Answering Defendant therefore denies knowledge or sufficient information to form a belief as to the truth of the allegations: 1, 2, 87 and 121.

8. The following paragraphs repeat Plaintiffs allegations by reference and Answering Defendant repeats its replies to said allegations: 107

9. With respect to Paragraph 3 of the Complaint, Answering Defendant denies sufficient information to form a belief as to the truth of the allegations as the paragraph is incomplete and fragmentary, except that Plaintiff and non party Mike S. Richardson did obtain a construction loan in the principal amount of $370,000.00 (hereafter the "Loan" or "Mortgage") secured by a Deed of Trust on real property commonly known as 746 Bailey Drive, Grants Pass, Oregon 97527 (hereafter the "Property"). The original Lender on said loan was First Horizon Home Loan Corporation. Upon information and believe, based on public records, the subject Property is also encumbered by a second and third mortgage in the principal amount of $54,000.00 and $26,108.74, respectively. The remainder of the paragraph sets forth legal conclusions to which no answer is required and is therefore denied.

10. With respect to Paragraph 41, Answering Defendant admits that Plaintiff materially breached its contractual obligations with respect to the above referenced Loan. Copies of

ANSWER  3

M&H# OR10-7486

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

the Deed of Trust and Promissory Note are attached herewith as Exhibits 2 and 3. The remainders of the allegations of the paragraph are denied.

11. With respect to Paragraph 42, Answering Defendant responds as follows:

1st. Sentence: Sets forth legal conclusions to which no answer is required. To the extent it sets forth facts, those facts are denied.
2nd. Sentence: The allegation is denied.
3rd. Sentence: Sets forth legal conclusions to which no answer is required. To the extent it sets forth facts, those facts are denied.

12. With respect to Paragraph 43, Answering Defendant responds as follows:

1st. Sentence: Answering Defendant admits the allegation to the extent that Answering Defendant is the original named Lender and Beneficiary on the Loan documents and the current servicer of the Loan.
2nd. Sentence: The allegation is denied.
3rd. Sentence: Sets forth legal conclusions to which no answer is required. To the extent it sets forth facts, those facts are denied.
4th. Sentence: Sets forth legal conclusions to which no answer is required. To the extent it sets forth facts, those facts are denied.

13. With respect to Paragraph 45, Answering Defendant responds as follows:

1st. Sentence: Answering Defendant admits that the Loan is now owned by a securitization trust, First Horizon Alternative Mortgage Securities Trust 2006-AA3, Mortgage Pass-Through Certificates Series 2006-AA3,with the Bank of New York as the Trustee. Answering Defendant affirmatively alleges that Plaintiff has been advised in writing of this transfer. The allegation is denied to the extent that the allegation claims that Answering Defendant is not the original Lender and Beneficiary. The remainder of the sentence, with respect to REMIC's and the Internal Revenue Code sets forth legal conclusions to which no answer is required. To the extent it sets forth facts, those facts are denied.
2nd. Sentence: Sets forth legal conclusions to which no answer is required. To the extent it sets forth facts, those facts are denied.
3rd. Sentence: Denied.

14. With respect to Paragraph 53, Answering Defendant responds as follows:

1st. Sentence: Answering Defendant admits the allegation to the extent that the Loan was sold to a securitization trust, referenced above. Answering Defendant denies the remainder of the allegation.
2nd. Sentence: Sets forth legal conclusions based upon erroneous factual assumptions to which no answer is required. The factual assumptions of the allegations are specifically denied.

ANSWER  4

M&H# OR10-7486

15. With respect to Paragraph 69, the Complaint sets forth legal conclusions to which no answer is required. To the extent the allegation sets forth facts, Answering Defendant specifically denies it had superior knowledge of Plaintiff's finances and further affirmatively states that Plaintiff provided information to induce its lenders to provide loans for Plaintiff's benefit, i.e. the construction of a home and the purchase of luxury goods. To the extent the allegations alleges that Plaintiff provided false and/or misleading information to Defendant, Defendant denies that it had reason to know the information provided by Plaintiff was false or misleading.

16. Paragraphs 70 through 82 set forth legal conclusions based upon erroneous factual assumptions to which no answer is required, but the factual assumptions of the allegations are specifically denied. Defendant admits the allegation to the extent that it offers a variety of loan products, with varying underwriting criteria, but affirmatively denies that the Loan that is subject to this action is of the type referenced in those paragraphs, or that its business practices are otherwise actionable.

17. With respect to Paragraph 83, the Complaint sets forth legal conclusions to which no answer is required. To the extent the allegation sets forth facts, Answering Defendant affirmatively states that any fees or payments it received from Plaintiff are based on the contractual agreement by Plaintiff, and specifically denies the implication that Plaintiff bestowed any "benefits" upon Answering Defendant.

18. With respect to Paragraph 85, Answering Defendant responds as follows:

1st. Sentence:     Sets forth legal conclusion to which no answer is required. To the extent it alleges facts, those facts are denied.

2nd. Sentence:     Denied. Plaintiff has not set forth the street address or other identifying information for the Subject Property.

3rd. Sentence:     Denied. Plaintiff has not set forth any specific facts concerning the

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

title interest of the Subject Property.

4th. Sentence:     Sets forth legal conclusion to which no answer is required.  To the extent it alleges facts, those facts are denied.

5th. Sentence:     Sets forth legal conclusion to which no answer is required.  To the extent it alleges facts, those facts are denied.

19. With respect to Paragraph 89, Answering Defendant specifically denies that the Complaint includes either short or plain statements for the basis for relief.  The allegation further sets forth legal conclusions to which no answer is required.  To the extent the allegation sets forth other facts, those facts are denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has waived, has condoned, or is estopped from asserting the claims represented in the Complaint.

2. The Complaint fails to state a claim against the Defendant upon which relief can be granted.

3. The causes of action alleged in the Complaint are subject to the doctrine of latches and unclean hands precluding the Plaintiff from any recovery.

4. Plaintiff has failed to mitigate her damages and to the extent that there has been or should have been mitigation, the Answering Defendant is entitled to an offset for the same.

5. Plaintiff is in material breach of her obligations under the Deed of Trust and Promissory Note.

6. All assignments have been recorded.

7. Plaintiff lacks standing and has failed to show or allege that she has a current legal interest in the subject property.

8. This Court lacks jurisdiction pursuant to 15 USCA 1640(e) or 28 USCA 1331 or 1337.

9. The injuries or damages claimed, if any, are proximately caused by Plaintiff or other third

ANSWER  6

M&H# OR10-7486

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

party negligence, fault or other legal responsibility.

10. Plaintiff has failed to join indispensible parties, including but not limited to Mike S. Richardson, and unnamed parties referenced in the pleadings.

11. Defendant reserves the right to advance other affirmative defenses if appropriate after the discovery process is completed, as well as amendment of the Answer.

### ATTORNEYS FEES AND COSTS

Defendant has been required to retain the firm of McCarthy & Holthus, LLP to defend against this action and is entitled to recover reasonable attorney fees and costs.

### PRAYER

WHEREFORE, Defendant prays that:

1.    Plaintiffs take nothing by the Amended Complaint;

2.    The Complaint be dismissed with prejudice;

3.    Defendant be awarded his costs and attorney fees in defense of this action; and,

4.    For such other and further relief as the Court may deem just and proper in the premises.

DATED:  September 20, 2010

/s/ Holger Uhl

_____

Holger Uhl, OSB# 950143
Attorney for Defendant

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

M&H# OR10-7486

1

## <u>CERTIFICATE OF SERVICE</u>

2
I HEREBY CERTIFY that on   September 22, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing:

3
●

4

5
Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

6
**Tamie Richardson**
746 Bailey Drive

7
Grants Pass, OR 97527

8

9
*/s/ Holger Uhl*

10
_____
Holger Uhl

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ANSWER  8

M&H# OR10-7486

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862