Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>                                    Plaintiff,<br><br>vs.<br><br>First Horizon Home Loan Corporation,<br><br><br><br><br><br>                                    Defendants. | Case No. 10-03073<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION  FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In 2005 Mike A Richardson and Tamie S. Richardson entered into a construction loan with First Horizon Home Loan Corporation ("First Horizon") for the amount of $370,000.00 to build a residence on real property known as 746 Bailey Drive, Grants Pass, Oregon 97527.  That loan was converted into a permanent loan upon completion of construction.  In March of 2010, a non-judicial foreclosure was instituted for the failure to pay back this Loan as agreed.  In response, and on August 9, 2010, Plaintiff, Tamie Richardson, filed the instant action, styled Original Petition, to stop this foreclosure, and praying for the following relief:

> For an emergency restraining order enjoining lender and any successor in interest from foreclosing on Petitioner's Property pending adjudication of Petitioner's claims set forth herein;
> For a permanent injunction enjoining Defendants from engaging in the fraudulent; deceptive, predatory and negligent acts and practices alleged herein;

Memorandum In Support - 1

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

> For quiet title to Property;
> For rescission of the loan contract and restitution by Defendants to Petitioner according to proof at trial;
> For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;
> For actual monetary damages in the amount
> For pain and suffering due to extreme mental anguish in an amount to be determined at trial.
> For pre-judgment and post-judgment interest according to proof at trial;
> For punitive damages according to proof at trial in an amount equal to $78,326.22.
> For attorneys fees and costs as provided by statute; and,
> For such other relief as the Court deems just and proper.

However, in 28 pages Plaintiff provides literally no factual basis for the relief she is seeking. Her pleadings are obviously copied from a boilerplate form, leaving equally obvious blank spaces that were not completed. For example the address of Plaintiff, names of the defendants and the amount of the actual monetary damages are left blank. There is no description of the subject property of the complaint. Nor is there an explanation why the complaint is only filed in the name of Tamie Richardson, excluding the co-borrower Mike Richardson.[1]

As far as can be determined the main basis for the complaint is the allegation that First Horizon lacks standing to initiate foreclosure, that First Horizon was unjustly enriched because it received 5% of each late payment by Plaintiff, that the note and deed of trust were split and thus have become unenforceable in addition to unspecified violations of TILA and RESPA. In addition the term "fraud" or derivatives of the word appear in the pleadings.

## SUMMARY JUDGMENT STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d

---

[1] It would appear that the parties are divorced.

Memorandum In Support - 2

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

265 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims  or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." Id. at 327.   A Party seeking summary judgment must establish that there "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Id.*.  If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Id.*

The test is whether a reasonable jury could return a verdict for the non-moving party. *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242,248, 106 S. Ct. 2505 (1986).   While the moving party bears the initial burden of showing the absence of a genuine factual dispute of material fact exists, a "scintilla of evidence or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989), *Hotchkins* v. *Fleet Delivery Service,* 25 F. Supp. 2d 1141, 1145 (D. Or. 1998). To carry its burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

In order to defeat a motion for summary judgment, fact must counter fact. Subjective belief is insufficient. *Kizer* v. *Children's Learning Center,* 962 F.2d 608, 613 (7th Cir. 1992); *Steckl* v. *Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir. 1983); *Waggoner* v. *City ofGarland, Texas,* 987 F.2d 1160, 1164 (5th Cir. 1993); *Mitchell* v. *Toledo Hospital,* 964 F.2d 577, 584 (6th Cir. *1992); McMillian* v. *SvetanofJ,* 878 F.2d 186 (7'h Cir. 1989); *Schuler* v. *Chronicle Broadcasting Co.,* 793 F.2d 1010,1011 (9th Cir. 1986); *Hansborough* v. *City ofElkhart Parks* & *Rec. Dept.,* 802 F. Supp. 199,208 (N.D. Ind.

Memorandum In Support - 3

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1992).  The 'non-moving party' has "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, or where on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. *Celotex Corp.,* 477 U.S. at 332; *Matsushita Electric Industrial Co.* v. *Zenith Radio Corp.,* 475 U.S. 574,586,106 S. Ct. 1348, 1355 (1986); *Taylor* v. *List,* 880 F.2d 1040 (9th Cir. 1989).

The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).  Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).   Conclusory allegations in the pleadings are therefore not enough. "Factual allegations must be enough to raise a right to relief above the speculative level." *Williams ex rel. Tabiu v. Gerber Products Co., 523 F.3d 934, 938 (9th Cir.2008)*, quoting *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).*  The allegations must be more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic, id. at 555.*   "Even liberal notice pleading...requires the complaint to include the operative facts upon which a plaintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985.

The Plaintiff in this action has thus an affirmative duty to set forth  "specific" facts showing that there  remains a genuine  issue of material  fact.  As discussed below Plaintiff has utterly failed to do so.

## I.   ARGUMENT

Memorandum In Support - 4

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

### 1. FORECLOSURE UNDER POWER OF SALE- PLAINTIFF'S DEED OF TRUST IS PROPERLY IN FORECLOSURE AND DOES NOT NEED TO BE FORECLOSED JUDICIALLY

It is not in dispute that Plaintiff voluntarily executed a Note and Deed of Trust.  This is often referred to as a mortgage.  A mortgage is generally foreclosed through a judicial process, a Deed of Trust is generally foreclosed through the exercise of the power of sale.  Both the judicial process and the exercise of the power of sale are commonly referred to as "foreclosure."  However, these two processes are quiet distinct. Unlike a traditional Mortgage, a Deed of Trust maybe "foreclosed" through an auction sale instead of a court proceeding:

> "[I]t confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action."
> *Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or.App. 528, 149 P.3d 150 (Or.App. 2006) at 542, also *See* Oregon Trust Deed Act (Act), ORS 86.705 to 86.795.

A sale under a power of sale, i.e. a sale by a trustee, "is not a judicial sale, although, …, it is as valid and binding and has the same force and effect as a sale under a decree." 55 Am.Jur. 2d, Mortgages §694, p. 635, also see *Siuslaw Valley Bank, Inc. v. Christopher H. Canfield Associates, Oreg., Ltd.*, 64 Ore. App. 198, 201 (Or. Ct. App. 1983) ("statute [ORS 86.735] sets forth the circumstances under which a trustee may proceed by advertisement and sale; it does not govern judicial foreclosure of a trust deed.")

While the sale process is governed by statute, the authority to conduct such a sale is a matter of contract.  It is the Grantor, i.e. Plaintiff, that grants the power of sale upon default.  Court's have universally upheld that contractual right:

> There is nothing in the law of mortgages, nor in the law that covers what are sometimes designated as "trust deeds in the nature of mortgages," which prevents the conferring by the

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

grantor or mortgagor in such instrument of the power to sell the premises described therein upon default in payment of the debt secured by it... *Bell Silver &Copper Mining Co. v. First Nat. Bank of Butte, 156 U.S. 470 at page 477, 15 S.Ct. 440 at page 443, 39 L.Ed. 497 at page 501*

This is no different in Oregon.  The right conferred upon the mortgagee by the mortgage is the right, upon default to have the mortgage foreclosed and the mortgaged property sold to satisfy his demand. *Schleef v. Purdy*, 214 P. 137, 140 (Or. 1923).  If that right is written into the contract, the borrower must expect that in the face of a breach, this remedy will be invoked. *Uptown Heights Assocs. Ltd. Partnership v. Seafirst Corp*., 320 Ore. 638, 645 (Or. 1995).

Nor is the exercise of the power of sale an attempt to collect funds from Plaintiff.  Both the Oregon State Courts and the Federal District Court have recognized that foreclosing is not the same as collecting a debt.  *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002),  *Wright v. Associates Financial Services Co.,* 59 Ore. App. 688, 693 (Or. Ct. App. 1982).

Contrary to Plaintiff's implication, it is not even the "Lender" that is doing the foreclosure, but the trustee of the Deed of Trust.  ORS 86.735.  The initial Trustee was Ticor Title Insurance Company ("Ticor").  Ticor was replaced by FATCO through a substitution of Trustee.  *See* Concise Statement of Facts, Paragraph 11 and 18.

The Oregon Trust Deed Act, ORS 86.705-.990, provides the procedure for utilizing and foreclosing on a deed of trust.  *Atl. Nat'l Trust L.L.C. v. Gunderson*, 2000 U.S. Dist. LEXIS 20493, 11-12 (D. Or. May 25, 2000). ORS 86.735 "sets forth the circumstances under which a trustee may proceed by advertisement and sale" *Siuslaw Valley Bank, Inc. v. Christopher H. Canfield Associates*, Oreg., Ltd., 64 Ore. App. 198, 201 (Or. Ct. App. 1983), *also see Gunderson, supra.*  Once those requirements have been met, the trustee gives notice as provided in the statute and then sells the real

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

property at an auction to the highest bidder. *ORS 86.755*.  The trustee then distributes the proceeds of the sale in accordance with ORS 86.765.  This means the trustee first pays all the expenses of the sale, then distributes the remaining proceeds to the obligation secured by the deed of trust and then to all persons having subsequent recorded liens in order of priority. *Id.*

The undisputed public record shows that all conditions of ORS 86.735 for a initiating a foreclosure where met and First American followed the applicable procedures and requirements of the Oregon Revised Statutes for foreclosing a deed of trust.

### (a) THE REQUIREMENTS OF ORS 86.735 WERE MET AND THUS FATCO WAS AUTHORIZED TO INITIATE THE FORECLOSURE.

#### (i) There was a default by Grantor.

An obvious pre-condition of initiating a power of sale is the "default by the grantor … the performance of which is secured by the trust deed … with respect to any provision in the deed which authorizes sale in the event of default of such provision…" ORS 86.735(2).  This condition was met.

Plaintiff has stopped making her mortgage payments and is due for July of 2009.  *See* Concise Statement of Facts, Paragraph 17.     In Paragraph 1 of the Deed of Trust, Plaintiff promised to "pay when due" the principal, interest and other charges of the debt evidenced by the Note.  *See* Concise Statement of Facts, Paragraph 9, Deed of Trust page 3, paragraph 1. This required her to make monthly payments. *See* Concise Statement of Facts, Paragraph 2, Note, Paragraph 3, page 1.  Paragraph 22, page 13 of the Deed of Trust, authorizes the acceleration and invocation of the power of sale for the failure to make such payments.  *See* Concise Statement of Facts, Paragraph 9, Deed of Trust.

#### (ii) The Deed of Trust and Assignments Were Recorded.

Memorandum In Support - 7

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

A second condition is the recording of the Deed of trust and of "any assignments. "ORS 86.735 (1). This condition was also met.

The Deed of Trust was recorded on April 15, 2005 as Instrument # 2005-008429, records of Josephine County, Oregon. *See* Concise Statement of Facts, Paragraph 9.

The assignment to The Bank of New York Mellon as Trustee was recorded on December 29, 2009 as Instrument # 2009-020021, records of Josephine County, Oregon. *See* Concise Statement of Facts, Paragraph 20.

The substitution of FATCO as trustee was recorded November 16, 2009 as Instrument # 2009-017906, records of Josephine County, Oregon. Under ORS 86.790(3), a successor trustee is vested with the same powers of the original trustee once the appointment of successor trustee is recorded.

**(iii)   A Notice of Default Was  Recorded.**

ORS 86.735 then requires the recording of a Notice of Default. *ORS 86.735(3)*. A Notice of Default and Election to Sell was recorded on March 30, 2010, as Instrument # 2010-004090, records of Josephine County, Oregon. Thus this condition was also met.

**(iv)   No other action has been instituted to recover the debt.**

The final pre-condition to exercising the power of sale, is that there are no other actions instituted to recover the debt. There is no allegation of other proceedings and there are none. *See* Concise Statement of Facts, Paragraph 21.

**(b)   FATCO COMPLIED WITH THE PROCEDURAL REQUIREMENTS OF THE OREGON DEED OF TRUST STATUTE**

**(i)   Plaintiff was given actual Notice of the Trustee's Sale at least 120 Days prior to the Sale.**

Under ORS 86.740(1), after recording the Notice of Default, and at least 120 days before

Memorandum In Support - 8

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

the day the trustee conducts the sale, a copy of the Notice of Trustee's Sale must be served or mailed to the Grantor of the Deed of Trust, successors in interest to the Grantor, any subordinate lien of record, or parties of record requesting notice under ORS 86.785. An affidavit of mailing of the Notice of Sale, proof of service (if any) and affidavit of publication must be recorded in the county on or before the date of the trustee sale ORS 86.750(3). Under ORS 86.740(2), the Notice of Trustee's Sale is effective when mailed. Again, the undisputed record shows that this was done. The Notice of Trustee's Sale was mailed by first class and certified mail to all affected parties. *See* Concise Statement of Facts, Paragraph 23. The Affidavit of Mailing of the Notice of Trustee's Sale was subsequently recorded. *See* Concise Statement of Facts, Paragraph 23.

> **(ii)  The Notice of the Trustee's Sale Was Personally Served Upon Occupants of the Property and Published.**

ORS 86.750 provides for the publication and service of the Notice of Trustee's Sale. Said notice was published. *See* Concise Statement of Facts, Paragraph 23. In addition, said Notice was posted in compliance with the statute. *See* Concise Statement of Facts, Paragraph 23.

The statute also provides for the recording of affidavits that show compliance. This was done. *See* Concise Statement of Facts, Paragraph 23.

**2.  REAL PARTY IN INTEREST AND STANDING – FIRST HORIZON HAS THE AUTHORITY TO INSTRUCT FIRST AMERICAN TO INSTITUTE A FORECLOSURE**

> **(a)  Plaintiff's Standing Argument Takes A Protective Shield And Turns It Into A Cause Of Action.**

Plaintiff argument regarding standing confuses the judicial foreclosure process used in a regular mortgage, with the contractual right of sale which is used to "foreclose" a Deed of Trust. In her complaint she wants to force Defendants bring a *de facto* mortgage foreclosure suit. However it is not

Memorandum In Support - 9

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

upon the Defendants to proof that Plaintiff has sued the right defendant, but on the Plaintiff to show that the named Defendants have no power to foreclose. *First Nat'l Bank v. Malady*, 242 Ore. 353, 357 (Or. 1965).

Plaintiff' understanding of the theory of Standing is simply wrong. The term "justiciable"-- along with its companion terms "standing," "mootness," and "ripeness"… are, in brief, judicial constructs, developed first in reference to the "judicial power" conferred on federal courts under Article III of the United States Constitution. *Utsey v. Coos County*, 176 Ore. App. 524, 529 (Or. Ct. App. 2001). It is Plaintiff, as the party "asserting federal jurisdiction, to carry the burden of establishing their standing under Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (U.S. 2006). Constitutional standing thus focuses on the Plaintiff's standing, not the Defendant's. What is at issue is the capacity to sue not the capacity to be sued.

In addition to this constitutional standing doctrine, there is also an element of "prudential standing." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). This is also referred to as the real party in interest doctrine. The real party in interest doctrine is for the benefit of a party defendant to protect that defendant from multiple suits. *Pacific Coast Agricultural Export Asso. v Sunkist Growers, Inc.* (1975, CA9 Cal) 526 F2d 1196, 1975-2 CCH Trade Cases P 60617, *cert den* (1976) 425 US 959, 96 S Ct 1741, 48 L Ed 2d 204.

Plaintiff is therefore attempting to convert a shield protecting Defendants from multiple lawsuits into a cause of action, and thus a sword for Plaintiff. This becomes even clearer if we look specifically at the real party in interest rule of F.R.C.P. 17. It states that an "action must be prosecuted in the name of the real party in interest" but then also makes clear that normally the action should not be simply dismissed but the "real party in interest" should "join," "ratify" or be "substituted." *FRCP*

Memorandum In Support - 10

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

*17.* However, Plaintiff's action does not seek to join or substitute the "real party in interest" but simply seeks to stop the foreclosure, i.e. to *dismiss* it, on the assertion that the named defendant is not the real party in interest. This type of role reversal action which seeks dismissal, but not joinder or substitution, is thus directly contrary to the words and the spirit of the real party in interest rule.

**(b)   A Party To A Contract Can Enforce The Contract Even If It Is Not The Ultimate Beneficiary Of That Agreement.**

Clearly the law allows parties to enforce contracts even if they are not the ultimate beneficiary of that contract; even if they are "collectors" only. Rule 17 enumerates parties who can specifically sue in their own name, i.e. parties that are "authorized by statute," "administrator[s]," "bailee[s]" and "trustee[s] of an express trust, and generally, any partys in whose name a contract has been made, even if the contract benefits another. FRCP 17. Thus even if Plaintiff is correct that a standing analysis is proper in this case, statute provides a broad list of parties that can enforce contracts in their own name without being "the party for whose benefit the action is brought." Rule 17 simply does not require that every action be brought in name of person who ultimately will benefit from any recovery, as Plaintiff implies. *Honey v George Hyman Constr. Co. (1974, DC Dist Col) 63 FRD 443, 18 FR Serv 2d 1347; Mitsui & Co. v Puerto Rico Water Resources Authority (1981, DC Puerto Rico) 528 F Supp 768.*

In addition the Oregon Supreme Court has ruled on several occasions that a party, who is the named beneficiary on a mortgage or deed of trust, can enforce the same even if they are not the ultimate beneficiary. *Leveton v. Frederick C. Jensen Organization*, 286 Ore. 143, 146 (Or. 1979)(the fact that part of the money is owed to someone else is immaterial), *Beck v. David*, 128 Ore. 542, 544-545 (Or. 1929). A mortgage servicer also has standing to sue in his own name. *CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 501 (7th Cir. Ill. 2010), relying on *Sprint*

Memorandum In Support - 11

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

*Communications Co. v. APCC Services, Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 2541, 171 L. Ed. 2d 424 (2008), *also see Sturgis v. Baker*, 43 Ore. 236, 243 (Or. 1903) ("[I]n law a collecting bank is the agent of the holder of the note…") .

In the present case, the named Defendant is expressly named in the mortgage instruments. Thus, First Horizon would be entitled to seek a judicial foreclosure in its own name under the real party in interest rule, if it chose to do so, even if it is only "collecting" and not the ultimate beneficiary.

**(c)    The Statutory Process Protects Plaintiff Against Being Harassed Twice For The Same Cause.**

The Oregon Supreme Court explained the general rational for the real party in interest rule succinctly a century ago:

> The statute requiring that every action shall be prosecuted in the name of the real party in interest was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause. But if not cut off from any just offset or counterclaim against the demand, and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end. This is the test as to whether such a defense is properly interposed…
> *Sturgis v. Baker*, 43 Ore. 236, 240 (Or. 1903)(internal citations omitted)

This is also the rational for the modern rule as expressed in FRCP 17.  *See* U-Haul International, Inc. v. Jartran, Inc., 793 F.2d 1034, 1039 (9th Cir. Ariz. 1986), *Independent School Dist. V Statistical Tabulating Corp. (1973, ND Ill) 359 F Supp 1095, 17 FR Serv 2d 455, Pacific Coast Agricultural Export Asso. v Sunkist Growers, Inc. (1975, CA9 Cal) 526 F2d 1196, 1975-2 CCH Trade Cases P 60617,* cert den *(1976) 425 US 959, 96 S Ct 1741, 48 L Ed 2d 204.,Virginia Electric & Power Co. v Westinghouse Electric Corp. (1973, CA4 Va) 485 F2d 78, 17 FR Serv 2d 1103,* cert den *(1974) 415 US 935, 39 L Ed 2d 493, 94 S Ct 1450.*

As the *Sturgis* court explained, the test of standing is whether the party raising standing is being protected from "being again harassed for the same cause."  *Sturgis, supra.*  If a "judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end." *Id.*   The proper focus of the rule is to determine whether the party seeking its shelter is protected from contrary or

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

subsequent claims.  The rule looks at the process to determine whether a decision will protect the defendant against subsequent actions.  It is not a rule to make contractual obligations unenforceable.

A non judicial foreclosures under a power of sale und the applicable statutes provides procedural "due process."  *See Wright, supra.*  In addition to the notice provisions, ORS 86.770 specifically provides protection for the Plaintiff from being "harassed" twice for the same debt by limiting a creditors remedy to the sale of the property.  Pursuant to subsection 2, after a foreclosure sale, no action for a deficiency may be brought against Plaintiff.  In other words, the foreclosure sale is the sole remedy of a "Creditor," at least with respect to residential mortgages and deeds of trust.  As discussed below, that Creditor is bound by the acts of its foreclosing agents with respect to the outcome of the foreclosure.  Plaintiff is thus protected from "being again harassed for the same cause" by the very nature of the non-judicial foreclosure process.

The argument that Plaintiff needs to institute a declaratory action to protect herself from a civil "double jeopardy" is therefore a red herring.

**(d)   First Horizon Had Actual And Apparent Authority To Instruct First American.**

Use of a servicer simply does not signify a conspiracy, Plaintiff's allegations notwithstanding.  Plaintiff's factual argument regarding standing is never fully explained, but it appears to be based on the premise that an agent cannot enforce the contractual rights of a principal unless the principal provides express authorization:

> "Absent proof of agency, Defendants lack standing to invoke the subject matter jurisdiction of the court."  Docket #1, page 10.

Memorandum In Support - 13

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Agency can be inferred simply from the circumstances of the agency, however. *Hannan v. Greenfield*, 36 Ore. 97, 103-104 (Or. 1899)   The acts of an agent with *apparent* authority are valid and binding upon the principal without express approval by the principal.   A principal is bound if it permitted the agent to assume authority or held out the agent as possessing authority. *Restatement (Second) of Agency §8 (1958)*. The rule of apparent authority asks whether a third party can reasonably conclude from the agent's trappings of power bestowed upon that agent, that the agent is able to act for the principal, even if the actual terms of the principal-agent relationship are more limited. *See Jones v. Nunley*, 274 Or 591, 595, 547 P2d 616 (1976); *Barbour v. Johnson*, 201 Or 375, 387, 269 P2d 531, 270 P2d 673 (1954); *Beeson v. Hegstad*, 199 Or 325, 330, 261 P2d 381 (1953).

There is undisputed support of actual authority.  *See* Concise Statement of Facts, Paragraph 15. First Horizon is the "colleting bank."  *See Sturgis, supra.*  There is also amble support for apparent authority, including the fact that Plaintiffs made her mortgage payments to First Horizon for a period of time and the language from the Deed of Trust itself:

> **20. Sale of Note; Change of Loan Servicer; Notice of Grievance**….If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser…

Simply because First Horizon may be a loan servicer only, does not mean it lacks authority to manage the delinquency caused by Plaintiff.  A "Loan Servicer" generally acts as the agent of the principal in enforcing the promissory note and deed of trust. *See CWCappital, supra*. Servicing authority implies authority to initiate foreclosures if necessary.  As Judge Posner has stated "[e]very mortgage needs someone to collect the borrower's monthly payments … and if necessary foreclosing

Memorandum In Support - 14

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

the mortgage." *CWCapital Asset Mgmt., supra* at 501.  *The Financial Real Estate Handbook*, 3rd Ed.(1994), defines "servicing" or "mortgage servicing" as

> [c]ontrolling the necessary duties of a mortgagee, such as collecting payments, releasing the lien upon payment in full, **foreclosing if in default**, and making sure the taxes are paid, Insurance is in force, etc. Servicing may be done by the lender or a company acting for the lender, for a servicing fee. (emphasize added)

The Federal Trade Commission uses a similar explanation in its *The Real Estate Marketplace Glossary: How to Talk the Talk*:

> **Servicer:** A firm that performs servicing functions, including collecting mortgage payments, paying the borrower's taxes and insurance and generally managing borrower escrow accounts.
>
> **Servicing:** The tasks a lender performs to protect the mortgage investment, including the collection of mortgage payments, escrow administration, and **delinquency management**.
>
> *www.ftc.gov/bc/edu/pubs/consumer/homes/zrea03.pdf*

As these authorities make clear, the authority to service usually implies the authority to foreclose.  There is no legal requirement that the holder of a secured note has to service the loan personally, and the contract specifically authorizes the use of servicers.

**3.    SPLITTING - THE NOTE AND DEED OF TRUST ARE NOT SEPARATED**

Plaintiff parrots the fashionable allegation that splitting a note and mortgage make them unenforceable. However, such a result is generally considered "economically wasteful and confers an unwarranted windfall on the mortgagor." *Restatement of the Law, Third, Property (Mortgages), § 5.4 Transfer of Mortgages and Obligations Secured by Mortgages, Comment a.* It is thus a result that is generally to be avoided, *unless the parties specifically agree to the contrary. Id.*

Generally, transfers of the obligation also transfer the mortgage, and transfers of the mortgage also transfer the obligation. *Id., Comment b and c.*

Memorandum In Support - 15

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

"[T]the obligation will 'follow' the mortgage even if not expressly mentioned in any document of transfer. The reason, …, is that this is ordinarily what the parties desire and expect when a mortgage is assigned. As a result this section is designed to carry out the parties' intention even though they, through ignorance or inadvertence, have not fully documented it . *Id., Comment c* .

Said in another way, separating a note and deed of trust is a result that the law generally avoids for equitable reasons unless there is an express intend to separate the two.

The debt or the security follows an assignment of the other instrument to give force to the intent of the parties. The undisputed facts are that there is no separation. *See* Concise Statement of Facts, Paragraph 14, 20. And most importantly no facts are alleged as to how this alleged separation injures the Plaintiff.   This idea, that somehow one can escape one's obligations under a contract, by arguing that the promise has become unsecured, is again based not on Oregon law, common law or otherwise, but ideas and cases that freely float through the internet, without any actual relationship link to Oregon law or reality.  The fact is that the note and deed of trust where never actually separated.

4.    **UNJUST ENRICHMENT- FIRST HORIZON HAS NOT BEEN UNJUSTLY ENRICHED**

(a)   **Plaintiff Has Not Conferred Any Benefits Upon Defendant.**

Plaintiff also argues that First Horizon would be unjustly enriched through the foreclosure of the property.  "Unjust enrichment" is an equitable remedy based on a theory of quasi contract. A quasi contract is a contract implied in law. It is a remedial device to accomplish substantial justice by preventing unjust enrichment. *Jaqua v. Nike, Inc.,* 125 Ore. App. 294, 298 (Or. Ct. App. 1993) *citing Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 577 P2d 477, cert den 439 U.S. 1051 (1978). The elements of  "unjust enrichment"  are  "a benefit conferred,"  "awareness by the recipient that a benefit has been received" and " it would be unjust to allow retention of the benefit."  For an injustice to be found, one of three things must be true: (1) the plaintiff had a reasonable expectation of

Memorandum In Support - 16

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

payment; (2) the defendant should reasonably have expected to pay; or"(3) society's reasonable expectations of security of person and property would be defeated by non-payment." *Jaqua, supra, citing Corbin, Contracts* § 19A (Supp 1992).   Plaintiff's complaint provides no basis for any of these elements.

Instead, Plaintiff's claim of unjust enrichment seem to be mainly based on a theory that she paid fees to First Horizon and unnamed other parties that the recipients of those fees should not retain. Plaintiff has not provided any particulars, but these fees appear to be contractual fees, such as late charges. However, there cannot be an implied contract and an express contract at the same time. *Prestige Homes Real Estate Co. v. Hanson, 151 Ore. App. 756, 762 (Or. Ct. App. 1997), citing Porter Const. Co. v. Berry et al.*, 136 Ore. 80, 85, 298 P. 179 (1931).   So to the extent that her claim is based on the return of contractual charges it must fail.

In addition there appears to be an even more general allegation that the named defendant and unnamed other "bad actors" profited from the mortgage business, and that this also constitutes "unjust enrichment."  This is a mere conclusory statement without legal basis.  Denying someone the right to profit, right or wrong, is not a basis for recovery under a doctrine of "unjust enrichment."  The doctrine requires at a minimum the conferring of a benefit for which the party that provided it has not been compensated.  Plaintiff provided contractually required payments, not goods, labor or services outside of a contractual relationship.  Making a profit in a business is simply not a "benefit" within the meaning of the unjust enrichment doctrine, unless one subscribes to the theories of Karl Marx.

The shoe is really on the other foot.  A benefit was conferred upon her, not the other way around. Plaintiff built a residence with borrowed money, and did not pay back that borrowed money. She used money, which she sourced from defendant to build herself a home.  That is a tangible benefit

Memorandum In Support - 17

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

she wishes to keep without paying compensation for that benefit.  Thus the only party that stands to be *unjustly enriched* is Plaintiff.

> **(b)   Those That Seek Equity Must Do Equity – Plaintiff Cannot Seek Rescission Or Otherwise Challenge A "Wrongful  Foreclosure" Without Tendering Or Offering To Tender The Loan Proceeds**.

Plaintiff ultimately is alleging that this loan that she obtained was unfair, unjust, or simply inequitable. That is the heart of her pleadings.  Her claims are aimed at rescinding the subject loan transactions, or to quiet title, which would be a de facto rescission. But while she pleads with this court for justice, nowhere in the Complaint does Plaintiff allege that she is able and willing to tender the money she has borrowed in return, or that the debt is otherwise not due somehow.  Equity is not on her side.

"[T]he law will not require the doing of a useless act." *Daugharty v. Gladden,* 217 Ore. 567, 578 (Or. 1959).  It would be a futile exercise to stop this foreclosure on the grounds Plaintiff advance, unless she can establish her ability to pay off or reinstate the loan. *See for example United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).

That is a vital element to Plaintiff's cause of action.  Generally, a court of equity will not interfere in the absence of some fraud or improper practice *Johnson v. Feskens*, 146 Ore. 657, 661 (Or. 1934).  And, "he who seeks equity must do equity." *Jensen v. Probert*, 174 Ore. 143, 149 (Or. 1944).  So for example, to have a court determine that an "equitable mortgage" exists, tender must be alleged. *Marshall v. Williams*, 21 Ore. 268, 275 (Or. 1891), *also see, Stations West, LLC v. Pinnacle Bank of Oregon*, 338 Fed. Appx. 658, 660 (9th Cir. 2009)(unpublished)(Plaintiff failed to allege it could remedy notice of default.)  This is because there can be no wrongful foreclosure unless the debt was not

Memorandum In Support - 18

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

due. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (Nev. 1983) ("material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.")

Moreover, a party seeking to stop or reverse foreclosure proceedings must first make a "valid and viable tender [offer] of payment of the indebtedness." *Karlsen v. American Sav. & Loan Assn, 15 Cal. App. 3d 112, 117 (2d Dist. 1971); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (2d Dist. 1984)* ("an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); *see also Keen v. Am. Home Mortgage Svcg, Inc.*, No. 2:09-cv-01026-FCD-KJM, Docket No. 36, slip op. at p. 22 (E.D. Cal. Oct. 21, 2009) (dismissing wrongful foreclosure claim on the ground that the Plaintiff failed to allege that they had tendered, or at minimum, that they was able and willing to tender, the loan proceeds), *Stations West, supra.*

The bottom line is that Plaintiff must be able to return the funds she borrowed before she can rescind this loan or quiet title to the subject property. Thus, as a threshold matter, if the Plaintiff is unwilling or unable to rescind, this matter cannot stand.

## 5.    ALLEGED VIOLATIONS OF TILA AND RESPA ARE BARRED

For good measure, Plaintiff has also made reference to the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA").  However, the allegations are completely based on conclusory allegations without factual support.  In addition they are time barred.

### (a)    Claims For Damages Or Attorney Fees Under TILA Are Time-Barred.

Memorandum In Support - 19

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

The applicable statute of limitations for violations of TILA is one year from the date of the occurrence.   15 U.S.C. § 1640(e).  Plaintiff obtained her loan in early 2005, more than 5 years before she commenced this lawsuit.  The adequacy of TILA disclosures is measured at the time the credit is extended. *See, e.g., Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978) (adequacy of a disclosure is measured at the time the credit is extended, thus the period under Section 1640(e) began to run when contract was executed). Accordingly, the statute of limitations for damages under TILA expired years ago.  Plaintiff appears to be aware of this limitation since she is also arguing that that the statute of limitations should be tolled.  *See* Docket # 1, page 15.   While plaintiff thus attempts to sidestep the statute of limitations under an equitable tolling theory, she fails to allege any factual basis for this theory, alleging only that it should be tolled.  However, § 1640(e)'s one-year limitations period is subject to equitable tolling only in very limited circumstances. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). There has to be a proper factual basis for tolling, and the statute is tolled only "until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosure that form the basis for the TILA action." *King*, 784 F.2d at 915.  No such basis exists.

**(b)   Plaintiffs have failed to allege a factual basis for rescission under TILA.**

To the extent that Plaintiff seeks rescission under TILA, TILA requires notice of the intent to rescind.  *See* 15 U.S.C. § 1635(a)-(b). There is no allegation that she has given notice of her intent to rescind or tendered repayment of the loan proceeds.  Where the plaintiff is unable to tender back the proceeds received from the lender, the case should be dismissed. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1168 (9th Cir. 2003). In addition it is untimely. 15 U.S.C. § 1635(f) provides that "an

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first ….."

   **(c)    Violation of RESPA are time barred.**

   As with Plaintiffs' other claims, her claims for unspecified damages under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.*, fails to specify the nature of any alleged violation. The Complaint does not identify which provision of the statute was allegedly violated, or what, if any, conduct of First Horizon was involved. The most likely candidate appears to be alleged violations of the "anti-kickback" provisions of RESPA. However such or similar claims are again time-barred. *See* 12 U.S.C. § 2614. *See also Edwards v. First Am. Corp.*, 517 F. Supp. 2d 1199, 1204 (C.D. Cal. 2007).

**6.    THERE IS NO BREACH OF FIDUCIARY DUTY.**

   Plaintiff's reference to Breach of Duty also fails because, as a matter of law, arms-length banking and loan transactions do not constitute a special or fiduciary relationship giving rise to a fiduciary duty. *See Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 649-650, 891 P.2d 639 (1995) (affirming dismissal for failure to state a claim and finding allegations of special relationship or duty were not supported by the parties' arms-length commercial debtor-creditor relationship). Plaintiff has no claim based on breach of fiduciary duty, and any such claim would be beyond the statute of limitations in any case. *See* ORS 12.110(1).

**7.    FRAUD CLAIMS CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE WITH PARTICULARITY THE CIRCUMSTANCES CONSTITUTING FRAUD.**

Memorandum In Support - 21

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1
2          Plaintiff also implies fraud in several parts of her pleadings.  Pursuant to Rule 9(b) of the
3    Federal Rules of Civil Procedure fraud has to be alleged with particularity.  It requires parties to "state
4    with particularity the circumstances constituting fraud"—the party must "state the time, place, and
5    specific content of the false representations as well as the identities of the parties to the
6    misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F2d 1393, 1401 (9th Cir
7    1986).  However, in 28 pages of allegations, Plaintiff never gets around to state the when, where and
8
9    how of the alleged fraud.  Any claim thus fails as a matter of law.
10
11                                         **CONCLUSION**
12          Plaintiff's case is without any basis in law or fact.  Her pleadings bear no relation to actual
13   facts. Her pleadings are simply verbatim copies from a template or template without regards to her
14
15   actual situation and the facts.   For example, in the document entitled "Petition for Temporary
16   Injunction," Docket #2, page 14-15, she provides a table of alleged fees she paid.  Those numbers are a
17   complete invention, that bear no relationship to the fees as disclosed in her settlement statement. *See*
18   Affidavit of Ed Hyne, Exhibit D.   This complaint is simply frivolous and should be dismissed
19
20   accordingly.
21   DATED September 29, 2010
22
23                                    McCarthy & Holthus, LLP
                                          */s/ Holger Uhl*
24                                    By_____
                                          Holger Uhl, Of the Firm
25                                        Attorneys for First Horizon Home Loan Corporation
26
27

Memorandum In Support - 22

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## __CERTIFICATE OF SERVICE__

     I HEREBY CERTIFY that on  September 29, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing:

- 

     Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

**Tamie Richardson**
746 Bailey Drive
Grants Pass, OR 97527

*/s/ Holger Uhl*
_____

Holger Uhl

Memorandum In Support - 23

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045