EXHIBIT B

# NOTE

April 8th, 2005      GRANTS PASS,      OREGON
[Date]      [City]      [State]

746 BAILEY DRIVE, GRANTS PASS, OR 97527

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 370,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
FIRST HORIZON HOME LOAN CORPORATION

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.500 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the 1st day of each month beginning on June 1st, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on May 1st, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at PO BOX 809
MEMPHIS, TN 38101 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 2,100.82 .

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**MULTISTATE FIXED RATE NOTE**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

VMP®-5N (0207)     Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3     Initials: _____




## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.



-5N (0207)

Page 2 of 3

Form 3280 1/01
Initials

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)    _____ (Seal)
MIKE A RICHARDSON          -Borrower    TAMIE S RICHARDSON         -Borrower

_____ (Seal)    _____ (Seal)
                           -Borrower                               -Borrower

_____ (Seal)    _____ (Seal)
                           -Borrower                               -Borrower

_____ (Seal)    _____ (Seal)
                           -Borrower                               -Borrower

*[Sign Original Only]*



VMP-5N (0207)                    Page 3 of 3                         Form 3200 1/01

Pay to the order of
Without recourse
First Horizon Home Loans Corporation

by _____*Stacy Largent*_____
Stacy Largent, Vice President

RESIDENTIAL CONSTRUCTION LOAN
ADDENDUM TO NOTE

THIS **Addendum** is affixed to and incorporated into and shall be deemed to amend and supplement the **Note** ("**Note**"), of even date herewith, given by the undersigned **Borrower** ("**Borrower**" whether one or more) to evidence **Borrower's** indebtedness to the **Note Holder**, which indebtedness is secured by that certain Mortgage/Deed of Trust ("**Security Instrument**"), of even date herewith, covering the premises described in the **Security Instrument**. Notwithstanding anything to the contrary set forth in the **Note**, **Borrower** hereby agrees to the following:

1. **CONSTRUCTION/PERMANENT LOAN**

   This **Note**, as amended, represents both a construction/home improvement loan and a permanent mortgage loan. During the **Construction Period** of the loan the **Note Holder** will advance funds in accordance with the **Residential Construction Loan Agreement** ("**Agreement**"). The "Construction Period" is defined as the period extending from the date of the **Note** until **4/07/2006**                . On the day the **Construction Period** ends, the loan evidenced by this **Note** will be a permanent mortgage loan ("**Permanent Mortgage Date**"). Beginning on the **Permanent Mortgage Date**, interest shall accrue as stated in the **Note** or **Modification Agreement**, if applicable and monthly payments of principal and interest shall be due and payable as set forth in the **Note** or **Modification Agreement**.

2. **INTEREST**

   (A) Interest During the Construction Period
   **Borrower** will pay interest, based on a 360 day year, on the amount advanced by the **Lender** at the floating rate of Prime plus **1.500** % during the "**Construction Period**" of the Loan. The "Prime Rate" shall be the **Lender's** "Prime Rate" which is offered at the time as posted by **Lender**. **Lender's** "Prime Rate" will be the prime rate as published in The Wall Street Journal's "Money Rates" table. If multiple prime rates are quoted in the table, then the highest prime rate will be the "Prime Rate". In the event that the prime rate is no longer published in the "Money Rates" table, then **Lender** will choose a substitute Prime Rate that is based upon comparable information. The "Highest Lawful Rate" shall be the maximum nonusurious rate of interest per annum permitted by whichever applicable United States Federal law or State law that permits the highest interest rate.
   **Borrower** will make monthly interest payments by the 15th of each month for the amount billed by the **Note Holder**. Lender will impose a late charge for any payment not received by the due date. The amount of the late charge will be **5.00** % of the outstanding balance. In the event that the construction of the **Improvements** has not been substantially completed during the **Construction Period** of the loan, the **Note Holder** may require an extension of the **Construction Period** and a rescheduling of the **Note**, if deemed necessary for completion of the **Improvements** securing the lien or may at its option, upon providing such notices as required by law, require immediate payment of all funds secured by the **Security Instrument**.

   (B) Interest Paid on the Permanent Loan (Locked Rate)
   Beginning on the **Permanent Mortgage Date**, **Borrower** will pay interest at the rate stated in the **Note** provided the locked interest rate has not expired. Principal and interest payments shall also be due and payable as set forth therein. If the interest rate has expired, Borrower agrees to execute a **Modification Agreement** to establish a permanent interest rate at that time. Failure to execute such **Modification Agreement** shall constitute default under the **Note**.

   (C) Interest Paid on the Permanent Loan (Floating Rate)
   At least fifteen (15) days prior to the **Permanent Mortgage Date**, **Borrower** must notify

Lender that construction has been completed and request to establish the permanent interest rate on the **Borrower's** loan at a rate established by **Lender** at that time. **Borrower** agrees to execute a **Modification Agreement**, which shall be in form and content as **Lender** shall reasonably require, causing the interest accrual rate of the **Note** to be changed in accordance with the provisions set forth above. Failure to execute such **Modification Agreement** shall constitute default under the **Note**.

    **(D)**    **Interest Reserve**

If an **Interest Reserve Account** is established, interest due during the construction period will be advanced by **Note Holder** from the **Reserve Account** on the day the interest is billed. In the event the **Interest Reserve Account** is depleted prior to the **Permanent Mortgage Date**, **Borrower** agrees to pay directly to **Note Holder** from my own funds any and all interest which accrues monthly prior to the **Permanent Mortgage Date**. If funds remain in the **Interest Reserve Account** at time of completion, the excess funds will be applied towards construction costs or a principal reduction.

**2.**    **EXTENSIONS**

Failure to complete construction of the **Improvements** as described in the **Residential Construction Loan Agreement** by the **Permanent Mortgage Date** shall constitute an event of default hereunder, under the **Security Instrument** and under the **Residential Construction Loan Agreement**. **Lender** may, in its sole discretion, elect to extend the **Construction Period** and **Permanent Mortgage Date** to a date not more than ninety (90) days in the future to facilitate the completion of construction. **Permanent Mortgage Date** shall mean the initial **Permanent Mortgage Date** or any extensions thereof. **Lender** may, in its sole discretion, grant such extension upon **Borrower's** payment in an amount equal to one-half of one percent (1/2 of 1%) of the original committed amount of the **Note** plus all costs associated with the extension. Funds will not be disbursed on a loan where the **Construction Period** has expired.

**4.**    **EVENTS OF DEFAULT AND ACCELERATION OF THE DEBT**

**Note Holder** may declare the entire unpaid principal balance and accrued interest due and payable under the terms of the **Note**, as amended by this **Addendum** if any payment of interest is not made when due during the **Construction Period** or if default should occur under any covenant, condition or agreement contained in the **Loan Documents**. The definition of **Loan Documents** includes the **Note**, as amended by this **Addendum**, **Security Instrument** securing the **Note** as amended and the **Residential Construction Loan Agreement**. In case of default, interest shall accrue at an interest rate 0.00 % above the then prevailing market rate for that particular loan program which the loan terms are based upon, not to exceed the highest lawful rate permitted by whichever applicable United States federal or State law that permits the highest interest rate.

**5.**    **CONFLICTS**

If any term or provision of this **Addendum** shall be in conflict with any term or provision of the **Note**, the term or provision of this **Addendum** shall control. This **Addendum** shall be interpreted under the laws of the State of   Oregon   . Any provisions of this **Addendum** adjudged to be invalid should be deemed amended from it, with the remainder of the provisions to be in full force and effect. Any remedies or rights of **Note Holder** expressed in this **Addendum** are cumulative of, and not exclusive of any other remedies and rights. Except as amended or supplemented hereby, the terms and provisions of the above referenced **Note** shall remain unchanged and in full force and effect.

**6.**    **TERMINATION**

After the advance of all funds as necessary to complete the **Improvements**, completion of the **Improvements** and the satisfaction of all conditions as described in the **Residential Construction Loan Agreement**,

Case 1:10-cv-03073-PA    Document 27-2    Filed 09/29/10    Page 10 of 12    Page ID#: 258

this **Addendum** will be of no further force and no longer in effect, and any funds remaining in any construction account will be credited to the principal balance.

7.  **NOTICE OF NO ORAL AGREEMENT**

This **Addendum** represents the final agreement between the parties as to the subject matter hereof and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

NOTICE TO BORROWER: THE INTEREST RATE INDICATED ON THE FACE OF THE NOTE EXECUTED AT THE INITIAL CLOSING MAY NOT BE THE ACTUAL RATE AFTER CONVERSION OF THE LOAN FROM THE CONSTRUCTION PHASE TO THE PERMANENT PHASE OF THE LOAN, DEPENDING UPON THE LOAN PROGRAM SELECTED BY BORROWER AND APPROVED BY LENDER. PLEASE REVIEW YOUR COMMITMENT AND THE INTEREST RATE OF THE LOAN PROGRAM FOR WHICH BORROWER HAS QUALIFIED IN ORDER TO DETERMINE THE ACTUAL INTEREST RATE FOR THE PERMANENT PHASE OF THIS LOAN. IF THE RATE IS GOING TO BE DIFFERENT FROM THE RATE INDICATED ON THE NOTE AFTER THE CONVERSION DATE, THE FINAL RATE WILL BE REFLECTED IN A MODIFICATION AGREEMENT TO BE EXECUTED AT THE CONVERSION DATE.

In acceptance and agreement to the terms and covenants contained in this **Addendum**, Borrower has executed same on this  12  day of April 2005                ,         .

_____
(Borrower)  MIKE A RICHARDSON

_____
(Borrower)  TAMIE S RICHARDSON

_____
(Borrower)


_____
(Borrower)

RCLA Addendum to Note(Floating)8/04         Page 3 of 3                              FH6D17Q