1  Tamie Richardson
2  746 Bailey Drive
3  Grants Pass OR  97527

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| Tamie Richardson | Case # **10-3073** PA |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFFS MOTION FOR** |
| First Horizon Home Loan Corp | **RULE 11 SANCTIONS** |
| Defendant | |

Date: October 1, 2010

PLAINTIFF'S MEMORANDUM IN

SUPPORT OF MOTION FOR RULE 11 SANCTIONS

  Plaintiff asks the court to impose sanctions against Holger Uhl, counsel for Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in violation of Federal Rule of Civil Procedure 11(b).

A. Introduction

1. Plaintiff is Tamie Richardson and Defendant is First Horizon Home Loan Corp.

2. Plaintiff sued Defendant for numerous violations including but not limited to violations of the Truth In Lending Act, The Real Estate Settlement Procedures Act, The Home equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

3. On September 22, 2010 counsel for Defendant filed defendants answer.

B. Argument

5. The court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper for an improper purpose, such as to harass or cause unnecessary delay or expense. **Fed. R. Civ. P. 11(b)(1), (c)(1).**  Also, the court may impose

23  sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or
24  other paper that includes any of the following: (1) claims, defenses, or contentions not
25  warranted by existing law or by a good-faith argument for extending, modifying, or reversing
26  existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have
27  after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence.
28  **Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).**

29  6. Counsel for Defendant filing of "Defendants Answer" violated Rule 11 because
30  counsel for Defendant filed the document for an improper purpose, such as to harass, cause an
31  unnecessary delay, or needlessly increase the cost of litigation. **Fed. R. Civ. P. 11(b)(1);**
32  *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, The
33  answer or affirmative defenses make bald allegations that claims are stated improperly, claims
34  are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over
35  the Defendant. However, the Defendant failed to offer any further information as to HOW his
36  defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil
37  Procedure. This is seemingly a waste of time, and intentionally done to cause unnecessary delay,
38  and cost to the Plaintiff.

39  7. Before imposing sanctions, the court should determine whether the party or the attorney
40  made a reasonable inquiry into the facts or the law before signing and presenting the document.
41  *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th
42  Cir. 1990). The court should impose sanctions against counsel for Defendant because he did not
43  make a reasonable inquiry into the facts or law before filing the answer He offered no court
44  cases, information, rules or procedures as to how, why, or what specifically failed to meet the
45  criteria he uses as a defense.

46  8. The court should impose the following sanctions: Monetary Sanctions, and Striking Of
47  Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the
48  sanctionable conduct. **Fed. R. Civ. P. 11(c)(4);** *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir.
49  1998). Plaintiffs suit makes very strong claims and allegations, which can be proved through
50  discovery, and demands that the complaint be taken seriously. Counsel for Defendant failed to
51  address the suit with specificity, and by the court allowing sanctions in this case, the counsel will
52  take the case with serious intention.

53

### C. Conclusion

9. Defendants answer failed to address with specificity, as to why the defenses counsel for Defendant used, were valid. They are wasting the time of the Plaintiff and the Court, and are shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to impose sanctions of a monetary amount to be determined by the court, and a Striking of Defendants answer in its entirety.

**Respectfully Submitted,**

*/s/ Tamie Richardson*
**Tamie Richardson**

### VERIFICATION

I, Tamie Richardson, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

Tamie Richardson
746 Bailey Drive
Grants Pass, OR 97527

SWORN TO AND SUBSCRIBED BEFORE ME, Judith F Coome, by Tamie Richardson, on the _1_ day of _October_, 2010, which witnesses my hand and seal of office.

_/s/ JFCoe_
NOTARY PUBLIC IN AND FOR
THE STATE OF OREGON

OFFICIAL SEAL
JUDITH F COOME
NOTARY PUBLIC - OREGON
COMMISSION NO. 450081
MY COMMISSION EXPIRES JUNE 16, 2014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this ___1st___ day of October, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA  98370
   Attorneys for First Horizona Home Loan Corp


_____Tamie Richardson_____
**Tamie Richardson**