FILED'10 OCT 1 11:30USDC-ORM

Tamie Richardson
746 Bailey Drive
Grants Pass OR 97527

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **Tamie Richardson**<br>Plaintiff,<br>vs.<br>**First Horizon Home Loan Corp**<br>Defendant | Case# **10-3073** PA<br><br>**MOTION TO STRIKE DEFENDANTS MOTION FOR SUMMARY JUDGEMENT**<br><br>Date: October 1, 2010 |

(1) Now comes Plaintiff with this Motion to Strike Defendants Motion for Summary Judgment.

(2) Defendant filed a motion to dismiss made under Rule 12 b(6). This court converted said motion into a Motion for Summary Judgment.

(3) Attorney for Defendant fails to bring proper defense to the causes of action claimed by Plaintiff. The causes of Action brought forth by Plaintiff are not addressed by the unauthenticated and irrelevant and immaterial documentation offered by Defendant. The material offered, which the court considered to convert to a motion for summary judgment, have no meaningful relevance to the claims made by Plaintiff. This case has nothing to do with anything pertaining to Foreclosure procedure, and must be stricken as irrelevant.

(4) Plaintiff made claims under Federal Law, United States Code and numerous fraud Statutes. Defendant claims only a challenge to the sale of said property in a former foreclosure action. None of the statements made by Defendant has any cause or bearing to the claims made in this court

(5) Although summary judgment is proper in a case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* **Fed. R. Civ. P. 56(c);** *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552

(1986). Because the Defendant failed to properly address the claims made by Plaintiff, the Defendant has failed to meet the minimum requirements to be entitled to a Summary Judgment.

(6) **Fed. R. Civ. P. 56(e)** clearly states that there must be an affidavit in support of the motion for summary judgment. Said affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. Defendant has not adhered to rule 56(e), therefore he is not entitled to summary judgment as a matter of law.

## G. Conclusion

(7) For these reasons, plaintiff asks the court to deny/strike defendant's motion for summary judgment.

(8) In the alternative, Plaintiff has attached plaintiffs response to Rule 12 motion.

(9) In the alternative, Plaintiff is willing to produce a more definite statement.

Respectfully,

Tamie Richardson

Tamie Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 1st day of October, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA 98370
Attorneys for First Horizona Home Loan Corp

Tamie Richardson

**Tamie Richardson**

Tamie Richardson
746 Bailey Drive
Grants Pass OR 97527

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **Tamie Richardson**<br>Plaintiff,<br>vs.<br>**First Horizon Home Loan Corp**<br>Defendant | Case # **10-0373**<br>**PLAINTIFFS RESPONSE**<br>**TO RULE 12** |

Date: October 1, 2010

(1) The Plaintiff, in her Original Petition, plead that Defendant charged false fees as stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as EXHIBIT 1. Plaintiff specifically plead that Defendant, at the time of settlement of the contract, Defendant failed to provide documentation to establish that said fees were not included in those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be charged to Plaintiff at settlement.

(2) Plaintiff stipulated each fee charged with particularity. Plaintiff calculated the precise amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as stipulated by the Truth In Lending Statement provided by Defendant as EXHIBIT 2. Plaintiff specifically alleged that said fees were fraudulent. Plaintiff alleged that Defendant failed to provide full disclosure by failing to provide documentation to prove that the above fees were authorized by law, that the services alleged provided were necessary, that the amount charged for each service was necessary, and that Defendant did not take an undisclosed markup on said fees.

(3) Plaintiff further alleged that Defendant, acting in concert and collusion with the loan broker, toward the perpetration of a carefully contrived connivance, provided the amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed yield spread premium. Said undisclosed yield spread premium is alleged to be in addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law.

Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was a predicate act intended to improperly influence loan broker to misrepresent facts to Plaintiff, to give partial disclosure of those facts which would appear favorable to the intent of the loan broker, while failing to give full disclosure of other facts that would not seem favorable to the contract.

(4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore, Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's pleading, or, in the alternative, treat Defendant's pleading as a request for more definite statement, in which case, Plaintiff will provide a more definite statement as requested.

(5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a frivolous pleading and for failing to speak with candor to the court as Defendant is totally inept or acted with deliberate intent to improperly influence the court with false pleadings.

**PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY**

(6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees improperly charged to Plaintiff at closing in order to induce the originator of the loan to breach his fiduciary duty to Plaintiff . By doing this, they committed common law fraud by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only qualified for a more expensive loan product than Plaintiff actually qualified for. Plaintiff is prepared to prove up said claims after discovery, at a trial on the merits.

(7) Plaintiff alleged that Defendant(s) made partial disclosure of alleged facts concerning the conditions of the loan which is the basis for the issuance of the security instrument and lien document at issue. Plaintiff is prepared to prove at trial, after complete discovery that Defendant(s) failed to give full disclosure of facts that, if disclosed would have caused Plaintiff to make a different decision than the one made.

(8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure. Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

(9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender. Said allegations are reiterated below with specificity. Plaintiff alleged that the original lender sold the security instrument immediately after closing, but failed to transfer the lien

document to the purchaser of said security instrument. Plaintiff is prepared to prove, subsequent to discovery, that the lender, while still holding the security instrument, received consideration and, therefore, could not be harmed rendering the lien unenforceable.

(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained possession of the lien document in order to be able to file an IRS Form 1099a and write the entire amount of the original note off lender's capital gains tax and, thereby, receive consideration a second time.

(11) Plaintiff alleged, and is prepared to prove at trial that, the original security instrument, if said instrument still exists, may give the holder a claim against the signator, but have no claim against the property.

(12) Plaintiff alleged, and is prepared to prove at trial that, First Horizon Home Loan Corp, and the attorneys claiming to represent same, have committed fraud by representing to the court that First Horizon Home Loan Corp is as real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists.

(13) Plaintiff has alleged, and is prepared to prove at trial, that the defendant(s), by claiming standing to express the provisions of the contract of sale and lien, claim to be real parties in interest and, therefore, under the Federal Trade Commission Holder Rule 16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

***A. LENDER CHARGED FALSE FEES***

(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor.

(15) Lender charged other fees that were a normal part of doing business and should have been included in the finance charge.

(16) Below is a listing of the fees charged at settlement. Neither at settlement, nor at any other time did Lender or Trustee provide documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---|
| 801 Loan Origination Fee | $3,700.00 |
| 803Appraisal | $800.00 |
| 804 Credit Report | $18.00 |
| 805 Lender's Inspection Fee | $695.00 |
| 808 First Horizon Hoam Loan | $50.00 |
| 809 Total Mortgage Sol | $90.00 |
| 810 Federal Flood | $24.00 |
| 811 Review Fee | $65.00 |
| 812 Action Brokerage Services | $395.00 |
| 813 Postage | $25.00 |
| 902 Mortgage Insurance Premium | $867.43 |
| 1101 Settlement fee | $470.00 |
| 1109 Lender's Coverage | $1,035.50 |
| 1112 Title Charges from Page 3 line 1123 | $270.00 |
| 1113 Basic Charges | $50.00 |
| 1201 Recording Fee | $111.00 |
| 1205 Transfer Charges | $62.00 |
| 1303 Tracking & Reconveyance Service | $116.00 |
| 1304 Grants Pass Irrigation District | $117.00 |

(17) Debtor is unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws. Therefore it was demanded to please provide;

a. a complete billing from each vendor who provided the above listed services;

b. the complete contact information for each vendor who provided a billed service;

c. clearly stipulate as to the specific service performed;

d. a showing that said service was necessary;

e. a showing that the cost of said service is reasonable;

f. a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

(18) The above charges have been disputed and deemed unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

(19) In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $105,400.31. This amount will be reduced by the amount of items above when said items are fully documented.

***B. RESPA PENALTIES***

(20) From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:

a. Good Faith Estimate not within limits

b. No HUD-1 Booklet

c. Truth In Lending Statement not within limits compared to Note

d. Truth in Lending Statement not timely presented

e. HUD-1 not presented at least one day before closing

f. No Holder Rule Notice in Note

g. No 1st Payment Letter

1. No signed and dated :
2. Financial Privacy Act Disclosure;
3. Equal Credit Reporting Act Disclosure;
4. notice of right to receive appraisal report;
5. servicing disclosure statement;

6. borrower's Certification of Authorization;
7. notice of credit score;
8. RESPA servicing disclosure letter;
9. loan discount fee disclosure;
10. business insurance company arrangement disclosure;
11. notice of right to rescind.

(21) The courts have held that the borrower does not have to show harm to claim a violation of the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance. And, in as much as the courts are directed to assess a penalty of no less than two hundred dollars and no more than two thousand, considering the large number enumerated here, it is reasonable to consider that the court will assess the maximum amount for each violation.

(22) Since the courts have held that the penalty for a violation of RESPA accrues at consummation of the note, borrower has calculated that, the number of violations found in a cursory examination of the note, if deducted from the principal, would result in an overpayment on the part of the borrower, over the life of the note, of $212,802.57.

(23) If the violation penalty amounts for each of the unsupported fees listed above are included, the amount by which the borrower would be defrauded is $206,133.07

(24) Adding in RESPA penalties for all the unsupported settlement fees along with the TILA/Note variance, it appears that lender intended to defraud borrower in the amount of $584,354.86

**MORE DEFINITE STATEMENT**

(26) Plaintiff is willing to prepare a more definite statement for the court. Subsequent to the filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is prepared to file a more definite statement with the court.

## CONCLUSION

(27) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in making said claim, has failed to speak with candor with the court. Plaintiff moves the court for sanctions against counsel, which is included as a separate motion, and to deny counsel's motion to dismiss.

**Respectfully Submitted,**

Tamie Richardson

**Tamie Richardson**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 1st day of October, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA 98370
Attorneys for First Horizona Home Loan Corp

Tamie Richardson

**Tamie Richardson**