```
1  Tamie Richardson                                FILED'10 OCT 1 11:31USDC-ORM
2  746 Bailey Drive
3  Grants Pass OR  97527
```

4  UNITED STATES DISTRICT COURT
5  DISTRICT OF OREGON

| | |
|---|---|
| Tamie Richardson | Case # **10-0373** PA |
| Plaintiff, | |
| vs. | PLAINTIFFS RESPONSE |
| First Horizon Home Loan Corp | TO RULE 12 |
| Defendant | |

6  Date: October 1, 2010

7

8  (1) The Plaintiff, in her Original Petition, plead that Defendant charged false fees as
9  stipulated to Plaintiff as listed on the HUD 1 Settlement Statement, included as EXHIBIT
10  1.  Plaintiff specifically plead that Defendant, at the time of settlement of the contract,
11  Defendant failed to provide documentation to establish that said fees were not included in
12  those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden
13  to be charged to Plaintiff at settlement.

14  (2) Plaintiff stipulated each fee charged with particularity.  Plaintiff calculated the precise
15  amount that Plaintiff would have overpaid the note had Plaintiff paid off the note as
16  stipulated by the Truth In Lending Statement provided by Defendant as EXHIBIT 2.
17  Plaintiff specifically alleged that said fees were fraudulent.  Plaintiff alleged that
18  Defendant failed to provide full disclosure by failing to provide documentation to prove
19  that the above fees were authorized by law, that the services alleged provided were
20  necessary, that the amount charged for each service was necessary, and that Defendant
21  did not take an undisclosed markup on said fees.

22  (3) Plaintiff further alleged that Defendant, acting in concert and collusion with the loan
23  broker, toward the perpetration of a carefully contrived connivance, provided the
24  amounts listed in the HUD 1 Settlement Statement, to the loan broker as an undisclosed
25  yield spread premium.  Said undisclosed yield spread premium is alleged to be in
26  addition to the one percent loan origination fee, charged to Plaintiff, as allowed by law.

27  Plaintiff alleged that said payment to the broker of undisclosed yield spread premium was
28  a predicate act intended to improperly influence loan broker to misrepresent facts to
29  Plaintiff, to give partial disclosure of those facts which would appear favorable to the
30  intent of the loan broker, while failing to give full disclosure of other facts that would not
31  seem favorable to the contract.

32  (4) By the above, Plaintiff stated a claim for which recovery could be had, and therefore,
33  Defendant's motion to dismiss is frivolous. Plaintiff moves the court to deny Defendant's
34  pleading, or, in the alternative, treat Defendant's pleading as a request for more definite
35  statement, in which case, Plaintiff will provide a more definite statement as requested.

36  (5) Further, Plaintiff moves the court to order sanctions against Defendant for filing a
37  frivolous pleading and for failing to speak with candor to the court as Defendant is totally
38  inept or acted with deliberate intent to improperly influence the court with false
39  pleadings.

40  **PLAINTIFF MADE CLAIMS WITH SPECIFICITY AND PARTICULARITY**

41  (6) Plaintiffs alleged that the original lender overpaid the loan originator, with fees
42  improperly charged to Plaintiff at closing in order to induce the originator of the loan to
43  breach his fiduciary duty to Plaintiff . By doing this, they committed common law fraud
44  by making false statements to Plaintiff in order to convince Plaintiff that Plaintiff only
45  qualified for a more expensive loan product than Plaintiff actually qualified for. Plaintiff
46  is prepared to prove up said claims after discovery, at a trial on the merits.

47  (7) Plaintiff alleged that Defendant(s) made partial disclosure of alleged facts concerning
48  the conditions of the loan which is the basis for the issuance of the security instrument
49  and lien document at issue. Plaintiff is prepared to prove at trial, after complete
50  discovery that Defendant(s) failed to give full disclosure of facts that, if disclosed would
51  have caused Plaintiff to make a different decision than the one made.

52  (8) Plaintiff alleged that the trustee, at closing, executed a carefully contrived connivance
53  intended to apply undue pressure on Plaintiff in an effort to effect lack of full disclosure
54  to Plaintiff and induce Plaintiff to enter into a contract without said full disclosure.
55  Plaintiff is prepared to provide proof, at trial, sufficient to convince a jury.

56  (9) Plaintiff alleges that, at closing, false fees were charged to Plaintiff by lender. Said
57  allegations are reiterated below with specificity. Plaintiff alleged that the original lender
58  sold the security instrument immediately after closing, but failed to transfer the lien

document to the purchaser of said security instrument. Plaintiff is prepared to prove, subsequent to discovery, that the lender, while still holding the security instrument, received consideration and, therefore, could not be harmed rendering the lien unenforceable.

(10) Plaintiff alleged, and is prepared to prove at trial, that the lender maintained possession of the lien document in order to be able to file an IRS Form 1099a and write the entire amount of the original note off lender's capital gains tax and, thereby, receive consideration a second time.

(11) Plaintiff alleged, and is prepared to prove at trial that, the original security instrument, if said instrument still exists, may give the holder a claim against the signator, but have no claim against the property.

(12) Plaintiff alleged, and is prepared to prove at trial that, First Horizon Home Loan Corp, and the attorneys claiming to represent same, have committed fraud by representing to the court that First Horizon Home Loan Corp is as real party in interest in the contract of sale and has standing to take said property from defendant when no such claim exists.

(13) Plaintiff has alleged, and is prepared to prove at trial, that the defendant(s), by claiming standing to express the provisions of the contract of sale and lien, claim to be real parties in interest and, therefore, under the Federal Trade Commission Holder Rule 16 CFR 433, are subject to any claim Plaintiff may have against the original lender.

### A. LENDER CHARGED FALSE FEES

(14) Lender charged fees to Plaintiff that were in violation of the limitations imposed by the Real Estate Settlement Procedures Act as said fees were simply contrived and not paid to a third party vendor.

(15) Lender charged other fees that were a normal part of doing business and should have been included in the finance charge.

(16) Below is a listing of the fees charged at settlement. Neither at settlement, nor at any other time did Lender or Trustee provide documentation to show that the fees herein listed were valid, necessary, reasonable, and proper to charge Petitioner.

| | |
|---|---:|
| 801 Loan Origination Fee | $3,700.00 |
| 803 Appraisal | $800.00 |
| 804 Credit Report | $18.00 |
| 805 Lender's Inspection Fee | $695.00 |
| 808 First Horizon Hoam Loan | $50.00 |
| 809 Total Mortgage Sol | $90.00 |
| 810 Federal Flood | $24.00 |
| 811 Review Fee | $65.00 |
| 812 Action Brokerage Services | $395.00 |
| 813 Postage | $25.00 |
| 902 Mortgage Insurance Premium | $867.43 |
| 1101 Settlement fee | $470.00 |
| 1109 Lender's Coverage | $1,035.50 |
| 1112 Title Charges from Page 3 line 1123 | $270.00 |
| 1113 Basic Charges | $50.00 |
| 1201 Recording Fee | $111.00 |
| 1205 Transfer Charges | $62.00 |
| 1303 Tracking & Reconveyance Service | $116.00 |
| 1304 Grants Pass Irrigation District | $117.00 |

88  (17) Debtor is unable to determine whether or not the above fees are valid in accordance
89  with the restrictions provided by the various consumer protection laws.  Therefore it was
90  demanded to  please provide;

91  a.  a complete billing from each vendor who provided the above listed services;

92  b.  the complete contact information for each vendor who provided a billed service;

93  c.  clearly stipulate as to the specific service performed;

94  d.  a showing that said service was necessary;

95  e.  a showing that the cost of said service is reasonable;

| | |
|---|---|
| 96 97 | f. a showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge. |
| 98 99 100 101 | (18) The above charges have been disputed and deemed unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer. |
| 102 103 104 105 | (19) In the event lender fails to properly document the above charges, borrower will consider same as false charges. The effect of the above amounts that borrower would pay over the life of the note will be an overpayment of $105,400.31. This amount will be reduced by the amount of items above when said items are fully documented. |
| 106 | **B. RESPA PENALTIES** |
| 107 108 | (20) From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows: |
| 109 | a. Good Faith Estimate not within limits |
| 110 | b. No HUD-1 Booklet |
| 111 | c. Truth In Lending Statement not within limits compared to Note |
| 112 | d. Truth in Lending Statement not timely presented |
| 113 | e. HUD-1 not presented at least one day before closing |
| 114 | f. No Holder Rule Notice in Note |
| 115 | g. No 1st Payment Letter |
| 116 | 1. No signed and dated : |
| 117 | 2. Financial Privacy Act Disclosure; |
| 118 | 3. Equal Credit Reporting Act Disclosure; |
| 119 | 4. notice of right to receive appraisal report; |
| 120 | 5. servicing disclosure statement; |

| | | |
|---|---|---|
| 121 | | 6. borrower's Certification of Authorization; |
| 122 | | 7. notice of credit score; |
| 123 | | 8. RESPA servicing disclosure letter; |
| 124 | | 9. loan discount fee disclosure; |
| 125 | | 10. business insurance company arrangement disclosure; |
| 126 | | 11. notice of right to rescind. |

127  (21) The courts have held that the borrower does not have to show harm to claim a violation of
128  the Real Estate Settlement Procedures Act, as the Act was intended to insure strict compliance.
129  And, in as much as the courts are directed to assess a penalty of no less than two hundred
130  dollars and no more than two thousand, considering the large number enumerated here, it is
131  reasonable to consider that the court will assess the maximum amount for each violation.

132  (22) Since the courts have held that the penalty for a violation of RESPA accrues at
133  consummation of the note, borrower has calculated that, the number of violations found in a
134  cursory examination of the note, if deducted from the principal, would result in an
135  overpayment on the part of the borrower, over the life of the note, of $212,802.57.

136  (23) If the violation penalty amounts for each of the unsupported fees listed above are
137  included, the amount by which the borrower would be defrauded is $206,133.07

138  (24) Adding in RESPA penalties for all the unsupported settlement fees along with the
139  TILA/Note variance, it appears that lender intended to defraud borrower in the amount of
140  $584,354.86

141  **MORE DEFINITE STATEMENT**

142  (26) Plaintiff is willing to prepare a more definite statement for the court. Subsequent to the
143  filing of the original complaint, Plaintiff has made inquiry and found evidence of knowing and
144  deliberate criminal acts by lenders intended to defraud Plaintiff of Plaintiff's property and is
145  prepared to file a more definite statement with the court.

146                              **CONCLUSION**

147  (27) Plaintiff maintains that Defendant(s) motion of dismissal is frivolous and that counsel, in
148  making said claim, has failed to speak with candor with the court. Plaintiff moves the court for
149  sanctions against counsel, which is included as a separate motion, and to deny counsel's motion
150  to dismiss.

151

152

153
154  **Respectfully Submitted,**
155
156
157  */s/ Tamie Richardson*
158
159  **Tamie Richardson**
160

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this ___1st___ day of October, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA  98370
    Attorneys for First Horizona Home Loan Corp


_____
**Tamie Richardson**

exhibit F

| A, HR 4305.2 | Page 1 of 3 | | Form Approved OMB 2502-0265 |
|---|---|---|---|

ENT STATEMENT

# TICOR TITLE™

| | |
|---|---|
| 1. ___ FHA   2. ___ FMHA   3. ___ CONV. UNINS. | |
| 4. ___ VA    5. _X_ CONV. INS.   ___ OTHER | |
| 6. File Number | 7. Loan Number |
| 26-48832 | 0052773397 |
| 8. Mortgage Ins. Case No. | |

PARTMENT OF HOUSING AND URBAN DEVELOPMENT

This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. tems marked "(P.O.C.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

ID ADDRESS OF BORROWER:  Mike A. Richardson and Tamie S. Richardson
1429 Golden Park Dr.
Grants Pass, OR 97527

DDRESS AND TIN OF SELLER:

ID ADDRESS OF LENDER:  First Horizon Home Loan Corporation
4949 Meadows Road, Suite 350
Lake Oswego, OR 97035

Y LOCATION:  746 Bailey Drive
Grants Pass, OR 97527

ENT AGENT:  Ticor Title  (541)476-1171
744 NE 7th Street, PO Box 1960, Grants Pass, OR 97526-0167

SETTLEMENT:  744 NE 7th Street, PO Box 1960, Grants Pass, OR 97526-0167

ENT DATE   04/18/2005   ESTIMATED   DISBURSEMENT DATE

| SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| les | | 401. Contract sales price | |
| o | | 402. Personal Property | |
| ch... o borrower (line 1400) | 18,359.43 | 403. | |
| zon Home Loan Corporation | 94,275.21 | 404. | |
| on Hold back  First Horizon Ho | 224,365.36 | 405. | |
| ts for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| taxes  to | | 406. City/town taxes  to | |
| es  to | | 407. County taxes  to | |
| ts  to | | 408. Assessments  to | |
| hold for FHHLC  First Horizon Ho | 33,000.00 | 409. | |
| | | 410. | |
| | | 411. | |
| | | 412. | |
| | | 413. | |
| | | 414. | |
| | | 415. | |
| | | 416. | |
| MOUNT DUE FROM BORROWER | 370,000.00 | 420. GROSS AMOUNT DUE TO SELLER | |
| earnest money | | 501. Excess deposit (see instructions) | |
| nount of new loan | 370,000.00 | 502. Settlement charges to seller (line 1400) | |
| n taken subject to | | 503. Existing loan taken subject to | |
| | | 504. Payoff first mortgage | |
| | | 505. Payoff second mortgage | |
| | | 506. | |
| | | 507. | |
| | | 508. | |
| | | 509. | |

| | | | | | |
|---|---|---|---|---|---|
| taxes | to | | 510. City/town taxes | to | |
| es | to | | 511. County taxes | to | |
| ts | to | | 512. Assessments | to | |
| | | | 513. | | |
| | | | 514. | | |
| | | | 515. | | |
| | | | 516. | | |
| | | | 517. | | |
| | | | 518. | | |
| | | | 519. | | |
| ID BY/FOR BORROWER | | 370,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | | |
| unt due from borrower (line 120) | | 370,000.00 | 601. Gross amount due to seller (line 420) | | |
| ts paid by/for borrower (line 220) | | 370,000.00 | 602. Less reductions in amount due seller (line 520) | | |
| ( FROM) ( TO) BORROWER | | | 603.    CASH ( FROM) ( TO) SELLER | | |

A, HR 4305.2        Page 2 of 3        Form Approved OMB 2502-0265

## SETTLEMENT CHARGES

| | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| N PRICE $ | | @ %= | | |
| of Commission (line 700) as follows: | to | | | |
| | to | | | |
| n paid at Settlement | | | | |
| nation Fee 1.00 % | Action Brokerage Services | | 3,700.00 | |
| ount % | | | | |
| Fee | Action Brokerage Services | | 800.00 | |
| ort to | Action Brokerage Services | | 18.00 | |
| e | First Horizon Home Loan Corporation | | 695.00 | |
| nsurance Application Fee to | | | | |
| 1 Fee to | | | | |
| | First Horizon Home Loan Corporation | | 50.00 | |
| e Fee | Total Mortgage Sol | | 90.00 | |
| ermination | Federal Flood | | 24.00 | |
| Review Fee | First Horizon Home Loan Corporation | | 65.00 | |
| ; Fee | Action Brokerage Services | | 395.00 | |
| Postage | Action Brokerage Services | | 25.00 | |
| (line 822) | | | 9,327.50 | |
| m to | @ /day ( -days) | | | |
| nsurance Premium for | | | | |
| urance Premium for | 1 year to Farmers Insurance | | 867.43 | |
| ir: | months @ $ | per month | | |
| ist. | months @ $ | per month | | |
| y taxes | months @ $ | per month | | |
| perty taxes | months @ $ | per month | | |
| ssments | months @ $ | per month | | |
| or closing fee to | Ticor Title | | 470.00 | |
| title search to | | | | |
| ation to | | | | |
| ice binder to | | | | |
| preparation to | | | | |
| o | | | | |
| ee to | | | | |
| ove items numbers: | 1103, 1104 | ) | | |
| ce to | Ticor Title | | 1,035.50 | |
| ove items numbers: | 1103, 1105 | ) | | |
| erage $ 370,000.00 | $ 1,035.50 | | | |
| erage $ | $ | | | |
| Coverage En | Ticor Title | | 50.00 | |
| ntal Protec | Ticor Title | | | |
| line 1123) | | | 270.00 | |
| Deed $ | Mortgage $ 111.00 | Release $ | 111.00 | |
| tax 1: Deed $ | Mortgage $ | | | |
| mp Deed $ | Mortgage $ | | | |
| l Agreement | Ticor Title | | 21.00 | |
| line 1209) | | | 62.00 | |

| ijusted at close | Ticor Title | 50.00 | |
| --- | --- | --- | --- |
| : | Oregon Tracking and Reconveyance Servi· | 116.00 | |
| | Grants Pass Irrigation District | 117.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| OTAL SETTLEMENT CHARGES | (enter on lines 103, Section J and 502, Section K) | 18,359.43 | |

the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

on

son
edge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed rt of the settlement of this transaction.

Date

: to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment.
J.S. Code Sections 1001 and Section 1010.

'A, HR 4305.2          Page 3 of 3          Form Approved OMB 2502-0265
 32          Loan No. 0052773397

|  |  |  |  |
|---|---|---:|---|
|  | First Horizon Home Loan Corporation |  |  |
| oft cost draw | Systems Inc. | 9,465.00 |  |
| r | First Horizon Home Loan Corporation | 100.00 |  |
| t. | First Horizon Home Loan Corporation | 600.00 |  |
| on Fee | First Horizon Home Loan Corporation | 100.00 |  |
| :dit towards closing costs | First Horizon Home Loan Corporation | -937.50 |  |
| itered on line 814 Section L) |  | 9,327.50 |  |
| f Improvem | Ticor Title |  |  |
| a of Excep | Ticor Title | 50.00 |  |
| a of Excep | Ticor Title | 50.00 |  |
| Fee | Ticor Title | 75.00 |  |
| Lien Searc | Ticor Title | 25.00 |  |
| ncoming) | Ticor Title | 15.00 |  |
| ?ostage Fee | Ticor Title | 30.00 |  |
| :ument Fee | Ticor Title | 25.00 |  |
| tered on line 1113 Section L) |  | 270.00 |  |
| lification Agreement | Ticor Title | 41.00 |  |
| ipletion Notice | Ticor Title | 21.00 |  |
| ered on line 1205 Section L) |  | 62.00 |  |

the HUD-1 Settlement Statement and, to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my 'ansaction, I further certify that I have received a copy of HUD-1 Settlement Statement.

# TRUTH IN LENDING DISCLOSURE STATEMENT Exhibit 2
## ACTION BROKERAGE SERVICES, INC.

| Creditor | Applicant(s) |
|---|---|
| ACTION BROKERAGE SERVICES, INC.<br>1012 E. JACKSON STREET<br>MEDFORD, OR 97504 | Mike A. Richardson<br>Tamie Richardson |

| Mailing Address | Property Address |
|---|---|
| Mike A. Richardson<br>1173 Westerly Court<br>Grants Pass, OR 97527 | 746 Bailey Drive<br>Grants Pass, OR 97527 |

| Loan Number | Preparation Date |
|---|---|
| 99-0808 | January 20, 2005 |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.866 % | $ 388,878.55 | $ 345,840.00 | $ 734,718.55 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | *AMOUNT OF PAYMENTS | MONTHLY PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | *AMOUNT OF PAYMENTS | MONTHLY PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 1 | 53.47 | 03/01/2005 | | | |
| 12 | 1,604.17 | 04/01/2005 | | | |
| 359 | 1,987.26 | 04/01/2006 | | | |
| 1 | 1,988.74 | 03/01/2035 | | | |

* Includes mortgage insurance premiums, excludes taxes, hazard insurance or flood insurance.

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature.  [ ] This loan has a Demand Feature.

**ITEMIZATION:** You have a right at this time to an ITEMIZATION OF AMOUNT FINANCED.
I/We [ ] do [X] do not want an itemization.

**REQUIRED DEPOSIT:**
[X] The annual percentage rate does not take into account your required deposit.

**VARIABLE RATE FEATURE:**
[ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in:
746 Bailey Drive, Grants Pass OR 97527

**ASSUMPTION:** Someone buying this property
[X] cannot assume the remaining balance due under original mortgage terms.
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $   165.00
PROPERTY INSURANCE:

☐ Property / hazard insurance is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.

Hazard insurance ☐ is ☒ is not   available through the lender at an estimated cost of _____ for a _____ month term.

**LATE CHARGES:** If your payment is more than _____ days late, you will be charged a late charge of _____ % of the overdue payment.

**PREPAYMENT:** If you prepay this loan in full or in part, you
☒ may  ☐ will not   have to pay a penalty.
☐ may  ☒ will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and payment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure. I/We understand there is no commitment for the creditor to make this loan and there is no obligation for me/us to accept this loan upon delivery or signing of this disclosure.

_____   _____   _____   _____
Mike A. Richardson                 Date      Tamie Richardson                  Date

_____   _____   _____   _____
                                   Date                                        Date

GENESIS 2000, INC. * W17.0 * (800) 882-0504                                    Form RegZFD (03/95)

# TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT:
FIRST HORIZON HOME LOAN CORPORATION  ☐ Preliminary  ☒ Final
4949 MEADOWS ROAD, SUITE 350 LAKE OSWEGO, OR 97035 (503) 635-6504
DATE: 4/08/2005
LOAN NO.: 0052773397

BORROWERS: MIKE A RICHARDSON
TAMIE S RICHARDSON

Type of Loan: CONV INS Fixed

ADDRESS: 1173 WESTERLY COURT
CITY/STATE/ZIP: GRANTS PASS, OR 97527
PROPERTY: 746 BAILEY DRIVE
GRANTS PASS, OR 97527

INTEREST RATE: 5.500

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate. | FINANCE CHARGE  The dollar amount the credit will cost you. | Amount Financed  The amount of credit provided to you or on your behalf. | Total of Payments  The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.834 % | $ 400,341.42 | $ 362,761.00 | $ 763,102.42 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| INTEREST ON THE AMOUNT OF CREDIT OUTSTANDING TO BE PAID MONTHLY ON A 30 DAY CYCLE. | | | | | |

DEMAND FEATURE: ☒ This loan does not have a Demand Feature.   ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
☐ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at: 746 BAILEY DRIVE
GRANTS PASS, OR 97527

ASSUMPTION: Someone buying this property  ☒ cannot assume the remaining balance due under original mortgage terms
☐ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

FILING / RECORDING FEES: $ 100.00

PROPERTY INSURANCE:  ☒ Property hazard insurance in the amount of $ 370,000.00 with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender. Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of _____ for a _____ year term.

| LATE CHARGES: | If your payment is more than 15 days late, you will be charged a late charge of 5.00 % of the overdue payment. |
|---|---|

**PREPAYMENT:** If you pay off your loan early, you
- ☐ may  ☒ will not   have to pay a penalty.
- ☐ may  ☒ will not   be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

MIKE A RICHARDSON                    BORROWER/DATE        TAMIE S RICHARDSON                BORROWER/DATE

_____   BORROWER/DATE        _____   BORROWER/DATE

VMP-788 (0310)                       VMP Mortgage Solutions (800)521-7291         Page 1 of 2         10/03
© 2003 CBF Systems, Inc. The contents of this form in whole or in part are protected under the copyright laws of the United States.