EXHIBIT E

 



**RECORDING REQUESTED BY**
**FIRST AMERICAN TITLE INSURANCE COMPANY**
NOTICE OF DEFAULT
AND ELECTION TO SELL

RE: Trust Deed from MIKE A RICHARDSON &
TAMIE S RICHARDSON Grantor

To  FIRST AMERICAN TITLE INSURANCE
COMPANY - Successor Trustee

After recording return to (name, address, zip):
Quality Loan Service Corp. of Washington
2141 5th Avenue
San Diego, CA 92101

TS No: OR-09-320893-SH

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK   **2010-004090**
MTG-DES
Cnt=1 Pgs=4 Stn=2 RHENKELS 03/30/2010 02:12 PM
$20.00 $11.00 $15.00 $8.00 $5.00      Total:$59.00


0024746520100004090040041

I, Art Harvey, County Clerk, certify that the within document was received and duly recorded in the official records of Josephine County.

SPACE RESERVED FOR RECORDER'S USE


Reference is made to that certain trust deed made by **MIKE A RICHARDSON & TAMIE S RICHARDSON** as grantor, to **FIRST AMERICAN TITLE INSURANCE COMPANY** as successor trustee, in favor of **FIRST HORIZON HOME LOAN CORPORATION**, as beneficiary, dated 4/8/2005, recorded 4/15/2005, in the Records of **JOSEPHINE** County, Oregon, in book xxx at page xxx, and/or as fee/file/instrument/microfilm/reception No. **2005-008429** and loan modification dated 3/24/2006 and recorded on 3/29/2006 as Instrument Number 2006-006558, in Book , Page  , covering the following described real property situated in the above-mentioned county and state, to wit:
APN: R343133

PARCEL 1 OF PARTITION PLAT NO. 2004-086, IN JOSEPHINE COUNTY, OREGON.

The undersigned hereby certifies that no assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor trustee have been made, except as recorded in the records of the county or counties in which the above described real property is situated.  Further, no action has been instituted to recover the debt, or any part thereof, now remaining secured by the trust deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.735(4).

There is a default by grantor or other person owing an obligation, performance of which is secured by the trust deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of such provision.  The default for which foreclosure is made is grantor's failure to pay when due the following sums:

**Delinquent Payments**

| FROM | THRU | NO. PMT | RATE | AMOUNT | TOTAL |
|---|---|---|---|---|---|
| 7/1/2009 | 3/26/2010 | 9 | 6.12500% | $1,888.54 | $16,996.86 |

Total Late Charges:                                                                                         $849.87
Beneficiary Advances
$0.00

                                                                                                              $0.00

                                                     TOTAL FORECLOSURE COST:            $1,787.50

                                                     TOTAL REQUIRED TO REINSTATE:     $19634.23

By reason of the default, the beneficiary has declared all sums owing on the obligation secured by the trust deed immediately due and payable, those sums being the following, to- wit:

2010-004090



$370,000.00 with interest thereon at the rate of 6.13% beginning 6/1/2009; plus late charges of $94.43 each month beginning 7/1/2009 until paid; plus prior accrued late charges of ; plus advances of $0.00; together with title expense, costs, trustee's fees and attorneys fee incurred herein by reason of said default; and any futher sums advanced by the beneficiary for the protection of the above described real property and its interest therein

Notice hereby is given that the beneficiary and trustee, by reason of default, have elected and do hereby elect to foreclose the trust deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which grantor had, or had the power to convey, at the time of the execution by grantor of the trust deed, together with any interest grantor or grantor's successor in interest acquired after the execution of the trust deed, to satisfy the obligations secured by the trust deed and the expenses of the sale. Including the compensations of the trustee as provided by law, and the reasonable fees of trustee's attorneys.

The Sale will be held at the hour of **1:00 pm**, in accord with the standard of time established by ORS 187.110 on **8/11/2010**, at the following place: **At the front door to the Josephine County Courthouse, 500 NW 6th Street, Grants Pass, OR**
County of **JOSEPHINE**, State of Oregon, which is the hour, date and place last set for sale.

Other than as shown of record, neither the beneficiary nor the trustee has any actual notice of any person having or claiming to have any lien upon or interest in the real property hereinabove described subsequent to the interest of the trustee in the trust deed, or of any successor in interest to grantor or of any lessee or other person in possession of or occupying the property, except:

| Name and Last Known Address | Nature of Right, Lien or Interest |
|---|---|
| MIKE RICHARDSON<br>746 BAILEY DRIVE<br>GRANTS PASS, OR 97527<br>Original Borrower | |
| TAMIE RICHARDSON<br>746 BAILEY DRIVE<br>GRANTS PASS, OR 97527<br>Original Borrower | |

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or trust deed, and in addition to paying the sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney fees not exceeding the amounts provided by ORS 86.753.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to this grantor as well as any other person owing an obligation, the performance of which is secured by the trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

This debt will be presumed to be valid unless you notify this firm in writing within thirty (30) days after receipt of this notice that you dispute the validity of the debt or any portion thereof. If you dispute the validity of this debt or any portion thereof, and if you notify this firm of your dispute in writing within the thirty-day period, we will provide you with verification of the debt and mail such to you at the address to which this notice was sent. Upon your written request within the thirty-day period, we will provide you the name and address of the original creditor according to our records if different than the present creditor.

2010-004090

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**THIS NOTICE IS SENT FOR THE PURPOSE OF COLLECTING A DEBT. THIS FIRM IS ATTEMPTING TO COLLECT A DEBT ON BEHALF OF THE HOLDER AND OWNER OF THE NOTE. ANY INFORMATION OBTAINED BY OR PROVIDED TO THIS FIRM OR THE CREDITOR WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

NOTICE TO TENANTS: TENANTS OF THE SUBJECT REAL PROPERTY HAVE CERTAIN PROTECTIONS AFFFORDED TO THEM UNDER ORS 86.755 AND POSSIBLY UNDER FEDERAL LAW. ATTACHED TO THIS NOTICE OF SALE, AND INCORPORATED HEREIN, IS A NOTICE TO TENANTS THAT SETS FORTH SOME OF THE PROTECTIONS THAT ARE AVAILABLE TO A TENANT OF THE SUBJECT REAL PROPERTY AND WHICH SETS FORTH CERTAIN REQUIREMENTS THAT MUST BE COMPLIED WITH BY ANY TENANT IN ORDER TO OBTAIN THE AFFORDED PROTECTION, AS REQUIRED UNDER ORS 86.745

Dated: 3/29/2010

FIRST AMERICAN TITLE INSURANCE COMPANY, as trustee
2141 5th Avenue, San Diego, CA 92101

Signature By _____
James M. Davis, Assistant Secretary

For Non-Sale Information:
Quality Loan Service Corp. of Washington
2141 5th Avenue
San Diego, CA 92101
619-645-7711
Fax: 619-645-7716

State of California )
County of Orange )

On 3/29/2010 before me, **Tracy Marie Conrad**, personally appeared **James M. Davis**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

TRACY MARIE CONRAD
Commission # 1840865
Notary Public - California
Orange County
My Comm. Expires Mar 19, 2013
(Seal)

2010-004090



## NOTICE TO TENANTS

If you are a tenant of this property, foreclosure could affect your rental agreement. A purchaser who buys this property at a foreclosure sale has the right to require you to move out after giving you notice of the requirement.

If you do not have a fixed-term lease, the purchaser may require you to move out after giving you a 30-day notice on or after the date of the sale.

If you have a fixed-term lease, you may be entitled to receive after the date of the sale a 60-day notice of the purchaser's requirement that you move out.

To be entitled to either a 30-day or 60-day notice, you must give the Trustee of the Deed of Trust written evidence of your rental agreement at least 30 days before the date first set for the sale. If you have a fixed-term lease, you must give the Trustee a copy of the rental agreement. If you do not have a fixed-term lease and cannot provide a copy of the rental agreement, you may give the trustee other written evidence of the existence of the rental agreement. The date that is 30 days before the date of the sale is 7/12/2010 The name of the Trustee and the Trustee's mailing address is set forth on this Notice of Sale above.

Federal law may grant you additional rights, including a right to a longer notice period. Consult a lawyer for more information about your rights under federal law.

You have the right to apply your security deposit and any rent you prepaid toward your current obligation under your rental agreement. If you want to do so, you must notify your landlord in writing and in advance that you intend to do so.

If you believe you need legal assistance with this matter, you may contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included below with this notice. If you have a low income and meet federal poverty guidelines, you may be eligible for free legal assistance. Contact information for where you can obtain free legal assistance is included below with this notice.

Oregon State Bar: (503) 684-3763; (800) 452-7636
Legal assistance: www.lawhelp.org/or/index.cfm

2010-004090