3

EXHIBIT F

$FA$ $1486473$ $TSg$

# RECORDING COVER SHEET
# FOR NOTICE OF SALE PROOF
# OF COMPLIANCE, PER ORS 205.234

THIS COVER SHEET HAS BEEN PREPARED BY THE
PERSON PRESENTING THE ATTACHED INSTRUMENT
FOR RECORDING. ANY ERRORS IN THIS COVER SHEET
DO NOT AFFECT THE TRANSACTION(S) CONTAINED
IN THE INSTRUMENT ITSELF.

$4288204$

**AFTER RECORDING RETURN TO:**
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

$154-$



JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK  **2010-010755**
MTG-AMN
Cnt=1 Pgs=21 Stn=3 TMORRIS  08/24/2010 02:42 PM
$105.00 $11.00 $15.00 $8.00 $5.00        Total:$144.00

002557552010001075502l0216

I, Art Harvey, County Clerk, certify that the within document
was received and duly recorded in the official records of
Josephine County.

## AFFIDAVIT OF MAILING NOTICE OF SALE

~~AFFIDAVIT OF PUBLICATION~~

~~PROOF OF SERVICE~~

**ORIGINAL GRANTOR:** **MIKE A. RICHARDSON, TAMIE S. RICHARDSON**

**BENEFICIARY:** The Bank of New York Mellon f/k/a The Bank of New York, as Trustee
for the holders of the Certificates, First Horizon Mortgage Pass-
Through Certificates Series FHAMS 2006-AA3, by First Horizon Home
Loans, a division of First Tennessee Bank National Association, Master
Servicer, in its capacity as agent for the Trustee under the Pooling and
Servicing Agreement

**T.S. #:** OR-09-320893-SH

**Loan #:** 0052773397

WHEN RECORDED MAIL TO:
**Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA 92101**

---

T.S. NO.:    **OR-09-320893-SH**                    (Above Space is for Recorder's Use)

## AFFIDAVIT OF MAILING NOTICE OF SALE

STATE OF   **California**   } SS
COUNTY OF **San Diego** }

I, **David Fry** _____, being first duly sworn, depose, say and certify that:
At all times hereinafter mentioned I was and now am a resident of the State of **California**, a competent person over the age of eighteen years and not the beneficiary or his successor in interest named in the attached original or copy of notice of sale given under the terms of that certain trust deed described in said notice.

Notice of sale of the real property described in the attached Notice of Sale was provided as required under Section 20, Chapter 19, Oregon Law 2008, by the mailing of a copy thereof by registered or certified mail and regular mail to each of the following named person's at their last known address, to-wit:

**NAME AND ADDRESS**                    **CERTIFIED NO.**
                    **SEE ATTACHED**

Said person(s) include the grantor of the trust deed, any successor in interest to the grantor whose interest appears of record or of whose interest the trustee or the beneficiary has actual notice, and any persons requesting notice as provided in ORS 86.785, and all junior lien holders as provided in ORS 86.740.
"Notice as required by and in accordance with ORS Chapter 646 was provided to Grantor and successor in interest, if any"

Each of the notices so mailed was certified to be a true copy of the original notice of sale by **Brooke Frank_**, for **FIRST AMERICAN TITLE INSURANCE COMPANY**, the trustee named in said notice; each such copy was contained in a sealed envelope, with postage thereon fully prepaid, and was deposited by me in the United States mail, **San Diego, California**, on **4/5/2010**. Each of said notices was mailed after the notice of default and election to sell described in said Notice of Sale was recorded and at least 120 days before the day fixed in said notice by the trustee for the trustee's sale.
As used herein, the singular includes the plural, trustee includes successor trustee, and person includes corporation and any other legal or commercial entity.

STATE OF **California**} SS
COUNTY OF **San Diego**}

On **8·20·10** before me **Michelle Nguyen**, the undersigned, A Notary Public personally appeared **David Fry** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
**Michelle Nguyen**

MICHELLE NGUYEN
Commission # 1885573
Notary Public - California
San Diego County
My Comm. Expires May 8, 2014

2010-010755

## AFFIDAVIT OF MAILING

| | |
|---|---|
| Date: | **4/5/2010** |
| T.S. No.: | **OR-09-320893-SH** |
| Loan No.: | **0052773397** |
| Mailing: | **Notice of Sale** |

STATE OF California  }
COUNTY OF San Diego }

The declarant, whose signature appears below, states that (s)he is over the age of eighteen (18) years; is employed in San Diego County that his/her business address is at 2141 5th Avenue San Diego CA 92101. It is further declared that (s)he is readily familiar with business practices relative to the mailing of documents and that on **4/5/2010**, a copy of the Notice of Sale, of which the attached is a true and correct copy, was mailed in the ordinary course of business. The copy of the Notice of Sale was placed in a sealed envelope and addressed to the person(s)/entity(ies) set forth below. Said mailing was sent by certified or registered mail and first class, with postage prepaid and then delivered to the United States Postal Service for delivery.

I declare under penalty of perjury that the foregoing is true and correct.



Affiant David Fry

Occupant
746 BAILEY DRIVE
GRANTS PASS, OR 97527
First Class and Cert. No. 71039628594158395494

Bank of the Cascades, Grants Pass Branch
1304 NW 6TH ST
GRANTS PASS, OR 97526
First Class and Cert. No. 71039628594158395555

MIKE A RICHARDSON
746 BAILEY DRIVE
GRANTS PASS, OR 97527
First Class and Cert. No. 71039628594158395609

TAMIE S RICHARDSON
746 BAILEY DRIVE
GRANTS PASS, OR 97527
First Class and Cert. No. 71039628594158395678

MIKE A. RICHARDSON
746 BAILEY DRIVE
GRANTS PASS, OR 97527

First Class and Cert. No. 71039628594158395722

TAMIE S. RICHARDSON
746 BAILEY DRIVE
GRANTS PASS, OR 97527
First Class and Cert. No. 71039628594158395784

TAMIE RICHARDSON
746 BAILEY DR
GRANTS PASS, OR 975275302
First Class and Cert. No. 71039628594158395852

MIKE RICHARDSON
746 BAILEY DR
GRANTS PASS, OR 975275302
First Class and Cert. No. 71039628594158395913

SOFCU Community Credit Union
PO Box 1358
GRANTS PASS, OR 97528
First Class and Cert. No. 71039628594158395975

5

## TRUSTEE'S NOTICE OF SALE

T.S. No.: OR-09-320893-SH

Reference is made to that certain deed made by, **MIKE A RICHARDSON & TAMIE S RICHARDSON** as Grantor to **TICOR TITLE INSURANCE COMPANY**, as trustee, in favor of **FIRST HORIZON HOME LOAN CORPORATION**, as Beneficiary, dated 4/8/2005, recorded 4/15/2005, in official records of **JOSEPHINE** County, Oregon in book/reel/volume No. xxx at page No. xxx fee/file/instrument/microfile/reception No **2005-008429 and loan modification dated 3/24/2006 and recorded on 3/29/2006 as Instrument Number 2006-006558, in Book , Page** , covering the following described real property situated in said County and State, to-wit:

**APN: R343133**
**PARCEL 1 OF PARTITION PLAT NO. 2004-086, IN JOSEPHINE COUNTY, OREGON.**

Commonly known as:
**746 BAILEY DRIVE**
**GRANTS PASS, OR 97527**

Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and notice has been recorded pursuant to Section 86.735(3) of Oregon Revised Statutes: the default for which the foreclosure is made is the grantor's:
**The installments of principal and interest which became due on 7/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

Monthly Payment $1,888.54               Monthly Late Charge $94.43

By this reason of said default the beneficiary has declared all obligations secured by said deed of trust immediately due and payable, said sums being the following, to-wit: The sum of **$370,000.00** together with interest thereon at the rate of **6.1250** per annum from **6/1/2009** until paid; plus all accrued late charges thereon; and all trustee's fees, foreclosure costs and any sums advanced by the beneficiary pursuant to the terms of said deed of trust.

Whereof, notice hereby is given that **FIRST AMERICAN TITLE INSURANCE COMPANY**, the undersigned trustee will on 8/11/2010 at the hour of **1:00 pm**, Standard of Time, as established by section 187.110, Oregon Revised Statues, at **At the front door to the Josephine County Courthouse, 500 NW 6th Street, Grants Pass, OR County of JOSEPHINE**, State of Oregon, sell at public auction to the highest bidder for cash the interest in the said described real property which the grantor had or had power to convey at the time of the execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in Section 86.753 of Oregon Revised Statutes has the right to have the foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of said principal as would not then be due had no default occurred), together with the costs, trustee's and attorney's fees and curing any other default complained of in the Notice of Default by tendering the performance required under the obligation or trust deed, at any time prior to five days before the date last set for sale.

**For Sale Information Call: 714-573-1965 or Login to: www.priorityposting.com**

1

Loan No: 0052773397
T.S. No.: OR-09-320893-SH

## TRUSTEE'S NOTICE OF SALE

In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes plural, the word "grantor" includes any successor in interest to the grantor as well as any other persons owing an obligation, the performance of which is secured by said trust deed, the words "trustee" and 'beneficiary' include their respective successors in interest, if any.

Pursuant to Oregon Law, this sale will not be deemed final until the Trustee's deed has been issued by FIRST AMERICAN TITLE INSURANCE COMPANY. If there are any irregularities discovered within 10 days of the date of this sale, that the trustee will rescind the sale, return the buyer's money and take further action as necessary.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

## NOTICE TO RESIDENTIAL TENANTS

The property in which you are living is in foreclosure. A foreclosure sale is scheduled for 8/11/2010. Unless the lender who is foreclosing on this property is paid, the foreclosure will go through and someone new will own this property.

The following information applies to you only if you occupy and rent this property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a residential tenant.

If the foreclosure goes through, the business or individual who buys this property at the foreclosure sale has the right to require you to move out. The buyer must first give you an eviction notice in writing that specifies the date by which you must move out. The buyer may not give you this notice until after the foreclosure sale happens. If you do not leave before the move-out date, the buyer can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing.

### FEDERAL LAW REQUIRES YOU TO BE NOTIFIED

IF YOU ARE OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING UNDER A LEGITIMATE RENTAL AGREEMENT, FEDERAL LAW REQUIRES THE BUYER TO GIVE YOU A NOTICE IN WRITING A CERTAIN NUMBER OF DAYS BEFORE THE BUYER CAN REQUIRE YOU TO MOVE OUT. THE FEDERAL LAW THAT REQUIRES THE BUYER TO GIVE YOU THIS NOTICE IS EFFECTIVE UNTIL DECEMBER 31, 2012. Under federal law, the buyer must give you at least 90 days' notice in writing before requiring you to move out. If

2

2010-010755

you are renting this property under a fixed-term lease (for example, a six-month or one-year lease), you may stay until the end of your lease term. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 90 days, even if you have a fixed-term lease with more than 90 days left.

## STATE LAW NOTIFICATION REQUIREMENTS

IF THE FEDERAL LAW DOES NOT APPLY, STATE LAW STILL REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING BEFORE REQUIRING YOU TO MOVE OUT IF YOU ARE OCCUPYING AND RENTING THE PROPERTY AS A TENANT IN GOOD FAITH. EVEN IF THE FEDERAL LAW REQUIREMENT IS NO LONGER EFFECTIVE AFTER DECEMBER 31, 2012, THE REQUIREMENT UNDER STATE LAW STILL APPLIES TO YOUR SITUATION. Under state law, if you have a fixed-term lease (for example, a six-month or one-year lease), the buyer must give you at least 60 days' notice in writing before requiring you to move out. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 30 days, even if you have a fixed-term lease with more than 30 days left.

If you are renting under a month-to-month or week-to-week rental agreement, the buyer must give you at least 30 days' notice in writing before requiring you to move out.

IMPORTANT: For the buyer to be required to give you a notice under state law, you must prove to the business or individual who is handling the foreclosure sale that you are occupying and renting this property as a residential dwelling under a legitimate rental agreement. The name and address of the business or individual who is handling the foreclosure sale is shown on this notice under the heading "TRUSTEE". You must mail or deliver your proof not later than 7/12/2010 (30 days before the date first set for the foreclosure sale). Your proof must be in writing and should be a copy of your rental agreement or lease. If you do not have a written rental agreement or lease, you can provide other proof, such as receipts for rent paid.

## ABOUT YOUR SECURITY DEPOSIT

Under state law, you may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord.

## ABOUT YOUR TENACY AFTER THE FORECLOSURE SALE

The business or individual who buys this property at the foreclosure sale may be willing to allow you to stay as a tenant instead of requiring you to move out. You should contact the buyer to discuss that possibility if you would like to stay. Under state law, if the buyer accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the buyer becomes your new landlord and must maintain the property. Otherwise, the buyer is not your landlord and is not responsible for maintaining the property on your behalf and you must move out by the date the buyer specifies in a notice to you.

3

6

YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD TO ANOTHER BUSINESS OR INDIVIDUAL OR UNTIL A COURT OR A LENDER TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. AS EXPLAINED ABOVE, YOU MAY BE ABLE TO APPLY A DEPOSIT OR RENT YOU PREPAID AGAINST YOUR CURRENT RENT OBLIGATION. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE AND OF ANY NOTICE YOU GIVE OR RECEIVE CONCERNING THE APPLICATION OF YOUR DEPOSIT OR PREPAID RENT.

IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR HOME WITHOUT FIRST GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU MAY WISH TO CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer or are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice.

Oregon State Bar: (503) 684-3763; (800) 452-7636
Legal assistance: www.lawhelp.org/or/index.cfm

Dated: 4/5/2010            FIRST AMERICAN TITLE INSURANCE COMPANY, as trustee
                          3 First American Way
                          Santa Ana, CA 92707

                          Signature By

                          Brooke Frank, Assistant Secretary
                          Quality Loan Service Corp. of Washington as agent for
                          FIRST AMERICAN TITLE INSURANCE COMPANY
                          2141 5th Avenue
                          San Diego, CA 92101
                          619-645-7711

For Non-Sale Information:
**Quality Loan Service Corp. of Washington**
2141 5th Avenue
San Diego, CA 92101
619-645-7711
Fax: 619-645-7716

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

4

*q*

## AFFIDAVIT OF COMPLIANCE WITH OREGON SB 628 (2009)

**Original Loan Amount:** $370,000.00
**Borrower Name(s):**MIKE A. RICHARDSON, TAMIE S. RICHARDSON
**Property Address:** 746 BAILEY DRIVE
GRANTS PASS, OR 97527
**TS #:** OR-09-320893-SH

The undersigned is an employee of the beneficiary of the trust deed securing the above-referenced loan or of its authorized agent, at least 18 years of age and competent to testify in a court of law and, having personal knowledge of the matters set forth below, represents and avers, under the penalty of perjury, that the following selected paragraph(s) is/are true and correct (select all that apply):* If you check box three another box must be checked to address the outcome of the requested loan modification.

[✓]     **No Request for Meeting or Loan Modification Received.** No request for a meeting or loan modification was received from borrower.

[ ]     **Meeting Requested But Borrower Unavailable to Schedule Meeting.** Borrower requested a meeting within 30 days of the date the Trustee signed the notice required by Section 20, chapter 19, Oregon Laws 2008 ("Law") and sent the required Loan Modification Request Form to beneficiary or its agent. The beneficiary or beneficiary's authorized agent attempted to contact the borrower by the methods contemplated by Law within 45 days of receiving the loan modification request. Borrower did not respond within 7 days of attempted contact. Accordingly, no meeting was required and no meeting occurred.

[ ]     **Meeting Occurred.** Borrower requested a meeting by telephone or in person within 30 days of the date the trustee signed the notice required by Law and sent the required Loan Modification Request Form to beneficiary or its agent. The beneficiary or beneficiary's authorized agent contacted Borrower by the methods allowed by law to schedule a meeting. A meeting was scheduled and took place between borrower and a representative of the beneficiary or beneficiary's agent -- authorized to modify the loan or able to obtain authority to modify the loan – prior to the beneficiary determining whether or not to grant borrower's request for a loan modification. * If you check this box another box still must be checked to address the outcome of the requested loan modification.

[ ]     **Loan Modification Requested. Borrower Deemed Ineligible. Request Denied.** Borrower requested a loan modification within 30 days of the date the trustee signed the notice required by Law and sent the Loan Modification Request Form to beneficiary. The loan modification request was evaluated in good faith within 45 days of receipt. After considering the most current financial information provided by borrower, the beneficiary or beneficiary's agent determined that borrower is ineligible for a loan modification. Within 45 days of the beneficiary's receipt of borrower's Loan Modification Request Form, the beneficiary or beneficiary's authorized agent notified borrower that borrower is ineligible for a loan modification.

[ ]     **Loan Modification Requested. After Evaluation, Request Denied.** Borrower requested a loan modification within 30 days of the date the trustee signed the notice required by Law and sent the Loan Modification Request Form to beneficiary or its agent. The loan modification request was evaluated in good faith within 45 days of receipt. Within 45 days of the beneficiary's receipt of borrower's Loan Modification Request Form, the beneficiary or beneficiary's authorized agent notified borrower that borrower's request for a loan modification was denied.

[ ]     **Loan Modification Requested. Borrower Approved for a Modification but Subsequently Defaulted.** Borrower requested a loan modification within 30 days of the date the trustee signed

10

the notice required by Law and sent the Loan Modification Request Form to beneficiary or its agent. The loan modification request was evaluated in good faith within 45 days of receipt. Within 45 days of the beneficiary's receipt of borrower's Loan Modification Request Form, the beneficiary or beneficiary's authorized agent notified borrower that borrower's request for a loan modification was approved. Borrower subsequently failed to return the executed modification agreement, required down payment, or failed to timely make the payment(s) under the terms of the agreement.

[ ]     **Loan Modification Requested. Information Provided by Borrower. Request Denied.** Borrower requested a loan modification within 30 days of the date the trustee signed the notice required by law and sent the Loan Modification Request Form to beneficiary or its agent. Within 45 days of receipt of the Loan Modification the beneficiary, or its authorized agent, requested that the borrower(s) submit additional financial information. The requested financial information was received and within 45 days of its receipt a good faith review of the information was completed. Within 45 days of the beneficiary's receipt of the requested financial information the beneficiary or beneficiary's authorized agent notified borrower that borrower's request for a loan modification was denied.

[ ]     **Loan Modification Requested. Insufficient Information Provided by Borrower. Request Denied.** Borrower requested a loan modification within 30 days of the date the trustee signed the notice required by law and sent the Loan Modification Request Form to beneficiary or its agent. Within 45 days of receipt of the Loan Modification the beneficiary, or its authorized agent, requested that the borrower(s) submit additional financial information. Despite the request for financial information from the borrower no financial information was received by the beneficiary or its authorized agent within 30 days of the request. Accordingly, the beneficiary or beneficiary's authorized agent notified borrower that borrower's request for a loan modification was denied.

[ ]     Other (Specify):

_____

_____

**If the Borrower's loan modification request was denied, the Beneficiary or Beneficiary's agent provided the grantor with the information described in subsection (1)(b) or (c) of Section 3, chapter 865, Oregon Laws 2009.**

DATED: _August 11, 2010_

By _Alfreda Johnson_

Typed Name: Alfreda Johnson

Title: Foreclosure Specialist

State of ___Texas___ )

) ss.

County of ___Dallas___ )

This instrument was acknowledged before me on _8-12-10_ by

Alfreda Johnson ___ as _____ of

Foreclosure Specialist                                    MetLife Home Loans, a Division of MetLife Bank, N.A.

Notary signature

SHERIAN HOPKINS
Notary Public, State of Texas
My Commission Expires
July 06, 2013

2010-010755

My commission expires_____

2010-010755

# NOTICE:

## YOU ARE IN DANGER OF LOSING YOUR PROPERTY
## IF YOU DO NOT TAKE ACTION IMMEDIATELY

**This notice is about your mortgage loan on your property at:**
Street address: **746 BAILEY DRIVE**

City: GRANTS PASS State: OR ZIP: 97527

Your lender has decided to sell this property because the money due on your
mortgage loan has not been paid on time or because you have failed to fulfill
some other obligation to your lender. This is sometimes called 'foreclosure.'
The amount you would have had to pay as of **4/5/2010** to bring your
mortgage loan current was **$21,630.77** . The amount you must now
pay to bring your loan current may have increased since that date.

By law, your lender has to provide you with details about the amount you
owe, if you ask. You may call your lender at 800-364-7662 Or
Quality Loan Service of Washington at 866-645-7711 x3704 to find out
the exact amount you must pay to bring your mortgage loan current and to
get other details about the amount you owe.

You may also get these details by sending a request by certified mail to:
Quality Loan Service Corp. Of Washington

2141 5th Avenue

San Diego, CA 92101

**THIS IS WHEN AND WHERE YOUR PROPERTY WILL BE SOLD
IF YOU DO NOT TAKE ACTION:**

Date and time: **8/11/2010** at **1:00 pm**

Place:

**At the front door to the Josephine County Courthouse, 500 NW
6th Street, Grants Pass, OR**

**THIS IS WHAT YOU CAN DO TO STOP THE SALE:**

1. You can pay the amount past due or correct any other default, up to five
days
before the sale.

2. You can refinance or otherwise pay off the loan in full anytime before the
sale.

3. You can request that your lender give you more time or change the terms
of your loan.

4. You can sell your home, provided the sale price is enough to pay what
you owe.

13

this page intentionally left blank

2010-010755

14

There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and phone number of an organization near you, please call the statewide phone contact number at **800-SAFENET (800-723-3638)**. You may also wish to talk to a lawyer. If you need help finding a lawyer, you may call the Oregon State Bar's Lawyer Referral Service at **503-684-3763** or toll-free in Oregon at **800-452-7636** or you may visit its Web site at: **www.osbar.org**. Legal assistance may be available if you have a low income and meet federal poverty guidelines. For more information and a directory of legal aid programs, go to **http://www.oregonlawhelp.org**.

Your lender may be willing to modify your loan to reduce the interest rate, reduce the monthly payments or both. You can get information about possible loan
888-638-6964 x
modification programs by contacting your lender at _33805_____ .
If you can't reach your lender, you may contact Quality Loan Service of Washington as agent for trustee at (877) 886-9757. If you have already entered into a loan modification with your lender, it is possible that you will not be able to modify your loan again unless your circumstances have changed. Your lender is not obligated to modify your loan.

You may request to meet with your lender to discuss options for modifying your loan. During discussions with your lender, you may have the assistance of a lawyer, a housing counselor or another person of your choosing. To receive a referral to a housing counselor or other assistance available in your community, call this toll-free consumer mortgage foreclosure information number: **800-SAFENET (800-723-3638).** Many lenders participate in new federal loan modification programs. You can obtain more information about these programs at: **http://www.makinghomeaffordable.gov/**.

IF YOU WANT TO APPLY TO MODIFY YOUR LOAN, YOU MUST FILL
OUT AND MAIL BACK THE ENCLOSED "MODIFICATION REQUEST
FORM." YOUR LENDER MUST RECEIVE THE FORM BY
5/5/2010                              , WHICH IS 30 DAYS AFTER THE DATE
SHOWN BELOW.

WARNING: You may get offers from people who tell you they can help you keep
your property. You should be careful about those offers. Make sure you understand
any papers you are asked to sign. If you have questions, talk to a lawyer or
one of the organizations mentioned above before signing.

DATED:    **4/5/2010**

**Quality Loan Service Corp. Of Washington as agent for**
Trustee name (print):    **FIRST AMERICAN TITLE INSURANCE COMPANY**

Trustee signature:    **By: Brooke Frank**
Trustee telephone number:  866-645-7711

16

OR-09-32 0893-SH

# Affidavit of Publication

STATE OF OREGON  )
                 ) ss
County of Josephine  )

I, _____ZINA Booth_____, being
first duly sworn, depose and say I am the _Bookkeeper_ of the Illinois Valley
News, a newspaper of general circulation, printed and published at Cave
Junction in the aforesaid county and state, as defined in Section 58, Ore-
gon Laws,

that _Priority P# 687544 Mike + Tamie Richardson_

_OR-09-320893-SH_ a printed copy of which is hereto annexed,

was published in the entire issue of said newspaper for ___4___

successive and consecutive ___4___ issues on the following dates:

..............................................................................................

___4/14/10___ ___4/21/10___ ___4/28/10___ ___5/5/10___

Subscribed and sworn to before me this ___5th___ day

of ___MAY___, 20_10_.

OFFICIAL SEAL
BRENDA T ENCINAS
NOTARY PUBLIC - OREGON
COMMISSION NO. 419427
MY COMMISSION EXPIRES JUNE 17, 2011

Notary Public for Oregon
(My Commission expires _06·17·2011_)

687544
8/11

2010-010755

TRUSTEE'S NOTICE OF SALE T.S. No.: OR-09-320893-SH Reference is made to that certain deed made by MIKE A RICHARDSON & TAMIE S RICHARDSON as Grantor to Ticor Title Insurance Company, as Trustee, in favor of First Horizon Home Loan Corporation, as Beneficiary, dated 4/8/2005, recorded 04/15/2005, in official records of Josephine County, Oregon, in book/reel/volume No. xxx, at page No. xxx fee/file/instrument/ microfile/reception No. 2005-008429 and loan modification dated 3/24/2006 and recorded on 3/29/2006 as Instrument Number 2006-006558, in Book, Page , covering the following described real property situated in said County and State, to wit: APN: R343133 Parcel 1 Of Partition Plat No: 2004-086, in Josephine County, Oregon. Commonly known as: 746 BAILEY DRIVE GRANTS PASS, OR 97527 Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and notice has been recorded pursuant to Section 86.735 (3) of Oregon Revised Statutes; the default for which the foreclosure is made is the grantor's: The installments of principal and interest which became due on 7/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including ; all sums that accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents. Monthly Payment $1,888.54 Monthly Late Charge $94.43 By this reason of said default the beneficiary has declared all obligations secured by said trust deed immediately due and payable, being the following, to wit: The sum of $370,000.00 together with interest thereon at the rate of 6.1250 per annum from 6/1/2009 until paid; plus all accrued late charges thereon; and all trustee's fees, foreclosure costs and any sums advanced by the beneficiary pursuant to the terms of said deed of trust. Whereof, notice hereby is given that, First American Title Insurance Company, the undersigned trustee will, on 8/11/2010, at the hour of 01:00 PM, Standard of Time, as established by section 187.110, Oregon Revised Statutes, at At the front door to the Josephine County Courthouse, 500 NW 6th Street Grants Pass, OR County of Josephine, State of Oregon, sell at public auction to the highest bidder for cash the interest in the said described real property which the grantor had or had power to convey at the time of execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given

that any person named in section 86.753 of Oregon Revised Statutes has the right to have the foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of said principal as would not then be due had no default occurred), together with the costs, trustee's and attorney's fees and curing any other default complained of in the Notice of Default by tendering the performance required under the obligation or trust deed, at any time prior to five days before the date last set for sale. For Sale Information Call: 714-573-1965 or Login to www.prioritypposting.com. In construing this notice, the masculine gender includes the feminine and the neuter, the singular includes plural, the word "grantor" includes any successor in interest to the grantor as well as any other persons owing an obligation, the performance of which is secured by said trust deed; the words "trustee" and "beneficiary" include their respective successors in interest, if any. Pursuant to Oregon Law, this sale will not be deemed final until the Trustee's deed has been issued by First American Title Insurance Company. If there are any irregularities discovered within 10 days of the date of this sale, that the trustee will rescind the sale, return the buyer's money and take further action as necessary. If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid, The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney. NOTICE TO RESIDENTIAL TENANTS The property in which you are living is in foreclosure. A foreclosure sale is scheduled for 8/11/2010. Unless the lender who is foreclosing on this property is paid, the foreclosure will go through and someone new will own this property. The following information applies to you only if you occupy and rent the property as a residential dwelling under a legitimate rental agreement. The information does not apply to you if you own this property or if you are not a residential tenant. If the foreclosure goes through, the business or individual who buys this property at the foreclosure sale has the right to require you to move out. The buyer must first give you an eviction notice in writing that specifies the date by which you must move out. The buyer may not give you this notice until after the foreclosure sale happens. If you do not leave before the move-out date, the buyer can have the sheriff remove you from the property after a court hearing. You will receive notice of the court hearing. FEDERAL LAW REQUIRES YOU TO BE NOTIFIED IF YOU ARE OCCUPYING AND RENTING THIS PROPERTY AS A RESIDENTIAL DWELLING UNDER A LEGITIMATE RENTAL AGREEMENT. FEDERAL LAW REQUIRES THE BUYER TO GIVE YOU A NOTICE IN WRITING A CERTAIN NUMBER OF DAYS BEFORE THE BUYER CAN REQUIRE YOU TO MOVE OUT. THE FED-

2010-010755

OR-09-320893-SH

(Pg 2)

ERAL LAW THAT REQUIRES THE BUYER TO GIVE YOU THIS NOTICE IS EFFECTIVE UNTIL DECEMBER 31, 2012. Under federal law, the buyer must give you at least 90 days' notice in writing before requiring you to move out. If you are renting this property under a fixed-term lease (for example, a six-month or one-year lease), you may stay until the end of your lease term. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 90 days, even if you have a fixed-term lease with more than 90 days left. STATE LAW NOTIFICATION REQUIREMENTS IF THE FEDERAL LAW DOES NOT APPLY, STATE LAW STILL REQUIRES THE BUYER TO GIVE YOU NOTICE IN WRITING BEFORE REQUIRING YOU TO MOVE OUT IF YOU ARE OCCUPYING AND RENTING THE PROPERTY AS A TENANT IN GOOD FAITH. EVEN IF THE FEDERAL LAW REQUIREMENT IS NO LONGER EFFECTIVE AFTER DECEMBER 31, 2012, THE REQUIREMENT UNDER STATE LAW STILL APPLIES TO YOUR SITUATION. Under state law, if you have a fixed-term lease (for example, a six-month or one-year lease), the buyer must give you at least 60 days' notice in writing before requiring you to move out. If the buyer wants to move in and use this property as the buyer's primary residence, the buyer can give you written notice and require you to move out after 30 days, even if you have a fixed term lease with more than 30 days left. If you are renting under a month-to-month or week-to-week rental agreement, the buyer must give you at least 30 days' notice in writing before requiring you to move out. IMPORTANT: For the buyer to be required to give you a notice under state law, you must prove to the business or individual who is handling the foreclosure sale that you are occupying and renting this property as a residential dwelling under a legitimate rental agreement. The name and address of the business or individual who is handling the foreclosure sale is shown on this notice under the heading "TRUSTEE". You must mail or deliver your proof not later than 7/12/2010 (30 days before the date first set for the foreclosure sale). Your proof must be in writing and should be a copy of your rental agreement or lease. If you do not have a written rental agreement or lease, you can provide other proof, such as receipts for rent paid. ABOUT YOUR SECURITY DEPOSIT Under state law, you may apply your security deposit and any rent you paid in advance against the current rent you owe your landlord. To do this, you must notify your landlord in writing that you want to subtract the amount of your security deposit or prepaid rent from your rent payment. You may do this only for the rent you owe your current landlord. If you do this, you must do so before the foreclosure sale. The business or individual who buys this property at the foreclosure sale is not responsible to you for any deposit or prepaid rent you paid to your landlord. ABOUT YOUR TENANCY AFTER THE FORECLOSURE SALE The business or individual who buys this property at the foreclosure sale may be

willing to allow you to stay as a tenant instead of requiring you to move out. You should contact the buyer to discuss that possibility if you would like to stay. Under state law, if the buyer accepts rent from you, signs a new residential rental agreement with you or does not notify you in writing within 30 days after the date of the foreclosure sale that you must move out, the buyer becomes your new landlord and must maintain the property. Otherwise, the buyer is not your landlord and is not responsible for maintaining the property on your behalf and you must move out by the date the buyer specifies in a notice to you. YOU SHOULD CONTINUE TO PAY RENT TO YOUR LANDLORD UNTIL THE PROPERTY IS SOLD TO ANOTHER BUSINESS OR INDIVIDUAL OR UNTIL A COURT OR A LENDER TELLS YOU OTHERWISE. IF YOU DO NOT PAY RENT, YOU CAN BE EVICTED. AS EXPLAINED ABOVE, YOU MAY BE ABLE TO APPLY A DEPOSIT OR RENT YOU PREPAID AGAINST YOUR CURRENT RENT OBLIGATION. BE SURE TO KEEP PROOF OF ANY PAYMENTS YOU MAKE AND OF ANY NOTICE YOU GIVE OR RECEIVE CONCERNING THE APPLICATION OF YOUR DEPOSIT OR PREPAID RENT. IT IS UNLAWFUL FOR ANY PERSON TO TRY TO FORCE YOU TO LEAVE YOUR HOME WITHOUT FIRST GOING TO COURT TO EVICT YOU. FOR MORE INFORMATION ABOUT YOUR RIGHTS, YOU MAY WISH TO CONSULT A LAWYER. If you believe you need legal assistance, contact the Oregon State Bar and ask for the lawyer referral service. Contact information for the Oregon State Bar is included with this notice. If you do not have enough money to pay a lawyer or are otherwise eligible, you may be able to receive legal assistance for free. Information about whom to contact for free legal assistance is included with this notice. Oregon State Bar (503) 684-3763; (800) 452-7636. Legal assistance: www.lawhelp.org/or/index.cfm Dated: 4/5/2010 First American Title Insurance Company, as Trustee 3 First American Way Santa Ana, CA 92707 Signature By: Brooke Frank, Assistant Secretary Quality Loan Service Corp. of Washington, as agent for First American Title Insurance Company 2141 5th Avenue San Diego, CA 92101 619-645-7711 For Non-Sale Information: Quality Loan Service Corp. of Washington 2141 5th Avenue San Diego, CA 92101 619-645-7711 Fax: 619-645-7716 If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only. This Office is attempting to collect a debt and any information obtained will be used for that purpose. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations. P#687544

Publish:          4/14, 4/21, 4/28, 05/05/2010

2010-010755

OR-09-320893-SH
#4a   20

687544

# AFFIDAVIT OF POSTING

STATE OF OREGON )
) ss.
County of Josephine )

I, GORDON W. PRUDENCIO , hereby certify and swear that at all times herein mentioned I was and now am a competent person 18 years of age or older and a resident of the state wherein the service hereinafter set forth was made; that I am not the beneficiary or trustee named in the original trustee's Notice of Sale attached hereto, not the successor of either, nor an officer, director, employee of or attorney for the beneficiary, trustee, or successor of either, corporate or otherwise.

I made service of the attached original Trustee's Notice of Sale upon the individuals and/or entities named below, by delivering a copy of the aforementioned documents, upon an OCCUPANT at the following address: #OR-09-320893-SH

746 BAILEY DRIVE                                    ("Property Address"), as follows:
GRANTS PASS, OREGON 97527

On 04-07-10   1:20  p.m., I attempted personal service at the Property Address. I received no answer at the front door. At that time, I POSTED such true copy conspicuously on the front door, pursuant to ORS 86.750 (1)(b)(A).

On 04-09-10   2:25  P.m., I returned to the Property Address and, again, received no answer at the front door. At that time, I POSTED another such true copy conspicuously on the front door, pursuant to ORS 86.750 (1)(b)(B).

On 04-12-10   10:00  a.m., I returned to the Property Address and, again, received no answer at the front door. This attempt in person at the Property Address satisfies the third attempt requirement under ORS 86.750(1)(b)(C).

I declare under penalty of perjury that the above statement is true and correct.

SUBSCRIBED AND SWORN to before me this  12  day of  APRIL 2010
by GORDON W. PRUDENCIO

OFFICIAL SEAL
MARY JANE PRUDENCIO
NOTARY PUBLIC - OREGON
COMMISSION NO. 444283
MY COMMISSION EXPIRES DECEMBER 25, 2013

exp.
Mary Jane Prudencio 12-25-13
Notary Public for Oregon County of Josephine

PRUDENCIO INVESTIGATIONS
P.O. BOX 5151
GRANTS PASS, OREGON 97527

8/11

# DECLARATION OF MAILING;
## TRUSTEE SALE & NOTICE TO TENANTS

TS#:
CLIENT REF#: 687544
TRUSTEE/SUCCESSOR TRUSTEE: FIRST HORIZON HOME LOAN CORP.
GRANTOR: MIKE A RICHARDSON AND TAMMIE RICHARDSON

STATE OF OREGON
COUNTY OF MULTNOMAH

     I hereby certify that I am a competent person 18 years of age or older and meet the requirements in the State of Oregon, and am not a party to, or officer, director, employee of, not attorney for any party, corporate of otherwise for beneficiary of trustee mentioned in the original trustee's Notice of Sale.
     I further certify that a true copy of the foregoing TRUSTEE'S NOTICE OF SALE and NOTICE TO TENANTS were sealed in an envelope and placed in the United States mail with First Class postage prepared as follows:

Date of mailing:        April 12, 2010
Addressed to:         OCCUPANTS
                       746 BAILEY AVENUE
                       GRANTS PASS, OR  97527

Mailing performed by:

     Capitol Investigation Company
     PO Box 3225
     Portland, OR  97208

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Date: April 12, 2010

_____
(PRINTED NAME)

_____
(SIGNATURE)


OFFICIAL SEAL
JOYCE F CARTER
NOTARY PUBLIC - OREGON
COMMISSION NO. 426873
MY COMMISSION EXPIRES MAY 17, 2012