FILED'10 OCT 7 13:22 USDC-ORM

Tamie Richardson

746 Bailey Drive

Grants Pass, Oregon 97527

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| Tamie Richardson<br><br>Plaintiff,<br><br>vs.<br><br>First Horizon Home Loans Corp<br><br>Defendant | Case # **10-3073**<br><br>**MOTION TO STRIKE DEFENDANTS ANSWER AS UNTIMELY AND OBJECTIONS TO AFFIDAVITS FILED** |
|---|---|

### PLAINTIFF'S MOTION TO STRIKE

1. Plaintiff is Tamie Richardson. Defendant is First Horizon Home Loans Corp
2. On August 9, 2010 Plaintiff filed with the court an ORIGINAL COMPLAINT. On August 10, 2010 Defendant was served with a summons and a copy of plaintiff's complaint by and through NW Process Service LLC. Defendant did not file a responsive pleading or otherwise defend the suit.
3. On September 1, 2010 Plaintiff filed a Motion For No Answer Default.
4. On September 10, 2010 Judge Panner granted extension of time to answer without cause.
5. On September 14, 2010 Plaintiff entered a motion for reconsideration and a motion of clarification on the Trial Management Order filed September 7, 2010 as it is seemingly untimely due to the time extension granted to Defendant.
6. No order has come on these issues, and Plaintiff is still awaiting response from the court.
7. On October 4, 2010 Defendant entered into the record affidavits which are seemingly offered outside the FRCP, and are untimely. Defendant prepared and filed a response on September 29, 2010, which Plaintiff has challenged as untimely, still awaiting and order. Five (5) days after his response, Defendant offers information a second time, and then offered even more documentation a third time on October 5, 2010, well after his opportunity to file according to rule 12.

### OBJECTIONS

Plaintiff finds numerous inconsistencies and fraudulent statements in the EXHIBITS which were attached to Defendants latest Affidavits which were filed on October 4 and October 5, 2010. These include, but are not limited to the following:

a. Plaintiff objects to any files or affidavits from any unknown third party, as heresy.
b. Affidavit offered by Defendant is not sworn to. The Notary name is typed but not signed.
c. Plaintiff can provide sworn affidavit to dispute EXHIBIT F as having false information about service attempts but additional time would be required to obtain this affidavit from a third party.
d. EXHIBIT C, the Assignment of Deed of Trust is dated and signed October 16, 2009 but the Notary Jerry Lollar has affixed a date of December 9, 2010, a whole seven (7) days prior to the actual signing date.
e. EXHIBIT C, the Assignment of Deed of Trust is invalid as Plaintiff had already filed a Notice of Removal of Trustee at the end of 2009.
f. EXHIBIT F, page 9 indicates Plaintiffs did not request a Loan Modification when in fact numerous attempts at a loan modification were all unsatisfactory. Plaintiff can provide documentation in support.
g. EXHIBIT F, page 10 is signed by Alfred Johnson on August 10, 2010 and falsly notarized by Sherian Hopkins on August 11, 2010.
h. EXHIBIT F, Notice of Sale Compliance, wasn't filed until August 24, 2010 which is well after the Plaintiff filed the Original Petition in this case.

## PRAYER

8. Plaintiff Requests the Following:

   a. Defendants entire Answer be stricken from the record.

   b. A continuance be given for the hearings ordered until the motion for clarification is responded to.

   c. Files and affidavits entered into the record on October 4, 2010 and again on October 5, 2010 be stricken as a violation of Rule 12

**Respectfully Submitted,**

*Tamie Richardson*

**Tamie Richardson**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this _7th_ day of October, 2010 to the following:

Mr Holger Uhl

McCarthy & Holthus, LLP

19735 10th Avenue NE< Ste N200

Poulsbo, WA  98370

Attorneys for First Horizona Home Loan Corp

*/s/ Tamie Richardson*

**Tamie Richardson**