FILED 10 OCT 13 12:12 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

TAMIE RICHARDSON,

        Plaintiff,        Civ. No. 10-3073-CL

**ORDER**

v.

FIRST HORIZON HOME LOAN CORP.,

        Defendant.

---

**PANNER, J.**

*Pro se* plaintiff Tamie Richardson moves for reconsideration of the denial of her motion for an order of default, for clarification of the trial management order, for a continuance, to strike defendant's motion for summary judgment, to strike defendant's answer, and for sanctions. I grant the motions for clarification and for a continuance and deny the other motions.

**DISCUSSION**

1 - ORDER

I.  Motion for Reconsideration

Plaintiff filed this action on August 9, 2010. On August 10, 2010, I granted plaintiff's motion for a temporary restraining order, prohibiting defendant from conducting a non-judicial foreclosure sale of her house.

Plaintiff served defendant with the complaint on August 10, 2010. Under Federal Rule of Civil Procedure 12(a)(1)(A), defendant was required to file an answer or otherwise defend, such as moving to dismiss, by August 31, 2010.

On August 25, 2010, defendant filed a notice of appearance. On August 30, 2010, defendant's counsel argued in person at the hearing on plaintiff's motion for a preliminary injunction.

On September 1, 2010, plaintiff filed a "petition for no answer default." On September 3, 2010, defendant moved for an extension of time to file an answer. On September 10, 2010, I denied plaintiff's motion for default and granted defendant's motion for extension of time to file an answer by September 24, 2010. On September 22, 2010, defendant filed its answer.

Plaintiff moves to reconsider the order denying her motion for default. Because defendant has appeared, the court, not the clerk of the court, determines whether to issue a default judgment. Fed. R. Civ. P. 55(b). This court has discretion in deciding whether to enter a default judgment. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its

2   - ORDER

discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, defendant's tardiness is excusable. Defendant filed a notice of appearance within twenty days of service and argued at the preliminary injunction hearing. Defendant sought an extension of time to file its answer three days after the deadline for filing an answer. This court may grant additional time to file an answer even if the extension was sought after time had expired to file the answer. Dow v. Jones, 232 F. Supp. 2d 491, 494 (D. Md. 2002); Fed. R. Civ. P. 6(b)(1)(B).

When a party has filed an answer, default judgment is not appropriate. See Direct Mail Specialist, Inc. v. Eclat Computerized Tech. Inc., 840 F.2d 685, 689 (9th Cir. 1988). Plaintiff here has not been prejudiced by defendant's short delay in filing an answer. Given the strong preference for deciding cases on the merits, there is no basis for a default judgment.

## II. Motions for Clarification and Extension of Time

Plaintiff moves for a continuance of the deadlines for pretrial materials and the pretrial conference. Defendant moves for a continuance of the trial date. I will extend the deadline

for pretrial materials to November 2, 2010. The pretrial conference is reset to November 15, 2010, at 1:30 p.m. Trial is reset to November 30, 2010, at 9:00 a.m., in Medford.

Plaintiff moves for clarification of the trial management order. To the extent that deadlines set by this order or by the trial management order conflict with previously set deadlines, the most recently set deadlines supersede prior deadlines.

### III. Motion for Rule 11 Sanctions

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11 against defendant's attorney. Plaintiff contends that defendant's answer "make[s] bald allegations that claims are stated improperly, claims are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over the Defendant. However, the Defendant failed to offer any further information as to HOW his defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil Procedure."

When a person files a pleading or other paper with the court, the person certifies that

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

4 - ORDER

    argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). This court has discretion in deciding whether to impose sanctions for filing papers in violation of Rule 11. Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir. 2005). A pleading is "frivolous" under Rule 11 if the pleading is "'both baseless and made without a reasonable and competent inquiry.'" Id. at 676 (quoting Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 434 (9th Cir. 1996)).

    Rule 8 provides that an answer must "state in short and plain terms its defenses to each claim against it; and admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1). A defendant generally is not required to include detailed factual allegations or legal arguments in an answer. Defendant's answer here is not frivolous. I deny plaintiff's motion for sanctions.

**IV. Plaintiff's Motions to Strike**

    Plaintiff moves to strike defendant's motion for summary judgment. Motions to strike are not favored, and plaintiff has not shown good cause for striking the motion for summary

5  - ORDER

judgment.

Plaintiff moves to strike the answer as untimely, but I have granted defendant's extension of time to file the answer. Plaintiff also moves to strike affidavits filed by defendants. Plaintiff has not shown that the affidavits are improper.

### CONCLUSION

Plaintiff's motions for reconsideration (#20), for sanctions (#29), and to strike (#30, #35) are denied. Plaintiff's motions for clarification (#21) and for continuance (#34), and defendant's motion to continue trial (#37) are granted.

IT IS SO ORDERED.

DATED this ___ day of October, 2010.

*[signature]*

OWEN M. PANNER
U.S. DISTRICT JUDGE

6   - ORDER