FILED'10 OCT 21 14:58 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

TAMIE RICHARDSON,

        Plaintiff,        Civ. No. 10-3073-CL

                             **ORDER**

  v.

FIRST HORIZON HOME LOAN CORP.,

        Defendant.

---

**PANNER, J.**

    Defendant has filed a motion, pursuant to Federal Rule of Civil Procedure 56, asking the court to enter "summary judgment" against you. If the court grants that motion, judgment will be granted for defendant and there will be no trial. To prevent that from happening, you must persuade the court that you could potentially prevail on your claims at trial. To make that determination, the court considers both the law (what you must prove to prevail at trial) and the evidence (whether you have produced sufficient admissible evidence which, if believed, could prove the essential elements of your case).

1 - SUMMARY JUDGMENT ADVICE ORDER

Defendant has filed a "Concise Statement of Material Facts," which is a list of facts defendant contends are true. As part of your opposition to the motion for summary judgment, you must file a "Response" to that document. You should respond to each numbered paragraph by accepting or denying that fact. If you deny a fact, you must tell the court what <u>admissible evidence in the record</u> contradicts the alleged fact, for example, "Fact number three is contradicted by paragraph 5 of the Affidavit of Bill Smith."

In your "Response," you may list any additional facts you believe are "material" to this case but were omitted by plaintiff. Again, tell the court what admissible evidence in the record supports the alleged fact. A "material" fact is one that may affect the outcome of the case. For example, if a motorist is contesting a traffic ticket for running a red light, whether the light was red or green is a material fact, but whether the motorist was chewing gum at the time is probably not a material fact.

"Admissible evidence" typically consists of such things as sworn affidavits or declarations, deposition transcripts, answers to interrogatories, and other documents that have been properly authenticated. Arguments in legal briefs are <u>not</u> "admissible evidence" because they are not sworn statements. However, you may submit a declaration stating, under penalty of perjury, any relevant facts that you have personal knowledge of, that is, something you personally saw, heard, did, or wrote (or did not

do, see, or hear, if you are denying that an incident occurred). You may also submit declarations signed, under penalty of perjury, by other witnesses describing what they personally saw, heard, or did.

If you want the court to consider a document, you must attach it as an "exhibit" to your response to the motion for summary judgment. Each document should be identified as a separate exhibit, *e.g.,* Exhibit 1, Exhibit 2, etc. The evidence submitted by plaintiff, in support of its motion for summary judgment, is already part of the record, so you may also cite any of those documents that support your contentions in this case.

Defendant has also submitted a legal "Memorandum" stating what it contends are the issues in this case, the applicable law, the facts, and the reasons why defendant is entitled to summary judgment. To oppose the motion for summary judgment, you must file an "Opposition to Summary Judgment" explaining why the court should deny the motion for summary judgment. You should briefly explain the relevant facts, the law (particularly if you disagree with plaintiff's statement of the law), and explain why you could prevail at trial. If there are material factual disputes, you should point those out to the court as well.

In conclusion, to oppose defendant's motion for summary judgment, you must file (1) an "Opposition to Summary Judgment" stating your version of the law and facts and the reasons why plaintiff is not entitled to prevail in this case, (2) your "Response to Defendant's Concise Statement of Material Facts,"

3 - SUMMARY JUDGMENT ADVICE ORDER

and (3) any sworn affidavits or declarations, deposition transcripts, answers to interrogatories, or other documents that you want the court to consider as evidence in support of your case.

You must file your Opposition to Summary Judgment, Response to Defendant's Concise Statement of Material Facts, and any evidence no later than November 2, 2010. You must always serve on opposing counsel a copy of every document that you file with the court.

DATED this 21 day of October, 2010.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

4  - ORDER