Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>Plaintiff,<br><br>vs.<br><br>First Horizon Home Loan Corporation,<br><br><br>Defendants. | Case No. 10-03073<br><br><br><br>**MOTIONS IN LIMINE** |

Comes now Defendant First Horizon Home Loan Corporation and submits the following Motions in Limine:

**1. MOTION TO EXCLUDE REFERENCE TO ALLEGED VIOLATIONS OF LAW AT SETTLEMENT.**

Defendant moves to exclude Plaintiff from reference to alleged violations of RESPA with respect to certain disclosures regarding HUD 1, Good Faith Estimate, Truth In Lending Statement, etc. at settlement.

Those seem to implicate Sections 4 ( 12 U.S.C. § 2603) and 5 ( 12 U.S.C. § 2604) of RESPA. However, there is no private right of action for a violation of Section 5. *See* Stewart v. Mortg. Electronic Registration Systems, Inc., 2010 U.S. Dist. LEXIS 26442, 2010 WL 1054384 at *8 (D. Or. Feb. 18, 2010), (*citing Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890, 2009 WL

Motion in Limine - 1

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

5114001 at *5 (N.D.Cal. Dec. 18, 2009) and *Silvas v. GMAC Mortg.*, 2009 U.S. Dist. LEXIS 118854, 2009 WL 4573234 at *11 (D. Ariz. Dec. 1, 2009)). Nor is there a private right of action for alleged violations of Section 4. *See Bloom, supra, Smith, supra, Velasquez, supra.*

To the extent that Plaintiff wants to argue that these claims fall under Section 6 (12 U.S.C. § 2605) or 8 (12 U.S.C. § 2607), those claims would be barred by the applicable statutes of limitation as well. The RESPA statute of limitations generally begins to run no later than the date of actual disclosure of actions constituting an alleged violation. *Meyer v. Ameriquest Mtg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). That generally means when the loan closed and documents are signed. *Id., Bloom, supra.* Plaintiff obtained her loan in 2005, but did not file these proceedings until 2010.

Section 8 is limited by a one year statute of limitations. *Vasconcellos v. Wells Fargo Home Loan Mortg., Inc.*, 2010 U.S. Dist. LEXIS 98818, 11-12 (D. Or. Sept. 20, 2010), *Hogan v. NW Trust Servs.*, 2010 U.S. Dist. LEXIS 45597 (D. Or. May 6, 2010). Violations of Section 6 are barred by a three year statute of limitations. *Hogan, supra.* So the statute of limitation would have expired in either 2006 or 2008. Thus, in either event any claims related to the closing of the loan are time barred.

Plaintiff may want to argue that these time periods should be extended through the application of the doctrine of equitable tolling. This doctrine only applies where the plaintiff had neither actual nor constructive notice. *Johns v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). It does not apply where nothing prevented the plaintiff from comparing the documents she was provided with the regulatory requirements to determine if the information provided complied with those requirements. *Gifford v. Bank of Am.*, 2010 U.S. Dist. LEXIS 83030, 10-11 (D. Or. July 9, 2010)(relying on *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) and *Meyer, supra*)

Motion in Limine - 2

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

To the extent her claims regarding disclosures at closing are based on state law theories, those theories are equally time barred. Fraud, Negligence and breach of fiduciary duty, covenant of good faith and similar claims claims are subject to a two year statute of limitations. Or. Rev. Stat. § 12.110.

## 2. MOTION TO EXCLUDE REFERENCE TO ALLEGED UNJUST ENRICHMENT.

Defendant moves to exclude Plaintiff from reference to the allegation that First Horizon has been unjustly enriched as this theory fails as a matter of law, as discussed in Defendant's Memorandum in Support of Summary Judgment, Docket #.

## 3. MOTION TO EXCLUDE REFERENCE TO FRAUD UNLESS SUPPORTED BY SPECIFIC FACTS.

Defendant moves to exclude Plaintiff from referring to or otherwise using testimony to allege Fraud, unless Plaintiff can point to specific facts to support such allegations.

## 4. MOTION TO TAKE JUDICIAL NOTICE

Defendant moves that this Court take judicial notice of all pleadings submitted by Defendant.

## 5. FIFTH MOTION IN LIMINE

Defendant moves to exclude Plaintiff from references to any issues not raised in her Complaint. In order for Defendant to prepare for trial the issues must be limited to the specific issues raised by Plaintiff.

## 6. MOTION TO EXCLUDE REFERENCE TO AN INVALID LIEN

Defendant moves to exclude Plaintiff from referring to other otherwise inferring that there is no valid lien on the subject property. Defendant refers to its Memorandum in Support of Summary Judgment in support of this motion.

## 7. MOTION TO EXLCUDE REFERENCE TO ALLEGED CRIMINAL CONDUCT OR CONSPIRACY.

Motion in Limine - 3

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Plaintiff in its Complaint makes reference to the term "Criminal Connivance" and implies broad ranging conspiracies. There is no evidence that any of the conduct alleged by Plaintiff is even close to criminal conduct and the use of this term or similar terms can only serve the purpose of prejudicing the finder of facts. Similarly, the allegations made do not even remotely rise to the level of conspiracy, even if they can be taken at face value, which they should not. They are irrelevant and again would serve merely to prejudice the fact finder. Therefore any reference to criminal conduct or conspiracy should be excluded.

### 8. MOTION TO EXCLUDE REFERENCE TO ANY MATTERS TO BE DECIDED AS A MATTER OF LAW.

Plaintiff's pleadings do not distinguish between disputed facts and matters of law. Defendant has provided a memorandum of law in support of its motion for summary judgment. Defendant therefore requests to have excluded any matters that can be decided as a matter of law as referenced in Defendant's memorandum.

DATED October 21, 2010

                McCarthy & Holthus, LLP
                */s/ Holger Uhl*
     By_____
                Holger Uhl, Of the Firm
                Attorneys for First Horizon Home Loan Corporation

Motion in Limine - 4

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing:

- 

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

**Tamie Richardson**
746 Bailey Drive
Grants Pass, OR 97527


/s/ Holger Uhl
_____
Holger Uhl

Motion in Limine - 5

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045