Tamie Richardson
746 Bailey Drive
Grants Pass OR  97527

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| **Tamie Richardson** | Case #  **10-3073** PA |
| Plaintiff, | |
| vs. | **PLAINTIFS** |
| **First Horizon Home Loan Corp** | **CLARIFICATION ON TRIAL** |
| Defendant | **MANAGEMENT ORDER** |

Date: October 29, 2010

## MOTION FOR CLARIFICATION ON TRIAL MANAGEMENT ORDER

Plaintiff asks the court for re-clarification on TRIAL MANAGEMENT ORDER recorded September 7, 2010 as Document #16.

This courts ORDER dated October 25, 2010 extends the deadline for filing pretrial materials to December 20, 2010. The pretrial conference is reset for December 27, 2010 at 1:30pm and the trial is reset to January 4, 2011 at 9:00am in Medford.  It further states that the guidelines for filing trial documents remain as set by the Trial Management Order.

Plaintiff has read through the Trial Management Order recorded September 7, 2010 as Document #16 and is still confused relative to discovery. The Trial Management Order indicates that Discovery closed on October 4, 2010.

Plaintiff has been in contact with counsel for the Defendant numerous times via emals and letter to work out a Case Management Plan so that the discovery phase of this trial can move forward. All attempts have been unsuccessful as Defendant continues to stand firm that the discovery deadline has past. Plaintiff attaches copies of my email and letter attempts in support of good faith effort to establish a workable Case Management Plan. (EXHIBIT 1).

Plaintiff is not skilled in the law as is Mr. Uhl, however, it would seem logical to this Plaintiff that since the Defendants Time Extention to File his Answer to our complaint was GRANTED by this court and extended to September 24, 2010, having discovery close only ten (10) days later would not afford the Plaintiff appropriate time for discovery.

Plaintiff seeks clarification as to what date discovery is actually closed as the Trial Management Order states October 4, 2010 and this date was not extended in the ORDER filed October 25, 2010 which extending the pretrial conference and trial dates.

Respectfully,

*Tamie Richardson* (signature)

Tamie Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 29th day of October, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA  98370
    Attorneys for First Horizona Home Loan Corp

*Tamie Richardson* (signature)

**Tamie Richardson**

# **EXHIBIT 1**

## EMAIL AND LETTER EXCHANGE BETWEEN ATTY HOLGER UHL AND TAMIE RICHARDSON
## October 13 – October 21, 2010
## Case 10-3073 PA

1.  From: **Holger Uhl** <huhl@mccarthyholthus.com>
    Date: Wed, Oct 13, 2010 at 3:14 PM
    Subject: Richardson v. First Horizon
    To: tamiesr@gmail.com

I have a conflict for the trial date set on 11/30 and I am going to ask the court for a different date. The court has indicated to me that it wants the matter heard in December if at all possible. Could you please let me know if there are particular dates that would not work for you?

In preparation for trial the parties to a litigation usually attempt to narrow down the issues for trial and try to stipulate as to the admissibility of certain documents. Is that something we can discuss?

Holger Uhl, Esq.

## **McCarthy ♦ Holthus LLP**

Phone: 206.319.9100 Ext. 8045

Fax: 206.780.6862

Direct: 206.319.9045

*"Service Second to None"*

CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.

2.  From: tamie richardson [mailto:tamiesr@gmail.com]
    Sent: Sunday, October 17, 2010 9:34 AM
    To: Holger Uhl
    Subject: 11/30 trial date

Mr Uhl,

After reviewing the work calendar, the weeks of January 17th-21st, as well as the 24th-28th. The month of February is not posted, so anytime that month would work. As far as a telephone conference to discuss the issues to be tried, it's spelled out specificity in my complaint and I will be moving forward with discovery soon.        Tamie Richardson

3. From: **Holger Uhl** <huhl@mccarthyholthus.com>
   Date: Sun, Oct 17, 2010 at 5:43 PM
   Subject: RE: 11/30 trial date OR10-7486
   To: tamie richardson <tamiesr@gmail.com>
   Cc: Paola Munoz <amunoz@mccarthyholthus.com>

Dear Mrs. Richardson, with all due respect your complaint did not even identify the Deed of Trust in question. You made allegations that you paid certain fees based on a boilerplate, and only corrected the numbers after I provided a copy of the actual document. That is not specificity.

As the Plaintiff you bear the burden of going forward and provide admissible evidence of your allegations. You have to provide exhibits, jury instructions and the like. You should also understand that the time for discovery has expired. If you are not prepared to go to trial I cannot help you. I will however, provide you with the same professional courtesy that I would provide to an opposing counsel I will therefore remain available for discussions.

CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.

4. From: tamie richardson [mailto:tamiesr@gmail.com]
   Sent: Monday, October 18, 2010 7:47 PM
   To: Holger Uhl
   Subject: Somewhat confused...

Mr Uhl,

I'm somewhat confused with your email. First, the case # in the subject line is not my case # and discovery on my can't possibly be over yet because the judge just handed down a ruling on 10/14 with the November dates.

Could you have possibly sent this email to the wrong party? Could you have been referring to the "Initial Disclosures" instead of Discovery? I don't see your "Initial Disclosures" statement on file as of today either, so can we waive that requirement?

As for my case #10-3073, once we agree on new dates, would you be preparing the Case Management Plan? Can you provide me a copy via email and I will submit an Affidavit in Support of Motion.                Tamie Richardson

5. **From:** **Holger Uhl** <huhl@mccarthyholthus.com>
   **Date:** Tue, Oct 19, 2010 at 8:19 AM
   **Subject:** RE: Somewhat confused... OR10-7486
   **To:** tamie richardson <tamiesr@gmail.com>
   **Cc:** Paola Munoz <amunoz@mccarthyholthus.com>

The number is our internal file number for tracking purposes. There is no order from 10/14, but an order from 10/13, Docket #38. In that order the court granted a continuance of the deadlines for

pretrial materials and the pretrial conference, and also reset the trial date. The discovery deadline was set for 10/4 by the trial management order. That was not changed by the 10/13 order.

Holger Uhl, Esq.

# McCarthy ♦ Holthus LLP

Phone: 206.319.9100 Ext. 8045

Fax: 206.780.6862

Direct: 206.319.9045

*"Service Second to None"*

CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.

6. **From:** tamie richardson [mailto:tamiesr@gmail.com]
   **Sent:** Thursday, October 21, 2010 1:07 PM
   **To:** Holger Uhl
   **Subject:** response to email dated 10/19/10

See attached.

7. **From:** **Holger Uhl** <huhl@mccarthyholthus.com>
   **Date:** Thu, Oct 21, 2010 at 2:00 PM
   **Subject:** RE: response to email dated 10/19/10 MH#or10-7486
   **To:** tamie richardson <tamiesr@gmail.com>
   **Cc:** Paola Munoz <amunoz@mccarthyholthus.com>

I would suggest you ask the court for a telephone conference to discuss since there is an obvious disagreement as to the interpretation of the orders.

The court set this for trial without waiting for the usual proposed trial schedule and until we have a different schedule we are bound by it. The 120 day deadline is not applicable because our

trial has been set out for less than a 120 days. If you want to propose a schedule I would be happy to review it and see if I can consent to it, but until we get a different order from the court we are bound by the deadlines.

Your emails have not contained attachments until this email, so I did not get any forms from you. We are filing our corporate disclosure statement shortly. In addition we have filed documents with our motion for summary judgment which comply with the disclosure requirements of Rule 26. I therefore believe that we have complied with the initial disclosure requirement. However, you have not. If you believe we should disclose additional information I am willing to discuss this, but this is not a one way street. As I explained before you are the Plaintiff and thus have the burden to produce the evidence to support your claims, but you have neither disclosed the documents upon which you intend to rely, nor any witnesses (other than yourself I assume). I have told you before that your complaint lacks factual support and requested that you provide me with supporting documentation. Your response has always been to refer back to your pleadings, which did not include any documents or specific facts. Under the circumstances I am therefore not willing to simply waive the initial disclosure requirement. You need to provide me with your witnesses and the documents that you wish to introduce at trial.

Holger Uhl, Esq.

## McCarthy ♦ Holthus LLP

Phone: 206.319.9100 Ext. 8045

Fax: 206.780.6862

Direct: 206.319.9045

*"Service Second to None"*

CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.

October 21, 2010

Holger Uhl [OSB#950143]　　　**VIA ELECTRONIC AND CERTIFIED MAIL**
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370

Re: RICHARDSON v First Horizon Home Loan Corp
　　 Case #10-3073

Dear Mr. Uhl,

This letter is my response to your email dated October 19, 2010 trying to convince me that my discovery period is over.

Document #4, Discovery Order filed 8/9/10 is an initial scheduling "boiler-plate" form which the court filed when this case was setup. Part of that form letter states:

"*At the **conference** the parties **will be prepared to discuss discovery**, consent to a Magistrate Judge, scheduling or other issues presented by this action, including **proposed modifications to the initial schedule set forth below** (See LR 16-2)."*

How can one possibly have a conference on the '*suggested'* date given in the Discovery Order Form unless the Defendant files a timely answer so that the Plaintiff knows how to prepare. The Discovery Order is merely a suggested timeline and further goes on to state that at the Discovery Planning Conference a timeline would be established, including, but not limited to, Dscovery (see item (d)(4) below)

**(d) Pretrial and Discovery Deadlines:** At the Initial Discovery Planning Conference referenced in paragraph (b) above, counsel should attempt to agree on one or more dates when they must:
**(1)** File all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15;
**(2)** Join all claims, remedies and parties pursuant to Fed. R. Civ. P. 18 and 19;
**(3)** File all pretrial, discovery and dispositive motions;
**(4)** Complete all discovery; and
**(5)** Confer as to Alternate Dispute Resolution pursuant to LR 16-4(c).
The dates agreed upon by counsel should be communicated to the Court, and the Court will then issue a

scheduling order which may include the agreed upon dates and/or set a Rule 16 Conference. Until the Court
enters a subsequent scheduling order, **the deadline for items (1) through (5) above will be 120 days from the date of this order.**

Please give me some credit Mr. Uhl. I asked in my last email if you were you were willing to waive "Initial Disclosures" and sent the form for completion but you have totally ignored that issue.

Further, I asked if you would like to complete a Case Management Schedule to file with the courts but you simply come back to me with, what I would call, an attempt to halt any attempts on my part for discovery, knowing full well that Discovery is not OVER. In fact, Mr Uhl, it hasn't even begun yet. Why would that be Mr. Uhl?

Would you like for me to complete a Case Management Schedule and file yet another Motion for Clarification regarding this Discovery Issue?

                Sincerely,

                *Tamie Richardson*

                Tamie Richardson
                746 Bailey Drive
                Grants Pass, Oregon  97527
                Phone:  541-441-2456

TR/tr