

Tamie Richardson
746 Bailey Drive
Grants Pass OR 97527

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

10 NOV 10 14:15 USDC-ORM

| | |
|---|---|
| **Tamie Richardson** <br> Plaintiff, <br><br> vs. <br><br> **First Horizon Home Loan Corp** <br> Defendant | Case # 10-3073 <br><br> **PLAINTIFS RESPONSE TO DEFENDANTS MOTION TO COMPEL DISCOVERY AND ORAL ARGUEMENT** |

Date: November 10, 2010

### CERTIFICATE OF COMPLIANCE WITH LR 7.1

Plaintiff certifies that she has attempted in good faith to confer with counsel for the Defendant regarding issues relative to this case, however, all attempts have been unsuccessful. Plaintiff has made several email exchanges to work out various issues, copies of which have been placed into the record through earlier motions submitted by Plaintiff.

### RESPONSE

(1) A hearing was scheduled with this court on August 20, 2010, at which Defendant failed to appear. Plaintiff advised this court, at that hearing, that as a pro-se litigant she and her mother had done several months of extensive research concerning the facts of this case prior to filing on August 9, 2010.

(2) Plaintiffs research included information from various sources such as internet searches at such websites as www.4closurefraud.org, www.jurisdictionary.com, Neil Garfield's www.livinglies.wordpress.com, www.myfaircredit.com, www.brokencredit.com, www.scribd.com and many, many other wonderful websites that are available to the general public. These sites were created specifically to help those who are not versed in the law but have a desire to learn and understand the fraudulent activity within the financial industry and are willing to stand up for their rights.

(3) Plaintiff also became a registered user of PACER and did extensive case research, made trips to the Law Library, made numerous phone calls to friends and relatives, read through the Federal Rules of Procedure and Federal Rules of Evidence, looked up unknown verbage, searched through the SEC website www.sec.gov and used various other means in an attempt to understand the true depth of fraud that has been perpetrated against this Plaintiff.

(4) Plaintiffs mother, who has been the major source of support during this instant case, has a limited background in business law and has also taken online law courses.

(5) What evidence does counsel rely on to make such a statement as Plaintiff must be relying on undisclosed legal advisors. Is it such a stretch to think that a lowly pro-se can't write a complaint or motion?

(6) In response to counsel winning about it taking one whole day to get a response to an email, counsel seems to forget that this Plaintiff is a single woman who holds down a full time day job, works most nights in a second job and also is going to school on the weekends, thus, Defendants argument that Plaintiff takes one whole day to respond to his email is an insult and unwarranted.

(7) This Plaintiff attempted through an email exchange to work out various issues with counsel but has been stonewalled in every attempt. As a result, Plaintiff sent a certified, return receipt letter on November 5, 2010 advising that Plaintiff would be filing a Case Management Plan along with a Motion to Reconsider the dates set for Discovery, Pre-Trial Conference and Trial date. (EXHIBIT 16)

(8) This Plaintiff also advised counsel on November 5, 2010 that she would be filing a Disclosure Statement along with a Motion to Compel Discovery and would be requesting the necessary subpoenas for seven (7) individuals listed in an email to counsel on November 3, 2010. (EXHIBIT 17)

(9) Plaintiff has not, nor does she, object to a personal deposition or an oral hearing as was advised to Mr. Uhl in my letter dated November 5th. Plaintiff simply feels that Defendants request for Oral Argument at this time on a Motion to Compel Discovery is premature and a waste of this courts time as Plaintiff has clearly stated that a Disclosure Statement is forthcoming. Perhaps Mr Uhl doesn't believe Plaintiffs statement.

(10)    So why would counsel file a Motion to Compel on November 8th after having received an email and certified letter from the Plaintiff on November 5th advising that a Disclosure Statement was forthcoming and that she was agreeable to a deposition?

WHEREFORE, Plaintiff, Tamie Richardson, moves this court to deny both the Defendants Motion to Compel Discovery and Defendants Request for Oral Argument.

*Tamie Richardson*
Tamie Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 10th day of November, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA  98370
    Attorneys for First Horizon Home Loan Corp

*Tamie Richardson*
Tamie Richardson

**EXCHANGES BETWEEN ATTY
HOLGER UHL AND TAMIE RICHARDSON**
November 3, 2010-November 5, 2010
<u>Case 10-3073-PA</u>

(1) From: **Holger Uhl** <huhl@mccarthyholthus.com>
    Date: Mon, Nov 1, 2010 at 2:34 PM
    Subject: Richardson v. First Horizon Home Loan MH# or10-7486
    To: tamie richardson <tamiesr@gmail.com>
    Cc: Paola Munoz <amunoz@mccarthyholthus.com>

Dear Mrs. Richardson,

I would like to take your deposition since the court has allowed additional discovery, and I have received no documentation from you to support your claims other than your pleadings. Nov. 9, 11, 15, 22-24 are available. I would anticipate that it will take approximately 3 hours. Depending on your responses the time could be shorter or longer. As the Plaintiff you are required to attend your own deposition, but before setting the date at my convenience I want to give you an opportunity to pick the date from the dates I have given you above. The purpose of the deposition is to establish the facts upon which you rely, to establish whether you signed or received certain documents, and to establish other facts relevant to your claims and other defenses. If the above dates present a difficulty to you I am willing to discuss alternative ways to obtain the evidence I am seeking, or to shorten the time for the deposition. However, I must insist that you either provide me with your available dates within the range provided, or discuss acceptable alternatives within the next 2 days. If I do not hear back from you, I will then have to set a deposition date without your input.

Holger Uhl, Esq.

**McCarthy ☐ Holthus LLP**

Phone: 206.319.9100 Ext. 8045

Fax: 206.780.6862

Direct: 206.319.9045

*"Service Second to None"*

CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.

(2) From: **tamie richardson** <tamiesr@gmail.com>
Date: Wed, Nov 3, 2010 at 9:51 PM
Subject: Richardson v. First Horizon Home Loan MH or 10-7486PA
To: huhl@mccarthyholthus.com

Mr. Uhl,

I welcome an opportunity for you to take my deposition and have checked my work schedule for possible dates. I work Monday through Thursday each week, those being the days you are asking for. Based on the 3 hour window that are asking for, I would be available on Friday, Nov. 19th between the hours of 9:00am and 12:00 noon. Wednesday Nov. 24th between the hours of 2:00pm and 5:00pm would be another possibility however it is the day before Thanksgiving and will be having family coming in from out of town. Here are my requests:

1. All deposition questions be submitted to me in writing at least three (3) days prior to the deposition date
2. That the deposition be conducted via telephone or, in the alternative, in a neutral location in Grants Pass, Oregon.
3. Any questions introduced during the actual deposition which have not been previously submitted in writing will not be answered.

In accordance with FRCP 26(b)(10 attached you will find my discovery request. The request is also being sent to you certified, return receipt and I ask for a response by Friday, November 26th,2010 as discovery ends on November 2th.

In addition, I will be sending deposition requests shortly for the following:
1. Brook Frank, Assistant Secretary
Quality Loan Service Corp of Washington as agent for First American Title Company
Signature appears on Trustee's Notice of Sale

2. Alfreda Johnson, Foreclosure Specialist
Signature appears on Affidavit of Compliance with Oregon SB 628(2009)

3. Gordon Prudencio, Oregon, Josephine County
Signature appears on Affidavit of Posting

4. Sherian Hopkins
Notary Public for the State of Texas
Notary signature appears on Affidavit of Compliance with Oregon SB 628 (2009)

5. Michelle Nguyen
Notary Public for the States of California
Notary Signature appears on Affidavit of mailing Notice of Sale

8. David Fry, California, San Diego County
No title or indication who he works for
Signature appears on Affidavit of Mailing Notice of Sale

7. Joyce F Carter
Notary Public for the State of Oregon
Notary signature appears on Declaration of Mailing Trustee Sale

_____
Tamie Richardson                     Date

November 2, 2010                    **ELECTRONIC AND CERTIFIED MAIL**

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE, Ste N200
Poulsbo, WA 98370
Tracking # 7010 1670 0002 0328 7631

Re: RICHARDSON v FIRST HORIZON HOME LOANS CORPORATION
    Account #0052773397 - Civil Case #10-3073

## I.    DISCOVERY

In accordance with **FRCP 26(b)(1)**, and in order that I may access the accuracy of information now in my possession and to secure more complete evidence that will dispel and/or explain my concerns, please provide complete discovery of all the information herein requested in accordance with the following instructions:

1. Please, do not attempt to contact me by phone.

2. Please make all communications in an accepted official and verifiable manner, either by letter or by email, or both.

For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by First Horizon Home Loans Corporation ("Lender") that contains any information on account number 0052773397 or under the name of Tamie S Richardson.

As such, please provide to the address of 746 Bailey Drive, Grants Pass, OR 97527, copies of the documents requested, along with a sworn affidavit from an agent or Corporate Officer of First Horizon Home Loans Corporation, authorized to sign on their behalf, as to the correctness of all information provided, no later than November 25, 2010.

## II.    PRODUCTION OF DOCUMENTS

The following documents are required to be produced by First Horizon Home Loans Corporation to Tamie Richardson under various consumer protection laws, but are either missing from borrower's records or incomplete. For each item requested, please provide a complete, legible copy, along with a sworn affidavit from an authorized agent or Corporate Officer of Horizon Home Loans Corporation, authorized to sign on their behalf, as to the authenticity of said documents. Please provide all information no later than November 25, 2010.

### A.  NOTICES REQUIRED

A number of notices are required by various consumer protection laws. Please provide a copy of each notice the lender is required to provide to the borrower either signed or initialed by borrower and dated so to show that the notice was timely provided.

Please provide, for inspection, the <u>ORIGINAL</u> promissory note as contemplated by The Uniform Commercial Code 3-501;

I have made calculations based on the few loan documents in my possession, some of which are unsigned and pre-closing documents. In order to insure that my calculations are accurate, please provide correct copies of the following:

1. Loan application (HUD 1003);
2. Good Faith Estimates prepared;
3. Truth In Lending Statement;
4. Settlement statement (HUD1)
5. All notices required to be presented to me, showing either the signature or initials, and also the date of said signature or initial, as proof that said disclosure was timely presented to me.

### B. FINANCE CHARGES

For each fee listed below, please provide copies of;

1. The complete billing from each vendor who provided the listed services;
2. The complete contact information for each vendor who provided a billed service;
3. Clear description as to the specific service performed;
4. A showing that said service was necessary;
5. A showing that the cost of said service is reasonable;
6. A showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.

| | | |
|---|---|---|
| 803 | Appraisal | $196.00 |
| 804 | Credit Report | $18.00 |
| 805 | Lender's Inspection Fee | $695.00 |
| 808 | First Horizon Home Loan | $50.00 |
| 809 | Total Mortgage Sol | $90.00 |
| 810 | Federal Flood | $24.00 |
| 811 | Review Fee | $65.00 |
| 812 | Action Brokerage Services | $395.00 |
| 813 | Postage | $25.00 |
| 902 | Mortgage Insurance Premium | $867.43 |
| 1101 | Settlement fee | $470.00 |
| 1109 | Lender's Coverage | $1,035.50 |
| 1112 | Title Charges from Page 3 line 1123 | $270.00 |
| 1113 | Basic Charges | $50.00 |
| 1201 | Recording Fee | $111.00 |
| 1205 | Transfer Charges | $62.00 |

The above charges are hereby disputed and unreasonable until such time as said charges have been demonstrated to be reasonable, necessary, and in accordance with the limitations and restrictions included in any and all laws, rules, and regulations intended to protect the consumer.

### C. STANDING TO ENFORCE CONTRACT

In order to establish that the current servicer of the my account has standing to raise any issue concerning collection under the above referenced account number 0052773397, I hereby demand a complete, un-redacted, copy of the following:

a. The security instrument which contains
   a. The date and signature of Tamie S Richardson;
   b. The promise to pay the amount claimed in the account,
   c. All direct endorsements added to said instrument, after creation;
   d. Any allonges which may be associated with said security instrument.
b. Please identify the master record holder of this account file.
c. Please identify, by name and current contact information, each and every person or entity who has received a financial benefit from the monies paid by Tamie Richardson related to account number 0052773397, to include, but not limited to the following:
   i. Every individual, entity, party, bank, trust organization or servicer that has been assigned the mortgage servicing rights to this account
   ii. Every person or entity who is currently receiving or who has ever received a beneficial interest from the payments of principal and interest on this account.
   iii. All investors [as defined in the lending industry] who have participated in any mortgage-backed security, collateral mortgage obligation, or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date;
   iv. The parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date.
   v. Provide contact information for each person or entity referenced to in regards to any answer provided.
d. If part of a mortgage pool, please provide the principal balance used by the lender to determine payment for this individual mortgage loan.
e. If part of a mortgage pool, please provide the percentage paid by lender of the principal balance above used to determine purchase of this individual mortgage loan.
f. Please identify the person or entity to which the current real party in interest issued a check or payment to for the purchase of this mortgage loan?
g. Please provide copies of the front and back of the canceled check used to purchase the security from any real party in interest by the entity now standing as the current real party in interest.
h. If the entity now purporting to hold a claim against the property is an agent for the real party in interest, please provide the name and contact information for the real party in interest.

  i. Please provide evidence that the department of Housing and Urban Development (HUD) assigned or transferred foreclosure rights to lender as required by **12 USC 3754.**
  j. Please identify, to include contact information, all persons with authority to act in the place of the real party in interest concerning the account.
  k. For each of the above, please provide contact information for every person whose signature appears on any document requested.

### D. TRUSTEE

In as much as a trustee has been appointed to act as a neutral party in matters concerning the contractual arrangement between Tamie S Richardson and First Horizon Home Loans Corporation, in order that requestor may determine the status of said trustee, please provide the following:

  a. A copy of any documentation evidencing any trust relationship regarding the Deed of Trust and any Note in this matter.
  b. A copy of all document(s) establishing any Trustee of record for the Deed of Trust and any Note.
  c. Please advise borrower of any relationship between trustee and lender.
  d. If any trustee is an attorney, please include contact information and evidence of good standing with the bar association of the every state in which the attorney is authorized to practice law, and/or do business.
  e. Please send a copy of document(s) establishing the date of any appointment of Trustee Deed of Trust and any Note.
  f. Please also include assignments or transfers or nominees of any substitute trustee(s).
  g. Please send a copy of document(s) establishing any Grantor for said Deed of Trust and any Note.
  h. Please send a copy of document(s) establishing any Grantee for this Deed of Trust and any Note.
  i. Please send a copy of document(s) establishing any Beneficiary for this Deed of Trust and any Note.
  j. Please send any documentation evidencing the Deed of Trust is not a constructive trust or any other form of trust.

### E. COMPLETE ACCOUNTING

In order that I may accurately assess the propriety of all funds being demanded, please provide the following:

  a. In order to narrow the scope of any subsequent requests, for records collected, assembled, and/or maintained by lender, please provide a complete listing of said records maintained by any entity over which the lender may have records, relevant to my account, in its actual or constructive control, to include (but not limited to) the following;
     a. The method of storage for each record;

    b. The name or designation of each record kept;

    c. The scope and substantive content of each record kept;

    d. The most efficient method of making each record available for inspection if other than printed format.

b. As it relates to my alleged account, please provide all data, information, notations, text, figures and information contained in the lender mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CP Requestor system, or any other similar mortgage servicing software used by the lender, any servicers, or sub-servicers of this account from the inception of this account to present.

c. Descriptions and legends of all Codes used in lender mortgage servicing and accounting system.

d. All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this Deed of Trust, or other document that secures payment by Tamie S Richardson to this obligation in this account from the inception of account number 0052773397 to the present date including, but not limited to, any such assignments on MERS.

e. For all transfers, allonges, or other documents evidencing a transfer or sale of this Deed of Trust, please provide the name and contact information (to include a current mailing address) for each person who signed any document authorizing said transfer or sale.

f. All records, electronic or otherwise, of assignments of this Deed of Trust, monetary instrument, or servicing rights to this Deed of Trust including any such assignments on MERS.

g. All documentation relative to a loan modification to this Deed of Trust from the inception of this account to the present date.

h. The front and back of each and every security instrument, to include but not limited to, canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

i. All escrow analyses conducted by the lender or any servicer or regulatory agency, on this account from the inception of this account until the date of this letter;

j. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, broker fees, etc.

k. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made on the account.

l. All letters, statements and documents sent by agents, attorneys or representatives of creditor;

m. All letters, statements and documents contained in this account file or imaged by the lender and any servicers or sub-servicers of this mortgage from the inception of this account to present date.

n. All electronic transfers, assignments and/or sales of the Deed of Trust, Promissory Note or other security instrument.

o. Please provide any IRS 1099a forms filed relating to the account.

In the event that the lender considers any of the above requests to be burdensome or overbroad, please provide explanations and suggestions that will allow me to narrow the scope of my request so as to avoid unnecessary inconvenience in compliance with the disclosure provisions of all relevant disclosure requirements.

### F. PROPERTY INSPECTIONS

1. For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection, please provide the following:

2. Please detail and list in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

3. Please identify in writing the provision, paragraph, section or sentence of any note, Deed of Trust or any agreement signed by Tamie S Richardson, that authorized the assessment or collection of property inspection fees?

4. Please forward to me copies of all property inspections made on said property in my mortgage account file.

5. Please disclose any fee charged or assessed for property inspections which have been placed into escrow for this account.

### G. ACCOUNTING & SERVICING SYSTEMS

In order that I may determine that First Horizon Home Loans Corporation has implemented and maintained an accounting system sufficient to insure against mistake or error, please provide the following:

a. The standing policy of the First Horizon Home Loans Corporation concerning the practices and procedures to be used by its brokers, loan officers, and other employees to endure good faith and fair dealings with the public.

b. A list of all persons terminated from the lender's employment as a result of work related misconduct, for a period beginning on the date my mortgage loan was created and ending on the date of this request. (In the interest of protecting the privacy of the individuals involved, you may identify the individuals by first name and middle initial only. )

c. A complete explanation of the audit procedures in place to insure against violations of standing law and company policies.

d. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting

records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date?

e. Please identify each account, accounting, and servicing system used by the lender and any sub-servicers or previous servicers from the inception of my account to the present date so that forensic audit experts can decipher the data provided.

f. For each account, accounting, and servicing system identified by the lender and any sub-servicers or previous servicers from the inception of my account to the present date, please provide the name and address of the company or party that designed and sold the system;

g. For each account, accounting, and servicing system used by the lender and any sub-servicers or previous servicers from the inception of my account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

### H. ESCROW

As escrow accounts, historically, have been a fertile field for fraud, please provide the following concerning any and all escrow accounts:

a. Complete escrow instructions;

b. Please stipulate the manner in which the amount required to be kept in escrow is calculated;

c. A complete, plain language explanation of each disbursement to include:
   i. to whom the disbursement was made;
   ii. the date of the disbursement;
   iii. the reason for said disbursement.

### I. SUSPENSE/UNAPPLIED ACCOUNTS

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

a. Please list any suspense or unapplied account transactions on this account from the inception of this account until present date.

b. Please explain the reason for each and every suspense transaction that occurred on this account.

### J. FORCED-PLACED INSURANCE

For each and every forced-placed insurance policy placed on the property, please provide the following:

a. the date of each policy ordered or placed on the property that is the secured interest for this Deed of Trust or Promissory Note;

    b. the price of each policy;

    c. the agent for each policy;

    d. why each policy was placed on the property;

    e. the lenders policy on forced-placed insurance;

    f. records of any forced-placed insurance fees assessed to this mortgage or escrow account;

    g. for each separate fee, specifically what clause, paragraph and sentence in the Promissory Note or Deed of Trust or any agreement executed by Tamie S Richardson, allows the lender to assess, charge or collect such forced-placed insurance fees;

    h. the nature of any relationship with the agent or agency that placed any policies on the property;

    i. the nature of any relationship between the carrier that issued any policies on the property and the lender;

    j. for any policy where the beneficiary is not Tamie S Richardson, please stipulate the authority to force place said policy.

    k. the name of the agency or carrier that the lender used to place a forced-placed insurance policy on the property to include a description of any service provided to the lender, computer system, discount on policies, commissions, rebates or any form of consideration;

    l. any blanket insurance policy to protect lender properties when customer policies have expired;

    m. copies of all forced-placed insurance policies that have been ordered on the property.

### III.    ADMISSIONS

For the purposes of judicial economy, in order to avoid unnecessary litigation, pleas admit or deny the following: *(please avoid the boiler plate objections and fully explain the reason for the denial or objection so that I can be re-state the question in a more acceptable manner.)*

All fees claimed or collected in connection with the above referenced contract establishing the alleged instant debt:

    a. were fair, reasonable, and in keeping with all laws, rules and regulations relevant to same;

        Admitted _____ Denied _____

    b. are accurate in accordance with the terms of said contract and the law as it existed at the time the note was signed;

        Admitted _____ Denied _____

18. All fees accessed:
    a. are fees for actual service performed;
        i. Admitted _____ Denied _____
    b. were legitimate and
        i. no "junk" fees were included in the fees charged to the borrower or seller;
            1. Admitted _____ Denied _____
        ii. No fees were paid for referrals, or up-selling, to any otherwise person or entity not authorized to receive such payments;
            1. Admitted _____ Denied _____

19. All notifications and explanations required by law were properly and timely made to borrower;
    a. Affirmed _____ Denied _____

20. That the appraisal used by the lender is a true and accurate appraisal and has not been manipulated in any way;
    a. Admitted _____ Denied _____

21. No improper practices were used to manipulate the accounting in order to falsely present Tamie S Richardson as qualified for a loan;
    a. Admitted _____ Denied _____

22. All monies collected from Tamie S Richardson have been properly and timely credited to borrower;
    a. Admitted _____ Denied _____

23. All persons with a fiduciary duty to borrower have acted with the highest of integrity and in good faith and fair dealings with borrower.
    a. Admitted _____ Denied _____

24. Tamie S Richardson was not subjected to any improper practices or pressures by either the broker and/or and representative of the lender that would violate any of the consumer protection laws.
    a. Admitted _____ Denied _____

## IV.  ALL INQUIRIES IN WRITING

25. Please provide the above no later than Friday, November 26, 2010 as I consider the need for the above to be necessary to complete a total forensic audit and a fair adjudication of my case. In the event any deletions or redactions to any records have been made, please provide the scope and substantive content of the records omitted from my request and the reason for the withholding of the requested information.


Respectfully submitted,

*Tamie S Richardson* (signature)

Tamie S Richardson
746 Bailey Drive
Grants Pass, OR 97527
541-441-2456 / tamiesr@gmail.com