Tamie Richardson
746 Bailey Drive
Grants Pass OR  97527

FILED'10 NOV 12 10:57 USDC-ORM

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| **Tamie Richardson** | Case #   10-3073 — PA |
| Plaintiff, | **MOTION TO MODIFY** |
| vs. | **SCHEDULING ORDER** |
| **First Horizon Home Loan Corp** | |
| Defendant | Date: November 12, 2010 |

### MOTION TO MODIFY SCHEDULING ORDER

Plaintiff moves this court to modify the scheduling order, as authorized by Federal Rule of Civil Procedure 16(b)(4).

#### A. Introduction

(1) Plaintiff is Tamie Richardson.

(2) Defendant is First Horizon Home Loan Corp.

(3) Plaintiff filed Original Petition August 19, 2010.

(4) Defendant was served on August 20, 2010.

(5) On October 25, 2010, this court entered an order establishing the dates of December 20, 2010 for pre-trial materials; December 27, 2010 for pre-trial conference, and January 4, 2010 for jury trial. (Doc #41)

(6) On October 29, 2010, this court entered an order setting the discovery closing date as November 29, 2010. (Doc #45)

(7) On November 2, 2010, Plaintiff submitted an eleven (11) page discovery request to the Defendant, copy of which was attached to Plaintiffs Response to Defendants Motion to Compel which Plaintiff filed on November 10, 2010. (Doc #49, Pages 7-16)

(8) Plaintiff requested Defendant respond to the discovery items and admissions no later than November 25, 2010 and was aware that this would leave Defendant less than thirty (30) days to respond as normally required by Fed R. Civ. P 26.  Plaintiff placed such a request on the

Defendant in an attempt to comply with the established discovery deadline, set by this court, of November 29, 2010.

(9) Defendant has requested additional time to respond to Plaintiffs extensive discovery request.

(10) Plaintiff has identified, at minimum, seven (7) individuals believed to have conspired and provided false and/or fraudulent documents to this court in an attempt to illegally foreclose on Plaintiffs home.

(11) After reviewing Fed. R. Civ. P. 27, Plaintiff also seeks additional time to issue subpoenas and/or to conduct necessary depositions of these seven (7) named individuals.

(12) Plaintiff also believes that as evidence comes forth, additional depositions and/or subpoenas will be required.

(13) Plaintiff is asking this court to modify the scheduling order to reflect the following:

- Discovery closing Date        March 14, 2011
- Pre-trial materials           April 18, 2011
- Pre-trial conference          April 25, 2011
- Jury Trial                    May 3, 2011

B. Argument

(14) The court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

(15) Good cause is demonstrated if a party seeking to extend a deadline demonstrates that a deadline cannot reasonably be met despite the diligence of the party seeking the extension. *Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001); Sosa v Airprint Systems, Inc. 133 F3d, 1417, 1418 (11th Cir 1998); Johnson v Mammoth Recreations 975 F2d, 604, 607 (9th Cir 1992); Fed R. Civ. P. 16 Advisory Committee Notes (1983 Amendment).* Plaintiff affirms and believes that the current scheduling order cannot reasonably be met.

(16) Plaintiff believes there is good cause to modify the current scheduling order as Plaintiff is continually uncovering evidence which further supports Plaintiffs claim of the extensive fraud being perpetrated by the Defendant in their illegal attempt to rob Plaintiff of her home.

(17) Plaintiff believes that Defendants responses to the discovery requests and admissions will have a significant bearing on the substance and duration of the hearings in this matter. For instance, by Defendant properly answering the admission questions and providing the

items requested by the Plaintiff, the parties would eliminate the need for certain witnesses or expert witnesses thereby compressing the time and expense needed for the trial. Thus, by not having adequate time and the necessary information to prepare, the parties have been substantially disadvantaged in their ability to present their respective cases which serves neither the interest of justice nor judicial economy.

(18) The Defendant will not be prejudiced by the proposed modification of the scheduling order. *Inge*, 281 F.3d at 625; *see Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## C. Conclusion

(19) Because Plaintiff has diligently attempted to comply with the court's scheduling order but cannot reasonably meet the schedule given the new parameters which Defendant have placed on Plaintiff to uncover the 'truth', and because Defendant will not be prejudiced by a scheduling modification, there is good cause for the court to modify the scheduling order. For these reasons, Plaintiff moves the court to enter the proposed modified scheduling order.

_____
Tamie Richardson

Tamie Richardson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this ____ day of November, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE< Ste N200
Poulsbo, WA 98370
   Attorneys for First Horizona Home Loan Corp

_____
Tamie Richardson

Tamie Richardson