

Tamie Richardson
746 Bailey Drive
Grants Pass OR 97527

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| **Tamie Richardson**<br><br>Plaintiff,<br><br>vs.<br><br>**First Horizon Home Loan Corp**<br><br>Defendant | Case #  10-3073-PA<br><br>**PLAINTIFFS**<br>**DISCLOSURE STATEMENT** |

Date: December 10, 2010

### PLAINTIFFS DISCLOSURE STATEMENT

In accordance with Fed. R. Civ. P. 26(a)(1), Plaintiff hereby submits her required Disclosure Statement. Upon information and believe, Plaintiff is prepared to prove at trial the following:

(1) That Bank of New York Mellon f/k/s The Bank of New York, as trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement (EXHIBIT 1, Page 34) filed with the Securities and Exchange Commission on April 24, 2006, SEC #333-132046-01, Accession #950117-6-182. The original and purported successor trustees have conspired and colluded to deprive Plaintiff of her home, deprive her of her civil rights including but not limited to equal credit opportunities, and the right to enjoy property as is afforded to all citizens under the Fourteenth Amendment by coercing and manipulating an illegal foreclosure in order to cover up, conceal, and perfect a mortgage fraud scheme.

(2) Plaintiffs Promissory Note reflecting the loan #52773397 was separated from the Deed of Trust, bundled and sold to private investor(s) as evidenced by the loan number appearing on the listing filed with the Securities and Exchange Commission on June 6, 2006. (EXHIBIT 2, Pages 2, 17, 33)

   (3) Plaintiff attempted on numerous occasions to work out a loan modification plan. (EXHIBIT 3-6)

   (4) Exhibits which were filed with this court by the Defendant on October 4, 2010 contain, at minimum, the following errors and omissions:

   a. Trustee's Notice of Sale dated April 5, 2010 bears the signature of Brooke Frank, Assistant Secretary, Quality Loan Service Corp of Washington as agent for First American Title Insurance Company. This document is not notarized nor does it bear any supporting affidavit authorizing Brooke Frank to sign on behalf of First American Title Insurance Company.

   b. Affidavit of Compliance with Oregon SB 628(2009) shows the signature of one Alfreda Johnson, Foreclosure Specialist signed on August 11, 2010. There is no indication of signing authority, company name, title, or location of Alfreda Johnson,

   c. Affidavit of Compliance with Oregon SB 628(2009) is notarized by Sherian Hopkins, Notary Public for the State of Texas. Sherian Hopkins is attesting to personally witnessing the signature of Alfreda Johnson on August 12, 2010 however, said document was signed by Alfred Johnson on August 11, 2010.

   d. Alfreda Johnson, Foreclosure Specialist for company unknown, has signed the Affidavit of Compliance with Oregon SB 628(2009) attesting to the fact that "NO Request For Meeting or Loan Modification Was Received" from the Plaintiff. This statement is false. (Document 32-6 , Pages 9-10, filed by Defendant on 10/04/10)

   e. The Affidavit of Posting is signed by Gordon Prudencio and states that three attempts were made to serve Notice of Sale to the Plaintiff. These attempts were on April 7, April 9 and April 12, 2010. Mr Prudencio affirms that all three attempts there was no answer at the door and he posted a Notice of Sale on the front door on April 7 and again on April 9. Plaintiff rebutes this claim and attaches a sworn statement in support. (Document 32-6, Pages 20-21, filed by Defendant on 10/4/10)

   (5) Plaintiff filed this case on August 9, 2010

   (6) On August 24, 2010, fifteen (15) days AFTER filing of this instant case, Defendant filed twenty-one (21) pages of legal documents with the Josephine County Recorders Office in an attempt to show compliance with requirements for proceeding with a non-judicial foreclosure action.

(7)     On August 24, 2010, the day AFTER filing the twenty-one (21) pages of legal documents in an attempt to support this case, Notice of Appearance was filed on behalf of Mr. Holger Uhl. Appears as though the Defendant attempted to get all their 'ducks in a row' once the suit was filed.

(8)     Plaintiff mailed a ***Qualified Written Request*** ("QWR") and Affidavit of Fact to the Defendant on December 19, 2009, tracking #700914100000240751229.

(9)     Defendant signed and acknowledged receipt of the QWR on December 23, 2009. (EXHIBIT 7)

(10)    Plaintiff did not receive a response from the Defendant within the twenty-one (21) day time limit as required by law under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).

(11)    Plaintiff recorded the QWR on February 22, 2010 with National Republic Registry, 900 North Walnut Creek Drive, Suite 100 #283, Mansfield, TX 76063. (EXHIBIT 8)

(12)    Plaintiff mailed Defendant a ***Notice of Default*** on March 5, 2010, tracking #70092820000405330269.

(13)    Defendant signed and acknowledged receipt of the ***Notice of Default*** on March 8, 2010. (EXHIBIT 9)

(14)    Plaintiff recorded the ***Notice of Default*** on March 8, 2010 with National Republic Registry, 900 North Walnut Creek Drive, Suite 100 #283, Mansfield, TX 76063. (EXHIBIT 10)

(15)    Plaintiff mailed Defendant a ***Notice of Right to Cancel*** on March 5, 2010, tracking #70092820000405330269

(16)    Defendant signed and acknowledged receipt of the ***Notice of Right to Cancel*** on March 8, 2010. (EXHIBIT 9)

(17)    Plaintiff recorded the ***Notice of Right to Cancel*** on March 8, 2010 with National Republic Registry, 900 North Walnut Creek Drive, Suite 100 #283, Mansfield, TX 76063. (EXHIBIT 10)

(18)    Plaintiff mailed Defendant a ***Notice of Removal of Trustee*** on March 5, 2010, renaming the Trustee to North American Trust Title, tracking #70092820000405330269.

(19)    Defendant signed and acknowledged receipt of the ***Notice of Removal of Trustee*** on March 8, 2010. (EXHIBIT 9)

(20)     Plaintiff recorded the *Notice of Removal of Trustee* on March 8, 2010 with National Republic Registry, 900 North Walnut Creek Drive, Suite 100 #283, Mansfield, TX 76063.  (EXHIBIT 10)

(21)     Plaintiff mailed Defendant a *Notice of Revocation of Power of Attorney* on March 5, 2010, tracking #70092820000405330269.

(22)     Defendant signed and acknowledged receipt of the *Notice of Revocation of Power of Attorney* on March 8, 2010. (EXHIBIT 9)

(23)     Plaintiff recorded the *Notice of Revocation of Power of Attorney* on March 8, 2010 with National Republic Registry, 900 North Walnut Creek Drive, Suite 100 #283, Mansfield, TX 76063.  (EXHIBIT 10)

(24)     Plaintiff established a Private Contract Trust under the name of "746 Bailey Drive Trust" on March 22, 2010 establishing Richard Towne as the Trustee.

(25)     Plaintiff signed a Quitclaim Deed to the trust "746 Bailey Drive Trust" on April 5, 2010.  (EXHIBIT 11)

(26)     Plaintiff recorded a Lis Pendens on August 10, 2010 with the Josephine County Recorder's Office.  (EXHIBIT 12)

(27)     Plaintiff shall prove that there is no assignment on record from the original lender of First Horizon Home Loan Corporation to that of Quality Loan Service Corp and/or the Bank of New York Mellon, thus making the foreclosure action and sale attempt invalid.

(28)     Defendants failed to provide proper Notice of Default as outlined in Oregon statue (cite # here) which requires:

"A Notice of Default be recorded in the county where the property is located and that the borrower and/or occupant of the property be served with a copy of that Notice at least 120 days before the scheduled foreclosure sale date."

(29)     Defendant, in an attempt to make it appear that they were in compliance with the statues, filed in Josephine County Recorder's office, the required Notice of Sale at 2:42p on August 24, 2010. (Docket 2010-010755) (Document 32-6, Page 5-8, filed by the Defendant on October 4, 2010).  This was a full thirteen (13) days **AFTER** the scheduled sale date of August 11, 2010.

(30)     Affidavit of Mailing is signed by one David Fry, with no indication of who he is employed by, his title, or his authority to sign this document, thus making this document invalid.

(31) Affidavit of Mailing signed by David Fry is dated **April 5, 2010** but notarized by Michelle Nguyen, Notary Public for the State of California on **August 20, 2010,** over four (4) months **AFTER** Mr. Fry supposedly signed the document.

(32) Assignment of Deed of Trust dated October 16, 2009 and signed by Wanda Collier, Assistant Vice President of First Horizon Home Loans, a division of First Tennessee Bank National Association f/k/a/ First Horizon Home Loan Corporation, was recorded at 1:37pm on December 28, 2009 in Josephine County Recorder's Office (Docket 2009-020021) (EXHIBIT 13). This assignment attempts to grant, assign and transfer the Deed of Trust to The Bank of New York Mellon f/k/a/ The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, by First Horizon Home Loans, a division of First Tennessee National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement.

(a) Plaintiff revoked the Power of Attorney and removed the Trustee on March 8, 2010, naming the new Trustee as North American Trust Title, therefore, this recorded assignment is null and void.

(b) The Assignment of Deed of Trust was dated October 16, 2009 and signed by Wanda Collier, however, was fraudulently notarized by Jerry Wade Lollar, Notary Public for the State of Texas attests to personal knowledge and witnessing of the signing of said document on December 8, 2009.

(c) According to the Pooling and Servicing Agreement under First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3 (EXHIBIT 1, Pages 34), assignments **MUST** be completed and filed no later than the 'cut-off' or 'closing' date. Cut-off date for this Mortgage Backed Security ("MBS") was September 1, 2006 and closing date was September 29, 2006. This is over three(3) years from the required date, thus making this null and void.

(33) Appointment of Successor Trustee dated October 16, 2009 and signed by Wanda Collier, Assistant Vice President, The Bank of New York Mellon f/k/a/ The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, by First Horizon Home Loans, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing agreement, is signed and dated October 16, 2009 however, Notary Public Randolph Boyd, Jr, Notary Public for the State of Texas attests to personal knowledge and witnessing of the signing of said document on

November 5, 2009, twenty (20) days AFTER signing, thus making this null and void.
(EXHIBIT 14)

*[signature: Tamie Richardson]*
Tamie Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 10th day of November, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE, Ste N200
Poulsbo, WA 98370
    Attorneys for First Horizon Home Loan Corp

*[signature: Tamie Richardson]*
Tamie Richardson