FILED'10 DEC 15 14:32 USDC-ORM

Tamie Richardson
746 Bailey Drive
Grants Pass OR  97527

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| Tamie Richardson | Case #  **10-3073-PA** |
| Plaintiff, | |
| vs. | **PLAINTIFS NOTICE OF** |
| First Horizon Home Loan Corp | **DEPOSITION** |
| Defendant | |

Date: December 15, 2010

## NOTICE OF DEPOSITION OF WANDA COLLIER,

TO:    Wanda Collier, Supervisor II
       MetLife Home Loans (formerly First Horizon Home Loan Corp)
       4000 Horizon Way
       Irving, TX  75063
       Phone: 800-707-0139 ext 14251

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure Rule 45,

Plaintiff Tamie Richardson will take a telephone deposition from Wanda Collier, Supervisor II,

MetLife Home Loans, formerly First Horizon Home Loan Corp, on Friday, January 7, 2011 at

8:00am PST/10:00am CST.

Said deposition will be taken before a certified court reporter licensed to administer oaths

in the state of Texas.  The deposition is scheduled to last a maximum of four (4) hours.

Respectfully,

*Tamie Richardson*

Tamie Richardson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this ___15th___ day of December, 2010 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE, Ste N200
Poulsbo, WA 98370
    Attorneys for First Horizona Home Loan Corp


Tamie Richardson

*AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

## UNITED STATES DISTRICT COURT

3 - 10  0 1 4 0   G

Northern   DISTRICT OF   Texas

| | |
|---|---|
| Tamie Richardson | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| First Horizon Home Loan Corp | Case Number:[1]   1:2010-CV-03073-PA |
| | District of Oregon |

TO:   Wanda Collier, Supervisor II
       MetLife Home Loans
       4000 Horizon Way, Irving, TX  75063
       800-707-0139 Ext 14251

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Telephone Deposition 1/7/2011 at  8:00am PST/10:00am CST | DATE AND TIME   1/7/2011 8:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See attached EXHIBIT A "Wanda Collier Notice of Deposition Production Request"

| PLACE   Production request to be mailed certified to: Tamie Richardson, 746 Bailey Drive, Grants Pass, OR  97527 to arrive no later than 5:00pm PST on 12/27/2010 | DATE AND TIME   12/27/2010 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   _Marie Ramos_   CLERK OF COURT | DATE   DEC  9 2010 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance. state district under case number.

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT A
Case #1:2010-cv-03073-PA

**WANDA COLLIER NOTICE OF DEPOSITION
PRODUCTION REQUEST**

1.      Documents received from The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement, upon which Wanda Collier relied upon as evidence of her authority to sign as the Assistant Vice President of The Bank of New York Mellon f/k/a The Bank of New York, which granted the authority to sign the Appointment of Successor Trustee dated 10/16/2009, notarized 11/5/2009 by Randolph Boyd, Jr and recorded 11/16/2009 (Document #2009-017906).

2.      Documents received from Mortgage Electronic Registration Systems, Inc., upon which Wanda Collier relied upon as evidence of her authority to sign as the Assistant Secretary of Mortgage Electronic Registration Systems, Inc. which granted the authority to sign the Assignment dated April 28, 2006, notarized 12/8/2009 by Jerry W Lollar and recorded 1/12/2010  (Document #2010-05248).

3.      Documents received from First Horizon Home Loans, a division of First Tennessee Bank National Association f/k/a First Horizon Home Loan Corporation, upon which Wanda Collier relied upon as evidence of her authority to sign as the Assistant Vice President of First Horizon Home Loans, a division of First Tennessee Bank National Association f/k/a First Horizon Home Loan Corporation, which granted the authority to sign the Assignment of Deed of Trust dated 10/16/2009, notarized 12/8/2009 by Jerry W Lollar and recorded 12/28/2009 (Document #2009-020021).

4.      Sworn affidavit as to the authenticity of the signature of Wanda Collier on the Assignment of Trust Deed dated 10/16/2009, notarized 11/5/2009 by Randolph Boyd, Jr and recorded 11/16/2009 (Document #2009-017906).

5.      Sworn affidavit as to the authenticity of the signature of Wanda Collier on the Assignment dated April 28, 2006, notarized 12/8/2009 by Jerry W Lollar and recorded 1/12/2010  (Document #2010-05248).

6.      Sworn affidavit as to the authenticity of the signature of Wanda Collier on the Assignment of Deed of Trust dated 10/16/2009, notarized 12/8/2009 by Jerry W Lollar and recorded 12/28/2009 (Document #2009-020021).

7.    Employment verification from Mortgage Electronic Registration Systems, Inc. confirming Wanda Collier as Assistant Secretary beginning 4/28/2006 or earlier.

8.    Employment verification from The Bank of New York Mellon f/k/a The Bank of New York, confirming Wanda Collier as Assistant Vice President beginning 4/28/2006 or earlier.

9.    Employment verification from First Horizon Home Loans, a division of First Tennessee Bank National Association f/k/a First Horizon Home Loan Corporation confirming Wanda Collier as Assistant Vice President beginning 4/28/2006 or earlier.

10.    Corporate Resolution from Mortgage Electronic Registration Systems, Inc. granting signing authority to Wanda Collier to sign allonges, assignments and other documents as Assistant Secretary beginning 4/28/2006 or earlier.

11.    Corporate Resolution from The Bank of New York Mellon f/k/a The Bank of New York granting signing authority to Wanda Collier to sign allonges, assignments and other documents as Assistant Vice President beginning 4/28/2006 or earlier.

12.    Corporate Resolution from First Horizon Home Loans, a division of First Tennessee Bank National Association f/k/a First Horizon Home Loan Corporation granting signing authority to Wanda Collier to sign allonges, assignments and other documents as Assistant Vice President beginning 4/28/2006 or earlier.

13.    Certified copy of the complete printout of the Custodial Record for loan #0052773397 for Deed of Trust dated 4/8/2005, recorded 4/15/2005. (Docket #2005-008429) and loan modification dated 3/24/2006 and recorded 3/29/2006. (Docket #2006-06558). The printout should reflect all activity including when it moved into and out of any, and all, securitization pools.

14.    Copies of tracking information relative to my loan file #0052773397 which would demonstrate the removal of any documents or files from the vault or storage area, for any purpose, including, but not limited to, attaching allonges or endorsements or mailing of my file to an attorney.

15.    Any written instructions or any type of documentation, documenting or demonstrating the attachment of any allonge(s) to my note.

16.    Anything documenting the return of the promissory note and any allonge(s) to the vault or storage area.

17.    Anything that discloses the reason you were instructed to execute any allonge(s) or assignment(s) on my loan.

18.    Documents which would show the sale of the promissory note to another entity or entities.

19.    Documentation showing the current owner/investor information of my note which was reflected as Investor #6790011291 on the Rescission of Notice of Default dated 3/29/2010, notarized 3/29/2010 by Tracy Marie Conrad and recorded 3/30/2010. (Docket #2010-004089)

*Notice: Tamie Richardson reserves the right to submit, to the court, a Motion to Compel Production for any and all documents that you fail to produce before the deadline of December 27, 2010. In addition, I reserve the right to continue the deposition if you fail to provide the requested documents and they are later produced as a result of a court order.*

Respectfully submitted,

Tamie Richardson                    12/6/2010
Tamie Richardson                    Date