1  Tamie Richardson
2  746 Bailey Drive
3  Grants Pass OR  97527

4               UNITED STATES DISTRICT COURT
5                   DISTRICT OF OREGON

| | |
|---|---|
| **Tamie Richardson** | Case #  **10-3073** |
| Plaintiff, | **PLAINTIFFS MOTION** |
| vs. | **TO STRIKE DEFENDANTS** |
| **First Horizon Home Loan Corp** | **NOTICE OF COMPLIANCE** |
| Defendant | |
| | Date: January 5, 2011 |

7    COMES NOW, Plaintiff Tamie Richardson to move this court to strike Defendants *Notice of*
8  *Compliance* which was filed on December 27, 2010 as perjury upon the court.
9        (1)   On November 2, 2010 Plaintiff requested production of documents along with
10  eight (8) admission questions.  Plaintiffs request was sent electronically and by certified mail,
11  tracking #70101670000203287587.
12       (2)   Plaintiffs discovery and admissions request was received by Mr. Uhl on
13  November 8, 2010, copy of delivery attached as EXHIBIT 1.
14       (3)   On November 11, 2010 Mr Uhl wrote to Plaintiff and enclosed a binder
15  containing 620 pages of documents.   In that same letter Mr Uhl stated "A response to your
16  written questions will follow in due course."  See attached EXHIBIT 2, page 1, paragraph 1,
17  sentence 1 and 2.
18       (4)   This Plaintiff will have mercy on the court and not attach the 620 pages as an
19  exhibit but suffice it to say that Mr. Uhl has once again done nothing more than attempt to create
20  a smoke screen and withhold vital evidence from the Plaintiff in her attempt to get at the truth.
21       (5)   Plaintiff must admit that receiving a binder which contains 620 pages of
22  documents certainly 'looks' official on the surface and, in fact, was almost overwhelming at first
23  glance, but  a thorough perusal of the 620 pages has revealed nothing more than Defendants
24  continual attempt to stonewall Plaintiff at every turn.  Perhaps the Defendant thought that the

1  sheer volume along would be so overwhelming that the Plaintiff wouldn't even look through
2  them.
3      (6)  What Plaintiff actually discovered was numerous duplications and multiple copies
4  of the same documents (ie: four copies of the Appraisal Report) and very little documentation in
5  response to Plaintiffs discovery request.
6      (7)  Further, Plaintiff also requested from the Defendant a "Sworn affidavit from an
7  authorized agent or Corporate Officer of Horizon Home Loans Corporation, authorized to sign
8  on their behalf, as to the authenticity of said documents." This affidavit was not provided.
9      (8)  In fact, Defendant has failed to supply the majority of items requested nor have
10 they answered any of the Admission questions.
11     (9)  Plaintiffs further requested that an explanation be provided for any items which
12 were omitted. Defendant failed to comply with this request.
13     (10) Mr Uhl has signed and attested as to the truth of the Defendants *Notice of*
14 *Compliance* but this Plaintiff asserts that this information is false and represents perjury upon the
15 court.
16     WHEREFORE, Plaintiffs move this Court to strike the Defendants *Notice of Compliance*
17 which was filed on December 27, 2010.

*[signature: Tamie Richardson]*
Tamie Richardson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this ___5th_____ day of January, 2011 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE Ste N200
Poulsbo, WA  98370
    Attorneys for First Horizon Home Loan Corp

*[signature: Tamie Richardson]*
Tamie Richardson