Holger Uhl, OSB# 950143
McCarthy & Holthus, LLP
19735 10th Ave. NE, Suite N200
Poulsbo, WA 98370
206-319-9100
206-780-6862 fax
huhl@mccarthyholthus.com
Attorneys for First Horizon Home Loan Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>First Horizon Home Loan Corporation,<br><br>                    Defendant. | Case No.: 10-3034<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUEST |

COMES NOW the Defendant, First Horizon Home Loan Corporation ("Responding Party"), by and through their attorney of record, Holger Uhl of McCarthy & Holthus, LLP, and respond as follows:

**PRELIMINARY STATEMENT**

The responses set forth below are made solely for the purpose of the above-entitled action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections or grounds, which would require the exclusion of any statement herein if the interrogatories were asked of, or if any statement contained herein was made by, a witness present and testifying in court, all of which objections or grounds may be asserted at the time of trial.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Defendants do not make any incidental or implied admissions with regard to the contents of the requested documents contained herein. Rather, the fact that Defendant has responded or objected to any request(s), or part(s) thereof, should not be understood or interpreted to mean that Defendants accepts or admits the existence of any facts set forth or assumed by Plaintiff's request, or that such responses or objection constitutes admissible evidence. The fact that Defendants have answered all or part of any request is not intended, nor shall it be construed, as a waiver by Defendants of all, or any part of any, objections to any request.

Defendants have not yet completed its investigation of the facts related to the present action, and as such, has not completed its discovery or its preparation for trial. Accordingly, the following responses are based upon information known to Defendants at this time, and are given without prejudice to Defendants right to produce subsequently discovered evidence and facts, and to supplement, amend, modify, or otherwise change its responses contained herein.

To the extent that a request calls for information that was prepared in anticipation of litigation or for trial, or for information or material covered by the attorney-work product doctrine, or which constitutes information that is privileged or proprietary, confidential, or a trade secret(s), Defendants object to such request, and thus, will neither supply nor render any documents protected from discovery by virtue of these doctrines and privileges.

## GENERAL OBJECTIONS

1. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they seek information which is not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they call for information which is protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

3. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they are overly broad and require Defendants to make an unreasonable and unduly burdensome investigation. The search for and production of information requested in Plaintiff's requests would consume many hours of effort at great and unreasonable expense to

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Plaintiff and would yield information which is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence relating to, the issues in the present action.

4. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they request Defendant to identify or produce information not in its possession, custody, or control, or documents which are equally available to Plaintiff.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

**RESPONSE TO REQUEST FOR PRODUCTION**

   A.  NOTICES REQUIRED

*5. A number of notices are required by various consumer protection laws. Please provide a copy of each notice the lender is required to provide to the borrower either signed or initialed by borrower and dated so to show that the notice was timely provided.*
> **RESPONSE:** Responding Party objects to this request on the grounds that this request is overly broad, vague, ambiguous as to the "notice" that this request seeks and does not describe with reasonable particularity the information or documents sought; that the request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that the documents or information sought is equally in the possession, custody or control of the requesting party; that this request is seeks information that is not within the custody of Responding Party. Without waiving the objection, a copy of the following documents is being produced: See Attached List. As required by the Federal Rules of Civil Procedure or order of the court these productions will be supplemented in due course.

6. *Please provide, for inspection, the ORIGINAL promissory note as contemplated by The Uniform Commercial Code 3-501.*
RESPONSE: Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation. A non judicial foreclosure does not require "presentment of the promissory note," and is not an action to recover a judgment on the promissory note. *See Stewart v. Mortgage Electronic Registration Systems, Inc.*, 2010 U.S. Dist. LEXIS 26291, *32 (D. Or. 2010), *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), *Wright v. Associates Financial Services Co.,* 59 Ore. App. 688, 693 (Or. Ct. App. 1982). Without waiving the objection, a copy of promissory note as it currently exists; showing both the front and back, is being produced. Plaintiff may inspect the original promissory note at the office of McCarthy & Holthus LLP**,** 19735 10th Avenue, Suite N-200, Poulsbo WA 98370, during normal business hours and upon reasonable notice.

Discovery Response

M&H# OR10-3924

*7. I have made calculations based on the few loan documents in my possession, some of which are unsigned and pre-closing documents. In order to insure that my calculations are accurate, please provide correct copies of the following:*
*1. Loan application (HUD 1003);*
*2. Good Faith Estimates prepared;*
*3. Truth In Lending Statement;*
*4. Settlement statement (HUD1)*
*5. All notices required to be presented to me, showing either the signature or initials, and also the date of said signature or initial, as proof that said disclosure was timely presented to me.*

RESPONSE: Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that the documents or information sought is equally in the possession, custody or control of the requesting party. Without waiving the objection, a copy of the following documents is being produced: See Attached List. As required by the Federal Rules of Civil Procedure or order of the court these productions will be supplemented in due course.

*B. FINANCE CHARGES*

*8. For each fee listed below, please provide copies of;*
*1. The complete billing from each vendor who provided the listed services;*
*2. The complete contact information for each vendor who provided a billed service;*
*3. Clear description as to the specific service performed;*
*4. A showing that said service was necessary;*
*5. A showing that the cost of said service is reasonable;*
*6. A showing of why said service is not a regular cost of doing business that should rightly be included in the finance charge.*

| *803*  | *Appraisal*                            | *$196.00*   |
|--------|----------------------------------------|-------------|
| *804*  | *Credit Report*                        | *$18.00*    |
| *805*  | *Lender's Inspection Fee*              | *$695.00*   |
| *808*  | *First Horizon Home Loan*              | *$50.00*    |
| *809*  | *Total Mortgage Sol*                   | *$90.00*    |
| *810*  | *Federal Flood*                        | *$24.00*    |
| *811*  | *Review Fee*                           | *$65.00*    |
| *812*  | *Action Brokerage Services*            | *$395.00*   |
| *813*  | *Postage*                              | *$25.00*    |
| *902*  | *Mortgage Insurance Premium*           | *$867.43*   |
| *1101* | *Settlement fee*                       | *$470.00*   |
| *1109* | *Lender's Coverage*                    | *$1,035.50* |
| *1112* | *Title Charges from Page 3 line 1123*  | *$270.00*   |
| *1113* | *Basic Charges*                        | *$50.00*    |
| *1201* | *Recording Fee*                        | *$111.00*   |
| *1205* | *Transfer Charges*                     | *$62.00*    |

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

RESPONSE: Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that the documents or information sought is equally in the possession, custody or control of the requesting party; that this request is seeks information that is not within the custody of Responding Party. Without waiving the objection, a copy of the following documents is being produced: See Attached List.  Further the above list appears to represent information from the HUD 1 Settlement Statement.  Such statement was not prepared by Defendant; as such the requested information is not within the custody or control of Defendant.  In addition, while the information appears to be based on said Settlement Statement, it does not appear to accurately reflect said statement.

As required by the Federal Rules of Civil Procedure or order of the court these productions will be supplemented in due course.

*C STANDING **TO** ENFORCE CONTRACT*

*10. In order to establish that the current servicer of the my account has standing to raise any issue concerning collection under the above referenced account number 0052773397, I hereby demand a complete, un-redacted, copy of the following:*
    *a. The security instrument which contains*
        *a. The date and signature of Tamie S Richardson;*
        *b. The promise to pay the amount claimed in the account,*
        *c. All direct endorsements added to said instrument, after creation;*
        *d. Any allonges which may be associated with said security instrument.*

RESPONSE: See Response to Request for Production No.6.

    *b. Please identify the master record holder of this account file.*

RESPONSE: Responding Party objects to this request on the grounds that this request is vague, ambiguous as to the term "master record holder;" that the request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation.  Without waiving the objection, Responding Party responds as follows:   The account records are maintained by Metlife Bank, N.A., as subservicer for First Tennessee Bank National Association, successor by merger of First Horizon Home Loans and First Horizon Home Loan Corporation.

    *c. Please identify, by name and current contact information, each and every person or entity who has received a financial benefit from the monies paid by Tamie Richardson related to account number 0052773397, to include, but not limited to the following:*
        *i. Every individual, entity, party, bank, trust organization or servicer that has been assigned the mortgage servicing rights to this account*
        *ii. Every person or entity who is currently receiving or who has ever received a beneficial interest from the payments of principal and interest on this account.*
        *iii. All investors [as defined in the lending industry] who have participated in any mortgage-backed security, collateral mortgage obligation, or other mortgage*

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

> *security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date;*
> *iv. The parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date.*
> *v. Provide contact information for each person or entity referenced to in regards to any answer provided.*

RESPONSE: Responding Party objects to this request on the grounds that this request is vague, ambiguous as to the term "financial benefit" that the request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; to the extent that this question presupposes false or unwarranted assumptions of facts; that it presents a mixed question of law and fact which would require different responses depending on the determination of legal issues; that this request lacks foundation; that it seeks information that is protected from disclosure to the extent it would violate Responding Party or third parties' statutory, constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information. Without waiving the objection, Responding Party responds as follows:

> Metlife Bank, N.A., as subservicer for First Tennessee Bank National Association, successor by merger of First Horizon Home Loans and First Horizon Home Loan Corporation, as servicer, and the Bank of New York, as Trustee for the securitization trust holding the beneficial interest of the loan.

> *d. If part of a mortgage pool, please provide the principal balance used by the lender to determine payment for this individual mortgage loan.*

RESPONSE: Responding Party is unable to respond to the request as it is unable to determine the information the request is seeking. Responding Party objects to the extent that this question presupposes false or unwarranted assumptions of facts; that it presents a mixed question of law and fact which would require different responses depending on the determination of legal issues; this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that it seeks information that is protected from disclosure to the extent it would violate Responding Party or third parties' statutory, constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information.

> *e. If part of a mortgage pool, please provide the percentage paid by lender of the principal balance above used to determine purchase of this individual mortgage loan.*

RESPONSE: Responding Party is unable to respond to the request as it is unable to determine the information the request is seeking. Responding Party objects to the extent that this question presupposes false or unwarranted assumptions of facts; that it presents a mixed question of law and fact which would require different responses depending on the determination of legal issues; this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that it seeks information that

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

is protected from disclosure to the extent it would violate Responding Party or third parties' statutory, constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information.

> f. Please identify the person or entity to which the current real party in interest issued a check or payment to for the purchase of this mortgage loan?

RESPONSE: Objection. The question presupposes false or unwarranted assumptions of facts. In addition the question, as understood by the Responding party, is a mixed question of law and fact, and an answer would depend on determination of legal issues. Responding Party further objects to the extent that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that it seeks information that is protected from disclosure to the extent it would violate Responding Party or third parties' statutory, constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information.

> g. Please provide copies of the front and back of the canceled check used to purchase the security from any real party in interest by the entity now standing as the current real party in interest.

RESPONSE: Responding Party is unable to respond to the request as it is unable to determine the information the request is seeking. Responding Party objects to the extent that this question presupposes false or unwarranted assumptions of facts; that it presents a mixed question of law and fact which would require different responses depending on the determination of legal issues; this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that it seeks information that is protected from disclosure to the extent it would violate Responding Party or third parties' statutory, constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information.

> h. If the entity now purporting to hold a claim against the property is an agent for the real party in interest, please provide the name and contact information for the real party in interest.

RESPONSE: See Response to Subsection c.

> l. Please provide evidence that the department of Housing and Urban Development (RUD) assigned or transferred foreclosure rights to lender as required by 12 USC **3754**.

RESPONSE: Responding Party objects to the extent that this question presupposes false or unwarranted assumptions of facts; that it presents a mixed question of law and fact which would require different responses depending on the determination of legal issues; this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that it seeks information that is protected from disclosure to the extent it would violate Responding Party or third parties' statutory,

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information.  Without waiving said objections Responding Party answers as follows:  No "Foreclosure Commissioner" has been appointed under Sec. 12 USC 3754 for the subject loan.

    *J. Please identify, to include contact information, all persons with authority to act in the place of the real party in interest concerning the account.*
RESPONSE:  See Response to Subsection c.

    *k. For each of the above, please provide contact information for every person whose signature appears on any document requested.*
RESPONSE:  See Response to Subsection c.

D. TRUSTEE

*11. In as much as a trustee has been appointed to act as a neutral party in matters concerning the contractual arrangement between Tamie S Richardson and First Horizon Home Loans Corporation, in order that requestor may determine the status of said trustee, please provide the following:*
    *a. A copy of any documentation evidencing any trust relationship regarding the Deed of Trust and any Note in this matter.*
    *b. A copy of all document(s) establishing any Trustee of record for the Deed of Trust and any Note.*
    *c. Please advise borrower of any relationship between trustee and lender.*
    *d. If any trustee is an attorney, please include contact information and evidence of good standing with the bar association of the every state in which the attorney is authorized to practice law, and/or do business.*
    *e. Please send a copy of document( s) establishing the date of any appointment of Trustee Deed of Trust and any Note.*
    *f. Please also include assignments or transfers or nominees of any substitute trustee(s).*
    *g. Please send a copy of document(s) establishing any Grantor for said Deed of Trust and any Note.*
    *h. Please send a copy of document(s) establishing any Grantee for this Deed of Trust and any Note.*
    *1. Please send a copy of document( s) establishing any Beneficiary for this Deed of Trust and any Note.*
    *J. Please send any documentation evidencing the Deed of Trust is not a constructive trust or any other form of trust.*
RESPONSE: Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that the documents or information sought is equally in the possession, custody or control of the requesting party; that this information is public record and can be obtained in another way; this request is overly broad, indefinite and without reasonable limitation in its scope.

Discovery  Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Without waiving the objection, a copy of the Promissory Note, Deed of Trust and Appointment of Successor Trustee is being produced. As required by the Federal Rules of Civil Procedure or order of the court these productions will be supplemented in due course.

*K COMPLETEACCOUNTING*

*12. In order that I may accurately assess the propriety of all funds being demanded, please provide the following:*

*a. In order to narrow the scope of any subsequent requests, for records collected, assembled, and/or maintained by lender, please provide a complete listing of said records maintained by any entity over which the lender may have records, relevant to my account, in its actual or constructive control, to include (but not limited to) the following;*
*a. The method of storage for each record;*
*b. The name or designation of each record kept;*
*c. The scope and substantive content of each record kept;*
*d. The most efficient method of making each record available for inspection if other than printed format.*
*b. As it relates to my alleged account, please provide all data, information, notations, text, figures and information contained in the lender mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPRequestor system, or any other similar mortgage servicing software used by the lender, any servicers, or subservicers of this account from the inception of this account to present.*
*c. Descriptions and legends of all Codes used in lender mortgage servicing and accounting system.*
*d. All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this Deed of Trust, or other document that secures payment by Tamie S Richardson to this obligation in this account from the inception of account number 0052773397 to the present date including, but not limited to, any such assignments on MERS.*
*e. For all transfers, allonges, or other documents evidencing a transfer or sale of this Deed of Trust, please provide the name and contact information (to include a current mailing address) for each person who signed any document authorizing said transfer or sale.*
*f. All records, electronic or otherwise, of assignments of this Deed of Trust, monetary instrument, or servicing rights to this Deed of Trust including any such assignments on MERS.*
*g. All documentation relative to a loan modification to this Deed of Trust from the inception of this account to the present date.*
*h. The front and back of each and every security instrument, to include but not limited to, canceled check, money order, draft, debit or credit notice issued to ally servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.*
*1. All escrow analyses conducted by the lender or any servicer or regulatory agency, on this account from the inception of this account until the date of this letter;*

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

*J. The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, broker fees, etc.*

*k. Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made on the account.*

*1. All letters, statements and documents sent by agents, attorneys or representatives of creditor;*

*m. All letters, statements and documents contained in this account file or imaged by the lender and any servicers or sub-servicers of this mortgage from the inception of this account to present date.*

*n. All electronic transfers, assignments and/or sales of the Deed of Trust, Promissory Note or other security instrument.*

*o. Please provide any IRS 1099a forms filed relating to the account.*

RESPONSE: See Response to request No. 11.

*13. In the event that the lender considers any of the above requests to be burdensome or overbroad, please provide explanations and suggestions that will allow me to narrow the scope of my request so as to avoid unnecessary inconvenience in compliance with the disclosure provisions of all relevant disclosure requirements.*

RESPONSE: See Response to request No. 11. Responding Party has provided all relevant documents reasonably calculated to answer any legitimate concerns or questions Plaintiff may have. Responding Party is willing to supplement its response with respect to any reasonable follow up questions Plaintiff may have. However, Responding Party is not aware of any factual dispute raised by Plaintiff with respect to the subject loan.

F. **PROPERTY INSPECTIONS**

1. *For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection, please provide the following:*

2. *Please detail and list in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.*

3. *Please identify in writing the provision, paragraph, section or sentence of any note, Deed of Trust or any agreement signed by Tamie S Richardson, that authorized the assessment or collection of property inspection fees?*

4. *Please forward to me copies of all property inspections made on said property in my mortgage account file.*

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

4. Please disclose any fee charged or assessed for property inspections which have been placed into escrow for this account.

RESPONSE: See Response to Request No. 11.

G. ACCOUNTING & SERVICING SYSTEMS

14. In order that I may determine that First Horizon Home Loans Corporation has implemented and maintained an accounting system sufficient to insure against mistake or error, please provide the following:

a. The standing policy of the First Horizon Home Loans Corporation concerning the practices and procedures to be used by its brokers, loan officers, and other employees to endure good faith and fair dealings with the public.

b. A list of all persons terminated from the lender's employment as a result of work related misconduct, for a period beginning on the date my mortgage loan was created and ending on the date of this request. (In the interest of protecting the privacy of the individuals involved, you may identify the individuals by first name and middle initial only. )

c. A complete explanation of the audit procedures in place to insure against violations of standing law and company policies.

d. All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date?

e. Please identify each account, accounting, and servicing system used by the lender and any sub-servicers or previous servicers from the inception of my account to the present date so that forensic audit experts can decipher the data provided.

f. For each account, accounting, and servicing system identified by the lender and any subservicers or previous servicers from the inception of my account to the present date, please provide the name and address of the company or party that designed and sold the system;

g. For each account, accounting, and servicing system used by the lender and any subservicers or previous servicers from the inception of my account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

RESPONSE: See Response to request No. 11.

H. ESCROW

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

*15. As escrow accounts, historically, have been a fertile field for fraud, please provide the following concerning any and all escrow accounts:*
 *a. Complete escrow instructions;*
 *b. Please stipulate the manner in which the amount required to be kept in escrow is calculated;*
 *c. A complete, plain language explanation of each disbursement to include:*
  *i. to whom the disbursement was made;*
  *ii. the date of the disbursement;*
  *iii. the reason for said disbursement.*

RESPONSE: See Response to request No. 11.

*L SUSPENSE/UNAPPLIEDACCOUNTS*

*16. For purposes of this section, please treat the term suspense account and unapplied account as one in the same.*
 *a. Please list any suspense or unapplied account transactions on this account from the inception of this account until present date.*
 *b. Please explain the reason for each and every suspense transaction that occurred on this account.*

RESPONSE: See Response to request No. 11.

*J. FORCED-PLACED INSURANCE*

*17. For each and every forced-placed insurance policy placed on the property, please provide the following:*
 *a. the date of each policy ordered or placed on the property that is the secured interest for this Deed of Trust or Promissory Note;*

 *b. the price of each policy;*

 *c. the agent for each policy;*

 *d. why each policy was placed on the property;*

 *e. the lenders policy on forced-placed insurance;*

 *f. records of any forced-placed insurance fees assessed to this mortgage or escrow account;*
 *g. for each separate fee, specifically what clause, paragraph and sentence in the Promissory Note or Deed of Trust or any agreement executed by Tamie S Richardson, allows the lender to assess, charge or collect such forced-placed insurance fees;*
 *h. the nature of any relationship with the agent or agency that placed any policies on the property;*

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

    *1. the nature of any relationship between the carrier that issued any policies on the property and the lender;*

    *j. for any policy where the beneficiary is not Tamie S Richardson, please stipulate the authority to force place said policy.*

    *k. the name of the agency or carrier that the lender used to place a forced-placed insurance policy on the property to include a description of any service provided to the lender, computer system, discount on policies, commissions, rebates or any form of consideration;*

    *1. any blanket insurance policy to protect lender properties when customer policies have expired;*

    *m. copies of all forced-placed insurance policies that have been ordered on the property.*

RESPONSE: See Response to request No. 11.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

## III. ADMISSIONS

19. All fees claimed or collected in connection with the above referenced contract establishing the alleged instant debt:
    a. were fair, reasonable, and in keeping with all laws, rules and regulations relevant to same;
    b. are accurate in accordance with the terms of said contract and the law as it existed at the time the note was signed;

RESPONSE: Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts. It is in fact a loaded question containing a false assumption. Therefore Responding Party cannot admit or deny, and therefore denies the same. Without waiving set objection, Responding Party, responds that it has no reason to believe that any fees claimed or collected with the subject loan lack contractual authority or are outside applicable laws and regulations. If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

18. All fees accessed:
    a. are fees for actual service performed;

    b. were legitimate and
        i. no "junk" fees were included in the fees charged to the borrower or seller;

        ii. No fees were paid for referrals, or up-selling, to any otherwise person or entity not authorized to receive such payments;

RESPONSE: See Response for Request for Admission No. 19, above.

19. All notifications and explanations required by law were properly and timely made to borrower;

RESPONSE: Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts. It is in fact a loaded question containing a false assumption. Therefore Responding Party cannot admit or deny, and therefore denies the same. Without waiving set objection, Responding Party, responds that it has no reason to believe that any "notifications" were untimely or improper. If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

20. That the appraisal used by the lender is a true and accurate appraisal and has not been manipulated in any way;

RESPONSE: Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts. It is in fact a loaded question containing a false assumption. Therefore Responding Party cannot admit or deny, and therefore denies the same. Without waiving set objection, Responding Party, responds that it has no information about any inaccurate appraisals. If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

21. No improper practices were used to manipulate the accounting in order to falsely present Tamie S Richardson as qualified for a loan;

RESPONSE: Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts. It is in fact a loaded question containing a false assumption. Therefore Responding Party cannot admit or deny, and therefore denies the same. Without waiving set objection, Responding Party, responds that it has received no information or allegations about the alleged manipulation of any "accounting" as it relates to Plaintiff's account. If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

22. All monies collected from Tamie S Richardson have been properly and timely credited to borrower;
RESPONSE: Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts. It is in fact a loaded question containing a false assumption. Therefore Responding Party cannot admit or deny, and therefore denies the same. Without waiving set objection, Responding Party, responds that it has received no information or allegations that any monies collected were improperly credited. If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

23. All persons with a fiduciary duty to borrower have acted with the highest of integrity and in good faith and fair dealings with borrower.
RESPONSE: Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts. It is in fact a loaded question containing a false assumption. Therefore Responding Party cannot admit or deny, and therefore denies the same. Without waiving set objection, Responding Party, responds that it

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

is not aware of any violations as alleged in the question.  If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

24. Tamie S Richardson was not subjected to any improper practices or pressures by either the broker and/or and representative of the lender that would violate any of the consumer protection laws.

RESPONSE:  Objection. Responding Party does not accept or admit the definitions of the legal terms of art used in the request. Responding Party objects to this request on grounds that it is a compound question, based on false or unwarranted assumptions of facts and logical fallacies, vague and ambiguous as to the terms and that it seeks a legal conclusion and not facts.  It is in fact a loaded question containing a false assumption. Responding Party also lacks necessary information to admit or deny.  Therefore Responding Party cannot admit or deny, and therefore denies the same.  Without waiving set objection, Responding Party, responds that it is not aware of any "improper" practices or pressures applied against Plaintiff by third parties.  If Plaintiff has questions with respect to specific items, Responding Party may supplement its response as appropriate.

Respectfully submitted.

DATED:  November 5, 2010

/s/ Holger Uhl

_____
Holger Uhl, OSB# 950143
 Attorney for Defendant

Discovery  Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

ATTACHMENT
LIST OF DOCUMENTS PRODUCED

| DOCUMENT DESCRIPTION |
| --- |
| Deed of Trust |
| Promissory Note showing endorsements |
| Line of Credit Instrument |
| 3rd Deed of Trust |
| Loan Modification Agreement |
| Broker Acknowledgment |
| Loan Origination Agreement |
| Notice of No Oral Agreement |
| Notice Regarding Furnishing Negative Information |
| Respa Servicing Disclosure |
| Servicing Disclosure Statement |
| Settlement Statement |
| TILA Statement |
| Mortgagor Affidavit |
| 12-18-09 Letter |
| Advanced fee agreement |
| Escrow Agreement |
| Escrow Waiver |
| Payment Letter |

| DOCUMENT DESCRIPTION |
| --- |

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

1 | Past Due Notice
2 | Metlife Letter
3 | Notice of Default
4 | Notice of Trustee's Sale
5 | Danger Notice
6 | Loan File for Loan #

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862