Holger Uhl, OSB# 950143
McCarthy & Holthus, LLP
19735 10th Ave. NE, Suite N200
Poulsbo, WA 98370
206-319-9100
206-780-6862 fax
huhl@mccarthyholthus.com
Attorneys for First Horizon Home Loan Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

TAMIE RICHARDSON,

                                    Plaintiff,

vs.

First Horizon Home Loan Corporation,

                                    Defendant.

Case No.: 10cv3073

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR PROTECTIVE
ORDER/ ORDER TO QUASH
DEPOSITION OF WANDA CALLIER

COMES NOW the Defendant, First Horizon Home Loan Corporation ("Responding

Party"), by and through their attorney of record, Holger Uhl of McCarthy & Holthus, LLP,

and replies to the Plaintiff's Response To Motion To Quash Deposition of Wanda Collier:

**THE DOCUMENTS SIGNED BY WANDA COLLIER WERE PROPERLY SIGNED**

Plaintiff is alleging that Wanda Collier "forged" documents and that therefore she needs

to depose her to prove she is a "robo signer." The alleged documents that Wanda Collier is

alleged to have "forged" are

Appointment of Successor Trustee, dated 10/16/2009, signed before a notary on
11/5/2009 and recorded 11/16/2009 as Instrument No. 2009-017906, records of Josephine
County Oregon.
Assignment dated 4/28/2009, signed before a notary on 12/8/2009 and recorded
1/12/2010 as Instrument No. 2010-05248, records of Josephine County Oregon.

REPLY MEMORANDUM

M&H# OR10-7486

Assignment of Deed of Trust dated 10/16/2009, signed before a notary on 12/8/2009 and recorded 12/28/2009 as Instrument Number 2009-020021, records of Josephine County Oregon.

The sole basis for her allegation that these documents are "forged" is that they are dated for one date, but are signed on another. For example, Instrument Number 2009-017906, is dated 10/16/2009, but the acknowledgement itself is dated 11/5/09. From this Plaintiff takes that Wanda Collier signed the instrument on 10/16/2009, but that the notary did not acknowledge the signature until 11/5/2009. That misreads the instrument. The, Notary Randolph Boyd, Jr., acknowledged that Wanda Collier signed on 11/5/2009 an instrument that was dated 10/16/2009. There is no requirement under Oregon law that requires that an instrument has to be dated for the same date that it is signed.

More importantly, the argument by Plaintiff misunderstands the reason for an acknowledgement. It is an administrative act only. A document without an acknowledgment or even with a defective acknowledgment is still a valid document and not a "forgery." *Clatsop County v. Wuopio*, 95 Ore. 30, 33 (Or. 1920). Even if an acknowledgment is proven to be false, it does not affect the validity of the instrument itself. *Houck v. Darling*, 238 Ore. 484 (Or. 1964).

**WANDA COLLIER HAD APPARENT AUTHORITY**

In addition Plaintiff seeks documentation to show that Wanda Collier had the authority to act as she did. Again this quest is based on an error of law. Even assuming that Plaintiff can show that Wanda Collier did not have actual authority, her acts are valid nevertheless since she had apparent authority. It is black letter law that the acts of an agent can bind the principal if authority can be "fairly inferred from circumstances." *Hannan v. Greenfield*, 36 Ore. 97, 103-104 (Or. 1899). The agents authority rests on "the intention of the principal to be bound by the

REPLY MEMORANDUM

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

M&H# OR10-7486

acts and contracts of his agent," it may be "inferred from apparent authority, by proving that the principal knowingly permitted the agent to assume [powers] or that he held the agent out to the public as possessing the necessary power." *Connell v. McLoughlin*, 28 Ore. 230, 233-234 (Or. 1895). In addition, Plaintiff is fully aware of the servicing agreements and the public record that confirms that the assignments and appointments were properly authorized.

Thus the evidence that Plaintiff seeks is neither relevant nor is it likely to lead to the discovery of relevant evidence.

**PLAINTIFF'S DEMAND FOR DOCUMENTS TO BE GENERATED EXCEEDS THE SCOPE OF ALLOWABLE DISCOVERY**

In addition to exploring discovery areas that lead to nothing, Plaintiff is also demanding that defendants produce "affidavits." This demand to create documents to Plaintiff's satisfaction clearly exceeds the scope of allowable discovery. There is no reason and no justification for those demands.

**PLAINTIFF HAS NO LEGITIMATE PURPOSE FOR THE DISCOVERY SHE IS SEEKING.**

In her lawsuit Plaintiff seeks a permanent injunction to prevent the defendant from foreclosing her property under various theories that boil down to the allegation that the Defendant (who is not the trustee that is actually doing the foreclosure) failed to follow proper procedures and cannot show it has the right to enforce the admitted debt. Defendant has already produced the documents showing that there is a proper chain of title, and that the requirements of Oregon Statute with respect to processing a foreclosure have been followed. In addition, the Defendant has produced evidence to show that it has possession of the original promissory note. None of the discovery that Plaintiff is seeking has any bearing on the summary judgment motion that Defendant filed. Her discovery requests are accusations, not questions, and based on internet

REPLY MEMORANDUM

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

M&H# OR10-7486

1  rumors and myths that create needless costs and burdens upon the Defendant.  They are designed

2  to harass, not to discover relevant facts.

3  **CONCLUSION**

4        For the reasons stated above Defendant respectfully requests that the deposition of Wanda

5  Collier be permanently quashed, or in the alternative, that her deposition and the production of

6  documents will be limited to a reasonable scope.

7

8        DATED:  January 12, 2010

9                              /s/ Holger Uhl

10

11                              Holger Uhl, OSB# 950143

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPLY MEMORANDUM

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

M&H# OR10-7486

```
 1   Holger Uhl, OSB #950143
     McCarthy & Holthus, LLP
 2   19735 10th Avenue NE, Suite N200
     Poulsbo, WA 98370
 3   (206) 319-9100
     Fax (206) 780-6862
 4   huhl@MccarthyHolthus.com

 5

 6                   UNITED STATES DISTRICT COURT
 7                        DISTRICT OF OREGON

 8   Tamie Richardson,                  Case No.: 10CV3073

 9           Plaintiff,
                                        DECLARATION OF SERVICE
10      vs.

11   First Horizon Home Loan Corporation,

12           Defendants.

13        The undersigned certifies that: On January 12, 2011, I served the documents
14   described as Reply Memorandum in Support of Motion for Protective Order/Order to
     Quash Deposition of Wanda Callier on the following individuals by depositing true
15   copies thereof in the United States mail at Poulsbo, WA, enclosed in a sealed envelope,
     with postage paid, addressed as follows:

16
     DEFENDANT(S)              DEFENDANT(S) COUNSEL:
17   Tamie Richardson          Pro Se
     746 Bailey Drive
18   Grants Pass, OR 97527

19

20        I declare under penalty of perjury under the laws of the State of Washington that
21   the foregoing is true and correct.

22                                   __/s/ Melissa Rice_____
                                     Melissa Rice
23                                   Legal Assistant
                                     McCarthy & Holthus, LLP
24

25
```

Declaration of Service
- 1

McCarthy & Holthus LLP
19735 10th Avenue Ste N-200
Poulsbo, Washington 98370
PH: (206) 319-9100
FAX: (206) 780-6862

MH# OR10-7486