FILED'11 JAN 18 13:03 USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

TAMIE RICHARDSON,

        Plaintiffs,        Civ. No. 10-3073-PA

                              **ORDER**

    v.

BANK OF AMERICA HOME LOANS,

        Defendant.

---

**PANNER, J.**

    *Pro se* plaintiff Tamie Richardson brings a 28-page complaint against defendant Bank Of America Home Loans.

### BACKGROUND

    On August 9, 2010, plaintiff filed this action. Despite a length of 28 pages, the complaint alleges hardly any specific factual allegations against this particular defendant. The complaint instead reads as a general complaint against the lending industry as a whole. Plaintiff has exercised substantial ingenuity in the preparation of this complaint.

1 - ORDER

Plaintiff bring numerous claims including Breach of Fiduciary Duty, Negligence/Negligence Per Se, Agent: Common-Law Fraud, Breach of the Implied Covenant of Good Faith and Fair Dealing, Violation of the Truth In Lending Act, and Intentional Infliction of Emotional Distress.

Other documents filed in the case indicate plaintiff entered into the loan at issue in 2005. Although another individual may be listed as a borrower in the loan documents, that individual is not a party here. Assuming plaintiff entered into the loan in 2005, she did not file the complaint until four years later. Because plaintiff proceeds *pro se*, the court provides plaintiff with information concerning potential problems going forward. The standards listed below relate to a motion to dismiss, should defendant chose to file.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.

In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. Id. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Frncisco, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes *pro se* pleadings liberally, giving plaintiffs every benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). At the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, if the well-pleaded factual allegations plausibly give rise to the relief sought, a court shall deny the motion to dismiss. Iqbal, 129 S.Ct. at 1950.

## DISCUSSION

The court begins by separating the factual allegations from the legal conclusions. Iqbal, 129 S.Ct. at 1950. The court struggles to find literally any specific factual allegations in the complaint. For example, the complaint alleges:

> Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant.
>
> Defendants committed numerous acts of fraud against Petitioner in furtherance of a carefully crafted scheme intended to defraud petitioner.

3  - ORDER

> Defendants failed to make proper notices to Petitioner that would have given Petitioner warning of the types of tactics used by Defendants to defraud Petitioner.
>
> Defendants charged false fees to Petitioner at settlement.

(Original Petition, 2.) The line between factual allegations and legal conclusions is often gray. One could make the argument that all of the examples listed above are merely legal conclusions. If so, they are not entitled to an assumption of truth. Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1949 (while detailed factual allegations are not required, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The other 28 pages in the complaint contain similar allegations/conclusions. If a complaint makes no specific factual allegations, the complaint does not raise any viable claims. See Iqbal, 129 S.Ct. at 1950. A complaint with no viable claims must be dismissed. Id. at 1954. Plaintiff has until February 14, 2011 to file an amended complaint.

Rather than a 28-page indictment on the lending industry as a whole, plaintiff may well be better off by submitting pleadings that contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief." See Federal Rule of Civil Procedure 8(a)(2). For example, using the examples above, what specific false fee did defendant charge plaintiff? Why was the fee "false?" What specific notice was plaintiff entitled to that she did not receive?

4 - ORDER

In addition to perhaps failing on a general level to allege any claim, the claims specifically raised in the complaint may contain deficiencies.

## I. Breach of Fiduciary Duty

Generally, arms-length banking and loan transactions do not constitute a special or fiduciary relationship giving rise to a fiduciary duty. Uptown Heights Associates Ltd. Partnership v. Seafirst Corp, 320 Or. 638, 650, 891 P.2d 639 (1995) (absent standard of care independent of contract at issue, bank under no obligation to refrain from foreclosing. Plaintiff alleges no facts supporting the conclusion that defendant here had any sort of heightened duty toward plaintiff.

## II. Negligence/Negligence Per Se

This claim could fail for the same reason stated above - plaintiff alleges no facts warranting the creation of any sort of duty owed by defendant. Rather, the relationship is typically an arms-length relationship.

As for Negligence Per Se, plaintiff makes general allegations that defendant violated the Real Estate Settlement Procedures Act and the Truth In Lending Act, but the complaint does not even allege which portion of the act(s) defendant violated. For example, plaintiffs do not plead what disclosures defendant failed to make in violation of the TILA. Conclusions alone will not defeat a motion to dismiss. Twombly, 550 U.S. at

5 - ORDER

555; Iqbal, 129 S.Ct. at 1949.

### III. Fraud

In Oregon, a plaintiff bringing a fraud claim must establish: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation will be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on the representation; and (9) injury. U.S. Nat'l Bank v. Fought, 291 Or 201, 220-221, 630 P.2d 337 (1981)(internal citation omitted). The two-year statute of limitations on fraud claims begins to run when a plaintiff knows or should have known of the fraud. Or. Rev. Stat. § 12.110(1); Mathies v. Hoeck, 284 Or. 539, 542, 588 P.2d 1 (1978).

When a plaintiff alleges fraud, Rule 9 requires specificity allowing defendant to actually defend the accusation rather than simply deny it has done anything wrong. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal citation omitted). In regard to surviving a motion to dismiss, specificity means a fraud claim requires an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Id.

////

6 - ORDER

## IV. Violation of the Truth In Lending Act

Like the complaint in general, this claim contains no specific factual allegation. The claim is one for a violation of TILA in general, with no reference to a particular section defendant allegedly violated.

Additionally, because claims under the TILA are subject to a one-year statute of limitations, plaintiffs claim could be time-barred. An action for damages under TILA is subject to a one-year statute of limitations. 15 U.S.C. § 1640(f). Generally, the statute of limitations begins to run at the consummation of the loan. King v. California, 784 F.2d 910, 915 (9th Cir. 1987). Equitable tolling may suspend the limitations period if tolling would not frustrate the purposes of TILA and if the borrower did not have a "reasonable opportunity to discover the fraud or nondisclosures." Id.

On a related note, plaintiff appears to seek recission of the loan. The opportunity to rescind is available within three business days of either the consummation of the loan or the delivery of required disclosures, whichever is later. 15 U.S.C. § 1635(a). Even if the consumer never receives the required disclosures, the right to rescind expires, at the latest, three years after the consummation of the loan. § 1635(f); Beach v. Ocwen, 523 U.S. 410, 419 (1998). Because plaintiff did not bring the complaint until four years after entering the loan, the

7 - ORDER

rescission claim appears to be time-barred.

## V. Real Estate Settlement Procedures Act

RESPA provides a private right of action for a claim of a kickback in exchange for real estate services. 12 U.S.C. § 2607(d). This claim, however, is subject to a one-year statute of limitations. 12 U.S.C. § 2614. Other RESPA claims are subject to a three-year statute of limitations. Id. As noted above, plaintiff filed the complaint four years after entering into the loan.

## VI. Additional Claims and Defendants

Plaintiff appear to raise other claims related to defendant's standing to foreclose and allegations relating to the "splitting" of the note and deed. Additionally, plaintiff appeared to raise an argument related to MERS during the latest telephone conference. The court will not review the sufficiency of those claims at this time.

////
////
////
////
////
////
////
////

8  - ORDER

## CONCLUSION

The Court recently denied defendant's motion for summary judgment and set trial for April 12, 2011. Should plaintiff choose to file an amended complaint, she should do so by February 14, 2011 or risk having the complaint dismissed.

IT IS SO ORDERED.

DATED this __18__ day of January, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

9 - ORDER