Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON, <br><br> Plaintiff, <br><br> vs. <br><br> First Horizon Home Loan Corporation, <br><br><br><br> Defendants. | Case No. 10-03073 <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

## INTRODUCTION

In 2005 Mike A Richardson and Tamie S. Richardson entered into a construction loan with First Horizon Home Loan Corporation ("First Horizon") for the amount of $370,000.00 to build a residence on real property known as 746 Bailey Drive, Grants Pass, Oregon 97527. That loan was converted into a permanent loan upon completion of construction. In March of 2010, a non-judicial foreclosure was instituted for the failure to pay back this Loan as agreed. The Notice of Default alleged that payments of $1,888.54 per month have been delinquent since July of 2009. In response, and on August 9, 2010, Plaintiff, Tamie Richardson, filed the instant action, styled Original Petition, to stop this foreclosure, and praying for the following relief:

Memorandum In Support - 1

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

For an emergency restraining order enjoining lender and any successor in interest from foreclosing on Petitioner's Property pending adjudication of Petitioner's claims set forth herein;
For a permanent injunction enjoining Defendants from engaging in the fraudulent; deceptive, predatory and negligent acts and practices alleged herein;
For quiet title to Property;
For rescission of the loan contract and restitution by Defendants to Petitioner according to proof at trial;
For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;
For actual monetary damages in the amount
For pain and suffering due to extreme mental anguish in an amount to be determined at trial.
For pre-judgment and post-judgment interest according to proof at trial;
For punitive damages according to proof at trial in an amount equal to $78,326.22.
For attorneys fees and costs as provided by statute; and,
For such other relief as the Court deems just and proper.

However, in 28 pages Plaintiff provided literally no factual basis for the relief she is seeking. Her pleadings were obviously copied from a boilerplate form, leaving equally obvious blank spaces that were not completed. For example the address of Plaintiff, names of the defendants and the amount of the actual monetary damages were left blank. There was no description of the subject property of the complaint. Nor was there an explanation why the complaint is only filed in the name of Tamie Richardson, excluding the co-borrower Mike Richardson.[1]

As far as can be determined the main basis for the complaint was the allegation that First Horizon lacks standing to initiate foreclosure, that First Horizon was unjustly enriched because it received 5% of each late payment by Plaintiff, that the note and deed of trust were split and thus have become unenforceable in addition to unspecified violations of TILA and RESPA. The term "fraud" or derivatives of the word also appear in the pleadings.

---

[1] It would appear that the parties are divorced.

Memorandum In Support - 2

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Numerous motions followed and the parties have conducted discovery.  Based on the pleadings filed the following facts can be considered as established and not in dispute:

Plaintiff Tammy Richardson and Mike S. Richardson obtained a real estate loan and signed a promissory note in the original principal amount of $370,000.00.  The loan number is 0052773397. The note was secured by a Deed of Trust, encumbering Plaintiff's residence known as 746 Bailey Drive, Grants Pass Oregon 97527 and recorded April 15, 2005 as Instrument # 2005-008429 in Josephine County, Oregon. The Deed of Trust identifies First Horizon Home Loan Corporation as the Beneficiary.  Mortgage Electronic Recording Systems (MERS) is not named in the instrument and this loan is not part of the MERS system.   The note identifies Defendant First Horizon Home Loan Corporation as the Lender.  The note is transferable.  The Deed of Trust was modified by Instrument recorded March 29, 2006 as Instrument # 2006-006558.

The Loan is currently owned by a securitization trust, First Horizon Alternative Mortgage Securities Trust 2006-AA3, Mortgage Pass-Through Certificates Series 2006-AA3,with the Bank of New York as the Trustee and was transferred to said trust pursuant to a Pooling and Servicing Agreement dated May 1, 2006 ("PSA").  The Note has been endorsed in blank.  First Horizon Home Loan Corporation now known as First Horizon Home Loans is the master servicer for the Loan pursuant to said PSA with authority to institute foreclosures.  MetLife Home Loans is the sub-servicer for the Loan.  The loan is owing for monthly payments since July 2009.  The total outstanding debt at this time is approximately $433,000.00, and it would take approximately $48,286.01 to reinstate and bring payments current.

A substitution was recorded November 16, 2009 as Instrument # 2009-017906, records of Josephine County, Oregon, appointing First American Title Insurance Company as successor trustee.

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

That substitution was signed by Wanda Collier, an employee of MetLife Home Loans. An assignment of the Deed of Trust to the above securitization trust was recorded on December 29, 2009 as Instrument # 2009-020021, records of Josephine County, Oregon. This assignment was also signed by Wanda Collier. First American Title Insurance Company recorded a Notice of Default and Election to Sell on March 30, 2010, as Instrument # 2010-004090, records of Josephine County, Oregon. Plaintiff has tendered neither amounts for reinstatement nor pay-off. Defendant has provided Plaintiff with complete copies of any closing documents in Defendant's possession or control.

In an order entered on January 18, 2011, the court found that Plaintiff's complaint lacked specific factual allegations to create viable issues. The court suggested that Plaintiff concentrate on short and plain statements of fact. In addition the court provided sample suggestions for a proper pleading:

> "For example, …, what specific false fees did defendant charge plaintiff? Why was the fee 'false?' What specific notice was plaintiff entitled to that she did not receive?" Docket #69, page 4.

On February 11, 2011, Plaintiff filed an Amended Complaint. The allegations have been shortened by 8 pages and the paragraphs are now numbered. It confirms that the subject of this complaint is a loan secured by a deed of trust on real property known as 746 Bailey Drive, Grants Pass, Oregon 97527. However, the Amended Complaint remains a recitation of legal conclusions and general complaints as to the mortgage industry. The court's suggestions have generally been ignored. Specific factual allegations remain few and far in between, leaving it to the court and the Defendant to parse out factual allegations from legal conclusions.

The Amended Complaint lists 8 causes of action:

1. Fraud

Memorandum In Support - 4

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

2. Breach of Contract
3. Breach of the Implied Covenant of Good Faith and Fair Dealing,
4. Breach of an Implied Contract
5. Breach of Fiduciary Duty
6 TILA Violations
7. RESPA Violations
8. Intentional Infliction of Emotional Distress.

With respect to the allegation of Fraud, the factual allegations are as follows:

1. The Promissory Note was separated from the Deed of Trust.  See Paragraph 67, Page 9, Amended Complaint.
2. The loan was sold into Mortgage Backed Security with the Bank of New 273 York Mellon fka The Bank of New York, as trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement filed with the Securities and Exchange Commission on April 24, 2006, SEC #333-132046-01.  *See* Paragraph 68, Page 9, Amended Complaint.
3. Defendant violated the Pooling and Servicing Agreement of the Mortgage Backed Security. *See* Paragraph 69, Page 9, Amended Complaint.
4. Defendant lied to Plaintiff by telling Plaintiff "she did not qualify for any type of loan modification when, in fact, … a loan modification was denied due to restrictions … in the Pooling and Servicing Agreement." *See* Paragraph 78, Page 10, Amended Complaint.
5. There were numerous errors and omissions in documents filed as part of the foreclosure. *See* Paragraph 79, Page 10, Amended Complaint.

These same factual allegations are also the basis for the Breach of Contract Claim.  With respect to the Breach of the Implied Covenant of Good Faith and Fair Dealing claim, Plaintiff adds these additional factual allegations:

6. Defendant failed to provide proper disclosures and right to cancel at origination. *See* Paragraph 110, Page 12-13, Paragraph 126, Page 14 Amended Complaint.
7. Defendant failed to respond to information requests in good faith. *See* Paragraph 110, Page 13, Amended Complaint.
8. Plaintiff failed to properly document substitutions and assignments. *See* Paragraph 110, Page 13, Amended Complaint.

These allegations also serve as a basis for the remainder of the causes of action.  They are essentially the same allegations put forward in the original pleadings.  Plaintiff is concerned on the one

Memorandum In Support - 5

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

hand with alleged disclosure violations at origination and, on the other with the undisputed fact that this loan was transferred into a securitized trust.  Thus the complaint can be summarized as follows:

1. The transfer of the loan in a securitized trust split the Promissory Note and Deed of Trust and therefore the loan is no longer enforceable.

2. Defendant failed to make proper disclosures upon loan origination.

What is missing is any allegation that Plaintiff was not in default.  In fact, the Amended Complaint implicitly admits this and the record before the court shows that there is no dispute that Plaintiff has used and enjoyed the subject property for more than a year and a half without making any loan payments of any kind.  Repeated attempts to mediate or resolve this complaint through negotiations have been rebuffed by Plaintiff despite her allegations that she sought a workout and that such workout was denied.

## STANDARD

On a motion to dismiss, the court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss under Rule 12(b) (6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. *Id.* In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. *Id.* All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *American Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes *pro* se pleadings

Memorandum In Support - 6

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

liberally, giving plaintiffs every benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).

Nevertheless, at the pleadings stage, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Detailed factual allegations are not required, but the allegations have to be more than a formulaic "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. The pleadings have to show more than simply "recitation of the elements of a cause of action," supported only by "naked assertion." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter from which a court can draw a reasonable inference that a defendant is liable for the misconduct alleged. *Id.* This is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct … the pleader is entitled to relief." *Id.* At 1950 (*citing* Fed. R. Civ. P. 8(a)). If a complaint makes no specific factual allegations, this does not raise any viable claims. *See Iqbal*, 129 S.Ct. at .1950. A complaint with no viable claims must be dismissed. *Id. at* 1954.

The Plaintiff in this action has thus an affirmative duty to set forth "specific" facts showing that there remains a genuine  issue for a "plausible case."  As discussed below Plaintiff has utterly failed to do so.

# I.    ARGUMENT

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## 1.    SPLITTING - THE NOTE AND DEED OF TRUST DID NOT BECOME SEPARATED

Plaintiff parrots the fashionable allegation that splitting a note and mortgage make them unenforceable. However, such a result is generally considered "economically wasteful and confers an unwarranted windfall on the mortgagor." *Restatement of the Law, Third, Property (Mortgages), § 5.4 Transfer of Mortgages and Obligations Secured by Mortgages, Comment a.* It is thus a result that is generally to be avoided, *unless the parties specifically agree to the contrary. Id.*

Generally, transfers of the obligation also transfer the mortgage, and transfers of the mortgage also transfer the obligation. *Id., Comment b and c.*

"[T]the obligation will 'follow' the mortgage even if not expressly mentioned in any document of transfer. The reason, …, is that this is ordinarily what the parties desire and expect when a mortgage is assigned. As a result this section is designed to carry out the parties' intention even though they, through ignorance or inadvertence, have not fully documented it . *Id., Comment c* .

Said in another way, separating a note and deed of trust is a result that the law avoids for equitable reasons <u>unless</u> there is an express intend to separate the two.

The law in Oregon is that the security generally follows the debt. *Barringer v. Loder*, 47 Ore. 223, 81 P. 778 (1905).  A note maybe transferred without any formal assignment. *Schleef v. Purdy*, 107 Ore. 71, 214 P. 137 (1923).  Therefore a written assignment is optional. *See Barringer, supra.*

Most importantly no facts are alleged as to how this alleged separation injures the Plaintiff. This idea, that somehow one can escape one's obligations under a contract, by arguing that the promise has become unsecured, is based not on Oregon law, common law or otherwise, but ideas and cases that freely float through the internet, without any actual relationship link to Oregon law or reality.  The fact is that the note and deed of trust where never legally separated.

Memorandum In Support - 8

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## 2. REAL PARTY IN INTEREST AND STANDING – FIRST HORIZON HAS THE AUTHORITY TO INSTRUCT THE CURRENT TRUSTEE TO INSTITUTE A FORECLOSURE

**(a) A Party To A Contract Can Enforce The Contract Even If It Is Not The Ultimate Beneficiary Of That Agreement.**

Plaintiff also makes the conclusory allegation as part of a "standing argument" that "the lack of a proper chain of custody documentation gives Plaintiff cause to believe defendant is not the proper agent of the real party in interest." *See Amended Complaint*, Page 3, Paragraph 15. Clearly the law allows parties to enforce contracts even if they are not the ultimate beneficiary of that contract; even if they are "collectors" only. Federal Rule of Civil Procedure 17 enumerates parties who can specifically sue in their own name, i.e. parties that are "authorized by statute," "administrator[s]," "bailee[s]" and "trustee[s] of an express trust, and generally, any party in whose name a contract has been made, even if the contract benefits another. FRCP 17.

Thus even if Plaintiff is correct that a standing analysis is proper in this case, statute provides a broad list of parties that can enforce contracts in their own name without being "the party for whose benefit the action is brought." Rule 17 simply does not require that every action be brought in name of person who ultimately will benefit from any recovery, as Plaintiff implies. *Honey v George Hyman Constr. Co. (1974, DC Dist Col) 63 FRD 443, 18 FR Serv 2d 1347; Mitsui & Co. v Puerto Rico Water Resources Authority (1981, DC Puerto Rico) 528 F Supp 768.*

In addition the Oregon Supreme Court has ruled on several occasions that a party, who is the named beneficiary on a mortgage or deed of trust, can enforce the same even if they are not the ultimate beneficiary. *Leveton v. Frederick C. Jensen Organization*, 286 Ore. 143, 146 (Or. 1979)(the fact that part of the money is owed to someone else is immaterial), *Beck v. David*, 128 Ore. 542, 544-

Memorandum In Support - 9

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

545 (Or. 1929).   A mortgage servicer also has standing to sue in his own name. *CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 501 (7th Cir. Ill. 2010), relying on *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 2541, 171 L. Ed. 2d 424 (2008), *also see Sturgis v. Baker*, 43 Ore. 236, 243 (Or. 1903) ("[I]n law a collecting bank is the agent of the holder of the note…") .

In the present case, the named Defendant is expressly named in the mortgage instruments. Thus, First Horizon would be entitled to seek a judicial foreclosure in its own name under the real party in interest rule, if it chose to do so, even if it is only "collecting" and not the ultimate beneficiary.

**3.   BREACH OF CONTRACT- PLAINTIFF HAS FAILED TO SHOW ESSENTIAL ELEMENTS OF A BREACH OF CONTRACT CLAIM**

The essential elements of a breach of contract claim are:

1.   The existence of a contract;
2.   Relevant Terms;
3.   Plaintiff's own performance;
4.   Breach by the Defendant;
5.   Damages resulting from such breach.
     *Slover v. Oregon State Bd. of Clinical Social Workers*, 144 Ore. App. 565, 570, 571, 927 P.2d 1098 (1996).

The contract at issue is the mortgage loan which Plaintiff obtained.   She has alleged in broad, conclusory language a breach of that loan contract.   However, her Amended Complaint is void of any allegations as to relevant terms that were allegedly breached. Nor has she alleged that she herself performed under the contract.   Quite the contrary, in arguing that she cannot afford the obligation and that she was unsuccessful in modifying her loan she implicitly admits that she failed to perform.   Most important, her allegations as to damages as a result of alleged breaches are mere conclusory statements, unsupported by any factual allegations.   Her so called "damages" are a direct contractual consequence

Memorandum In Support - 10

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

of her own actions, not a loss of a contractual bargain.  What she is arguing is that the exercise of the contractual remedy of foreclosure will damage her because she will lose the property she obtained through that contract.  However, that is not a basis for a claim for damages, since the exercise of that remedy is a direct result of her own non performance.

There are generally two types of contractual damages, compensatory damages, and reliance damages.  Compensatory damages put the party back into the position he or she would have been in if the contract had been performed. *Shook v. Travelodge of Oregon,* 63 Or App 137, 663 P2d 1280 (1983).  Reliance damages are expenses incurred in reliance on the contract. *Brenneman v. Auto-Teria, Inc.,* 260 Or 513, 520–521, 491 P2d 992 (1971) Reliance damages are ordinarily sought when expectation damages such as lost profits cannot be proved with the required degree of certainty. *Restatement (Second) of Contracts §349 (1981).*   Plaintiff simply has failed to allege either such reliance or expectation damages.  In fact, quite the opposite is true.  It is Plaintiff that is damaging Defendant by impairing a contractual remedy.

### 4.    BREACH OF GOOD FAITH – EXERCISING CONTRACTUAL REMEDIES IS NOT A BREACH OF GOOD FAITH UNDER ORGEON LAW

Plaintiffs allegations of the Breach of the Implied Duty of Good Faith and fair dealing boils down to the simple accusation that "Defendant acted at all times relevant with bad motives or intentions."  *See Amended Complaint*, Page 12, Paragraph103.   Oregon courts have recognized the implied covenant of good faith and fair dealing.  *Uptown Heights Associates v. Seafirst Corp.,* 320 Or 638, 645, 891 P2d 639 (1995). This covenant implies that neither party will engage in any act that will "have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Perkins v. Standard Oil Co.,* 235 Or 7, 16, 383 P2d 107, 383 P2d 1002 (1963).  This does not

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

mean, however, that a party must refrain from exercising its contractual remedies.    Only the "objectively reasonable expectations" of a party are protected.  *Uptown Heights, supra at 64*5.  The duty of good faith and fair dealing in matters of contract "cannot contradict an express contractual term, nor does it provide a remedy for an unpleasantly motivated act that is permitted expressly by contract." *Stevens v. Foren,* 154 Or App 52, 58, 959 P2d 1008 (1998); *Flynn v. Hanna,* 204 Or App 760, 774, 131 P3d 844 (2006).  The court will not examine the alleged motives of parties.  *Flynn, supra.*

Exercising contractual remedies does not violate the duty of good faith:

"[I]f a written contract between the parties expressly allows for a particular remedy by one of the parties, in the face of a specified breach, the parties' objectively 'reasonable expectations' under the contract include the invocation of that remedy in the face of that breach. The party invoking its express, written contractual right does not, merely by so doing, violate its duty of good faith."

*Uptown Heights, supra.*

## 5.  BREACH OF IMPLIED CONTRACT - PLAINTIFF HAS FAILED TO ALLEGE FACTS THAT WOULD GIVE RISE TO AN IMPLIED CONTRACT.

Plaintiff has restated her previous allegations that First Horizon would be unjustly enriched through the foreclosure of the subject property as a claim for breach of an implied contract.  Plaintiff fails to be specific again as to the terms of that "implied contract."  However, her claims all seem to relate to her loan agreement. There cannot be an implied contract and an express contract at the same time.  *Prestige Homes Real Estate Co. v. Hanson, 151 Ore. App. 756, 762 (Or. Ct. App. 1997), citing Porter  Const. Co. v. Berry et al.*, 136 Ore. 80, 85.

## 6.  ALLEGED VIOLATIONS OF TILA AND RESPA ARE BARRED

Plaintiff has also made reference to the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA").

Memorandum In Support - 12

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

However, the allegations are completely based on conclusory allegations without factual support.[2]  In addition they are time barred, since the allegations are based on alleged failure to make disclosures at closing.

**(a)    Claims For Damages Or Attorney Fees Under TILA Are Time-Barred.**

The applicable statute of limitations for violations of TILA is one year from the date of the occurrence.   15 U.S.C. § 1640(e).  Plaintiff obtained her loan in early 2005, more than 5 years before she commenced this lawsuit.  The adequacy of TILA disclosures is measured at the time the credit is extended. *See, e.g., Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978) (adequacy of a disclosure is measured at the time the credit is extended, thus the period under Section 1640(e) began to run when contract was executed). Accordingly, the statute of limitations for damages under TILA expired four years ago.

**(b)    Plaintiff has failed to allege a factual basis for rescission under TILA.**

To the extent that Plaintiff seeks rescission under TILA, TILA requires notice of the intent to rescind.  *See* 15 U.S.C. § 1635(a)-(b). There is no allegation that she has given notice of her intent to rescind or tendered repayment of the loan proceeds.  Where the plaintiff is unable to tender back the proceeds received from the lender, the case should be dismissed. *See Yamamoto v. Bank of New York,* 329 F.3d 1167, 1168 (9th Cir. 2003). In addition it is untimely. 15 U.S.C. § 1635(f) provides that "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first …." *Also see Beach v. Ocwen*, 523 US 410, 419 (1998).

**(c)    Violation of RESPA are time barred.**

---

[2] In addition, the record before the court establishes that her allegations are false.

Memorandum In Support - 13

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

As with Plaintiffs' other claims, her claims for damages under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et. seq.*, are based on alleged disclosure violations at closing. The Complaint does not identify which provision of the statute was allegedly violated. The most likely candidate appears to be alleged violations of the "anti-kickback" provisions of RESPA. However such or similar claims are again time-barred. *See* 12 U.S.C. § 2614. *See also Edwards v. First Am. Corp.*, 517 F. Supp. 2d 1199, 1204 (C.D. Cal. 2007).

In addition, Plaintiff has only alleged statutory damages and has provided no basis for actual damages.   Alleging a breach of RESPA duties by itself does not state a claim under RESPA. *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006), 12 U.S.C. § 2605 (f) (1) (A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); Cortez v. Keystone Bank, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40  (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)").

## 7.    THERE IS NO BREACH OF FIDUCIARY DUTY.

Plaintiff's reference to Breach of Duty also fails because, as a matter of law, arms-length banking and loan transactions do not constitute a special or fiduciary relationship giving rise to a fiduciary duty. *See Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 649-650, 891 P.2d 639 (1995) Defendant was under no obligation to refrain from foreclosure absent some standard of care independent of the contract.  Plaintiff still does not allege any facts supporting her conclusions that Defendant had some special duty to Plaintiff.  In addition, any such claim would be beyond the statute of limitations in any case. *See* ORS 12.110(1).

Memorandum In Support - 14

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1

2

3

8.  **FRAUD CLAIMS CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE WITH PARTICULARITY THE CIRCUMSTANCES CONSTITUTING FRAUD.**

4

5

    Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure fraud has to be alleged with

6

particularity.  It requires parties to "state with particularity the circumstances constituting fraud"—the

7

party must "state the time, place, and specific content of the false representations as well as the

8

identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*

9

*Inc.*, 806 F2d 1393, 1401 (9th Cir 1986),  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

10

11

To establish Fraud in Oregon Plaintiff has to establish nine elements:
    (1) a representation;
    (2)' its falsity;
    (3) its materiality;
    (4) the speaker's knowledge of its falsity or ignorance of its truth;
    (5) the speaker's intent that the representation will be acted on by the person and in the manner reasonably contemplated;
    (6) the hearer's ignorance of its falsity;
    (7) the hearer's reliance on its truth;
    (8) the hearer's right to rely on the representation; and
    (9) injury resulting therefrom.

12

13

14

15

16

                                    *U.S. Nat'l Bank v. Fought,* 291 Or 201, 220-221, 630 P.2d 337 (1981).

17

18

    Plaintiff's Amended Complaint fails to allege any specific facts establishing any of the nine

19

elements beyond general allegations of "fraud."  For example, Plaintiff alleges that she was deceived as

20

to why her loan modification was denied, and that this constitutes fraud: "Defendant intentionally

21

misled and lied to this Plaintiff by telling Plaintiff she did not qualify for any type of loan modification

22

when, in fact, … a loan modification was denied due to restrictions … in the Pooling and Servicing

23

Agreement." *See* Paragraph 78, Page 10, Amended Complaint.  However, the alleged representation,

24

i.e. that Plaintiff was told her loan modification was denied, is not false, nor did the alleged false

25

26

representation create an injury since Plaintiff admits (or rather asserts) that she is ineligible for a loan

27

Memorandum In Support - 15

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

modification. Another example is the transfer of the loan into a securitized trust. There is no allegation that Defendant made any representations, false or otherwise, with respect to the transfer, nor is there an allegation or a logical reason for any damages that resulted from that transfer.

9.   **THOSE THAT SEEK EQUITY MUST DO EQUITY – PLAINTIFF CANNOT SEEK RESCISSION OR OTHERWISE CHALLENGE A "WRONGFUL FORECLOSURE" WITHOUT TENDERING OR OFFERING TO TENDER THE LOAN PROCEEDS**.

Plaintiff ultimately is alleging that this loan that she obtained was unfair, unjust, or simply inequitable and that therefore she should not have to live with the consequences of her bargain. That is the heart of her pleadings. Her claims are aimed at avoiding the loan, rescinding the subject loan transactions, or to quiet title, which would be a de facto rescission. But while she pleads with this court for justice, nowhere in the Complaint does Plaintiff allege that she is able and willing to tender the money she has borrowed in return, or that the debt is otherwise not due somehow. Equity is not on her side.

"[T]he law will not require the doing of a useless act." *Daugharty v. Gladden,* 217 Ore. 567, 578 (Or. 1959). It would be a futile exercise to stop this foreclosure on the grounds Plaintiff advance, unless she can establish her ability to pay off or reinstate the loan. *See for example United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).

That is a vital element to Plaintiff's cause of action. Generally, a court of equity will not interfere in the absence of some fraud or improper practice *Johnson v. Feskens*, 146 Ore. 657, 661 (Or. 1934). And, "he who seeks equity must do equity." *Jensen v. Probert*, 174 Ore. 143, 149 (Or. 1944). So for example, to have a court determine that an "equitable mortgage" exists, tender must be alleged. *Marshall v. Williams*, 21 Ore. 268, 275 (Or. 1891), *also see, Stations West, LLC v. Pinnacle Bank of*

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

*Oregon*, 338 Fed. Appx. 658, 660 (9th Cir. 2009)(unpublished)(Plaintiff failed to allege it could remedy notice of default.)  This is because there can be no wrongful foreclosure unless the debt was not due. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (Nev. 1983) ("material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.")

Moreover, a party seeking to stop or reverse foreclosure proceedings must first make a "valid and viable tender [offer] of payment of the indebtedness." *Karlsen v. American Sav. & Loan Assn, 15 Cal. App. 3d 112, 117 (2d Dist. 1971); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (2d Dist. 1984)* ("an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."); *see also Keen v. Am. Home Mortgage Svcg, Inc*., No. 2:09-cv-01026-FCD-KJM, Docket No. 36, slip op. at p. 22 (E.D. Cal. Oct. 21, 2009) (dismissing wrongful foreclosure claim on the ground that the Plaintiff failed to allege that they had tendered, or at minimum, that they was able and willing to tender, the loan proceeds), *Stations West, supra.*

The bottom line is that Plaintiff must be able to return the funds she borrowed before she can rescind this loan or quiet title to the subject property. Thus, as a threshold matter, if the Plaintiff is unwilling or unable to rescind, this matter cannot stand.


## 10.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – PLAINTIFF HAS FAILED TO ALLEGE FACTS THAT GIVE RISE TO SUCH TORT

The elements of the intentional tort Infliction of Emotional Distress are as follows:

(1) The defendant intended to inflict severe mental or emotional distress;

Memorandum In Support - 17

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

(2) The defendant's acts in fact caused the plaintiff to suffer such distress; and

(3) The defendant's actions constituted an extraordinary transgression of the bounds of socially tolerable conduct.

*McGanty v. Staudenraus,* 321 Or 532, 543, 901 P2d 841 (1995) (citing *Sheets v. Knight,* 308 Or 220, 236, 779 P2d 1000 (1989)); *Patton v. J.C. Penney Co.*, 301 Or 117, 719 P2d 854 (1986)

The role of the trial court is to evaluate the viability of an Emotional Distress claim as a "gatekeeper" by assessing the alleged conduct to determine whether it goes beyond the furthest reaches of socially tolerable behavior. *House v. Hicks,* 179 P.3d 730, 736 (Or. Ct. App. 2008); *see also Pakos v. Clark,* 453 P.2d 682, 691 (Or. 1969)

1. Intent

To show intent, Plaintiff has to plead specific facts showing that the Defendant intended to cause the severe emotional distress. *Richer* v. *Poisson,* 137 Or. App. 157, 160,903 P.2d 932 (1995). Here, the amended complaint concludes that the defendant knew or should have known that its actions would cause Plaintiff to suffer emotional damages but, it does not include any specific facts to support that allegation.

2. Severe Emotional Distress

"Emotional distress includes mental suffering, mental anguish, mental or nervous shock, fright, and all highly unpleasant mental or emotional reactions" *Gunter* v. *Guardian Press Found., Inc.,* No. 02-6254,2006 U.S. Dist. LEXIS 34691, at *12 (D. Or. Mar. 28, 2006). However, the "emotional distress must be substantial or enduring, as distinguished from trivial or transitory." *Gunter,* supra. Here, the amended complaint alleges that the plaintiff suffered ""economic and non economic harm." It does not, however, include any facts indicating that her alleged distress was substantial or enduring.

Memorandum In Support - 18

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

3. Extreme and Outrageous Conduct

Courts generally conduct a "fact-specific" inquiry to determine whether conduct is extreme or outrageous, *House,* 218 Or. App. at 358. The Court first inquires whether defendant has a special relationship to the plaintiff that imposes a special duty or whether the defendant acted to "advance an unlawful or otherwise illegitimate end" or "to take advantage of an unusually vulnerable individual." *Id.* at 360, 365 n.6. Actionable conduct does not include harsh or inappropriate behavior common in day-to-day life. Insults, rude behavior, or harsh or intimidating words ordinarily do not result in liability for damages even when intended to cause distress. *Brewer v. Erwin,* 287 Or 435, 457, 600 P2d 398 (1979).

Here, Plaintiff has failed to allege facts that suggest the Defendant engaged in conduct beyond the mere exercise of a contractual right. The exercise of that right cannot be considered outrageous conduct.

## 11.  <u>ARGUMENT AS TO ALTERNATIVE MOTIONS</u>

This case represents unusual circumstances in that it is brought by a pro se Plaintiff who has displayed reluctance to communicate with the opposing party other than in writing and who has displayed a tremendous amount of distrust and anger. She is emphatic in her pleadings, which leads one to give her the benefit of the doubt, even when her pleadings lack specific facts or are contradicted by the record. From a factual and legal standpoint this case is a very straight forward case that could and should have been resolved quickly. Her amended complaint confirms that this case is not about a legal wrong, but about someone attempting to remain in the subject property even though they are unable to afford to repay their loan. Defendant is not in the business of real estate, but in the business

Memorandum In Support - 19

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

of servicing mortgage loans.  As such Defendant also has an interest to avoid foreclosure.  At the same time Defendant is duty bound to protect contractual remedies, the most important of which is the right to exercise the power of sale. Without means of enforcing a contract a contract becomes meaningless. The right to enforce contractual remedies is the most important part of any contract.  *Edwards v. Kearzey*, 96 U.S. 595, 24 L. Ed. 793.  This is the reason why Defendant seeks dismissal of this action. At the same time Defendant realizes that a negotiated resolution would be preferable for all parties. Defendant remains willing and able to negotiate such a resolution.

However, this matter has caused Defendant already substantial damages in terms of lost interest, time and litigation costs.  These costs are only to increase unless this matter is dismissed immediately, or the action is stayed pending a resolution through negotiations.  On the other hand, Plaintiff has been able to enjoy the benefits of her bargain unencumbered by the contemporaneous obligations she undertook.  While a temporary injunction without any bond may have been justifiable in the initial phases of this action, there can be no longer a justifiable reason in light of the legal and factual deficiencies of this action.

## A. A TEMPORARY INJUNCTION OR RESTRAINIG ORDER IS NOT WARRANTED AND SHOULD BE LIFTED UNLESS PLAINTIFF COMITS TO A SUBSTANTIAL SECURITY

The grant or denial of a temporary restraining order or a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. *See Inland Steel v. U.S.,* 306 U.S. 153 (1939); *Deckert v. Independence Shares Corp*., 311 U.S. 282 (1940); and *Stanley v. Univ. of Southern California,* 13 F.3d 1313 (9th Cir. 1994).

It is considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See: Sampson v. Murray,* 415 U.S. 61 (1974)*;*

Memorandum In Support - 20

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

*Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co.,* 363 U.S. 528, (1960); and

*Stanley v. Univ. of Southern California,* 13 F.3d 1313 (9th Cir. 1994). The party moving for a

preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

that an injunction is in the public interest." *Winter v. Natural Resources Def. Council, Inc*., 129 S. Ct.

365, 374 (2008).

> A speculative injury is insufficient to support a finding of irreparable harm:
>
> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. *Carribean Marine Service Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

Ultimately the purpose of an injunction *pende lite* is to preserve the status quo so that the court

can properly consider the facts and the law and to preserve the rights of the parties until the court can

make a decision based on the law after reviewing relevant facts.  *Textile Unlimited, Inc. v. A..BMH and*

*Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001)., *also See Doninger v Niehoff* (2007, DC Conn) 514 F

Supp 2d 199.( mandatory injunction that alters (rather than merely maintaining) existing status quo,

higher legal standard applies; plaintiff must show "clear" or "substantial" likelihood of success on

merits), *Nintendo of Am. v. Lewis Galoob Toys*, 16 F.3d 1032 (9th Cir. Cal. 1994)( A party has been

wrongfully enjoined when it turns out the party enjoined had the right all along to do what it was

enjoined from doing.)  However, at least at this point, the current injunction has changed the status quo,

and provides Plaintiff with relief before a final decision and upon the flimsiest of pleadings while

impairing defendant's contractual remedies.

Memorandum In Support - 21

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Federal Rule of Civil Procedure 65(c) unambiguously requires the posting of security or a bond:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The Court has discretion as to the amount "where requiring security would effectively deny access to judicial review." *Van Raden v. City of Portland*, 2001 U.S. Dist. LEXIS 7745, 22-23 (D. Or. 2001), *citing People ex rel. Van de Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985). This is no longer the case. Plaintiff had the opportunity to represent her case. At this point an injunction without security stands equity on its head. Whatever equities there were present when this matter was initiated; those equities have shifted since Defendant is being continuously denied its right to exercise its contractual remedies. Therefore in the Court does not dismiss the Amended Complaint with prejudice, Defendant respectfully requests that Plaintiff be ordered to post a bond in the amount of her current arrears of $48,286.01 and to pay her monthly mortgage payments of $1,888.54 into the court registry while this action is pending.

## CONCLUSION

Plaintiff's case is without any basis in law or fact. Her pleadings bear no relation to actual facts. They are simply wild theories copied from internet sites without any basis in fact. Plaintiff has defaulted on her mortgage, and through instituting this action has been able to delay the lawful foreclosure of the security. She has lived in the subject property for free for a year and a half, while causing Defendant substantial and ultimately unnecessary expenses. This complaint is simply frivolous and should be dismissed accordingly. If there is a reasonable way to prevent the foreclosure,

Memorandum In Support - 22

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Defendant remains willing and able to find that way, however, that does not mean that Defendant should be denied its contractual rights.

DATED February 17, 2011

McCarthy & Holthus, LLP

*/s/ Holger Uhl*

By_____
Holger Uhl, Of the Firm
Attorneys for First Horizon Home Loan Corporation

Memorandum In Support - 23

**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1

2

## <u>CERTIFICATE OF SERVICE</u>

3       I HEREBY CERTIFY that on  February 17, 2011, I served a copy of the foregoing on CM/ECF

4   Registered Participants as reflected on the Notice of Electronic Filing:

5   • 

6

7       Additionally, a copy of the foregoing was served on the following parties by first class mail,

    postage prepaid, addressed to:

8

    Tamie Richardson
9   746 Bailey Drive
    Grants Pass, OR 97527
10

11  JUDGE'S COPY:

12  Hon. Owen M. Panner
    United States Courthouse
13  310 West Sixth Street
    Medford, Oregon 97501-2710

14

15

16                                          */s/ Holger Uhl*

17                                          _____

                                            Holger Uhl
18

19

20

21

22

23

24

25

26

27

Memorandum In Support - 24                                      **McCarthy & Holthus LLP**
                                                                19735 10th Avenue, Suite N-200
                                                                Poulsbo WA 98370
                                                                Phone: 206.319.9100 Ext. 8045
                                                                Fax: 206.780.6862
                                                                Direct: 206.319.9045