1 Tamie Richardson
2 746 Bailey Drive
3 Grants Pass OR  97527

4 UNITED STATES DISTRICT COURT
5 DISTRICT OF OREGON

**Tamie Richardson**

Plaintiff,

vs.

**First Horizon Home Loan Corp**

Defendant

Case #  10-3073 PA

**PLAINTIFFS REPLY TO DEFENDANTS OPPOSITION TO MOTION TO STRIKE AND COMPEL**

Dated: March 17, 2011

6

7     COMES NOW, Plaintiff Tamie Richardson to reply to Defendants *Opposition to Motion to*
8 *Strike and Compel.*
9     (1)    Defendant states that Plaintiff is falsely accusing counsel and the Defendant of not
10 responding to discovery requests and ignoring a court order. The Defendant has certainly
11 responded to Plaintiffs request for production of documents, just not documents that have been
12 requested on numerous occasions since November, 2010.
13     (2)    Defendant states they have "produced extensive documents and records". This
14 statement is certainly a true statement, however, Defendant has wasted considerable time, energy
15 and expense by sending over 1,200 pages of documents which includes duplicates, triplicates and
16 even four copies of some documents. Even with all the documents Mr Uhl has sent he still has
17 not provided to me the majority of the items as outlined in my requests and ordered by this court.
18     (3)    Defendant also asserts that they have responded to all interrogatories and requests
19 for admissions. This statement is partially false. Plaintiff has never sent interrogatories to the
20 Defendant managed Mr Uhl managed to do-si-do around all of the admission questions so as to
21 avoid having to answer them.
22     (4)    Defendant has once again confirmed in this latest motion that First Horizon Home
23 Loan Corporation does not own the note as stated on page 2, line 2 of the motion which states
24 "the note was endorsed in blank by First Horizon Home Loan Corporation." If the note has been

1  endorsed then First Horizon Home Loan Corporation cannot be the owner of the note and does
2  not have standing to foreclose.
3      (5)    Endorsing the note 'in blank' appears to be a requirement for advance funding
4  according to a letter from Mr John A Courson, President and Chief Executive Officer of
5  Mortgage Bankers Asssociation. In a letter dated February 5, 2009 and addressed to The
6  Honorable Timothy F Geithner, Secretary of the Treasury, Mr Courson specifically states on
7  page 4 under "Dry Funded State" that the mortgage note is <u>handed over to the warehouse bank</u>
8  <u>endorsed 'in blank'</u>. It further states that it "allows the warehouse lender to step into the shoes of
9  the mortgage lender and **own these loans**" and "not only does the warehouse lender have the
10 ability to **own the loan**, it can deliver that loan into the secondary market at a pre-determined
11 price". In short, First Horizon Home Loan Corporation NEVER lent any of it's own money, it
12 was all fronted by a warehouse bank. Therefore, there can be no injury which occurred to First
13 Horizon Home Loan Corporation. They have never owned the note, never advanced funds and
14 now are not entitled to foreclose on my property. (EXHIBIT 1)
15     (6)    Defendant further asserts that the Defendant is merely "the servicer" of the loan
16 (page 2, line 3 of Defendants pleading). If First Horizon Home Loan Corporation doesn't own
17 the note and are merely servicing the account, this once again begs the question that Plaintiff has
18 been trying to determine since August 2010 – who actually owns my Note and Deed of Trust.
19     (7)    Defendants regurgitation of his chain of title does nothing more than to prove that
20 there should be, at minimum, four endorsements on my note, none of which have been produced
21 to date.
22     (8)    Mr Uhl mentions that an Assignment into the securitization trust and an
23 Appointment of Successor Trustee are on file in Josephine County. Plaintiff re-asserts and is
24 prepared to prove at trial that these documents were fraudulently prepared, invalid on their face
25 and should be striken from the records.
26     (9)    The Assignment of Deed of Trust is dated and signed by Wanda Collier on
27 October 16, 2009, however the document was not notarized until December 8, 2009 and not
28 recorded until December 28, 2009. Pursuant to the terms of the Pooling and Servicing
29 Agreement ("PSA"), which was written by the Defendant, the Assignment had to occur by cut-
30 off date of the PSA which was May 30, 2006. By failing to comply with their own PSA, they
31 have filed invalid documents in their unlawful attempt to forclose on my property.

1   (10)  The entire securitization process consists of a four way amalgamation. It is partly
2   1) a refinancing with a pledge of assets, 2) a sale of assets, 3) an issuance and sale of registered
3   securities which can be traded publicly, and 4) the establishment of a trust managed by third
4   party managers.
5   (11)  To avoid double taxation of both the trust and the certificate holders, mortgages
6   are held in Real Estate Mortgage Investment Conduits ("REMICS"). To qualify for the single
7   taxable event, <u>all interest in the mortgage are supposed to be transferred forward to the certificate
8   holders.</u> If the trust, or a servicer, or a trustee, acting on behalf of the trust, is found to have
9   violated the very strict REMIC guidelines (put in place in order to qualify as a REMIC), the
10  "pass through" tax status of the REMIC can be revoked. First Horizon Home Loan Corporation
11  has failed to satisfy this very critical step making them liable for the tax burdens - but the tax
12  issue is for another case, another day.
13  (12)  If the special purpose entity, or the assets transferred, qualify as a REMIC, then
14  any income of the Qualified Special Purpose Entity ("QSPE") is "passed through" and,
15  therefore, not taxable until the income reaches the holders of the REMIC, also known as
16  beneficiaries of the REMIC trust.  in order for the investment trust to qualify for the "pass
17  through" tax benefit of a REMIC (in other words, to be able to qualify to be able to be referred to
18  as a REMIC), **ALL LEGAL AND EQUITABLE INTEREST IN THE MORTGAGES
19  HELD IN THE NAME OF THE TRUST ARE VESTED IN THE INVESTORS**, not in
20  anyone else AT ANY TIME.
21  (13)  According to Section 860 of the Internal Revenue Code, in order for an
22  investment entity to qualify as a REMIC, all steps in the "contribution" and transfer process (of
23  the notes) must be true and complete sales between the parties and **must be accomplished
24  within the three month time limit from the date of "startup"** of the entity. Therefore, every
25  transfer of the note(s) must be a true purchase and sale, and, consequently <u>the note must be
26  endorsed from one entity to another.</u> First Horizon Home Loan Corporation failed to do this as
27  evidenced by the Assignment which was filed in the Josephine County Records Office on
28  December 28, 2009. This is a full three (3) years AFTER the required cut-off date.
29  (14)  Securitization also makes the mortgage and note unalienable. The reason is very
30  simple: once certificates have been issued, the note cannot be transferred, sold or conveyed; at
31  least not in the sense that such a transfer, sale, or conveyance should be considered lawful, legal,
32  and legitimate. This is because the securitized note forever changes the nature of that instrument

in an irreversible way. Thus, further evidence that the Assignment the Defendant filed three (3) years late is invalid.

(15) If the investment trust that owns the mortgage obligation is a REMIC, the trustee, the QSPE, and the other parties servicing the trust, have no legal or equitable interest in the securitized mortgages. Therefore, any servicer who alleges that they have the right, or that they have been assigned the right, to claim that they are the agent for the holder of the note for purposes of standing to bring an action of foreclosure, are stating a legal impossibility. A note that has been securitized and submitted to an entity qualifying as a REMIC and organized as a QSPE, is not enforceable.

(16) The servicer cannot claim to hold legal and/or equitable interest in the mortgages held in the name of an investment trust that also provides the (REMIC) pass through tax benefit to its investors.

(17) First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3 is clearly a REMIC as defined in their PSA:

**Tax Status**
"For federal income tax purposes, the trust will consist of one or more real estate mortgage investment conduits, one or more underlying REMICs (if any) and the master REMIC. The assets of the lowest underlying REMIC in this tiered structure (or the master REMIC if there are no underlying REMICs) will consist of the mortgage loans and any other assets designated in the pooling and servicing agreement. The master REMIC will issue several classes of certificates, which, other than the Class A-R Certificates, will represent the regular interests in the master REMIC. The Class A-R Certificates will represent ownership of both the residual interest in the master REMIC and the residual interests in any underlying REMICs."

(18) So exactly what does this mean? It means that the note has become unenforceable because the unnamed parties who are receiving the pre-tax income are the real parties in interest. They hold the legal and/or equitable interest in the mortgages held, but they do not have the ability to foreclose on any one individual mortgage because the mortgages held by the REMIC have all been bundled into one big income-producing unit. A lawful foreclosure cannot occur against a mortgage whose note has been securitized because of the lack of an actual damaged party who has standing to state a claim.

(19) One would have to ask themselves why would the Defendants record the Assignment on December 28, 2009, over three (3) years PAST the required cut-off date?

1    (20) The recorded Assignment states that "the Deed of Trust together with the Promissory Note" are being assigned "For value received". What value did First Horizon Home Loan Corporation receive for this and where is the evidence of endorsement of the Note?

(21) Defendant states that all documents regarding the HUD1 Settlement Statement have been produced. This statement is emphatically false. Plaintiff itemized in great detail charges reflected on the HUD1 settlement statement and *specifically* requested that the Defendant provide a copy of the billing from the various vendors who provided the listed services, contact information, a clear description of each service performed and why said service is not a regular cost of doing business that should rightly be included in the finance charge. Defendant has never provided any of this information. Even if the HUD1 statement was *prepared* by the closing agent as Defendant contends, it would have been First Horizon Home Loan Corporation that would have provided the required information to the closing agent for document preparation. The closing agent wouldn't just pull these figures out of thin air. A simple copy of the HUD1 Statement that the Defendant has produced itemizes every service performed but it doesn't validate that the charges were actually performed and were necessary.

(22) Lastly, Plaintiff is uncertain why Mr Uhl thinks that questions I am asking "are oppressive and unduly burdensome". Is it oppressive and burdensome to simply want to get to the truth and expose First Horizon Home Loan Corporation for what it really is? If Mr Uhl would have simply produced what we have been asking for since November, 2010, it wouldn't have been a burden at all. If Defendants say they can prove proper chain of title then why don't they just do it and remove the so-called burden it's placing on Mr. Uhl.

WHEREFORE, Plaintiff asks this court to GRANT Plaintiffs *Motion to Strike Defendant's Notice of Compliance of Production.*

*/s/ Tamie Richardson*
Tamie Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this ___17th_____ day of March, 2011 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE Ste N200
Poulsbo, WA 98370
   *Attorneys for First Horizon Home Loan Corp*

Tamie Richardson