# ATTACHMENT H

Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON, | Case No. 10-03073 |
| Plaintiff, | |
| vs. | |
| First Horizon Home Loan Corporation, | **AFFIDAVIT OF ED HYNE** |
| Defendants. | |

STATE OF _Texas_  )
                  )ss
COUNTY OF _Dallas_ )

The undersigned, being first duly sworn, deposes and says:

1. That I am an Assistant Vice President of First Horizon Home Loans a division of First Tennessee Bank National Association, successor by merger to First Horizon Home Loan Corporation, and in that capacity I am duly authorized to execute this Affidavit for the corporation.

2. The following facts are based upon my personal knowledge and if called as a witness, I could and would competently testify thereto.

3. I am familiar with the manner and procedures by which the mortgage and servicing records of First Horizon Home Loan Corporation (First Horizon) are obtained, prepared and maintained. Those records are obtained, prepared, and maintained by employees or duly authorized agents of First Horizon in the regular performance of the business duties at or near the time, act, conditions, or events recorded thereon.

4. Records are made either by person with knowledge of the matters they record or from information obtained by person with such knowledge.

Notice of Appearance - 1

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

5. I have access to the business records, and I have personally reviewed those records prior to executing this affidavit.

6. As a matter of regular business procedure, all original mortgage documents are imaged upon receipt. Thereupon, the original note is transferred to and stored in a secure location and the holder of the note is in physical control and possession of said note. A true copy of the original note is attached and the original note can be made available to the court for review.

7. A review of Plaintiff's regular servicing records indicates that her loan is contractual due for July 2009 and each month thereafter, with a principal balance of $370,000.00 and interest thereon at the rate of 6.13% plus late charges.

8. The note and deed of trust (together the "Loan") are both currently owned by First Horizon Alternative Mortgage Securities Trust 2006-AA3, Mortgage Pass-Through Certificates Series 2006-AA3, with the Bank of New York as the Trustee.

9. The loan was transferred to said trustee pursuant to a Mortgage Loan Purchase Agreement and a Pooling and Servicing Agreement (together "Transfer and Servicing Agreement").

10. Said Transfer and Servicing Agreement contain competitive information, trade secrets and other commercial and confidential information not relevant to the subject matter. Defendant is willing to make said documents available in full for an in camera review by the court. Redacted copies are attached hereto as indicated below.

11. Pursuant to said Transfer Agreement, First Horizon Home Loan Corporation now known as First Horizon Home Loans is the master servicer, and MetLife Home Loans is the sub-servicer.

12. The regular servicing duties assumed by First Horizon Home Loan Corporation and MetLife Home Loans include the foreclosure of delinquent loans.

13. No legal action to recover on the debt evidenced by the note and deed of trust has been instituted.

14. Attached herewith are photo copies of the following documents, which are kept in our regular business records.

| Exhibit A | Deed of Trust |
| Exhibit B | Promissory Note, back and front page |
| Exhibit C | Loan History. |
| Exhibit D | Settlement Statement |
| Exhibit E | Mortgage Loan Purchase Agreement, pages 1-5, redacted. |

Notice of Appearance - 2

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

| Exhibit F | Pooling and Servicing Agreement, page 1 and index. |

I declare under the laws of the State of Oregon that the foregoing is true and correct. This affidavit was executed on this __21__ day of __September__, 2010 in __Irving__, __Texas__.

_Eawad Nym_ (signature)

Subscribed and sworn to before me this __21__ day of __Sept__ 2010.

Notary Public
Residing at: __Dallas__
My Commission expires: __1-7-2014__

RANDOLPH BOYD, JR.
Notary Public, State of Texas
My Commission Expires
January 07, 2014

Notice of Appearance - 3

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2010, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing:

- 

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

Tamie Richardson
746 Bailey Drive
Grants Pass, OR 97527

/s/ Holger Uhl

_____
Holger Uhl

Notice of Appearance - 4

McCarthy & Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

FIRST HORIZON ASSET SECURITIES INC.

Depositor

FIRST HORIZON HOME LOAN CORPORATION

Master Servicer

and

THE BANK OF NEW YORK,

Trustee

---

POOLING AND SERVICING AGREEMENT

Dated as of May 1, 2006

---

FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-AA3

MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AA3

DAL:621171.4

# TABLE OF CONTENTS

ARTICLE I DEFINITIONS ...........................................................................................................4

ARTICLE II CONVEYANCE OF MORTGAGE LOANS; REPRESENTATIONS AND WARRANTIES ................................................................................................................33
    SECTION 2.1    Conveyance of Mortgage Loans. ...............................................................33
    SECTION 2.2    Acceptance by Trustee of the Mortgage Loans. ........................................37
    SECTION 2.3    Representations and Warranties of the Master Servicer; Covenants of the Seller. ........................................................................................................39
    SECTION 2.4    Representations and Warranties of the Depositor as to the Mortgage Loans....41
    SECTION 2.5    Delivery of Opinion of Counsel in Connection with Substitutions. ..............42
    SECTION 2.6    Execution and Delivery of Certificates. ......................................................42
    SECTION 2.7    REMIC Matters. .........................................................................................43
    SECTION 2.8    Covenants of the Master Servicer. ..............................................................43

ARTICLE III ADMINISTRATION AND SERVICING OF MORTGAGE LOANS ..................43
    SECTION 3.1    Master Servicer to Service Mortgage Loans. .............................................43
    SECTION 3.2    Subservicing; Enforcement of the Obligations of Servicers........................44
    SECTION 3.3    Rights of the Depositor and the Trustee in Respect of the Master Servicer. .45
    SECTION 3.4    Trustee to Act as Master Servicer. ..............................................................45
    SECTION 3.5    Collection of Mortgage Loan Payments; Certificate Account; Distribution Account. ...................................................................................................46
    SECTION 3.6    Collection of Taxes, Assessments and Similar Items; Escrow Accounts......49
    SECTION 3.7    Access to Certain Documentation and Information Regarding the Mortgage Loans. ...................................................................................................49
    SECTION 3.8    Permitted Withdrawals from the Certificate Account and Distribution Account. ...................................................................................................50
    SECTION 3.9    Maintenance of Hazard Insurance; Maintenance of Primary Insurance Policies. ....................................................................................................51
    SECTION 3.10    Enforcement of Due-on-Sale Clauses; Assumption Agreements. .................53
    SECTION 3.11    Realization Upon Defaulted Mortgage Loans; Repurchase of Certain Mortgage Loans. ........................................................................................54
    SECTION 3.12    Trustee to Cooperate; Release of Mortgage Files........................................57
    SECTION 3.13    Documents Records and Funds in Possession of Master Servicer to be Held for the Trustee. ..........................................................................................57
    SECTION 3.14    Master Servicing Compensation. ................................................................58
    SECTION 3.15    Access to Certain Documentation. .............................................................58
    SECTION 3.16    Annual Statement as to Compliance. .........................................................59
    SECTION 3.17    Errors and Omissions Insurance; Fidelity Bonds. ......................................59
    SECTION 3.18    Notification of Adjustments. ......................................................................59

ARTICLE IV DISTRIBUTIONS AND ADVANCES BY THE MASTER SERVICER..............60
    SECTION 4.1    Advances. ....................................................................................................60
    SECTION 4.2    Priorities of Distribution. ............................................................................60
    SECTION 4.3    Method of Distribution. ..............................................................................63

DAL:621171.4

Case 1:10-cv-03073-PA   Document 100-12   Filed 04/15/11   Page 8 of 14   Page ID#:
Case 1:10-cv-03073-PA   Document 27   Filed 09/29/10   Page 7 of 13   Page ID#: 222
1351

| | | |
|---|---|---|
| SECTION 4.4 | Allocation of Losses. | 64 |
| SECTION 4.5 | [RESERVED] | 65 |
| SECTION 4.6 | Monthly Statements to Certificateholders. | 65 |

ARTICLE V THE CERTIFICATES ... 67
| SECTION 5.1 | The Certificates. | 67 |
| SECTION 5.2 | Certificate Register; Registration of Transfer and Exchange of Certificates. | 68 |
| SECTION 5.3 | Mutilated, Destroyed, Lost or Stolen Certificates. | 74 |
| SECTION 5.4 | Persons Deemed Owners. | 74 |
| SECTION 5.5 | Access to List of Certificateholders' Names and Addresses. | 75 |
| SECTION 5.6 | Maintenance of Office or Agency. | 75 |

ARTICLE VI THE DEPOSITOR AND THE MASTER SERVICER ... 75
| SECTION 6.1 | Respective Liabilities of the Depositor and the Master Servicer. | 75 |
| SECTION 6.2 | Merger or Consolidation of the Depositor or the Master Servicer. | 75 |
| SECTION 6.3 | Limitation on Liability of the Depositor, the Master Servicer and Others. | 76 |
| SECTION 6.4 | Limitation on Resignation of Master Servicer. | 76 |

ARTICLE VII DEFAULT ... 77
| SECTION 7.1 | Events of Default. | 77 |
| SECTION 7.2 | Trustee to Act; Appointment of Successor. | 79 |
| SECTION 7.3 | Notification to Certificateholders. | 80 |

ARTICLE VIII CONCERNING THE TRUSTEE ... 81
| SECTION 8.1 | Duties of Trustee. | 81 |
| SECTION 8.2 | Certain Matters Affecting the Trustee. | 82 |
| SECTION 8.3 | Trustee Not Liable for Certificates or Mortgage Loans. | 84 |
| SECTION 8.4 | Trustee May Own Certificates. | 84 |
| SECTION 8.5 | Trustee's Fees and Expenses. | 84 |
| SECTION 8.6 | Eligibility Requirements for Trustee. | 85 |
| SECTION 8.7 | Resignation and Removal of Trustee. | 85 |
| SECTION 8.8 | Successor Trustee. | 86 |
| SECTION 8.9 | Merger or Consolidation of Trustee. | 87 |
| SECTION 8.10 | Appointment of Co-Trustee or Separate Trustee. | 87 |
| SECTION 8.11 | Tax Matters. | 89 |

ARTICLE IX TERMINATION ... 91
| SECTION 9.1 | Termination upon Liquidation or Purchase of all Mortgage Loans. | 91 |
| SECTION 9.2 | Final Distribution on the Certificates. | 91 |
| SECTION 9.3 | Additional Termination Requirements. | 92 |

ARTICLE X EXCHANGE ACT REPORTING ... 93
| SECTION 10.1 | Filing Obligations. | 93 |
| SECTION 10.2 | Form 10-D Filings. | 93 |
| SECTION 10.3 | Form 8-K Filings. | 94 |
| SECTION 10.4 | Form 10-K Filings. | 95 |

DAL:621171.4

SECTION 10.5     Sarbanes-Oxley Certification......................................................95
SECTION 10.6     Form 15 Filing..............................................................................96
SECTION 10.7     Report on Assessment of Compliance and Attestation................96
SECTION 10.8     Use of Subservicers and Subcontractors.....................................97
SECTION 10.9     Amendments.................................................................................98

ARTICLE XI MISCELLANEOUS PROVISIONS ............................................................99
SECTION 11.1    Amendment....................................................................................99
SECTION 11.2    Recordation of Agreement; Counterparts...................................100
SECTION 11.3    Governing Law............................................................................100
SECTION 11.4    Intention of Parties......................................................................101
SECTION 11.5    Notices.........................................................................................101
SECTION 11.6    Severability of Provisions...........................................................102
SECTION 11.7    Assignment..................................................................................102
SECTION 11.8    Limitation on Rights of Certificateholders.................................102
SECTION 11.9    Inspection and Audit Rights........................................................103
SECTION 11.10   Certificates Nonassessable and Fully Paid................................104
SECTION 11.11   Limitations on Actions; No Proceedings....................................104
SECTION 11.12   Acknowledgment of Seller..........................................................104

## SCHEDULES

| | | |
|---|---|---|
| Schedule I: | Mortgage Loan Schedule | S-I-1 |
| Schedule II: | Representations and Warranties of the Master Servicer | S-II-1 |
| Schedule III: | Form of Monthly Master Servicer Report | S-III-1 |

## EXHIBITS

| | | |
|---|---|---|
| Exhibit A: | Form of Senior Certificate | A-1 |
| Exhibit B: | Form of Subordinated Certificate | B-1 |
| Exhibit C: | Form of Residual Certificate | C-1 |
| Exhibit D: | Form of Reverse of Certificates | D-1 |
| Exhibit E: | Form of Initial Certification | E-1 |
| Exhibit F: | Form of Delay Delivery Certification | F-1 |
| Exhibit G: | Form of Subsequent Certification of Custodian | G-1 |
| Exhibit H: | Transfer Affidavit | H-1 |
| Exhibit I: | Form of Transferor Certificate | I-1 |
| Exhibit J: | Form of Investment Letter [Non-Rule 144A] | J-1 |
| Exhibit K: | Form of Rule 144A Letter | K-1 |
| Exhibit L: | Request for Release (for Trustee) | L-1 |
| Exhibit M: | Request for Release (Mortgage Loan) | M-1 |
| Exhibit N-1: | Form of Annual Certification (Subservicer) | N-1-1 |
| Exhibit N-2: | Form of Annual Certification (Trustee) | N-2-1 |
| Exhibit O: | Form of Servicing Criteria to be Addressed in Assessment of Compliance | O-1 |
| Exhibit P: | List of Item 1119 Parties | P-1 |
| Exhibit Q: | Form of Sarbanes-Oxley Certification | Q-1 |

## MORTGAGE LOAN PURCHASE AGREEMENT

THIS MORTGAGE LOAN PURCHASE AGREEMENT dated as of May 30, 2006 by and between FIRST HORIZON HOME LOAN CORPORATION, a Kansas corporation (the "Seller"), and FIRST HORIZON ASSET SECURITIES INC. (the "Purchaser").

WHEREAS, the Seller owns certain Mortgage Loans (as hereinafter defined) which Mortgage Loans are more particularly listed and described in Schedule A attached hereto and made a part hereof.

WHEREAS, the Seller and the Purchaser wish to set forth the terms pursuant to which the Mortgage Loans, excluding the servicing rights thereto, are to be sold by the Seller to the Purchaser.

WHEREAS, the Seller will simultaneously transfer the servicing rights for the Mortgage Loans to First Tennessee Mortgage Services, Inc. ("FTMSI") pursuant to the Servicing Rights Transfer and Subservicing Agreement (as hereinafter defined).

WHEREAS, the Purchaser will engage FTMSI to service the Mortgage Loans pursuant to the Servicing Agreement (as hereinafter defined).

NOW, THEREFORE, in consideration of the foregoing, other good and valuable consideration, and the mutual terms and covenants contained herein, the parties hereto agree as follows:

### ARTICLE I
### Definitions



governs the Cooperative Property, which Cooperative Corporation must qualify as a Cooperative Housing Corporation under Section 216 of the Code.

Coop Shares: Shares issued by a Cooperative Corporation.

Cooperative Loan: Any Mortgage Loan secured by Coop Shares and a Proprietary Lease.

Cooperative Property: The real property and improvements owned by the Cooperative Corporation, including the allocation of individual dwelling units to the holders of the Coop Shares of the Cooperative Corporation.

Cooperative Unit: A single family dwelling located in a Cooperative Property.

Custodian: First Tennessee Bank National Association, and its successors and assigns, as custodian under the Custodial Agreement dated as of May 30, 2006 by and among The Bank of New York, as trustee, First Horizon Home Loan Corporation, as master servicer, and the Custodian.

Cut-Off Date: May 1, 2006.

Cut-off Date Principal Balance: As to any Mortgage Loan, the Stated Principal Balance thereof as of the close of business on the Cut-off Date.

Debt Service Reduction: With respect to any Mortgage Loan, a reduction by a court of competent jurisdiction in a proceeding under the Bankruptcy Code in the Scheduled Payment for such Mortgage Loan which became final and non-appealable, except such a reduction resulting from a Deficient Valuation or any reduction that results in a permanent forgiveness of principal.

Deficient Valuation: With respect to any Mortgage Loan, a valuation by a court of competent jurisdiction of the Mortgaged Property in an amount less than the then-outstanding indebtedness under the Mortgage Loan, or any reduction in the amount of principal to be paid in connection with any Scheduled Payment that results in a permanent forgiveness of principal, which valuation or reduction results from an order of such court which is final and non-appealable in a proceeding under the United States Bankruptcy Reform Act of 1978, as amended.

Delay Delivery Mortgage Loans: The Mortgage Loans for which all or a portion of a related Mortgage File is not delivered to the Trustee or to the Custodian on its behalf on the Closing Date. The number of Delay Delivery Mortgage Loans shall not exceed 25% of the aggregate number of Mortgage Loans as of the Closing Date.

Deleted Mortgage Loan: As defined in Section 4.1(c) hereof.

Determination Date: The earlier of (i) the third Business Day after the 15th day of each month, and (ii) the second Business Day prior to the 25th day of each month, or if such 25th day is not a Business Day, the next succeeding Business Day.

GAAP: Generally accepted accounting principles as in effect from time to time in the United States of America.



Mortgage: The mortgage, deed of trust or other instrument creating a first lien on the property securing a Mortgage Note.

Mortgage File: The mortgage documents listed in Section 3.1 pertaining to a particular Mortgage Loan and any additional documents required to be added to the Mortgage File pursuant to this Agreement.

Mortgage Loans: The mortgage loans transferred, sold and conveyed by the Seller to the Purchaser, pursuant to this Agreement.



Mortgage Note: The original executed note or other evidence of indebtedness evidencing the indebtedness of a Mortgagor under a Mortgage Loan.



Purchaser: First Horizon Asset Securities, Inc., in its capacity as purchaser of the Mortgage Loans from the Seller pursuant to this Agreement.





Trustee: The Bank of New York and its successors and, if a successor trustee is appointed hereunder, such successor.

## ARTICLE II
## Purchase and Sale

Section 2.1 Purchase Price. In consideration for the payment to it of the Purchase Price on the Closing Date, pursuant to written instructions delivered by the Seller to the Purchaser on the Closing Date, the Seller does hereby transfer, sell and convey to the Purchaser on the Closing Date, but with effect from the Cut-off Date, (i) all right, title and interest of the Seller in the Mortgage Loans, excluding the servicing rights thereto, and all property securing such Mortgage Loans, including all interest and principal received or receivable by the Seller with respect to the Mortgage Loans on or after the Cut-off Date and all interest and principal payments on the Mortgage Loans received on or prior to the Cut-off Date in respect of installments of interest and principal due thereafter, but not including payments of principal and interest due and payable on the Mortgage Loans on or before the Cut-off Date, and (ii) all proceeds from the foregoing. Items (i) and (ii) in the preceding sentence are herein referred to collectively as "Mortgage Assets."

