Holger Uhl, OSB# 950143
McCarthy & Holthus, LLP
19735 10th Ave. NE, Suite N200
Poulsbo, WA 98370
206-319-9100
206-780-6862 fax
huhl@mccarthyholthus.com
Attorneys for First Horizon Home Loan Corporation

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>First Horizon Home Loan Corporation,<br><br>　　　　　　Defendant. | Case No.: 10-3034<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSE** |

COMES NOW the Defendant, First Horizon Home Loan Corporation ("Responding Party"), by and through their attorney of record, Holger Uhl of McCarthy & Holthus, LLP, and respond as follows:

**PRELIMINARY STATEMENT**

The responses set forth below are made solely for the purpose of the above-entitled action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections or grounds, which would require the exclusion of any statement herein if the interrogatories were asked of, or if any statement contained herein was made by, a witness present and testifying in court, all of which objections or grounds may be asserted at the time of trial.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Defendants do not make any incidental or implied admissions with regard to the contents of the requested documents contained herein.  Rather, the fact that Defendant has responded or objected to any request(s), or part(s) thereof, should not be understood or interpreted to mean that Defendants accepts or admits the existence of any facts set forth or assumed by Plaintiff's request, or that such responses or objection constitutes admissible evidence.  The fact that Defendants have answered all or part of any request is not intended, nor shall it be construed, as a waiver by Defendants of all, or any part of any, objections to any request.

Defendants have not yet completed its investigation of the facts related to the present action, and as such, has not completed its discovery or its preparation for trial.  Accordingly, the following responses are based upon information known to Defendants at this time, and are given without prejudice to Defendants right to produce subsequently discovered evidence and facts, and to supplement, amend, modify, or otherwise change its responses contained herein.

To the extent that a request calls for information that was prepared in anticipation of litigation or for trial, or for information or material covered by the attorney-work product doctrine, or which constitutes information that is privileged or proprietary, confidential, or a trade secret(s), Defendants object to such request, and thus, will neither supply nor render any documents protected from discovery by virtue of these doctrines and privileges.

## OBJECTIONS
(This response lists Objections and Substantive Responses separately.)

## GENERAL OBJECTIONS

1.  Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they seek information which is not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

2.  Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they call for information which is protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

3.   Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they are overly broad and require Defendants to make an unreasonable and unduly burdensome investigation. The search for and production of information requested in Plaintiff's requests would consume many hours of effort at great and unreasonable expense to Plaintiff and would yield information which is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence relating to, the issues in the present action.

4.   Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they request Defendant to identify or produce information not in its possession, custody, or control, or documents which are equally available to Plaintiff.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

## SPECIFIC OBJECTIONS

(24) A certified copy of the billing from the various vendors listed on the HUD1 settlement statement who provided the listed services, contact information, a clear description of 26 each service performed and why said service is not a regular cost of doing business that should rightly be included in the finance charge.
**RESPONSE:**  Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that the documents or information sought is in the possession, custody or control of the requesting party and/or third parties.

(25) Certified copy of the green certified mailing receipt showing delivery of the *Trustee's Notice of Sale* reflecting the August 11, 2010 sale date signed by Tamie S Richardson.
**RESPONSE:**  Receipt of the notice of trustee's sale has not been placed at issue by Plaintiff and Plaintiff has acknowledged that Plaintiff had actual notice. Actual receipt of the Notice of Trustee's Sale is not required under Oregon law, since service is effective upon mailing.
Therefore, responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that the documents or information sought is in the possession, custody or control of the requesting party and/or third parties.

(26) Certified copy of the Notary Public Sherian Hopkins log page verifying the signature of Alfreda Johnson on the *Affidavit of Compliance with Oregon SB 628(2009)* dated August 11, 2010 and notarized in Texas on August 12,2010.
**RESPONSE:**  Defendant acknowledges and admits that Alfreda Johnson was an employee of MetLife Home Loans authorized to execute the referenced Affidavit and that she did execute said affidavit. Therefore, responding Party objects to this request on the grounds that this request

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence.

(27) Certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on an *Affidavit of Mailing Notice of Sale* dated April 5, 2010 and notarized on August 20, 2010.
**RESPONSE:** Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that the documents or information sought is in the possession, custody or control of third parties.

(28) Verification of employment for David Fry who signed the *Affidavit of Mailing Notice of Sale* dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010. The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.
**RESPONSE:** See Response to 27.

(29) Affidavit confirming the name of the person who improperly affixed their signature to the *Declaration of Mailing. Trustee Sale & Notice to Tenants* in the space reserved for the Notary Public which is dated April 12, 2010. This affidavit does not have the signers name indicated anywhere on the form, the signature is unintelligible, no title is indicated and no evidence to indicate by what authority he/she can sign.
**RESPONSE:** See Response to 27.

(30) Plaintiff understands from the PSA, Section III, Article 3.8(a) that the Defendant "shall keep and maintain separate accounting, on a Mortgage Loan-by-Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account". Plaintiff specifically requests accounting documentation relative to the First Horizon Alternative Mortgage Securities Trust 2oo6-AA3 on my loan. As reflected in the PSA, Article III, Section 3.5 this should include, at minimum, details from a "Distribution Account", a "Certificate Account" and an "Escrow Account".
**RESPONSE:**  To the extent that this request seeks information not specific to Plaintiff's mortgage loan Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation; that it seeks information that is protected from disclosure to the extent it would violate Responding Party or third parties' statutory, constitutional, and judicial guarantees of privacy; that it requests proprietary or confidential information.

(31) Plaintiff requests information and documentation relative to all assignments, transfers, allonges, or other documents that secure payment by Tamie S Richardson to the obligation in this account from inception of account number 0052773397 to the present date. Defendant has stated in at least two (2) pleadings that besides the endorsement "in blank" by First Horizon Home Loan Corporation, there are no other endorsements. Plaintiff asserts that there should be, at minimum, four (4) assignments.

Discovery  Response

M&H# OR10-3924

**RESPONSE:** Responding Party objects to this request on the grounds that this request assumes facts and thus lacks foundation.

(32) Although Plaintiff was able to locate her loan number in the securitization trust First Horizon Alternative Mortgage Securities Trust 2oo6-AA3, due to Defendants total failure and unwillingness to provide documents requested, this Plaintiff is uncertain if it still resides in the trust, was transferred out or was repurchased, thus the requested documents are relevant, necessary and critical to this case.

**RESPONSE:**  Responding Party objects to this request on the grounds that this request assumes facts and thus lacks foundation.

(33) Plaintiff requests a copy of the *Initial Certification of Custodian* as outlined in the 8-K filing dated May 30, 2006.

> "The Trustee agrees to execute and deliver or to cause the Custodian to execute and deliver on the Closing Date to the Depositor and the Master Servicer an Initial Certification in the form annexed hereto as Exhibit E which attests in item (ii) that it has received "a duly executed assignment, or a copy of such assignment certified by the Seller as being a true and complete copy of the assignment, of the Mortgage"

**RESPONSE:**   Defendant acknowledges and admits that Plaintiff's loan is in the First Horizon Alternative Mortgage Securities Trust 2oo6-AA3. Therefore, responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence.

(34) Plaintiff asserts that Defendants are in direct violation of PSA Article II, Section  2.1 which states:

"as promptly as practicable subsequent to such transfer and assignment, and in any event, **within thirty** (30) **days thereafter,** the Master Servicer shall (i) complete each assignment of Mortgage, as follows: *"First Horizon Mortgage Pass-Through Certificates. Series 2006-AA3, The Bank of New York, as trustee for the holders the Certificates",* (ii) cause such assignment to be in proper form for recording in the appropriate public office for real property records and (iii) cause to be delivered for recording in the appropriate public office for real property records the assignments of the Mortgages"

**RESPONSE:** Responding Party objects to this request on the grounds that this request misstates facts and thus lacks foundation and further that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence. Also see substantive response.

(35) Article II, Section 2.1 of the PSA further states that:

"if the Depositor fails to deliver a Mortgage File for any Delay Delivery  Mortgage Loan **within the thirty-day period** .... the Depositor shall use its best reasonable efforts to effect or cause to be effected a substitution, rather than a repurchase of, such Deleted Mortgage Loan and provided further that the cure  period provided for in Section 2.2 or in Section 2.3 shall not apply to the

Discovery  Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

initial delivery of the Mortgage File for such Delay Delivery Mortgage Loan, but rather the Depositor shall have five (5) Business Days to cure or cause to be cured such failure to deliver. At the end of such thirty-day period, the Trustee or the Custodian, on its behalf shall send a Delay Delivery Certification for the Delay Delivery Mortgage Loans delivered during such thirty-day period in accordance with the provisions of Section 2.2."
**RESPONSE:**  See response to Number 34.

(36) Defendants did not assign the deed of trust within the guidelines as outlined in item 11 above, therefore a *Delay Delivery Certification* should have been completed. Plaintiff seeks production of this document.

**RESPONSE:**  See response to Number 34.

(37) In line with the PSA, Article II, Section 2.1 "Not later than 90 days after the Closing Date, the Trustee shall deliver or shall cause the Custodian to deliver to the Depositor and the Master Servicer a *Subsequent Certification* in the form annexed hereto as Exhibit G, with any applicable exceptions noted thereon," Plaintiff seeks production of this document.

**RESPONSE:**  See response to Number 33.

(38) In line with the PSA, Article II, Section 2.6 "The Trustee acknowledges the transfer and assignment to it of the Trust Fund and, concurrently with such transfer and assignment, has executed and delivered to or upon the order of the Depositor, the Certificates in authorized denominations evidencing directly or indirectly the entire ownership of the Trust Fund." Plaintiff seeks production of these documents.

**RESPONSE:**   See response to Number 34.

(39) Pursuant to PSA, Section III, PSA, Section III, Article 3.10(b) "Together with each such substitution, assumption or other agreement or instrument delivered to the Trustee for execution by it, the Master Servicer shall deliver an *Officer's Certificate* signed by a Servicing Officer stating that the requirements of this subsection have been met in connection therewith." Plaintiff seeks production of these documents.

**RESPONSE:**  See response to Number 34.

(40) Plaintiff seeks production of a certified copy of the Master Servicer Fidelity Bond as required under PSA, Article III, Section 3.17.

**RESPONSE:**  See response to Number 33.

(41) Plaintiff seeks production of a certified copy of the Errors and Omissions Insurance Policy as defined in the PSA, Article III, Section 3.17.

**RESPONSE:**  See response to Number 33.

(42) Plaintiff seeks production of a certified copy of the Master Servicer Officer's Certificate indicating the amount of any advance payments made by the Master Servicer as more clearly defined in the PSA, Article IV, Section 4.1.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

(43) Certified copies of the corporate liability 'off balance sheet liability ledger' reflecting the deposit of my promissory note as a cash item receipt, including a copy of the 1099OlD, and statement 95 cash flow statement.

**RESPONSE:** See response to Number 33.

(44) Copies of all correspondence and documentation regarding the modification attempts that were proposed by MetLife Home Loans, including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** Responding Party objects to this request on the grounds that this request seeks documents or information neither relevant nor calculated to lead to the discovery of admissible evidence; that this request lacks foundation as there is no evidence that Plaintiff made any requests to modify her mortgage loan after commencement of the foreclosure.

(45) 'Copies of all correspondence and documentation regarding the modification attempts that were proposed by First Tennessee Bank N.A. fka First Horizon Home Loan Corporation, including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** See Response to 44.

(46) Copies of all correspondence and documentation regarding the modification attempts that were proposed by Quality Loan Service Corporation of Washington, including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** See Response to 44.

(47) Copies of all correspondence and documentation regarding the modification attempts that were proposed by First Horizon Home Loans, a division of First Tennessee Bank N.A., including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** See Response to 44.

## SUBSTANTIVE RESPONSES

Without waiving the foregoing objections Defendant responds to the request substantively as follows:

(24) A certified copy of the billing from the various vendors listed on the HUD1 settlement statement who provided the listed services, contact information, a clear description of 26 each service performed and why said service is not a regular cost of doing business that should rightly be included in the finance charge.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

**RESPONSE:** All responsive documents within the custody or control of Defendant have been produced. The HUD 1 Settlement Statement was not created by Defendant but by the closing agent, Defendant therefore does not have custody or control over vendor invoices.

(25) Certified copy of the green certified mailing receipt showing delivery of the *Trustee's Notice of Sale* reflecting the August 11, 2010 sale date signed by Tamie S Richardson.
**RESPONSE:** All responsive documents within the custody or control of Defendant have been produced. Defendant did not mail the Notice of Trustee's Sale. A copy of the recorded Affidavit of Compliance recorded by the Trustee and showing that Notice was mailed was produced previously as Exhibit F to the Affidavit of Holger Uhl, Docket #32.

(26) Certified copy of the Notary Public Sherian Hopkins log page verifying the signature of Alfreda Johnson on the *Affidavit of Compliance with Oregon SB 628(2009)* dated August 11, 2010 and notarized in Texas on August 12,2010.
**RESPONSE:** No responsive documents exist.

(27) Certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on an *Affidavit of Mailing Notice of Sale* dated April 5, 2010 and notarized on August 20, 2010.
**RESPONSE:** All responsive documents within the custody or control of Defendant have been produced. Neither David Fry nor Michelle Nguyen are employees of Defendant. Defendant did not mail the Notice of Trustee's Sale.

(28) Verification of employment for David Fry who signed the *Affidavit of Mailing Notice of Sale* dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010. The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.
**RESPONSE:** All responsive documents within the custody or control of Defendant have been produced. Neither David Fry nor Michelle Nguyen are employees of Defendant. Defendant did not mail the Notice of Trustee's Sale.

(29) Affidavit confirming the name of the person who improperly affixed their signature to the *Declaration of Mailing. Trustee Sale & Notice to Tenants* in the space reserved for the Notary Public which is dated April 12, 2010. This affidavit does not have the signers name indicated anywhere on the form, the signature is unintelligible, no title is indicated and no evidence to indicate by what authority he/she can sign.
**RESPONSE:** All responsive documents within the custody or control of Defendant have been produced. Defendant did not mail any of the sale notices. Defendant is not aware of any Document entitled *Declaration of Mailing. Trustee Sale & Notice to Tenants and dated April 12, 2010,* except for an *Affidavit of Mailing Notice of Sale,* but dated April 5, 2010. All signatures in that document appear to identify the signatory.

(30) Plaintiff understands from the PSA, Section III, Article 3.8(a) that the Defendant "shall keep and maintain separate accounting, on a Mortgage Loan-by-Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account". Plaintiff specifically requests accounting documentation relative to the First Horizon Alternative Mortgage Securities Trust

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

2oo6-AA3 on my loan. As reflected in the PSA, Article III, Section 3.5 this should include, at minimum, details from a "Distribution Account", a "Certificate Account" and an "Escrow Account".

**RESPONSE:** A copy of Plaintiff's Loan history was previously produced, which provides a separate accounting of Plaintiff's loan, including Escrow. The "Distribution Account" and "Certificate Account" referenced in the PSA is not an account that contains specifically identifiable information of Plaintiff's account.

(31) Plaintiff requests information and documentation relative to all assignments, transfers, allonges, or other documents that secure payment by Tamie S Richardson to the obligation in this account from inception of account number 0052773397 to the present date. Defendant has stated in at least two (2) pleadings that besides the endorsement "in blank" by First Horizon Home Loan Corporation, there are no other endorsements. Plaintiff asserts that there should be, at minimum, four (4) assignments.

**RESPONSE:** The request misstates Defendants previous responses. The Promissory Note has been endorsed in blank. A copy of the promissory note in its present condition has been produced, showing any and all endorsements of that note. A promissory note is not assigned. An endorsement is not an assignment. Defendant did provide copies of the PSA and the Mortgage Loan Purchase Agreement, which show the transfer of her loan, including the documents evidencing the loan and security, i.e. the Note and Deed of Trust, to the aforesaid Trust. The loan was transferred from Defendant and its subsidiaries directly to the Trust where it has remained.

There are no written and recordable assignments of either the loan or deed of trust except for an "Assignment" which was recorded December 28, 2009.(A copy of said Assignment was attached as Exhibit C to Docket #32). Said "Assignment" did not create a new interest but simply provided record notice of the prior transfer of the Deed of Trust (and by implication the loan) from First Horizon Home Loans to the above referenced Trust.

(32) Although Plaintiff was able to locate her loan number in the securitization trust First Horizon Alternative Mortgage Securities Trust 2oo6-AA3, due to Defendants total failure and unwillingness to provide documents requested, this Plaintiff is uncertain if it still resides in the trust, was transferred out or was repurchased, thus the requested documents are relevant, necessary and critical to this case.

**RESPONSE:** This question has been answered. Plaintiff's loan has not been transferred, repurchased or otherwise transferred out of said Trust. *See* Affidavit of Ed Hyne, Docket #27.

(33) Plaintiff requests a copy of the *Initial Certification of Custodian* as outlined in the 8-K filing dated May 30, 2006.

> "The Trustee agrees to execute and deliver or to cause the Custodian to execute and deliver on the Closing Date to the Depositor and the Master Servicer an Initial Certification in the form annexed hereto as Exhibit E which attests in item (ii) that it has received "a duly executed assignment, or a copy of such assignment certified by the Seller as being a true and complete copy of the assignment, of the Mortgage"

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

**RESPONSE:**  The document is irrelevant and not intended to lead to the discovery of relevant evidence and Defendant therefore objects to its production.  The document is in the control of the Trustee and not Defendant. The Trustee referenced in said Section is the Bank of New York, which is not a party to this litigation.

(34) Plaintiff asserts that Defendants are in direct violation of PSA Article II, Section 2.1 which states:

"as promptly as practicable subsequent to such transfer and assignment, and in any event, **within thirty** (30) **days thereafter,** the Master Servicer shall (i) complete each assignment of Mortgage, as follows: *"First Horizon Mortgage Pass-Through Certificates. Series 2006-AA3, The Bank of New York, as trustee for the holders the Certificates",* (ii)cause such assignment to be in proper form for recording in the appropriate public office for real property records and (iii) cause to be delivered for recording in the appropriate public office for real property records the assignments of the Mortgages"

**RESPONSE:**  Denied.  Plaintiff provides a selectively misleading quotation.  The requirement of providing recordable assignments within 30 days is limited to the states of Florida, Maryland and Mississippi:

> Article II, SECTION 2.1 Conveyance of Mortgage Loans.
>
> …
>
> Subject to the immediately following sentence, as promptly as practicable subsequent to such transfer and assignment, and in any event, within thirty (30) days thereafter, the Master Servicer shall (i) complete each assignment of Mortgage, as follows: *"First Horizon Mortgage Pass-Through Certificates, Series 2006-AA3, The Bank of New York, as trustee for the holders of the Certificates"*, (ii) cause such assignment to be in proper form for recording in the appropriate public office for real property records and (iii) cause to be delivered for recording in the appropriate public office for real property records the assignments of the Mortgages to the Trustee, except that, with respect to any assignments of Mortgage as to which the Master Servicer has not received the information required to prepare such assignment in recordable form, the Master Servicer's obligation to do so and to deliver the same for such recording shall be as soon as practicable after receipt of such information and in any event within thirty (30) days after receipt thereof. **Notwithstanding the foregoing, the Master Servicer need not cause to be recorded any assignment which relates to a Mortgage Loan in any state other than the Required Recordation States.** (Emphasize Added)
>
> …
>
> Article I Definitions: …
> Required Recordation States: The states of Florida, Maryland and Mississippi.
>
> …

(35) Article II, Section 2.1 of the PSA further states that:

"if the Depositor fails to deliver a Mortgage File for any Delay Delivery Mortgage Loan **within the thirty-day period** .... the Depositor shall use its best reasonable efforts to effect or cause to

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

be effected a substitution, rather than a repurchase of, such Deleted Mortgage Loan and provided further that the cure period provided for in Section 2.2 or in Section 2.3 shall not apply to the initial delivery of the Mortgage File for such Delay Delivery Mortgage Loan, but rather the Depositor shall have five (5) Business Days to cure or cause to be cured such failure to deliver. At the end of such thirty-day period, the Trustee or the Custodian, on its behalf shall send a Delay Delivery Certification for the Delay Delivery Mortgage Loans delivered during such thirty-day period in accordance with the provisions of Section 2.2."

**RESPONSE:**  See response to Number 34.

(36) Defendants did not assign the deed of trust within the guidelines as outlined in item 11 above, therefore a *Delay Delivery Certification* should have been completed. Plaintiff seeks production of this document.

**RESPONSE:**  Denied.  See response to Number 34.  No such documents exist.

(37) In line with the PSA, Article II, Section 2.1 "Not later than 90 days after the Closing Date, the Trustee shall deliver or shall cause the Custodian to deliver to the Depositor and the Master Servicer a *Subsequent Certification* in the form annexed hereto as Exhibit G, with any applicable exceptions noted thereon," Plaintiff seeks production of this document.

**RESPONSE:** The referenced language does not appear in Section 2.1. The document is irrelevant and not intended to lead to the discovery of relevant evidence and Defendant therefore objects to its production.  The document is in the control of the Trustee and not Defendant. The Trustee referenced in said Section is the Bank of New York, which is not a party to this litigation.

(38) In line with the PSA, Article II, Section 2.6 "The Trustee acknowledges the transfer and assignment to it of the Trust Fund and, concurrently with such transfer and assignment, has executed and delivered to or upon the order of the Depositor, the Certificates in authorized denominations evidencing directly or indirectly the entire ownership of the Trust Fund." Plaintiff seeks production of these documents.

**RESPONSE:** The Trustee is a party to the pooling and servicing agreement and this provision constitutes the trustee's acknowledgment of transfer and assignment of the trust fund.  A specimen certificate is being provided herewith.

(39) Pursuant to PSA, Section III, PSA, Section III, Article 3.10(b) "Together with each such substitution, assumption or other agreement or instrument delivered to the Trustee for execution by it, the Master Servicer shall deliver an *Officer's Certificate* signed by a Servicing Officer stating that the requirements of this subsection have been met in connection therewith." Plaintiff seeks production of these documents.

**RESPONSE:**  The quoted section refers to agreements substituting the Mortgagor. No such documents exist with respect to the subject loan since there has been no assumption or substitution of the mortgagor.

(40) Plaintiff seeks production of a certified copy of the Master Servicer Fidelity Bond as required under PSA, Article III, Section 3.17.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

**RESPONSE:** The document is irrelevant and not intended to lead to the discovery of relevant evidence and Defendant therefore objects to its production. Further the document contains confidential and proprietary information. WE CAN PRODUCE CURRENT CERTIFICATE of COVERAGE.

(41) Plaintiff seeks production of a certified copy of the Errors and Omissions Insurance Policy as defined in the PSA, Article III, Section 3.17.

**RESPONSE:** See Response to Number 40.

(42) Plaintiff seeks production of a certified copy of the Master Servicer Officer's Certificate indicating the amount of any advance payments made by the Master Servicer as more clearly defined in the PSA, Article IV, Section 4.1.

**RESPONSE:** Any advances made with respect to the subject loan are referenced in the loan history previously provided.

(43) Certified copies of the corporate liability "off balance sheet liability ledger' reflecting the deposit of my promissory note as a cash item receipt, including a copy of the 1099OID, and statement 95 cash flow statement.

**RESPONSE:** The document or documents are irrelevant and not intended to lead to the discovery of relevant evidence and Defendant therefore objects to its production. To the extend Defendant understands the request, no responsive documents exist within Defendant's records.

(44) Copies of all correspondence and documentation regarding the modification attempts that were proposed by MetLife Home Loans, including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** Defendant previously produced a copy of the complete file it maintains including any correspondence. No further documents exist within Defendant's records.

(45) 'Copies of all correspondence and documentation regarding the modification attempts that were proposed by First Tennessee Bank N.A. fka First Horizon Home Loan Corporation, including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** See Response to Number 44.

(46) Copies of all correspondence and documentation regarding the modification attempts that were proposed by Quality Loan Service Corporation of Washington, including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** See Response to Number 44. Defendant is not aware of any loan modification proposals by Quality Loan Service Corporation of Washington.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

(47) Copies of all correspondence and documentation regarding the modification attempts that were proposed by First Horizon Home Loans, a division of First Tennessee Bank N.A., including, but not limited to evidence reason for denial of three (3) separate mortgage modification attempts by Plaintiff.

**RESPONSE:** See Response to Number 44.

DATED: April 25, 2011

/s/ Holger Uhl

_____
Holger Uhl, OSB# 950143
Attorney for Defendant

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862