FILED'11 APR 29 14:30 USDC-ORM

1  Tamie Richardson
2  746 Bailey Drive
3  Grants Pass OR  97527

4  UNITED STATES DISTRICT COURT
5  DISTRICT OF OREGON

Tamie Richardson

Plaintiff,

vs.

First Horizon Home Loan Corp

Defendant

Case #   10-3073-PA

**PLAINTIFFS RESPONSE TO MOTION FOR PROTECTIVE ORDER**

Dated: April 29, 2011

6

7  COMES NOW, Plaintiff Tamie Richardson, to file her response to Defendants *Motion for*
8  *Protective Order* which was filed April 25, 2011.

9  **OBJECTIONS**

10  (1)  At the hearing on April 15, 2011, Defendants were once again ordered to produce
11  for the court <u>ALL assignments, endorsements and allonges to support the proper Chain of Title</u>
12  to Plaintiffs property located at 746 Bailey Drive, Grants Pass, Oregon.
13  (2)  For a third time Defendants have failed to produce such evidence by April 25,
14  2011, within the ten (10) day time frame granted by this court.
15  (3)  Instead, Defendants have filed yet another *Motion for Protective Order* along with
16  a *Supplemental Response*.
17  (4)  In Defendants *Motion for Protective Order* which was filed on April 25, 2011,
18  Defendant Mr. Uhl claims that he has complied with all reasonable requests of Plaintiff with
19  respect to discovery. Mr. Uhl is mistaken. He has blatantly ignored, not once, but three (3)
20  times, this courts order to produce ALL assignments, endorsements and allonges to support
21  proper Chain of Title.
22  (5)  Mr Uhl continues to send copies of documents that I already have and have
23  expressly asked him NOT to send again. The only difference this time around is that he has
24  slipped into the packet three (3) <u>unattached single sheets of paper.</u> The first is signed by one

Alfred Chang, Vice President First Horizon Asset Securities and one Terry L McCoy, Executive Vice President First Horizon Home Loan Corporation.

(6) This document is not countersigned by any authority from The Bank of New York, is not dated, is not notarized, does not have any indication that it is a 'true and exact copy of an original', has no affidavit attached as to it's authenticity and certainly does not meet requirements to satisfy Federal Rules of Evidence. (EXHIBIT 1)

(7) The second one which Mr Uhl included is another unattached single sheet of paper signed by one Diane Pickett, Vice President of the Bank of New York.

(8) This document is not countersigned by any authority from First Horizon Asset Securities, Inc. or First Horizon Home Loan Corporation, is not dated, is not notarized, does not have any indication that it is a 'true and exact copy of an original', has no affidavit attached as to it's authenticity and does not meet any requirements necessary to satisfy Federal Rules of Evidence. (EXHIBIT 2)

(9) The third one which Mr Uhl included is another unattached single sheet of paper signed by one Terry L McCoy, Executive Vice President First Horizon Home Loan Corporation and one Alfred Chang, Vice President First Horizon Asset Securities, Inc.

(10) This third document is not dated, is not notarized, does not have any indication that it is a 'true and exact copy of an original', has no affidavit attached to verify the authenticity and does not meet any requirements necessary to satisfy Federal Rules of Evidence. (EXHIBIT 3)

(11) Mr. Uhl was able to place in the record his 'written' document outlining the Chain of Title to my property yet when asked to produce the evidence to support that, he refuses to do so. One must only conclude that they are unable to produce such documents, thus giving them no standing to foreclose.

(12) For over five (5) months this Plaintiff has been attempting to get at the underlying question of 'who really owns my note'.

(13) Even after five (5) months of asking, Mr Uhl still uses the same mantra in his pleadings "Defendants have not yet completed its investigation of the facts related to the present action, and as such, has not completed its discovery or its preparation for trial."

(14) How much simpler can this be. First Horizon Home Loan Corporation SOLD my note and endorsed it 'in blank'. To that there is no dispute. But to who and how many times has it been sold since is the question.

1     (15)     This Plaintiff believes that at minimum there should be four (4) endorsements of the note, along with four (4) assignments of the Deed of Trust.

(16)     This Plaintiff knows for a fact that the note was sold from First Horizon Home Loan Corporation to First Horizon Asset Securities, Inc. This is according to their own Pooling and Servicing Agreement as well as the Mortgage Loan Purchase Agreement.

(17)     The words on their own document states "Mortgage Loan Purchase Agreement". This verbage in and of itself indicates that a mortgage loan has either been sold and/or purchased?

(18)     First Horizon Home Loan Corporation was a Kansas corporation registered with the Secretary of State in Kansas. First Horizon Asset Securities, Inc. is a Delaware corporation registered with the Secretary of State in Delaware. These represents two very distinct and separate corporations.

(19)     Otherwise, why would each entity have signed the Mortgage Loan Purchase Agreement. It's simple! Because First Horizon Home Loan Corporation, the "seller", sold my loan to First Horizon Asset Securities, Inc., "the purchaser". This is clearly stated in evidence that Mr. Uhl filed on record September 29, 2010, Document #27, Page 9 of 13, Page ID#224. It further goes on to state "the Seller and the Purchaser wish to set forth the terms pursuant to which the mortgage loans, excluding the servicing rights thereto, are to be <u>sold by the Seller to the Purchaser</u>".

(20)     If my mortgage loan was <u>sold</u> by First Horizon Home Loan Corporation then there MUST be an endorsement of the note along with an assignment of the Deed of Trust. Not only is that a requirement of their own Pooling and Servicing Agreement, it is also a requirement as outlined in Paragraph 20 of my Deed of Trust which explicity says *"The note, or a partial interest in the note (together with this security instrument) can be sold one or more times"*. There MUST be an endorsement of the note AND an assignment of the Deed of Trust for each and every sale. This is what Mr Uhl is refusing to produce.

(21)     Further, please refer again to the Mortgage Loan Purchase Agreement filed on September 29, 2010, Document 27, page 12 of 13, Page ID#227 which explicitly says "First Horizon Asset Securities, Inc. in its capacity as purchaser of the mortgage loans from the seller pursuant to this agreement."

(22)     The Mortgage Loan Purchase Agreement, Article II, Section 2.1 further states "on the closing date (May 30, 2006), the SELLER (First Horizon Home Loan Corporation) does hereby transfer, sell and convey to the PURCHASER (First Horizon Asset Securities, Inc.) on

the closing date (May 30, 2006) . . . .<u>ALL RIGHT, TITLE AND INTEREST OF THE SELLER IN THE MORTGAGE LOAN . . . . AND ALL PROPERTY SECURING SUCH MORTGAGE LOANS.</u> (parentheses added by Plaintiff)

(23)  In the Defendants own Pooling and Servicing Agreement, Article I, it clearly defines 2006-AA3 as a REMIC, therefore, **ALL** mortgages within the confines of this pool **MUST** be assigned by closing date (May 30, 2006) or it is in violation of SEC regulations and subject to tax ramifications. So this begs the question - Why has the Defendant failed to abide by the terms of an agreement they themselves wrote?

(24)  Defendants did not file the *Assignment of Deed of Trust* until December 26, 2009, a full three (3) years <u>AFTER</u> the required date.

(25)  In order to attempt their illegal foreclosure, Defendants had to manufacture and file documents in 2006 to make it "appear" that they had legal standing to foreclose.

(26)  The Defendants filed an *Appointment of Successor Trustee* from Ticor Title Insurance Company to First American Title Insurance Company on November 16, 2009, and recorded same with the Josephine County Recorder's Office as record 2009-017906. The problem with their sloppy preparation and filing of this document is:

    a.  It was signed and dated October 16, 2009 by Wanda Collier as Asst Vice President of the Bank of New York Mellon but notarized by Randolph Boyd, Jr. on November 5, 2009.

    b.  Wanda Collier is not employed by The Bank of New York. Wanda Collier is employed by MetLife in Texas and has provided no evidence to support her claim of holding authority to sign on behalf of The Bank of New York.

    c.  A formal complaint was filed with the Texas Secretary of State Notary Department against Mr. Randolph Boyd, Jr. Being unable to provide any defense for his actions of falsifying of documents, Mr Boyd has voluntarily surrendered his commission effective April 1, 2011. (EXHIBIT 4)

    d.  The Bank of New York Mellon was not authorized to appoint a successor trustee because the *Assignment of the Deed of Trust* from First Horizon Home Loans to The Bank of New York Mellon granting them the authority did not take place until December 26, 2009, some forty (40) days later.

    e.  The *Appointment of Successor Trustee* is therefore null and void and represents fraud upon this court.

1   (19)  The Defendants further filed an *Assignment of Deed of Trust* from First Horizon Home Loans to The Bank of New York Mellon and recorded same on December 28, 2009 in the Josephine County Recorder's Office as document 2009-020021.  Once again, the Defendants sloppy preparation and filing of this document is exampled by:

   a.   This document was signed and dated by Wanda Collier on October 16, 2009, but this time Wanda Collier is the Assistant Vice President of First Horizon Home Loans.  This document was not notarized however, until December 8, 2009 by one Jerry W Lollar.

   b.   A formal complaint was filed with the Texas Secretary of State Notary Department against Mr. Jerry W Lollar.  Being unable to provide any defense for his actions of falsifying of documents , Mr. Lollar has voluntarily surrendered his commission effective April 12, 2011.  (EXHIBIT 5)

   c.   The *Assignment of Deed of Trust* is therefore null and void and represents fraud upon this court.

(20)   This Plaintiff believes she has provided more than sufficient evidence to support my claim that First Horizon Home Loans does not have standing to foreclose on my property, that fraudulent documents have been illegally 'manufactured' and illegally recorded and that Mr Uhl and the Defendants are acting with unclean hands.

(21)   As requested by this court, Plaintiff hereby attaches her statement in support of her request for damages due to emotional stress. (EXHIBIT 6)

## DEMAND FOR TRIAL BY JURY

(146)   Plaintiffs assert their rights under the Oregon Bill of Rights, Article I, Section 17 and also under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

WHEREFORE, Plaintiff moves this court to:

- DENY the Defendants Motion for Protective Order;
- Strike *Appointment of Successor Trustee* as null and void and fraud upon this court;
- Strike *Assignment of Deed of Trust* as null and void and fraud upon this court;
- GRANT Tamie Richardson Quiet Title to the property located at 746 Bailey Drive, Grants Pass, Oregon;
- Award punitive damages as the court deems just and proper;

- Award damages for pain and suffering due to extreme mental anguish in an amount to be determined by the court;
- Issue sanctions against the law firm of McCarthy & Holthus, LLP as well as against Mr Uhl personally for unclean hands;
- Award pre and post judgment interest as determined appropriate by the court;
- For such other relief as the court deems just and proper.

*Tamie Richardson* (signature)
Tamie Richardson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this ___29th_____ day of April, 2011 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE Ste N200
Poulsbo, WA 98370
*Attorneys for First Horizon Home Loan Corp*

*Tamie Richardson* (signature)
Tamie Richardson

IN WITNESS WHEREOF, the Depositor, the Trustee and the Master Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized as of the day and year first above written.

FIRST HORIZON ASSET SECURITIES INC.,
as Depositor

By: _____
Alfred Chang
Vice President

THE BANK OF NEW YORK,
not in its individual capacity, but solely as Trustee

By: _____
Name: _____
Title: _____

FIRST HORIZON HOME LOAN CORPORATION, in its capacity as Master Servicer

By: _____
Terry L. McCoy
Executive Vice President

The foregoing agreement is hereby acknowledged and accepted as of the date first above written:

FIRST HORIZON HOME LOAN CORPORATION,
in its capacity as Seller

By: _____
Terry L. McCoy
Executive Vice President

Following the 104 pages Next 2 pages

**FHAMS 2006-AA3**

**Pooling and Servicing Agreement – Signature Page**

IN WITNESS WHEREOF, the Depositor, the Trustee and the Master Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized as of the day and year first above written.

        FIRST HORIZON ASSET SECURITIES INC.,
        as Depositor

        By:_____
            Alfred Chang
            Vice President

        THE BANK OF NEW YORK,
        not in its individual capacity, but solely as Trustee

        By:_____
        Name:    **DIANE PICKETT**
        Title:      **VICE PRESIDENT**

        FIRST HORIZON HOME LOAN
        CORPORATION, in its capacity as Master Servicer

        By:_____
            Terry L. McCoy
            Executive Vice President

The foregoing agreement is hereby acknowledged and accepted as of the date first above written:

FIRST HORIZON HOME LOAN CORPORATION,
in its capacity as Seller

By:_____
    Terry L. McCoy
    Executive Vice President

**FHAMS 2006-AA3**

**Pooling and Servicing Agreement – Signature Page**

Exhibit 3
Case 10-3073 PA

IN WITNESS WHEREOF, the Purchaser and the Seller have caused their names to be signed hereto by their respective officers thereunto duly authorized as of the 30th day of May, 2006.

FIRST HORIZON HOME LOAN
CORPORATION, as Seller

By: _____
Terry L. McCoy
Executive Vice President

FIRST HORIZON ASSET SECURITIES INC., as Purchaser

By: _____
Alfred Chang
Vice President

*Following Pages with DAL 621117.2 on bottom back of Packet*