Originrl

FILED 11 MAY 9 11:22USDC-ORN

1  Tamie Richardson
2  746 Bailey Drive
3  Grants Pass OR  97527

4  UNITED STATES DISTRICT COURT
5  DISTRICT OF OREGON

| | |
|---|---|
| **Tamie Richardson** <br><br>Plaintiff, <br><br>vs. <br><br>**First Horizon Home Loan Corp** <br><br>Defendant | Case #   **10-3073-PA** <br><br>**PLAINTIFFS MOTION FOR SUBPOENA DUCES TECUM AND EXTENSION TO CASE MANAGEMENT SCHEDULE** <br><br><br>Dated: May 9, 2011 |

6

7   COMES NOW, Plaintiff Tamie Richardson, to file this motion requesting issuance of a
8   Subpoena Duces Tecum pursuant to Federal Rules of Civil Procedure Rule 30(b)(2).
9   (1)   For months this Plaintiff has been seeking production of certain documents from
10  the Defendant relevant to this case.
11  (2)   On three separate occasions this court has ordered production with the latest
12  ORDER being filed on April 28, 2011.
13  (3)   This courts ORDER of April 28, 2011 specifically outlined to Defendants the
14  following documents which were to be be presented to Plaintiffs in preparation for depositions.
15  The following documents have still not been produced by the Defendant:
16  *Production 1: Plaintiffs requested a certified copy of the Notary Public Sherian*
17  *Hopkins log page verifying the signature of Alfreda Johnson on the Affidavit of*
18  *Compliance with Oregon SB 628(2009) dated August 11, 2010 and notarized in*
19  *Texas on August 12, 2010.*
20
21  (4)   Defendants responded that pursuant to Tex Gov't Code Ann. § 406.014(e), that
22  the information contained in a notary log book may be maintained electronically in a computer
23  or other storage device. He further states that the electronic images of the *Affidavit of*
24  *Complaince with Oregon SB 628(2009)* that this Plaintiff questions is maintained in the
25  Defendant's records in lieu of a separate log book and that a copy of the Affidavit was supplied
26  to the court thus, no further log books are maintained.
27

(5) Defendants are misinterpreted this statute. The Notary **MAY** keep records in electronic format but they **MUST** still adhere to the requirements as outlined in Tex. Gov't Code Ann § 406.014 which clearly states that the notary **MUST** keep a book or electronic record which contains the following information:

1. the date of each instrument notarized;
2. the date of the notarization;
3. the name of the signer, grantor, or maker;
4. the signer's, grantor's, or maker's residence or alleged residence;
5. whether the signer, grantor, or maker is personally known by the notary public, was identified by an identification card issued by a governmental agency or a passport issued by the United States, or was introduced to the notary public and, if introduced, the name and residence or alleged residence of the individual introducing the signer, grantor, or maker;
6. if the instrument is proved by a witness, the residence of the witness, whether the witness is personally known by the notary public or was introduced to the notary public and, if introduced, the name and residence of the individual introducing the witness;
7. the name and residence of the grantee;
8. if land is conveyed or charged by the instrument, the name of the original grantee and the county where the land is located; and
9. a brief description of the instrument.

(6) Further, this statute stipulates that entries in the notary's log book, or electronic record, are public information and that <u>the notary public shall provide a certified copy of any record to any person requesting the copy</u>.

(7) Mr. Uhl has admitting that no log books are maintained for Notary Public Sherian Hopkins therefore, she is in direct violation of 406.009(d)(2) and 406.009(d)(6).

(8) As outlined in 406.009(d)(5), "this action carries with it administrative, criminal, or civil penalties for a violation of a law or rule. . . . . . for the improper attesting and notarizing of a document."

(9) This Plaintiff plans to file a formal complaint with the Texas Secretary of State Notary Division against Sherian Hopkins.

> *Production 2: Plaintiffs requested a certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized on August 20, 2010.*

(10) Defendant responded to this request simply stating that both David Fry and Michelle Nguyen are not employees of Defendant and Defendant did not mail the Notice of Trustee's Sale.

(11) Plaintiffs argue that Defendants solicited the services of Quality Loan Services, provided them the information to prepare the documents in question and allowed them to produce these fraudulent documents and therefore, should be held accountable to produce the requested log page of Michelle Nguyen.

(12) In the alternative, Plaintiff has taken it upon herself to request this information. On April 19, 2011 a certified letter was sent to Notary Public Michelle Nguyen at Quality Loan Services in San Diego requesting a certified copy of her notary public log page pursuant to CA Code Sections 8206(c) and 8206.5. Her response is due no later than fifteen (15) days after receipt of my letter. Her failure to properly respond will result in my filing for a formal complaint with the State of California Notary Division. (EXHIBIT 1)

> *Production 3: Plaintiffs requested verification of employment for David Fry who signed the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010. The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.*

(13) Defendants response to this was the same as to production item b listed above for Michelle Nguyen. David Fry is not employed by the Defendant but that Mr. Uhl has made "a request" for responsive documents from Quality Loan Services and will forward them upon receipt.

(14) Plaintiff needs this document, as well as all other documents requested BEFORE being able to properly proceed with depositions.

> *Production 4: Plaintiff requested an affidavit confirming the name of the person who improperly affixed their signature to the Declaration of Mailing Trustee Sale & Notice to Tenants in the space reserved for the Notary Public which is dated April 12, 2010. This affidavit does not have the signers name indicated anywhere on the form, the signature is unintelligible, no title is indicated and no evidence to indicate by what authority he/she can sign.*

(15) Defendant objects to this question and further advises that pursuant to OAR 160-100-0230 a notary public is not required to record in a notarial journal any information about notarized affidavits or verifications performed.

(16) Plaintiffs assert that even if this were simply an affidavit, this notice clearly states that the undersigned "declares under PENALTY OF PERJURY under the laws of the State of

Oregon that the foregoing is true and correct." This Plaintiff needs to know who this individual is, what is this persons title, and determine who they work for to establish the validity of this document. Notary Public Joyce F Carter should have this information recorded in her notary journal, thus the reason for requesting this document.

> *Production 5: Plaintiff requests a copy of the Initial Certification of Custodian as outlined in the 8-K filing dated May 30, 2006.*

(17) Defendant did provided a copy of the *Initial Certification of Custodian*, however, under Federal Rules of Evidence 1003, Plaintiffs are uncertain as to the authenticity of this document.

(18) The document provided is not a certified copy nor does it indicate that it is a 'true and exact copy' of the original which Plaintiffs had requested. Further, there is no affidavit attached to attest to it's authenticity, nothing from Donna Jones whose signature appears as Vice President-Trust Officer of First Tennessee Bank National Association, as Custodian which would verify that she did, in fact, sign this document, and nothing that would support her signing authority.

> *Production 6: Plaintiff understands from the PSA, Section III, Article 3.8(a) that the Defendant "shall keep and maintain separate account, on a Mortgage Loan-By_Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account". Plaintiff specifically requests accounting documentation relative to the First Horizon Alternative Mortgage Securities Trust 2006-AA3 on my loan. As reflected in the PSA, Article III, Section 3.5 this should include, at minimum, details from a "Distribution Account", a "Certificate Account" and an "Escrow Account".*

(19) With regards to this production request, Defendant simply provided a one (1) page document with a heading *Agency Custodial Register* as of 5/19/2006, which shows nothing more than the *total amount in the mortgage pool* as $400,039.963.07. This has nothing whatsoever to do with the "mortgage-loan-by-mortgage loan" documents that this Plaintiff has requested.

(20) Defendant further provided thirty-nine 39 pages of a document entitled Pool *Trial Balance.* Once again, this has nothing to do with the "mortgage-loan-by-mortgage loan" documents that this Plaintiff has requested. Of the 39 pages presented, 37 pages had no information other than the word "REDACTED" on them. (EXHIBIT 2) The first page listed loan #0052773397 as being in the pool and the last page simply listed the total number of mortgage loans in the pool at 1,538 for a total of $400,107,422.00.

1   (21)   Servicers maintain two sets of books. An "Accounts Receivable" set and also a
2   "Servicer's Remittance Ledger".
3   (22)   The Office of the Comptroller of the Currency ("OCC"), Administrator of National
4   Banks, published a booklet entitled *Asset Securitization Comptrollers Handbook*. Beginning at
5   page 49, the OCC gives an overview of the accounting criteria and guidelines established by the
6   Financial Accounting Standards Board relative to a securitized transaction.
7   (23)   Neither of the documents provided by the Defendant were what this Plaintiff
8   requested. Plaintiff were very specific in requesting the production of print-outs of the
9   "Distribution Account", "Certificate Account" and the "Escrow Account" relative to my loan
10  #0052773397, as specifically outlined in their Pooling & Servicing Agreement. This was to be a
11  certified copy of ALL transactions into and out of each of these accounts from inception to
12  current. Instead, the Defendant continues to offer only an accounting for transactions during a
13  specific period between the borrower and the servicer. Still missing, and what the Defendant is
14  refusing to produce, are transactions in which third-party payments were received by the
15  creditor or on behalf of the credit through authorized agents or affiliates. These documents
16  should provide a detailed journal entry for <u>each and every transaction</u> relative to my account as
17  the Pooling & Servicing Agreement specifically dictates that <u>each and every mortgage loan</u> is
18  required to have these accounts established.  This has not been provided to the Plaintiff.

> *Production 7: Plaintiff requests information and documentation relative to ALL endorsements, assignments, transfers, allonges, or other documents that secure payment by Tamie S Richardson to the obligation in this account from inception of account number 0052773397 to the present date. Defendant has stated in at least two (2) pleadings that beside the endorsement 'in blank' by First Horizon Home Loan Corporation, there are no other endorsements. Plaintiff asserts that there should be, at minimum, four (4) assignments.*

27  (24)   Defendants responded simply with "All responsive documents have been
28  produced."
29  (25)   Plaintiffs have proven to this court that my note and deed of trust have been
30  sold, assigned, and/or transferred a minimum of four (4) times since inception, yet there is only
31  one (1) endorsement of the note produced by the Defendants and that was 'in blank' and the
32  *Assignment of Deed of Trust* has been proven to be fraudulent on it's face rendering it null and
33  void.
34  (26)   Mr Uhl has even confirmed by the filing of his *Statement of Chain of Title*,
35  document #83 filed on February 24, 2011, item #7 and item #8, that this Plaintiffs note and

1   Deed of Trust has indeed been endorsed/assigned more than on one occasion, yet refuses to
2   provide this court with the documents to evidence this.
3       (27)    Further, Mr Uhl confirms that there is a recorded assignment of the *Deed of*
4   *Trust* dated December 28, 2009.
5       (28)    Plaintiffs have proen to this court that the *Assignment of Deed of Trust* dated
6   December 28, 2009 was done three (3) years **AFTER** the cut-off date of the pool and is
7   therefore invalid and subject to severe tax penalties under IRS Rule 860D(a)(4).
8       (29)    In addition, this Plaintiff has proven to this court that the notary attesting to this
9   document was done improperly thus resulting in this document being null and void and
10  representing fraud upon this court.
11      (30)    Based on the total lack of cooperation on the part of Mr. Uhl and the Defendant,
12  along with their refusal to provide documents that this Plaintiff has requested and this court has
13  ordered, Plaintiffs are, once again, unable to conduct the four (4) depositions that Defendant
14  scheduled for May 11 and May 12, 2011.
15      (31)    Should this court grant this subpoena request, at minimum it would be fourteen
16  days after being served that this Plaintiff can rely upon getting these documents.
17      (32)    In addition to the four depositions which were set for this week, Plaintiff has an
18  additional four individuals yet to schedule for depositions.
19      (33)    This Plaintiff does not see any possible way that these depositions can be
20  accomplished prior to the current discovery deadline date of June 18, 2011.
21      (34)    Based upon these arguments and allowing at least five days for Plaintiff to
22  review the documents, and reschedule the depositions, Plaintiff would move this court to
23  modify the existing case management plan which calls for pre-trial discovery to be completed
24  by June 18, pre-trial hearing for June 20 and trial for June 28, 2011.
25      **WHEREFORE,** Plaintiff moves this court to grant a subpoena duces tecum for the
26  documents listed above and to extend the discovery date deadline, pre-trial hearing and trial
27  date a minimum of another 45 days.

*Tamie Richardson* (signature)
Tamie Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of the above has been furnished by U.S. Mail on this 9th day of May, 2011 to the following:

Mr Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE Ste N200
Poulsbo, WA  98370
  *Attorneys for First Horizon Home Loan Corp*

*/s/ Tamie Richardson*
Tamie Richardson

April 19, 2011

Quality Loan Service Corporation
6911 Jackson Drive
San Diego, CA  92119

Attn:  Michelle Nguyen, Notary Public for the State of California
       Commission #1885573 expiring May 8, 2014

Dear Ms Nguyen,

Attached please find a copy of an *Affidavit of Mailing Notice of Sale* which was dated and signed by David Fry on April 5, 2010.  You attested under penalty of perjury that Mr. David Fry personally appeared before you on August 20, 2010, over four months AFTER the date of the document.

According to CA Code 8206(a), a Notary Public is required to keep a Notary Public Journal as outlined below:

## **Notary Public Journal**

A notary public is required to keep one active sequential journal at a time of all acts performed as a notary public. The journal must be kept in a locked and secured area (such as a lock box or locked desk drawer), under the direct and exclusive control of the notary public. The journal shall include the items shown below.
- Date, time and type of each official act (e.g. acknowledgment, jurat).
- Character of every instrument sworn to, affirmed, acknowledged or proved before the notary public (e.g. deed of trust).
- The signature of each person whose signature is being notarized.
- A statement that the identity of a person making an acknowledgment or taking an oath or affirmation was based on "satisfactory evidence" pursuant to Civil Code section 1185.

If satisfactory evidence was based on:
1. Paper identification, the journal shall contain the type of identifying document, the governmental agency issuing the document, the serial or identifying number of the document, and the date of issue or expiration of the document;
2. A single credible witness personally known to the notary public, the journal shall contain the signature of the credible witness or the type of identifying document, the governmental agency issuing the document, the serial or identifying number of the document, and the date of issue or expiration of the document establishing the identity of the credible witness; or

3. Two credible witnesses whose identities are proven upon the presentation of satisfactory evidence, the journal shall contain the signatures of the credible witnesses and the type of identifying document, the governmental agency issuing the document, the serial or identifying number of the document, and the date of issue or expiration of the document establishing the identity of the credible witnesses.
4. The fee charged for the notarial service.
5. If the document to be notarized is a deed, quitclaim deed, or deed of trust affecting real property or a power of attorney document, the notary public shall require the party signing the document to place his or her right thumbprint in the journal. If the right thumbprint is not available, then the notary public shall have the party use his or her left thumb, or any physically unable to provide a thumb or fingerprint, the notary public shall so indicate in the journal and shall also provide an explanation of that physical condition.

Pursuant to **CA Code Sections 8206(c) and 8206.5**, a notary public must respond within 15 business days after receipt of a written request from any member of the public for a copy of a transaction in the notary public journal by supplying either a photostatic copy of a line item from the notary public's journal or an acknowledgment that no such line item exists. The written request shall include the name of the parties, the type of document, and the month and year in which the document was notarized.

This letter is to serve as my formal request for a copy of your notary public journals for the following dates:

    April 4, 2010 thru and including April 6, 2010
    August 19, 2010 thru and including August 21, 2010

Lastly, CA Code 8212 indicates that a notary public is to post a $15,000 bond. Please provide the name and contact information for the Surety Company that currently holds your required bond.

                                              *Tamie Richardson*
                                              Tamie Richardson

cc:    Mr. Holger Uhl
        McCarthy & Holthus, LLP
        19735 10th Ave, Ste N-200
        Poulsbo, WA 98370

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Unintelligible_  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )    C. Date of Delivery  4/X/11 |
| 1. Article Addressed to:<br>Michelle Nguyen<br>Quality Loan Service Corp.<br>6911 Jackson Drive<br>San Diego, Ca 92119 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7010 1670 0002 0328 7594 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

MH Discovery Response 943

**Pool Trial Balance**

Customer: FH - First Horizon
Account: FHASI - FHASI (WADE)

POOL FHFHA1S2006XXX

| Coll ID | Name | Address | Pool Type: WADE | Issue Date: 8/1/2006 | Status: OH | Stage: IC | Due Date: | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Amount | Rate Stage | Minor Major Status | Release ID | Release Description | |

REDACTED

Run By: asvells
Usergroup: Certifications
Custodian Name: MBIAS Inc.

36

8/19/2006
8:55:17 AM
M205.rpt

Exhibit 2
Case 10-3073PA

# SUBPOENA DUCES TECUM (CIVIL CASE)

Case No. **10-3073-PA**

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

RICHARDSON

v

FIRST HORIZON HOME LOAN CORPORATION

**CUSTODIAN:**
McCarthy & Holthus LLP ..........................................
ATTN: Holger UHL, OSB#950143 ..........................
19735 10th Avenue, Suite N-200 ...............................
Poulsbo, WA 98370

**REQUESTING PARTY:**
Tamie Richardson
746 Bailey Drive
Grants Pass, OR 97527

**TO:** ............................................................................................................................................. or any authorized officer:
You are commanded to serve this Subpoena Duces Tecum on the Custodian.

**TO THE CUSTODIAN:**
You or someone acting in your behalf are commanded to produce the documents and tangible things designated and described **X** in the attached request   below for issuance of this Subpoena Duces Tecum as follows:

ITEMS TO BE PRODUCED:
See attached ....................................................................................................................................................................
................................................................................................................................................................................................
................................................................................................................................................................................................

CONTINUED ON REVERSE SIDE

**X** Documents are to be delivered on:

................................................................... at ........................ to this court at the above address.

**X** June 1, 2011 .................................. or before to:
the Clerk's office of this court at the above address.
**X Plaintiff – Tamie Richardson, 746 Bailey Drive, Grants Pass, OR 97527** ..................

Tangible things are to be:
made available to the REQUESTING PARTY at ........................................................................................ for
................................................... to permit such party or someone acting in his behalf to inspect and copy, test or sample such tangible things in your possession, custody or control.
delivered to this court at the above address on .............................................................................................
OTHER TERMS: ..................................................................................................................................................
................................................................................................................................................................................................

You are further commanded to appear in person before this Court at the date and time shown above with the documents and/or tangible things subpoenaed by this Subpoena Duces Tecum and to be ready to testify in response to questions concerning these items.

**WARNING:** Failure to comply with the terms of this Subpoena Duces Tecum may result in your being fined or jailed for contempt of court.

............................................                                                                                    _____ Clerk
DATE
                                                            by _____
                                                                     DEPUTY CLERK

CC-1437 (1/85)

## ITEMS TO BE PRODUCED:

1. Certified copy of the Notary Public Sherian Hopkins log page verifying the signature of Alfreda Johnson on the Affidavit *of Compliance with Oregon SB 628(2009)* dated August 11, 2010, notarized in Texas on August 12, 2010, and recorded in the Josephine County Recorder's Office on August 24, 2010 as document 2010-010755. ............................................................................................................

................................................................................................................................................

2. Certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on the *Affidavit of Mailing Notice of Sale* dated April 5, 2010, notarized on August 20, 2010, and recorded in the Josephine County Recorder's Office on August 24, 2010 as document 2010-010755.. .....................

................................................................................................................................................

3. Verification of employment for David Fry who signed the *Affidavit of Mailing Notice of Sale* dated April 5, 2010, notarized by Michelle Nguyen on August 20, 2010, and recorded in the Josephine County Recorder's Office on August 24, 2010 as document 2010-010755. .........................................................

................................................................................................................................................

4. Affidavit confirming the name of the person who improperly affixed their signature to the *Declaration of Mailing Trustee Sale & Notice to Tenants* in the space reserved for the Notary Public which is dated April 12, 2010 and recorded in the Josephine County Recorder's Office on August 24, 2010 as document 2010-010755. This affidavit does not have the signers name indicated anywhere on the form, the signature is unintelligible, no title is indicated and there is no evidence to indicate by what authority he/she can sign................................................................................................................................

................................................................................................................................................

5. Certified copy or affidavit attesting to the authenticity of the *Initial Certification of Custodian* as outlined in the 8-K filing dated May 30, 2006................................................................................................

................................................................................................................................................

6. Plaintiff understands from the PSA, Section III, Article 3.8(a) that the Defendant "shall keep and maintain separate account, on a Mortgage Loan-By_Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account". Plaintiff specifically requests accounting documentation relative to the First Horizon Alternative Mortgage Securities Trust 2006-AA3 on my loan. As reflected in the PSA, Article III, Section 3.5 this should include, at minimum, detailed listing of ALL transactions from a "Distribution Account", a "Certificate Account" and an "Escrow Account". ..................................

............................................................................................................................................................

7. Plaintiff requests information and documentation relative to ALL endorsements, assignments, transfers, allonges, or other documents that secure payment by Tamie S Richardson to the obligation in this account from inception of account number 0052773397 to the present date. Defendant has stated in at least two (2) pleadings that beside the endorsement 'in blank' by First Horizon Home Loan Corporation, there are no other endorsements. Plaintiff asserts that there should be, at minimum, four (4) assignments.