1  Tamie Richardson
2  746 Bailey Drive
3  Grants Pass OR  97527

4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF OREGON

| Tamie Richardson | Case #  10-3073-PA |
|---|---|
| Plaintiff, | **PLAINTIFFS RESPONSE** |
| vs. | **TO DEFENDANTS THIRD** |
| **First Horizon Home Loan Corp** | **SUPPLEMENTAL RESPONSE** |
| Defendant |  |
|  | Dated:  May 16, 2011 |

6

7        **COMES NOW** Plaintiff, Tamie Richardson, to file this response to Defendants Third
8  Supplemental Response which is dated May 12, 2011 and received on May 13, 2011.
9        (1)    This court's ORDER of April 28, 2011 specifically outlined to Defendants the
10 documents which were to be presented to Plaintiffs <u>in preparation for depositions</u>.
11       (2)    On May 2, 2011, Plaintiff sent an email to Mr. Uhl reconfirming again the
12 specific production requirements as so ordered by this court on April 28, 2011.  This letter was
13 also sent certified mail and requested that the documents be received no later than May 6th to
14 allow sufficient time to review and prepare for the depositions.  This letter also stated that if
15 documents could not be produced by May 6, 2011, that new deposition dates would need to be
16 set which would give Plaintiff a minimum of five (5) days AFTER receipt of said documents
17 before the depositions would take place.  (EXHIBIT 1)
18       (3)    Plaintiff notified Mr. Uhl on May 7, 2011 via email that the documents requested
19 had not been received and that without these documents it would be impossible for Plaintiff to
20 properly prepare for the depositions which he had scheduled for May 11 and May 12, 2011.
21       (4)    On May 8, 2011 Mr. Uhl responded to Plaintiffs email of May 7, 2011 so he was
22 fully aware of the need to change the deposition dates.
23       (5)    Plaintiff notified Mr. Uhl on Friday morning, May 9, 2011 via email that she
24 would be filing a *Motion for Subpoena Duces Tecum* along with a *Motion to Modify Case*
25 *Management Schedule* due to his lack of response.

1  (6) By May 9, 2011, Plaintiff still had not received the requested documents and as a result, filed a *Motion for Subpoena Duces Tecum* along with a request to extend discovery deadline. (Doc #109)

4  (7) On Friday evening, May 9, 2011, Mr. Uhl filed a *Notice of Taking Deposition advising* this court that depositions were on May 11 and May 12, 2011. Mr. Uhl filed this notice with the clear understanding that the depositions **WOULD NOT HAPPEN** on May 11 and May 12, 2011 for the reasons outlined to him in my May 2, 2011 letter, as well as my email of May 7 and email of May 9, 2011.

9  (8) This Plaintiff firmly believes that Mr. Uhl willfully and knowingly filed this document in an attempt to shed negative light on this Plaintiff in his attempt to persuade this court that he procedurally complied with the court ordered deposition request.

12  (9) Plaintiff believes that Mr. Uhl will next be filing a notice with this court that I failed to appear for the depositions and seek protective order against future depositions.

14  (10) On Thursday, May 12, 2011, Plaintiff received the *Defendants 3rd Supplemental Response*, however, Mr. Uhl only responded to two (2) of the ten (10) court ordered production requests as outlined in Plaintiffs certified letter of May 2, 2011: (EXHIBIT 2)

> *Production 2*: *Plaintiffs requested a certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized on August 20, 2010.*
>
> *Production 3*: *Plaintiffs requested verification of employment for David Fry who signed the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010. The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.*

27  (11) Plaintiff has carefully reviewed the documents Mr. Uhl presented and objects to these documents for reasons outlined below.

### Objection #1 Defendant admits to nothing in the 3rd Supplemental Response

30  (12) On page 2, paragraph 1 Defendants "do not admit to any incidental or implied admissions with regard to the contents of the requested documents".

32  (13) How can something be admitted into evidence if they admit to nothing? If they truly believed in what they were presenting then they would not have included this paragraph.

34  (14) The Defendants are simply presenting "evidence" to which they cannot accept or admit its contents.

36

1

***Objection #2 - Declaration of Michelle Nguyen***

2

3  (15)  On page 1, line 4, the declaration uses the verbiage "based upon my own
4  personal". It does not say personal *knowledge*. One might suspect that this was simply a
5  clerical error was it not for the fact that the affidavit for David Fry uses the same exact verbiage
6  on page 1, line 4.

7  (16)  Based on Plaintiff past dealings with Mr. Uhl, this Plaintiff believes Defendant
8  has intentionally left out the word "knowledge" from their statements. Thus, if they have no
9  personal knowledge then their affidavits would not be admissible.

10  (17)  On page 1, line 17 & 18, Ms Nguyen states "would have been personally
11  presented to me by David Fry *who would have confirmed to me that it was signed by him*".
12  Again, this is not personal knowledge as defined in **FRE Rule 602**; therefore, this is hearsay as
13  defined in **FRE Rule 801(c)** and inadmissible pursuant to **FRE Rule 802**.

14  (18)  On page 1, line 19 & 20, Ms Nguyen states "David Fry *acknowledged he had*
15  *signed*". This is not personal knowledge as defined in **FRE Rule 602**; therefore, this represents
16  hearsay as defined in **FRE Rule 801(c)** and inadmissible pursuant to **FRE Rule 802**.

17  (19)  On page 2, line 2 of Ms Nguyen declaration she states "David Fry *had confirmed*
18  *to me that he had signed AFTER I notarized the presented document*". First, you can't notarize a
19  document **BEFORE** someone signs it. A notary swears under PENALTY OF PERJURY (Civil
20  Code section 1189(a)(1)) that they <u>saw</u> the person sign the document. Second, Ms Nguyen does
21  not have personal knowledge, as defined in **FRE Rule 602**, that Mr. Fry actually signed this
22  document. She is simply taking his word for the signature, thus, this is hearsay as defined in
23  **FRE Rule 801(c)** and inadmissible pursuant to **FRE Rule 802.**

24  (20)  This Plaintiff has reviewed the California Notary Handbook ("CNH") which is
25  published online at http://www.sos.ca.gov/business/notary/forms/notary-handbook-2010.pdf
26  Page 11 of the CNH states:

> "The completion of a certificate of acknowledgment that contains
> statements that the notary public knows to be false not only may
> cause the notary public to be liable for civil penalties and
> administrative action, but is also a criminal offense. The notary
> public who willfully states as true any material fact known to be false
> is subject to a civil penalty not exceeding $10,000. (Civil Code
> section 1189(a)(2))."

(21) Page 16 of the CNH states:

"A notary public may not notarize a document that is incomplete. If presented with a document for notarization, which the notary public knows from his or her experience to be incomplete or is without doubt on its face incomplete, the notary public **must refuse to notarize the document**. (Gov't Code section 8205).

(22) Page 11 of the CNH makes an additional *emphatic* "note" to the statement referencing "personal appearance" on an acknowledgment:

"NOTE: Key wording of an acknowledgment is **"personally appeared."** An acknowledgment cannot be affixed to a document mailed or otherwise delivered to a notary public whereby the signer did not personally appear before the notary public, **even if the signer is known by the notary public**."

(23) On page 1, line 22, Ms Nguyen states that on September 8, 2008, she "met personally with David Fry and had him sign my notary journal and I obtained his thumb print"

(24) The date in the notary journal copy that she provided is not September 8, 2008 and does not coincide with her declaration statement.

(25) Under the column heading *Type of Notarization/Certificate*, Ms Nguyen has checked "Acknowledgement". Under the column heading *Document Description*, Ms Nguyen has generically hand written LOAN DOCS FORECLOSURE RELATED DOCS.

(26) Page 9 of the CNH clearly identifies the proper procedures for recording in a notary journal, pursuant to Gov't Code section 8206(a) which includes:

- Date, time and type of each official act (e.g., acknowledgement, jurat)
- Character of every instrument sworn to, affirmed, acknowledged or proved before the notary public (e.g., deed of trust)
- A statement that the identify of a person making an acknowledgment or taking an oath or affirmation was based on "satisfactory evidence" pursuant to Civil Code Section 1185.

(24) Under the column heading *Method of Identification* in the log journal, Ms Nguyen has simply checked "Personally Known". This does not satisfy the requirements as outlined in the CNH, page 9 of the CNH which states:

"If the document to be notarized is a deed, quitclaim deed, or deed of trust affecting real property or a power of attorney document, the notary public shall require the party signing the document to place his or her right thumbprint in the journal."

1  (27) Ms Nguyen's attempt to log documents electronically would not afford her the ability to adhere to a number of requirements as set forth by the CNH, especially the thumbprint rule relative to real property transactions. This begs the question of how would she accomplish this requirement?

(28) Page 10 of the CNH states that "a notary public is guilty of a misdemeanor if the notary public willfully fails to properly maintain the notary public's journal. (Gov't Code section 8228.1)"

***Objection #3 – Declaration of David Fry***

(29) On page 1, line 24 & 25, Mr. Fry states "I will sign the affidavit and then *typically on the same day that it is signed* I will personally present it to Ms Nguyen"

(30) Mr. Fry did not sign in the presence of Notary Michelle Nguyen as required by California notary law.

(31) Mr. Fry admits that he simply tells Notary Michelle Nguyen he signed the documents.

(32) Mr. Fry admits that he 'typically' gives the documents to her on the same day. This infers that it's not done consistently and there would be times when they are held over for notary signature.

(33) Michelle Nguyen did not see David Fry sign anything. He did not sign in her presence. She did not follow California notary laws.

(34) Michelle Nguyen is strictly relying on what David Fry verbally tells her – that he signed the documents. This is not 'personal knowledge" as defined in **FRE Rule 602** or as required by California notary public laws.

(35) On page 1, line 18-19, David Fry states "attached hereto as Exhibit "B" is a mailing matrix that was prepared by IDS". Mr. Fry can not testify for IDS, it is not a certified copy, does not have any signature to indicate that it is a true and exact copy, there is no affidavit from an authorized signer of IDS to support it was prepared by IDS and therefore, as defined in **FRE Rule 802(c)** is not admissible pursuant to **FRE Rule 802.**.

(36) There is no evidence to prove that the mailings were actually received but merely a business 'presumption' that they were.

(37) Unless Mr. Fry, who declared that he works in the mailroom of IDSolutions, has a desk adjacent to Michelle Nguyen, whose declaration indicated that she works for Quality Loan

1 Service, Ms Nguyen could not possibly have "personal knowledge" of Mr. Fry's activities prior
2 to him presenting a stack of documents to her to notarize.
3     **(38)** Based on the sheer volume of documents produced by IDSolutions and Quality
4 Loan Service, this Plaintiff believes it to be a more plausible scenario that David Fry simply
5 drops a stack of documents on the desk of Michelle Nguyen, either before or after he signs, in the
6 belief that Ms Nguyen will properly affix her signature and notary seal. Based on both
7 declarations from David Fry and Michelle Nguyen this scenario appears to be more of their
8 'routine practice' as defined in **FRE Rule 406.**
9 *Objection #4 – Failure to provide satisfactory evidence*
10     **(39)** On EXHIBIT C which is attached to the Declaration of Mr. David Fry, Michelle
11 Nguyen has notarized this *Affidavit of Mailing Notice of Sale* under "PENALTY OF PERJURY
12 under the laws of California stating that David Fry <u>personally appeared</u> and proved to me on the
13 basis of <u>satisfactory evidence</u>."
14     **(40)** The term "satisfactory evidence" does not include allowing the signer to simply
15 verbally tell the notary that he signed the documents or worse yet, that the notary would sign
16 BEFORE David Fry would sign as evidenced in Objection #2, paragraph 19.
17     **(41)** The Notary Public Handbook for the State of California is very explicit on proper
18 procedures for a California notary public and what constitutes "satisfactory evidence". Again for
19 the convenience of this court, the entire California Notary Handbook ("CNH") can be viewed at
20 the following website: http://www.sos.ca.gov/business/notary/forms/notary-handbook-2010.pdf
21     **(42)** The CNH defines "satisfactory evidence" on page 8. Clearly it states (A) paper
22 identification documents or (B) the oath of a single credible witness or (C) the oaths of two
23 credible witnesses under the penalty of perjury. Neither of these took place in this case.
24     **(43)** Michelle Nguyen signed David Fry's affidavit under PENALTY OF PERJURY
25 saying that she had "personal knowledge" that he signed and that he provided "satisfactory
26 evidence". She later signed her declaration of May 12, 2011 stating that it is "true and correct"
27 when she said that David Fry confirmed to her that he signed. These statements conflict with
28 each other. So which one is correct? Was she provided satisfactory evidence that he signed in
29 her presence OR did he, in fact, bring them to her to notarize AFTER he had signed them outside
30 of her presence. Both statements can't be true. Based on the lack of a paper journal of notary
31 Michelle Nguyen, this Plaintiff would believe that there was NO "satisfactory evidence"
32 presented and Notary Michelle Nguyen has committed perjury.

1  (44)  This Plaintiff will pursue filing of a formal complaint with the California Notary Public Division and will further seek to depose Notary Michelle Nguyen.

***Objection #5 - Notary Log for 2008 is invalid and irrelevant to this Plaintiffs documents***

(45)  Michelle Nguyen's notary journal which was attached as EXHIBIT B to her Declaration is for the year 2008. This is immaterial and has no relevance to this Plaintiffs documents which were signed by David Fry and notarized by Michelle Nguyen in August, 2010.

(46)  The fact that David Fry was identified at some point in time in the year 2008 does not mean that such identification was sufficient to meet the legal notary requirements in 2010. Therefore, the notary journal EXHIBIT B is irrelevant, immaterial and should be disregarded.

(47)  There was NO paper journal presented for the August, 2010 signature, only a printout of a computer generated spreadsheet.

(48)  The CNH, page 9, states "A notary public is required to keep **ONE** active sequential journal at a time of all acts performed as a notary public." It further stipulates that "The journal must be kept in a locked and secure area (such as a lock box or locked desk drawer) under the direct and exclusive control of the notary."

(49)  Ms Nguyen indicated on page 1, line 22 that she had David Fry sign her notary journal in 2008 and presented that as evidence. From all appearances, this appears to be a **paper** journal. If a notary is to keep only **ONE** active sequential journal at a time, at what point in time did Ms Nguyen convert her journal to an electronic database recording system, the use of which certainly would prohibit her from following the proper procedures as outlined in the CNH?

***Objection #6 – Notary log is open to the public***

(50)  On April 19, 2011 pursuant to CA Code Sections 8206(c) and 8206.5, Plaintiff sent a certified letter to Notary Michelle Nguyen (EXHIBIT 3) requesting the following items as a matter of public record:

> *This letter is to serve as my formal request for a copy of your notary public journals for the following dates:*
>
> *April 4, 2010 thru and including April 6, 2010*
> *August 19, 2010 thru and including August 21, 2010*
>
> *Lastly, CA Code 8212 indicates that a notary public is to post a $15,000 bond. Please provide the name and contact information for the Surety Company that currently holds your required bond.*

(51)  Defendant has yet to provide this requested information.

*Objection #7 – Electronic journal entries*

(52) Notary Michelle Nguyen presented as EXHIBIT C to her Declaration, a photo static copy of what appears to be an electronic registry printout.

(53) This exhibit is not certified, is not signed by any authorized representative indicating its authenticity, and has no heading or indication of what it represents. Pursuant to **FRE Rule 1003**, Plaintiff has a genuine question as to the authenticity of said document.

*Objection #8 – Does not adhere to Federal Rules of Evidence*

(54) Pursuant to **FRE Rule 201(b)**, Plaintiff asks this court to take judicial notice of the following:

(a) The *Affidavit of Mailing of Notice of Sale* was improperly notarized by Michelle Nguyen. Plaintiff has proven that it was not notarized in compliance with the CNH procedures. Therefore, this document represents fraud upon the court and is invalid and void.

(b) The *Assignment of Deed of Trust* was improperly notarized by Mr. Jerry W. Lollar. Plaintiff has proven that it was falsely notarized, was not in compliance with the Texas notary procedures, which subsequently resulted in the relinquishing of Mr. Lollar's Texas Notary Commission.

(c) The *Appointment of Successor Trustee* was improperly notarized by Mr. Randolph Boyd, Jr. Plaintiff has proven that it was falsely notarized, was not in compliance with the Texas notary procedures, which subsequently resulted in the relinquishing of Mr. Boyd's Texas Notary Commission.

(55) Pursuant to **FRE Rule 401 & 402**, as well as the failure to meet the requirements as outlined in the CNH, Plaintiff has proven that the notary journal dated 2008 for notary Michelle Nguyen is irrelevant to this case.

(56) Pursuant to **FRE Rule 602**, both declarations of David Fry and Michelle Nguyen fail the test of "personal knowledge".

(57) Pursuant to **FRE Rule 801(c)**, both declarations of David Fry and Michelle Nguyen contain statements that are defined as hearsay and inadmissible pursuant to **FRE Rule 802**.

(58) Pursuant to **FRE 1003**, Plaintiff questions the authenticity of notary Michelle Nguyen's computer generated notary journal which was attached as EXHIBIT C to her declaration.

**CONCLUSION**

(59)  Defendants were ordered to present to Plaintiffs ten (10) production requests.

(60)  Defendants have responded to only two (2) of those requests and this Plaintiff has satisfactorily shown the flaws in a majority of the documents Mr. Uhl has presented.

(61)  Plaintiffs have proven that Defendants committed fraud upon this court.

(62)  Plaintiffs note and deed of trust have been sold, assigned, and/or transferred a minimum of four (4) times since inception, yet there is only one (1) endorsement of the note produced by the Defendants and that was 'in blank'.

(63)  The *Assignment of Deed of Trust* has been proven to be fraudulent on its face rendering it null and void.

(64)  Mr. Uhl has confirmed by the filing of his *Statement of Chain of Title*, document #83 filed on February 24, 2011, item #7 and item #8, that this Plaintiffs note and Deed of Trust has indeed been endorsed/assigned more than on one occasion, yet refuses to provide this court with the documents to evidence this.

(65)  Mr. Uhl confirms that there is a recorded *Assignment of Deed of Trust* dated December 28, 2009.

(66)  Plaintiffs have proven to this court that the *Assignment of Deed of Trust* dated December 28, 2009 was done three (3) years **AFTER** the cut-off date of the Pooling and Servicing Agreement for the First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, thereby making the *Assignment of Deed of Trust* invalid, void, and also subject to severe tax penalties under IRS Rule 860D(a)(4).

(67)  Plaintiff has proven to this court that the notary attesting to the *Assignment of Deed of Trust*, Mr. Jerry W Lollar, falsely notarized the document resulting in the relinquishing of his Texas Notary Commission.

(68)  Plaintiff has proven to this court that the notary attesting to the *Appointment of Successor Trustee*, Randolph Boyd Jr, falsely notarized the document resulting in the relinquishing of his Texas Notary Commission.

(69)  Plaintiff has proven to this court that the notary attesting to the *Affidavit of Mailing Notice of Sale*, Michelle Nguyen, falsely notarized the document.

(70)  Plaintiff have been harmed by the actions of David Fry, Michelle Nguyen, Quality Loan Service Corporation and First Horizon Home Loan Corporation, by their attempted

fraudulent deprivation of Plaintiffs property, fraudulent conversion of title, and their attempt to illegally foreclose on Plaintiff's and attempt to conduct a Trustee Sale.

(71)

**WHEREFORE,** Plaintiff moves this court:

- For a permanent injunction enjoining Defendants from foreclosing on Plaintiffs property;
- For quiet title to Plaintiffs property;
- For pain and suffering due to extreme mental anguish in an amount to be determined at trial.
- For sanctions against Mr. Uhl and the law firm of McCarthy & Holthus LLP;
- For sanctions against Quality Loan Services Corporation;
- To grant Plaintiffs previously requested *Subpoena Duces Tecum*;
- To extend the discovery date deadline, pre-trial hearing and trial date a minimum of another 45 days; and
- For such other relief as the Court deems just and proper.

*/s/ Tamie Richardson*
Tamie Richardson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the above has been furnished by U.S. Mail on this 16th day of May, 2011 to the following:

Mr. Holger Uhl
McCarthy & Holthus, LLP
19735 10th Avenue NE Ste N200
Poulsbo, WA 98370
  *Attorneys for First Horizon Home Loan Corp*

*/s/ Tamie Richardson*
Tamie Richardson



tamie richardson &lt;tamiesr@gmail.com&gt;

# Judge Panner's Order
2 messages

**tamie richardson &lt;tamiesr@gmail.com&gt;**    Mon, May 2, 2011 at 12:39 PM
To: Holger Uhl &lt;huhl@mccarthyholthus.com&gt;

May 2, 2011

Mr. Holger Uhl

VIA ELECTRONIC AND CERTIFIED MAIL

McCarthy & Holthus LLP

19735 10th Avenue, Suite N-200

Poulsbo WA 98370

Re: Richardson v First Horizon Home Loan Corp

Case #10-3073-PA

Dear Mr. Uhl,

As so ordered by Judge Panner and filed on record April 28, 2011 as document #104,

below are the document production requirements for the Defendant.

1. Certified copy of the Notary Public Sherian Hopkins log page verifying the

signature of Alfred Johnson on the

Affidavit of Compliance with Oregon SB

628(2009)

dated August 11, 2010 and notarized in Texas on August 12, 2010.

2. Certified copy of the Notary Public Michelle Nguyen log page verifying the signature of

David Fry on the

Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized on

August 20, 2010.

3. Verification of employment for David Fry who signed the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010. The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.

4. Affidavit confirming the name of the person who improperly affixed their signature to the Declaration of Mailing Trustee Sale & Notice to Tenants in the space reserved for the Notary Public which is dated April 12, 2010. This affidavit does not have the signers name indicated anywhere on the form, the signature is unintelligible, no title is indicated and no evidence to indicate by what authority he/she can sign.

5. Plaintiff understands from the PSA, Section III, Article 3.8(a) that the Defendant "shall keep and maintain separate account, on a Mortgage Loan-By_Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account". Plaintiff specifically requests accounting documentation relative to the First Horizon Alternative Mortgage Securities Trust 2006-AA3 on my loan. As reflected in the PSA, Article III, Section 3.5 this should include, at minimum, details from a "Distribution Account", a "Certificate Account" and an "Escrow Account".

6. Plaintiff requests information and documentation relative to ALL assignments, transfer4s, allonges, or other documents that secure payment by Tamie S Richardson to the obligation in this account from inception of account number 0052773397 to the present date. Defendant has stated in at least two (2) pleadings that beside the endorsement 'in blank' by First Horizon Home Loan Corporation, there are no other endorsements. Plaintiff asserts that there should be, at minimum, four (4) assignments.

2

7. Although Plaintiff was able to locate her loan number in the securitization trust First

Horizon Alternative Mortgage Securities Trust 2006-AA3, due to Defendants total failure and unwillingness to provide documents requested, this Plaintiff is uncertain if it still resides in the trust, was transferred out or was repurchased, thus the requested documents are relevant, necessary and critical to this case.

8. Plaintiff requests a copy of the Initial Certification of Custodian as outlined in the 8-K filing dated May 30, 2006.

"The Trustee agrees to execute and deliver or to cause the Custodian to execute and deliver on the Closing Date to the Depositor and the Master Servicer an Initial Certification in the form annexed hereto as EXHIBIT E which attests in item (ii) that is has received "a duly executed assignment, or a copy of such assignment certified by the Seller as being a true and complete copy of the assignment of the Mortgage"

9. Pursuant to PSA, Section III, Article 3.10(b) "Together with each such substitution, assumption or other agreement or instrument delivered to the Trustee for execution by it, the Master Servicer shall deliver an Officer's Certificate signed by a Servicing Officer stating that the requirements of this subsection have been met in connection therewith." Plaintiff seeks production of these documents.

10. Plaintiff seeks production of a certified copy of the Master Servicer Officer's Certificate indicating the amount of any advance payments made by the Master Servicer as more clearly defined in the PSA, Article IV, Section 4.1.

As depositions relative to my case are currently set for 1pm on May 11 th with Mr Chang, Mr

Hyne and Ms Collier and at 1pm on May 12

th with Ms McCoy, I would ask that you have these

documents delivered priority no later than Friday, May 6

th to allow sufficient time for review

prior to depositions.

If you are unable to produce these documents by May 6

th then I would request that you

reschedule the deposition dates for no fewer than five (5) days AFTER receipt of these

documents to allow me time for proper review before conducting the depositions.

I look forward to receiving an immediate response so I can plan accordingly.

Sincerely,

Tamie Richardson

746 Bailey Drive

Grants Pass, Oregon 97527

---

**Holger Uhl <huhl@mccarthyholthus.com>**                              Thu, May 5, 2011 at 3:39 PM
To: tamie richardson <tamiesr@gmail.com>
Cc: Paola Munoz <amunoz@mccarthyholthus.com>

Attached are our responses.


Holger Uhl, Esq.

### McCarthy ♦ Holthus LLP

Phone: 206.319.9100 Ext. 8045

Fax: 206.780.6862

Direct: 206.319.9045

*"Service Second to None"*

CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly

prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge.

**From:** tamie richardson [mailto:tamiesr@gmail.com]
**Sent:** Monday, May 02, 2011 12:40 PM
**To:** Holger Uhl
**Subject:** Judge Panner's Order

[Quoted text hidden]

**Supplemental Discovery Responses.fin.pdf**
528K

EXHIBIT 2

Case # 10-3073 PA

Holger Uhl, OSB# 950143
McCarthy & Holthus, LLP
19735 10th Ave. NE, Suite N200
Poulsbo, WA 98370
206-319-9100
206-780-6862 fax
huhl@mccarthyholthus.com
Attorneys for First Horizon Home Loan Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

TAMIE RICHARDSON,

    Plaintiff,

vs.

First Horizon Home Loan Corporation,

    Defendant.

Case No.: 10-3034

**DEFENDANT'S 3rd SUPPLEMENTAL RESPONSE**

COMES NOW the Defendant, First Horizon Home Loan Corporation ("Responding Party"), by and through their attorney of record, Holger Uhl of McCarthy & Holthus, LLP, and respond as follows:

**PRELIMINARY STATEMENT**

The responses set forth below are made solely for the purpose of the above-entitled action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections or grounds, which would require the exclusion of any statement herein if the interrogatories were asked of, or if any statement contained herein was made by, a witness present and testifying in court, all of which objections or grounds may be asserted at the time of trial.

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Defendants do not make any incidental or implied admissions with regard to the contents of the requested documents contained herein. Rather, the fact that Defendant has responded or objected to any request(s), or part(s) thereof, should not be understood or interpreted to mean that Defendants accepts or admits the existence of any facts set forth or assumed by Plaintiff's request, or that such responses or objection constitutes admissible evidence. The fact that Defendants have answered all or part of any request is not intended, nor shall it be construed, as a waiver by Defendants of all, or any part of any, objections to any request.

Defendants investigation of the facts related to the present action is ongoing, and as such, has not completed its discovery or its preparation for trial. Accordingly, the following responses are based upon information known to Defendants at this time, and are given without prejudice to Defendants right to produce subsequently discovered evidence and facts, and to supplement, amend, modify, or otherwise change its responses contained herein.

To the extent that a request calls for information that was prepared in anticipation of litigation or for trial, or for information or material covered by the attorney-work product doctrine, or which constitutes information that is privileged or proprietary, confidential, or a trade secret(s), Defendants object to such request, and thus, will neither supply nor render any documents protected from discovery by virtue of these doctrines and privileges.

## GENERAL OBJECTIONS

1. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they seek information which is not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they call for information which is protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or any other applicable privilege or immunity.

3. Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they are overly broad and require Defendants to make an unreasonable and unduly burdensome investigation. The search for and production of information requested in

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

Plaintiff's requests would consume many hours of effort at great and unreasonable expense to Plaintiff and would yield information which is neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence relating to, the issues in the present action.

4.  Defendants object to Plaintiff's requests as a whole, and to each request contained therein, to the extent that they request Defendant to identify or produce information not in its possession, custody, or control, or documents which are equally available to Plaintiff.

All General Objections are incorporated by reference into each Response as though set forth in full therein.

## SUBSTANTIVE RESPONSES

Without waiving the above and previously filed objections Defendant responds to the request substantively as follows:

(27) Certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on an *Affidavit of Mailing Notice of Sale* dated April 5, 2010 and notarized on August 20, 2010.
**RESPONSE:**
Attached are true and correct copies of the declarations of David Fry and Michelle Nguyen. The Declaration of Michelle Nguyen contains relevant pages of her notary journal. The Declaration of David Fry verifies his employer, his position and evidence to support his authority to sign. All responsive documents within the custody or control of Defendant have now been produced.

(28) Verification of employment for David Fry who signed the *Affidavit of Mailing Notice of Sale* dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010. The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.
**RESPONSE:** See Response to No. 27.

DATED: May 12, 2011

/s/ Holger Uhl

Holger Uhl, OSB# 950143
Attorney for Defendant

Discovery Response

M&H# OR10-3924

McCarthy & Holthus LLP
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370
PH: (206) 319-9100
FAX: (206) 780-6862

EXHIBIT 3
Case # 10-3073PA

April 19, 2011

Quality Loan Service Corporation
6911 Jackson Drive
San Diego, CA 92119

Attn: Michelle Nguyen, Notary Public for the State of California
Commission #1885573 expiring May 8, 2014

Dear Ms Nguyen,

Attached please find a copy of an *Affidavit of Mailing Notice of Sale* which was dated and signed by David Fry on April 5, 2010. You attested under penalty of perjury that Mr. David Fry personally appeared before you on August 20, 2010, over four months AFTER the date of the document.

According to CA Code 8206(a), a Notary Public is required to keep a Notary Public Journal as outlined below:

## **Notary Public Journal**

A notary public is required to keep one active sequential journal at a time of all acts performed as a notary public. The journal must be kept in a locked and secured area (such as a lock box or locked desk drawer), under the direct and exclusive control of the notary public. The journal shall include the items shown below.
- Date, time and type of each official act (e.g. acknowledgment, jurat).
- Character of every instrument sworn to, affirmed, acknowledged or proved before the notary public (e.g. deed of trust).
- The signature of each person whose signature is being notarized.
- A statement that the identity of a person making an acknowledgment or taking an oath or affirmation was based on "satisfactory evidence" pursuant to Civil Code section 1185.

If satisfactory evidence was based on:
1. Paper identification, the journal shall contain the type of identifying document, the governmental agency issuing the document, the serial or identifying number of the document, and the date of issue or expiration of the document;
2. A single credible witness personally known to the notary public, the journal shall contain the signature of the credible witness or the type of identifying document, the governmental agency issuing the document, the serial or identifying number of the document, and the date of issue or expiration of the document establishing the identity of the credible witness; or

3. Two credible witnesses whose identities are proven upon the presentation of satisfactory evidence, the journal shall contain the signatures of the credible witnesses and the type of identifying document, the governmental agency issuing the document, the serial or identifying number of the document, and the date of issue or expiration of the document establishing the identity of the credible witnesses.
4. The fee charged for the notarial service.
5. If the document to be notarized is a deed, quitclaim deed, or deed of trust affecting real property or a power of attorney document, the notary public shall require the party signing the document to place his or her right thumbprint in the journal. If the right thumbprint is not available, then the notary public shall have the party use his or her left thumb, or any physically unable to provide a thumb or fingerprint, the notary public shall so indicate in the journal and shall also provide an explanation of that physical condition.

Pursuant to **CA Code Sections 8206(c) and 8206.5**, a notary public must respond within 15 business days after receipt of a written request from any member of the public for a copy of a transaction in the notary public journal by supplying either a photostatic copy of a line item from the notary public's journal or an acknowledgment that no such line item exists. The written request shall include the name of the parties, the type of document, and the month and year in which the document was notarized.

This letter is to serve as my formal request for a copy of your notary public journals for the following dates:

April 4, 2010 thru and including April 6, 2010
August 19, 2010 thru and including August 21, 2010

Lastly, CA Code 8212 indicates that a notary public is to post a $15,000 bond. Please provide the name and contact information for the Surety Company that currently holds your required bond.

Tamie Richardson

cc:   Mr.Holger Uhl
      McCarthy & Holthus, LLP
      19735 10th Ave, Ste N-200
      Poulsbo, WA 98370