HolgerUhl[OSB#950143]
**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>                          Plaintiff,<br>vs.<br>First Horizon Home Loan Corporation,<br><br><br><br>                Defendants. | Case No. 10-03073<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM AND EXTENSION TO CASE MANAGEMENT SCHEDULE/PLAINTIFF'S RESPONSE TO THIRD SUPPLEMENTAL RESPONSE** |

COMES NOW the Defendant, First Horizon Home Loan Corporation, by and through its attorney of record, HolgerUhl of McCarthy & Holthus, LLP, and hereby responds to Plaintiff as follows:

Defendant responds to Plaintiff's pleadings in two parts.  The first response is directed to the discovery issues raised by Plaintiff.  The second, to be filed separately, addresses the notary and acknowledgment issues.

## GENERAL RESPONSE

Plaintiff misrepresents Defendant's responses and actions in a false light: Plaintiff was provided with a detailed written response to her discovery questions by May 6, 2011.  Those responses have been filed with the Court. As Plaintiff acknowledges supplemental responses were provided with

RESPONSE IN OPPOSITION
FACTS - 1

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

respect to David Fry and Michelle Nguyen on May 12, 2011.  Defendant's responses are now complete.  There are no further responsive documents.

Plaintiff continues a pattern of outrageous and fundamentally false and misleading accusations, spiked with personal attacks on Defendant's counsel, Defendant's employees and its agents. Defendant understands that a certain amount of hyperbole and expressed anger can be expected by a pro se plaintiff and should be tolerated by the Court and other parties involved in litigation.  However, Plaintiff has stretched this tolerance beyond limits.

1. Plaintiff's motion is not well taken and intended solely to delay a final order as part of a pattern of seeking to delay Defendant's exercise of the contractual remedy of foreclosure.

### RESPONSE TO SPECIFIC ALLEGATIONS

**Plaintiff was in possession of all relevant documents to conduct the depositions of Ed Hyne Wanda Collier, Alfred Chang and Terry McCoy.**

Plaintiff alleges that she was unable to attend the depositions which she demanded to be scheduled because Defendant allegedly failed to provide here with necessary discovery to prepare for those depositions.   That is simply untrue.

The Court's order on April 15, 2011 provided in relevant parts:

"Plaintiff may depose Wanda Collier, Ed Hyne and other employees (to be determined after defendant provides signatures as noted above) who signed the relevant documents. The scope of the deposition is limited to the signers title, the signers authority to sign the documents involved, and the circumstances surrounding the signing of the particular documents involved in this case. Plaintiff is entitled to determine if the documents were correctly signed and the depositions may not extend beyond that scope. As for Ed Hyne, plaintiff may question Mr. Hyne as to Mr. Hynes ability to negotiate a settlement or modification with plaintiff."

RESPONSE IN OPPOSITION
FACTS - 2

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

All documents necessary to conduct the scheduled depositions within the scope of the order were produced and in the possession of Plaintiff by May 6, 2011. This was the deadline that Plaintiff herself set.   As per the Court's prior order Defendant provided signed copies of the Pooling and Servicing Agreement and Mortgage Loan Purchase Agreement and identified the signatories of these agreements to make them available for deposition.   The signatories for both documents are Alfred Chang and Terry McCoy.    In addition Defendant had previously produced a copy of the Document signed by Wanda Collier.  As for Ed Hyne no documents subject to Plaintiff's production requests were signed by Mr. Hyne.   Defendant had arranged for a court reporter on May 11 and May 12 to Alfred Chang, Terry McCoy, Wanda Collier and Ed Hyne.   At no time did Plaintiff indicate that she was disagreeable with those dates or that she was unable to attend.   Plaintiff simply chose not to attend that deposition.   Defendants hired a court reporter and not only incurred attorney time, but the fees for the court reporter.

Defendant is willing to make those individuals available again for deposition.   However, Defendant respectfully requests that Plaintiff hold Defendants harmless for the costs of the depositions prior to the scheduling of any further depositions.

**Defendant complied with the Court's orders and provided all appropriate responses to Plaintiff's requests.**

Defendant strenuously denies that it failed to comply with any of this Court's orders, in particular the order regarding production of documents.  Plaintiff's allegations are without merit, but Defendant remains concerned that the constant repetition of Plaintiff's accusations may create a contrary impression.  Defendant therefore is responding to each of Plaintiff's allegations in detail.

RESPONSE IN OPPOSITION
FACTS - 3

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

1

2

3

4

5

*Production 1: Plaintiffs requested a certified copy of the Notary Public Sherian Hopkins log page verifying the signature of Alfreda Johnson on the Affidavit of Compliance with Oregon SB 628(2009) dated August 11, 2010 and notarized in Texas on August 12, 2010.*

6     Plaintiff argues that Defendant's response to her request for the log book of Notary Sherian

7  Hopkins is insufficient since she believes that Texas law requires a physical log book in addition to

8  keeping an electronic copy of the document notarized.   There is no dispute that a copy of the record

9  kept in lieu of a log book was provided.  Whether or not the practice of Sherian Hopkins violates Texas

10  notary law is irrelevant as to whether or not Defendant complied with the production request.  Further,

11  Plaintiff's pursuit of charges against Sherian Hopkins are not relevant to the matters at issue.   Oregon

12  law is very clear that a document with a defective or even a false acknowledgment is still a valid

13  document and not a "forgery" as Plaintiff asserts.

14

15

16

17     *Production 2: Plaintiffs requested a certified copy of the Notary Public Michelle Nguyen log page verifying the signature of David Fry on the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized on August 20, 2010.*

18

19

20     *Production 3: Plaintiffs requested verification of employment for David Fry who signed the Affidavit of Mailing Notice of Sale dated April 5, 2010 and notarized by Michelle Nguyen on August 20, 2010.  The affidavit does not list the name of the company he works for, his title, nor is there any evidence that would support his authority to sign such a document.*

21

22

23

24     Plaintiff misrepresents Defendant's response with respect to Michelle Nguyen and David Fry.

25  Defendant did not refuse to provide information, but truthfully declared that the information was not in

26  the custody or control of Defendant.  Nevertheless, Defendant made extra efforts to obtain responsive

27

**RESPONSE IN OPPOSITION**
FACTS - 4

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

information. That information has been received by Defendant and forwarded to Plaintiff as of the time of this response. The response includes pages from Michelle Nguyen's log book and verification of Mr. Fry's employer and his position.

*Production 4: Plaintiff requested an affidavit confirming the name of the person who improperly affixed their signature to the Declaration of Mailing Trustee Sale & Notice to Tenants in the space reserved for the Notary Public which is dated April 12, 2010. This affidavit does not have the signers name indicated anywhere on the form, the signature is unintelligible, no title is indicated and no evidence to indicate by what authority he/she can sign.*

Plaintiff again misrepresents Defendant's response with respect to her request as to the signor of the Declaration of Mailing Trustee's Sale & Notice to Tenants. Defendant did in fact provide the request information and identified the signor and the signor's employer. The document in question was signed by a non-party. Defendant's made inquiry as to a log book and were advised that no such log book was maintained.

*Production 6: Plaintiff understands from the PSA, Section III, Article 3.8(a) that the Defendant "shall keep and maintain separate account, on a Mortgage Loan-By_Mortgage Loan basis, for the purpose of justifying any withdrawal from the Certificate Account". Plaintiff specifically requests accounting documentation relative to the First Horizon Alternative Mortgage Securities Trust 2006-AA3 on my loan. As reflected in the PSA, Article III, Section 3.5 this should include, at minimum, details from a "Distribution Account", a "Certificate Account" and an "Escrow Account".*

With respect to this request by Plaintiff, Defendant did provide the requested loan specific accounting, namely Plaintiff's detailed loan history and the Schedule of Advances specific to her loan(Loan Repurchase Payments Due Detail). The Certificate and Distribution accounts she references do not contain the information that Plaintiff is seeking as they do not contain specifically identifiable

**RESPONSE IN OPPOSITION**
FACTS - 5

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

information regarding Plaintiff's Account. The *Agency Custodial Register* and *Pool Trial Balance* to which Plaintiff is referring, is part of the *Initial Certificate of Custodian* which Defendant produced pursuant to a separate request by Plaintiff.

> *Production 7: Plaintiff requests information and documentation relative to ALL endorsements, assignments, transfers, allonges, or other documents that secure payment by Tamie S Richardson to the obligation in this account from inception of account number 0052273397 to the present date. Defendant has stated in at least two (2) pleadings that beside the endorsement 'in blank' by First Horizon Home Loan Corporation, there are no other endorsements. Plaintiff asserts that there should be, at minimum, four (4) assignments.*

Again, this question has been answered and all responsive documents have been produced. This loan was not assigned four different times as Plaintiff asserts, but transferred directly from the originator to the trust. The assignment that provides record notice is recorded and a copy has been produced. Plaintiff's continued claim of insufficiency of this response appears to be based on her failure to understand that a promissory note endorsed in blank can be negotiated without a formal writing.

## CONCLUSION

Plaintiff's motion is not well taken. She has refused to attend her own depositions on the pretense that Defendant failed to produce documents she needed to depose Alfred Chang, Terry McCoy, Wanda Collier and Ed Hyne. However, the documents that Chang, McCoy and Collier signed were all produced long ago. The responses she challenges have nothing to do with their signatures nor with whether or not Ed Hyne has authority to negotiate a loan modification. This was the sole purpose of those depositions, and this Court limited the scope of the depositions to those issues. Therefore her argument must be construed as a mere pretense to delay this litigation.

**RESPONSE IN OPPOSITION**
FACTS - 6

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Defendant is willing to make the above referenced witnesses available again, but requests that Plaintiff either submit written questions and allow written answers or, if Plaintiff insists on an oral examination that Plaintiff will be held responsible for the costs of the deposition should she again fail to attend.

Defendant further requests that the Court establish a briefing schedule as to the remaining legal issues and based on the record before the Court.

DATED May 23, 2011

McCarthy &Holthus, LLP
*/s/ HolgerUhl*
By_____
HolgerUhl, Of the Firm
Attorneys for First Horizon Home Loan Corporation

**RESPONSE IN OPPOSITION**
FACTS - 7

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045