Holger Uhl [OSB#950143]
**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>                   Plaintiff,<br><br>vs.<br><br>First Horizon Home Loan Corporation,<br><br>                  Defendants. | Case No. 10-03073<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO THRID SUPPLEMENTAL RESPONSE** |

COMES NOW the Defendant, First Horizon Home Loan Corporation, by and through its attorney of record, Holger Uhl of McCarthy & Holthus, LLP, and hereby responds to Plaintiff as follows:

Defendant responds in opposition to Plaintiff's pleadings as it appears that Plaintiff's Pleading is at least in part a motion for summary judgment with respect to the validity of certain recorded documents.

Following this Court's ruling granting in part Defendant's motion to dismiss, the only remaining issue in this matter is whether the non-judicial foreclosure instituted against Plaintiff complies procedurally with the provisions of the Oregon Trust Deed Act. It can no longer be denied that prima facie the foreclosure procedurally the Oregon Trust Deed Act was followed and that all necessary documents were recorded. Plaintiff is not likely to concede that directly, but the current

**RESPONSE IN OPPOSITION**
FACTS - 1

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

tenor of her arguments regarding the notaries is an implicit admission that the proper documents were recorded. Instead she focuses on the validity of those documents by attacking the notarization of those documents.

Specifically, she alleges that the Assignment of Deed of Trust, The Appointment of Successor Trustee and the Affidavit of Mailing Notice of Sale are void as those documents were "falsely notarized." In addition she alleges that the Assignment of Deed of Trust is also void because it was recorded 3 years late and because it allegedly does not reflect a complete chain of title three years late.

Her arguments do not show that these documents are void or even voidable and Plaintiff's remaining claim should therefore be dismissed as a matter of law.

# ARGUMENT

An acknowledgement is a ministerial act. *Clatsop County v. Wuopio*, 95 Ore. 30, 33 (Or. 1920), *Houck v. Darling*, 238 Ore. 484 (Or. 1964). Even if it is performed by an "unauthorized officer" it will not invalidate the document. *Id.* The officer may be liable if he or she neglects her duties, but this has no impact on the validity of the document itself. *Id.*

**1. THE PURPOSE OF THE RECORDING STATUTE IS TO PROTECT THIRD PARTY CREDITORS, NOT BORROWERS THAT ARE IN DEFAULT.**

The purpose of recording and registries should be emphasized. A recording statute is not a borrower protection statute that should prevent the exercise of contractual remedies against delinquent borrowers. Instead, it is a process designed to provide record notice to third parties, and third party creditors specifically:

RESPONSE IN OPPOSITION
FACTS - 2

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

> [T]he manifest and exclusive object of [the registry act] was to protect third persons from fraud or injury by means of prior secret conveyances. *Moore v. Thomas*, 1 Ore. 201 (Or. 1855)

[T]he "meaning of the registry act was to prevent parol proofs of notice, or not notice." *Id.* "Effect ought to be given to this meaning." *Id.* The purpose of recording is to protect third parties (e.g., subsequent bona fide purchasers or judgment creditors) by informing them there is an encumbrance on the real property. *Security State Bank v. Luebke,* 303 Or. 418, 421, 737 P.2d 586 (1987), *Bliss v. Miller*, 119 Ore. 573, 581 (Or. 1926)("The object of recording a deed is for the protection of creditors and innocent purchasers."). Thus, the primary objective of the recording statutes is to memorialize for the benefit of outside third parties the interests that affect title to real property. *Luebke, supra.* This is done by recording a conveyance of an interest in real property that is in the form of a trust deed with the county recorder. *ORS* 93.610, 93.630, 205.130.

Once the world is placed on notice, interested parties must undertake further investigation as to the status of the security interest in the real property. Since the borrowers already know there is a security interest and have in fact explicitly granted that interest, the notice provided by the recording statutes is not for the borrowers' benefit. Recording statutes are not consumer protection statutes intended to confer special rights on borrowers. Recording the deed of trust is for the benefit of the Lender and outside third parties.

Equally, the purpose for recording deed of trust assignments is not for the protection of the borrower as Plaintiff asserts, but to ensure the current beneficial interest holder on a junior trust deed receives a trustee's notice of sale from a priority trust deed in foreclosure "*Foreclosing Security Interests (1997 rev. with 2005 cum. supp.) Chapter 2, Trust Deeds, §2.19.*It is thus a provision designed

**RESPONSE IN OPPOSITION**
FACTS - 3

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Case 1:10-cv-03073-PA    Document 116    Filed 05/24/11    Page 4 of 8    Page ID#: 1715

to protect lenders. Plaintiff takes these provisions designed as a shield and seeks to turn it into a weapon to deprive the protected class from exercising its contractual rights.

## 2. A NOTARY DOES NOT NEED TO WITNESS THE SIGNATURE HE OR SHE ACKNOWLEDGES.

The main thrust of Plaintiff's argument with respect to the questioned notarial acknowledgments of the relevant documents is the accusation that the individual notaries did not witness the signatures which were acknowledged. Plaintiff asserts that this is an essential notarial requirement. That is not the case as a matter of law.

Each of the challenged notarial jurats uses practical identical language. None of those jurats however, assert that the notary in question personally witnessed the signor signing the document. Instead, the notary certified that the signor "acknowledged" that the signature on the document is his/her signature and that he signed this in his/her authorized capacity. A signor does not need to sign before a notary. *Blaisell v. Leach*, 101 Cal. 405, 409(1894). He or she merely needs to acknowledge her signature. This is the proper way of acknowledging documents:

> The requisites of an acknowledgment … are the personal appearance of the maker, his acknowledgment that he signed it, and the officer's personal knowledge that the maker is the person he purports to be. *Clements v. Snider*, 409 F.2d 549, 550 (9th Cir. Cal. 1969)(referring to Cal Civ Code Sec. 1185)

Oregon statute is consistent. Pursuant to *ORS* 194.515 notaries may take an acknowledgment or make a verification, if the person having signed the instrument personally appears before the notary.

**RESPONSE IN OPPOSITION**
FACTS - 4

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

There is no requirement for the notary to witness the actual signature.[1] The person making that "acknowledgment" has to be either identified through proper identification or "personally known" to the notary. ORS 194.515(6).[2] "Personally known" simply means "familiarity with a person resulting from interactions with that person over a period of time sufficient to eliminate every reasonable doubt that the person has the identity claimed." ORS 194.515(7)[3]. All signors and notaries were employees of the same companies who worked in the same office and had known each other.

3. **THE CHALLENGED DOCUMENTS WERE NOTARIZED IN COMPLIANCE WITH OREGON LAW, AND ARE ENTITLED TO BE RECORDED UNDER OREGON LAW.**

Documents acknowledged or certified in compliance with Oregon Statute "are entitled to be recorded." *ORS* 93.480, *Marks v. Wilson*, 72 Ore. 5, 9-10 (Or. 1914). Oregon gives foreign notarial acts "the same effect under the law of this state as if performed by a notarial officer of this state" if that person is also a notary public or notary in that jurisdiction. *ORS* 194.555.

4. **ORS 86.735(1) REQUIRES THE RECORDING OF ASSIGNMENTS OF THE DEED OF TRUST, NOT RECORDING OF THE TRANSFERS OF THE NOTE.**

*A mortgage…may be transferred*, either by the endorsement of the note and surrender of its possession, or, if the note is payable to bearer, by the mere delivery thereof, ***without any formal transfer of the mortgage***." *Schleef v. Purdy*, 214 P. 137, 140 (Or. 1923)(emphasis added). A promissory note is not assigned but is transferred or negotiated. Transfers are generally accomplished

---

[1] This is also true for Texas and California. See Texas *Civil Practice And Remedies Code, Title 6., Sec.* 121.004., *Cal. Civ. Code* §§ 1185, 1188, 1189

[2] Ibid. *See* Texas Sec. 121.005, *Cal. Civ. Code* §§ 1185

[3] *Cal. Civ. Code* §§ 1185 standard is slightly different. It requires "satisfactory evidence" instead of just personal knowledge, which can be personalbepersonal knowledge, but ads the requirement of absence of evidence that signor is not who he/she says he/she is.")

**RESPONSE IN OPPOSITION**
FACTS - 5

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

by endorsement and delivery for the purpose of giving the person receiving delivery the right to enforce the instrument. *ORS 73.0203*. If the note has been converted to bearer paper, it can be negotiated simply by delivery without additional endorsements. *ORS 73.0205(2)*. There is no requirement under Oregon law that any transfer of the note be recorded, and recordation would be inconsistent with ensuring that negotiable instruments are freely negotiable. The note does not confer any interest in the real estate that may be given as security.

A deed of trust conveys "an interest in real property to a trustee in trust to secure *the performance of an obligation....*" ORS 86.705(5) . In contrast, the *obligation*, i.e. the promissory note, "sets forth the terms upon which the loan will be made" and "*does not include a mortgage or trust deed* which secures a promissory note." ORS 86.150(3) (emphasis added). *See also* ORS 82.150(2).

ORS 86.735(1) makes no reference to transfers of a promissory note. The applicable plain language of ORS 86.735(1) unambiguously requires that only "assignments of the *trust deed* by the … beneficiary" must be recorded in order to properly conduct a non-judicial foreclosure by advertisement and sale. There is no mention in ORS 86.735(1) that an assignment or other transfer of the "promissory note"—as opposed to the Deed of Trust—must be recorded as a property record as part of the non-judicial foreclosure process.

## 5. AN ASSIGNMENT OF THE DEED OF TRUST WAS RECORDED IN COMPLIANCE WITH OREGON STATUTE.

Plaintiff has to concede that an Assignment was recorded. It was the only assignment of the Deed of Trust, and as such the provisions of the statute have been met prima facie. However, she now argues that the Assignment was recorded 3 years late and thus violated the Pooling and Servicing

**RESPONSE IN OPPOSITION**
FACTS - 6

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

Agreement. There is no requirement in Oregon law as to when an Assignment must be recorded, except that it must be recorded before commencement of the foreclosure. There is no dispute that it was recorded prior to the recording of the Notice of Default. The argument regarding the Pooling and Servicing Agreement is a legal red herring.

## CONCLUSION

Plaintiff and Defendant are parties to a contract. In 2005 Defendant supplied her with the financial resources to build/remodel a house valued by the tax assessor at nearly half a million dollars. She in return promised to repay this loan in monthly installments. She has not kept that promise, but has now enjoyed the benefit of the resources provided by Defendant for six years. For the last two years she has made use of the property and enjoyed its conveniences for free, except for the filing fee for this complaint. She has been given several opportunities by this Court to resolve this matter through negotiations and to amend her pleadings. She has failed to pursue those opportunities and nine months later her allegations remain as meritless as when this case was initiated.

There is a clear record before the Court that shows that contractually Plaintiff was in default of her mortgage obligations and that Defendant had the right to initiate foreclosure proceedings. The record is equally clear that the procedural steps required by Oregon law were followed. Plaintiff's complaint thus should be dismissed. Neither Oregon nor any of the other jurisdictions disqualify documents from recording because of a notary's failure to keep proper log book records. The failure of the notary to keep those records may subject that notary to civil or other liability, but this has no impact on the validity of the instrument. Whether or not a notary complied with all record keeping requirements of his or her position is a matter between that notary and the jurisdiction in which that

**RESPONSE IN OPPOSITION**
FACTS - 7

McCarthy&Holthus LLP
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045

notary practiced. Oregon law looks to the instrument itself in determining whether it qualifies for recording. *Coates v. Smith, 81 Ore. 556 (Or. 1916).* If on its face it is properly acknowledged it is entitled to be recorded. *Id.* "[O]bvious clerical errors and technical omissions or defects will be disregarded." *Id.*

DATED May 23, 2011

                        McCarthy & Holthus, LLP
                            */s/ Holger Uhl*
By_____
                        Holger Uhl, Of the Firm
                        Attorneys for First Horizon Home Loan Corporation

**RESPONSE IN OPPOSITION**
FACTS - 8

**McCarthy&Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045