Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON, | Case No. 10-03073 |
| Plaintiff, | |
| vs. | |
| First Horizon Home Loan Corporation, | **TRIAL BRIEF** |
| Defendants. | |

COMES NOW the Defendant, by and through its attorney of record, Holger Uhl, and

submits this Trial Brief in support of its Defense:

### Table of Contents

STATEMENT OF FACTS.................................................................................................4

**ARGUMENT---THE NON JUDICIAL FORECLOSURE WAS ADVANCED AS REQUIRED BY STATE LAW.** ......................................................................................................6

THE FORECLOSURE PROCESS IS COMMENCED BY THE RECORDING OF A NOTICE OF DEFAULT IN THE OFFICE OF THE RECORDER IN EACH COUNTY WHEREIN THE TRUST PROPERTY OR SOME PART OR PARCEL THEREOF IS SITUATED. ................................................................6

AN AFFIDAVIT OF MAILING OF THE NOTICE OF SALE, PROOF OF SERVICE (IF ANY), AN AFFIDAVIT OF SERVICE ATTEMPTS AND POSTING (IF ANY), AND AFFIDAVIT OF PUBLICATION IS RECORDED IN THE COUNTY ON OR BEFORE THE DATE OF THE TRUSTEE'S SALE TO PROVIDE EVIDENCE OF COMPLIANCE WITH THE PROCEDURAL STEPS REQUIRED BY LAW. ORS 86.735(3)...6

ALL ASSIGNMENTS AND APPOINTMENTS NECESSARY FOR THE FORECLOSURE WERE RECORDED..................................................................................................................7

ORS 86.735(1) REQUIRES THE RECORDING OF ASSIGNMENTS OF THE DEED OF TRUST, NOT RECORDING OF THE TRANSFERS OF THE NOTE. ........................................................7

ORS 86.735 SETS FORTH A CHECKLIST FOR SETTING A SALE DATE..................................8

AN ASSIGNMENT OF THE DEED OF TRUST WAS RECORDED IN COMPLIANCE WITH OREGON STATUTE. ..........................................................................................................9

THE TRANSFER OF PLAINTIFF's LOAN FROM ONE SUBSIDIARY OF THE BENEFICIARY TO ANOTHER DOES NOT REQUIRE THE GENERATION AND RECORDING OF AN ASSIGNMENT OF THE DEED OF TRUST AS DEFENDANT WAS A PARTY TO BOTH AGREEMENTS............................10

THE PURPOSE OF THE RECORDING STATUTE IS TO PROTECT THIRD PARTY CREDITORS, NOT BORROWERS THAT ARE IN DEFAULT..........................................................................................11

THERE IS NO NEXUS BETWEEN THE ALLEGED WRONGFUL CONDUCT AND THE ALLEGED HARM. ...................................................................................................................................12

THERE IS NO INJURY IN FACT ON PART OF THE PLAINTIFF THAT ARISES FROM THE ALLEGED WRONG. ...............................................................................................................................13

THERE CAN BE NO "WRONGFUL FORECLOSURE" WITHOUT TENDERING OR OFFERING TO TENDER THE LOAN PROCEEDS. ............................................................................................15

THE APPOINTMENT AND ASSIGNMENT WERE NOTARIZED IN COMPLIANCE WITH OREGON LAW, AND ARE ENTITLED TO BE RECORDED UNDER OREGON LAW. .............................16

A NOTARY DOES NOT NEED TO WITNESS THE SIGNATURE HE OR SHE ACKNOWLEDGES.........17

**CONCLUSION** ...............................................................................................................................18


## Cases

*Aetna Life Ins. Co. v. Haworth*, 300 US 227, 241, 57 S. Ct. 461, 81 L. Ed. 617 (1937). ............................................13
*Am.-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 506, 510 (9th Cir. 1991) ..............................13
*Blaisell v. Leach*, 101 Cal. 405, 409(1894) ..............................................................................................................19
*Bliss v. Miller*, 119 Ore. 573, 581 (Or. 1926) ..........................................................................................................11
*Bollenback v. Continental Casualty Co.*, 243 Or 498, 503, 414 P2d 802 (1966), ...................................................16
*Clements v. Snider*, 409 F.2d 549, 550 (9th Cir. Cal. 1969) ....................................................................................17
*Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (Nev. 1983) ...............................................................16
*Daugharty v. Gladden*, 217 Ore. 567, 578 (Or. 1959 ..............................................................................................16
*Dry Canyon Farms v. U.S. National Bank of Oregon*, 84 Or App 686, 689, 735 P2d 620 (1987) ..........................13
*Estate of Mary M. Blettell v. Snider*, 114 Or App 162, 164, 834 P2d 505 (1992), ..................................................15
*Fresk v. Kraemer*, 99 P.3d 282, 337 Or. 513 (2004) .................................................................................................8
*Gaffi v. Burns*, 278 Or 327, 333–334, 563 P2d 726 (1977). ...................................................................................16
*Granata v. Tanzer*, 31 Or App 21, 23–24, 569 P2d 1090 (1977) ............................................................................13
*Harper v. Interstate Brewery Co.*, 168 Ore. 26, 44 (Or. 1942) ...............................................................................15
*In Re Names*, 2011 Bankr. LEXIS 1805, 1812 (Bankr. D. Or. May 13, 2011) ........................................................12
*Jensen v. Probert*, 174 Ore. 143, 149 (Or. 1944)....................................................................................................15
*Ken Leahy Construction, Inc. v. Cascade General, Inc.*, 329 Or 566, 571, 994 P2d 112 (1999) .............................15
*Lujan v. Defenders of Wildlife*, 504 US 555, 560, 112 S Ct 2130, 119 L Ed2d 351 (1992) ....................................14
*Marks v. Wilson*, 72 Ore. 5, 9-10 (Or. 1914) ..........................................................................................................16
*Marshall v. Williams*, 21 Ore. 268, 275 (Or. 1891) ................................................................................................16
*Moore v. Thoma*s, 1 Ore. 201 (Or. 1855) ...............................................................................................................11
*Oregonians for Health and Water v. Kitzhaber*, 986 P2d. 1167, 329 OR 339 (1999).................................................8
*Peebler v. Reno*, 965 F Supp 28, 30 (D Or 1997)....................................................................................................13
*Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 US 237, 244, 73 S. Ct. 236, 97 L. Ed. 291 (1952 .........................13
*Schleef v. Purdy*, 214 Or. 137, 140 (Or. 1923) ..........................................................................................................7
*Security State Bank v. Luebke*, 303 Or. 418, 421, 737 P.2d 586 (1987) ..................................................................11
*Stations West, LLC v. Pinnacle Bank of Oregon*, 338 Fed. Appx. 658, 660 (9th Cir. 2009)(unpublished)................16
*Sutherlin School Dist. #130 v. Herrera*, 120 Or App 86, 88, 851 P2d 1171 (1993)..................................................15
*United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). ..............................................................................................................................................................16
*Utsey v. Coos County*, 176 Or App 524, 544, 32 P3d 933 (2001) ...........................................................................13
*Vannatta v. Keisling*, 899 F. Supp. 488, 493 (D. Or. 1995). ...................................................................................13

## Statutes

Cal Civ Code §§1188 ........................................................................................................18
Cal Civ Code §§1189 ........................................................................................................18
*Cal. Civ. Code* §§ 1185 ...................................................................................................18
ORS § 86.737 ......................................................................................................................6
ORS § 86.740 ......................................................................................................................6
ORS § 86.750(1)(a) .............................................................................................................6
ORS § 86.750(2) ..................................................................................................................6
ORS 18.860 .......................................................................................................................14
*ORS* 194.515 ...................................................................................................................17
ORS 194.515(6) .................................................................................................................18
ORS 194.515(7) .................................................................................................................18
*ORS* 194.555 ...................................................................................................................17
ORS 205.130 .....................................................................................................................12
*ORS 73.0203* .....................................................................................................................7
*ORS 73.0205(2)* .................................................................................................................7
ORS 82.150(2) .....................................................................................................................8
ORS 86.150(3) .....................................................................................................................8
ORS 86.705(5) .....................................................................................................................8
ORS 86.735(1) ..............................................................................................................6, 7, 8
ORS 86.739 .......................................................................................................................14
ORS 86.742 ..................................................................................................................14, 15
ORS 88.080 .......................................................................................................................14
*ORS* 93.480 .....................................................................................................................16
*ORS* 93.610 .....................................................................................................................12
ORS 93.630 .......................................................................................................................12
Texas *Civil Practice And Remedies Code, Title 6., Sec.* 121.004 .................................18

## Other Authorities

"*Foreclosing Security Interests (1997 rev. with 2005 cum. supp.) Chapter 2, Trust Deeds, §2.19* ...........................12

**STATEMENT OF FACTS**

In 2005 Mike A Richardson and Tamie S. Richardson entered into a construction loan with First Horizon Home Loan Corporation ("First Horizon") for the amount of $370,000.00 to build a residence on real property known as 746 Bailey Drive, Grants Pass, Oregon 97527. That loan was converted into a permanent loan upon completion of construction. In March of 2010, a non-judicial foreclosure was instituted for the failure to pay back this Loan as agreed. Plaintiff had failed to make her mortgage payments since June of 2009. In response, and on August 9, 2010, Plaintiff, Tamie Richardson, filed the instant action, to stop this foreclosure.

The court eventually rejected all of Plaintiff's theories and causes of action except for the issue whether the non judicial foreclosure proceeded in compliance with the Oregon Trust Deed Act.

The following is a summary of the material facts:

| MATERIAL FACT |
|---|

1. The subject property of this complaint is known as 746 Bailey Drive, Grants Pass, Oregon 97527.

2. The subject promissory note ("Note") and deed of trust ("Deed of Trust") (together the "Loan" or "Mortgage") are dated April 8th, 2005 and were signed by Plaintiff and non party Mike S. Richardson.

3. The original Principal amount of the loan was $370,000.00

4. The current annual interest rate is 6.13%

5. The Note is payable to the "order of Lender"

6. The Note identifies the "Lender" as First Horizon Home Loan Corporation

7. The language of the Note provides that it is transferable.

8. The Note is endorsed in blank by First Horizon Home Loan Corporation.

9. The Deed of Trust was recorded on April 15, 2005 as Instrument # 2005-008429, records of Josephine County, Oregon.

10 The named original Beneficiary of the Deed of Trust was First Horizon Home Loan

Corporation

11  The original Trustee was Ticor Title Insurance Company

12  The Deed of Trust was modified by Instrument recorded March 29, 2006 as Instrument # 2006-006558

13  The marriage of Plaintiff and co-debtor Mike S. Richardson was dissolved by degree dated April 7, 2009

14  The Loan is owned by a securitization trust, First Horizon Alternative Mortgage Securities Trust 2006-AA3, Mortgage Pass-Through Certificates Series 2006-AA3,with the Bank of New York as the Trustee and was transferred to said trust pursuant to a Pooling and Servicing Agreement dated May 1, 2006.

15  First Horizon Home Loan Corporation now known as First Horizon Home Loans is the master servicer for the Loan pursuant to said Pooling and Servicing Agreement with authority to institute foreclosures.

16  The loan is due for July 2009 and each month thereafter.

17  On October 16, 2009 First American Title Insurance Company ("FATCO") was substituted as trustee by the Bank of New York Mellon, as Trustee, through First Horizon Home Loans as the master servicer for the Trustee

18  Said substitution was recorded November 16, 2009 as Instrument # 2009-017906, records of Josephine County, Oregon.

19  First Horizon assigned its beneficial interest in the Deed of Trust to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series  FHAMS 2006-AA3, by instrument recorded on December 29, 2009 as Instrument # 2009-020021, records of Josephine County, Oregon.

20  No actions to recover the debt has been instituted

21  First American Title Insurance Company recorded a Notice of Default and Election to Sell on March 30, 2010, as Instrument # 2010-004090, records of Josephine County, Oregon.

22  On June 24, 2010, First American Title Insurance Company caused the recording of the Affidavit of Mailing, Compliance with SB 628, Publication, and Posting, as Instrument #2010-010755, records of Josephine County, Oregon.

**ARGUMENT---THE NON JUDICIAL FORECLOSURE WAS ADVANCED AS REQUIRED BY STATE LAW.**

**THE FORECLOSURE PROCESS IS COMMENCED BY THE RECORDING OF A NOTICE OF DEFAULT IN THE OFFICE OF THE RECORDER IN EACH COUNTY WHEREIN THE TRUST PROPERTY OR SOME PART OR PARCEL THEREOF IS SITUATED.**

First American Title Insurance Company recorded a Notice of Default and Election to Sell on March 30, 2010, as Instrument # 2010-004090, records of Josephine County, Oregon.

After recording the Notice of Default, a copy of the Notice of Sale and a copy of the Danger Notice is served or mailed by first class *and* certified mail, return receipt requested to all required/interested parties.  ORS § 86.740 and ORS § 86.737 The Notice of Sale is personally served upon the *occupant* of the property.  ORS § 86.750(1)(a) If service cannot be effected on the first attempt, a copy of the Notice is posted in a conspicuous place on the property, followed by two more attempts.  After the *third* attempt, a copy of the Notice is also mailed bearing the word "occupant" as the addressee to the property.  The Notice of Sale is published in a newspaper of general circulation in the county where the property is located once a week for four consecutive weeks.  ORS § 86.750(2).  Compliance with these steps is certified by affidavits which are recorded.

**AN AFFIDAVIT OF MAILING OF THE NOTICE OF SALE, PROOF OF SERVICE (IF ANY), AN AFFIDAVIT OF SERVICE ATTEMPTS AND POSTING (IF ANY), AND AFFIDAVIT OF PUBLICATION IS RECORDED IN THE COUNTY ON OR BEFORE THE DATE OF THE TRUSTEE'S SALE TO PROVIDE EVIDENCE OF COMPLIANCE WITH THE PROCEDURAL STEPS REQUIRED BY LAW. ORS 86.735(3)**

On June 24, 2010, First American Title Insurance Company caused the recording of the Affidavit of Mailing, Compliance with SB 628, Publication, and Posting, as Instrument #2010-010755, records of Josephine County, Oregon.  This affidavit provides prima facie evidence of compliance with the procedural steps as described above.  ORS 86.780

**ALL ASSIGNMENTS AND APPOINTMENTS NECESSARY FOR THE FORECLOSURE WERE RECORDED.**

Defendant First Horizon gave record notice of the assignment of the Deed of Trust to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA3, by instrument recorded on December 29, 2009 as Instrument # 2009-020021, records of Josephine County, Oregon. On October 16, 2009 First American Title Insurance Company ("FATCO") was substituted as trustee by the Bank of New York Mellon, as Trustee, through First Horizon Home Loans as the master servicer for the Trustee. Said substitution was recorded November 16, 2009 as Instrument # 2009-017906, records of Josephine County, Oregon.

The Notice of Default in this particular case states as follows:

"The undersigned hereby certifies that no assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor trustee have been made, except as recorded in the mortgage records of the county or counties in which the above described real property is situated."

**ORS 86.735(1) REQUIRES THE RECORDING OF ASSIGNMENTS OF THE DEED OF TRUST, NOT RECORDING OF THE TRANSFERS OF THE NOTE.**

***A mortgage…may be transferred***, *either by the endorsement of the note and surrender of its possession, or, if the note is payable to bearer, by the mere delivery thereof, **without any formal transfer of the mortgage**." Schleef v. Purdy*, 214 P. 137, 140 (Or. 1923)(emphasis added). A promissory note is not assigned but is transferred or negotiated. Transfers are generally accomplished by endorsement and delivery for the purpose of giving the person receiving delivery the right to enforce the instrument. *ORS 73.0203*. If the note has been converted to bearer paper, it can be negotiated simply by delivery without additional endorsements. *ORS 73.0205(2)*. There is no requirement under Oregon law that any transfer of the note be recorded,

and recordation would be inconsistent with ensuring that negotiable instruments are freely negotiable.  The note does not confer any interest in the real estate that may be given as security.

A deed of trust conveys "an interest in real property to a trustee in trust to secure *the performance of an obligation….*" ORS 86.705(5) . In contrast, the *obligation*, i.e. the promissory note, "sets forth the terms upon which the loan will be made" and "*does not include a mortgage or trust deed* which secures a promissory note." ORS 86.150(3) (emphasis added). *See also* ORS 82.150(2).

ORS 86.735(1) makes no reference to transfers of a promissory note. The applicable plain language of ORS 86.735(1) unambiguously requires that only "assignments of the *trust deed* " be recorded in order to properly conduct a non-judicial foreclosure by advertisement and sale. There is no mention in ORS 86.735(1) that an assignment or other transfer of the "promissory note"— as opposed to the Deed of Trust—must be recorded as a property record as part of the non-judicial foreclosure process.

**ORS 86.735 SETS FORTH A CHECKLIST FOR SETTING A SALE DATE.**

Courts should not insert in a statute what has been omitted. *Oregonians for Health and Water v. Kitzhaber*, 986 P2d. 1167, 329 OR 339 (1999). Words in legislation must be interpreted according to their plain and ordinary meaning and if it is understandable one cannot go beyond that plain meaning.  *Fresk v. Kraemer*, 99 P.3d 282, 337 Or. 513 (2004), *Franklin v. State Indus. Acc. Commission*, 274 P.2d 279, 202 Or 237 (1954).

ORS 86.735 should be read in its entirety to put subsection 1 in proper context:

**86.735 Foreclosure by advertisement and sale.** The trustee **may foreclose** a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 **if:**
**(1)** The **trust deed, any assignments** of the trust deed by the trustee or the beneficiary and **any appointment** of a successor trustee **are recorded** in the mortgage records in the counties in which the property described in the deed is situated; and

Trial Brief 8

**(2)** There is **a default** by the grantor or other person owing an obligation, the performance of which is secured by the trust deed, or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

**(3)** The trustee or beneficiary has **filed** for record in the county clerk's office in each county where the trust property, or some part of it, is situated, **a notice of default** containing the information required by ORS 86.745 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation; and

**(4) No action** has been instituted **to recover the debt** or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed, except that:

(a) Subject to ORS 86.010 and the procedural requirements of ORCP 79 and 80, an action may be instituted to appoint a receiver or to obtain a temporary restraining order during foreclosure of a trust deed by advertisement and sale, except that a receiver shall not be appointed with respect to a single-family residence which is occupied as the principal residence of the grantor, the grantor's spouse or the grantor's minor or dependent child.

(b) An action may be commenced for the judicial or nonjudicial foreclosure of the same trust deed as to any other property covered thereby, or any other trust deeds, mortgages, security agreements or other consensual or nonconsensual security interests or liens securing repayment of the debt.(emphasize added)

The section sets for a four point checklist for setting a sale date. There can be no other action, there has to be a default, the deed of trust and any assignments or appointments and a notice of default are of record. ORS 86.735(1) does not use the term "all" nor does it make reference to transfers of economic interests or "assignments of interest." Instead it used the term "any." If the legislature had intended to mean "all" it could have easily used that word, and required the recording of all assignments. In fact, the legislature uses the term "all" repeatedly in Chapter 86, but not when refereeing to the recording of assignments of Deeds of Trust. It requires that any assignments or appointments are of record, but it does not necessarily require a chain of recorded assignments.

## AN ASSIGNMENT OF THE DEED OF TRUST WAS RECORDED IN COMPLIANCE WITH OREGON STATUTE.

Plaintiff has to concede that an Assignment was recorded. It was the only assignment of the Deed of Trust, and as such the provisions of the statute have been met prima facie. However,

she now argues that the Assignment was recorded 3 years late and thus violated the Pooling and Servicing Agreement.  There is no requirement in Oregon law as to when an assignment must be recorded, except that it must be recorded before commencement of the foreclosure.  There is no dispute that it was recorded prior to the recording of the Notice of Default.  The argument regarding the Pooling and Servicing Agreement is a legal red herring.

**THE TRANSFER OF PLAINTIFF's LOAN FROM ONE SUBSIDIARY OF THE BENEFICIARY TO ANOTHER DOES NOT REQUIRE THE GENERATION AND RECORDING OF AN ASSIGNMENT OF THE DEED OF TRUST AS DEFENDANT WAS A PARTY TO BOTH AGREEMENTS.**

Plaintiff nevertheless argues that in addition to the recorded assignment there should have been other assignments generated and recorded.  This is based on the undisputed fact that her loan was transferred to a new economic beneficiary in a two step process under two separate contracts.  However, those contracts were enacted simultaneously and signed by the same persons.

First Tennessee Bank National Association is the successor by merger to First Horizon Home Loan Corporation. First Horizon Home Loans is a division of First Tennessee Bank. The originating lender, First Horizon Home Loan Corporation, created a pool of mortgages by transferring those mortgages to another subsidiary of First Tennessee Bank National Association, First Horizon Asset Securities, Inc.("FHASI"), pursuant to the MLPA.  FHASI, in turn, sold, assigned and transferred the mortgage loan into the First Horizon Mortgage Pass-Through Trust 2006-AA3 pursuant to the terms of the PSA between FHASI, as Depositor, First Horizon, as Master Servicer and Bank of New York Mellon, as Trustee. The defendant First Horizon Home Loan Corporation was a party to both agreements and remained at all time the custodian of the mortgage loan documents.

Trial Brief 10

As explained above, the statute does not require a chain of assignments or deeds of trust. It simply requires a record notice that a deed of trust has been transferred from the beneficiary of record to the present beneficiary.  That purpose is satisfied with the recording of the assignment of the deed of trust which reflects the transfer of the note.

This case is to be distinguished from the concerns expressed by the Court in cases involving MERS®.  In those cases MERS® functions as an agent for unrelated parties which creates a concern that there may be competing, but unrecorded claims to the beneficial interest. MERS® is not party to the promissory note nor to any transfer agreements. There are no third parties that held an interest in the deed of trust or the note other than Defendant and the Trust that currently holds them. There is no gap in the chain of title in this case.

**THE PURPOSE OF THE RECORDING STATUTE IS TO PROTECT THIRD PARTY CREDITORS, NOT BORROWERS THAT ARE IN DEFAULT.**

The purpose of recording and registries should be emphasized.  A recording statute is not a borrower protection statute that should prevent the exercise of contractual remedies against delinquent borrowers. Instead, it is a process designed to provide record notice to third parties, and third party creditors specifically:

> [T]he manifest and exclusive object of [the registry act] was to protect third persons from fraud or injury by means of prior secret conveyances.  *Moore v. Thomas*, 1 Ore. 201 (Or. 1855)

[T]the "meaning of the registry act was to prevent parol proofs of notice, or not notice." *Id.* "Effect ought to be given to this meaning." *Id.* The purpose of recording is to protect third parties (e.g., subsequent bona fide purchasers or judgment creditors) by informing them there is an encumbrance on the real property. *Security State Bank v. Luebke,* 303 Or. 418, 421, 737 P.2d 586 (1987), *Bliss v. Miller*, 119 Ore. 573, 581 (Or. 1926)("The object of recording a deed is for the protection of creditors and innocent purchasers."). Thus, the primary objective of the recording

statutes is to memorialize for the benefit of outside third parties the interests that affect title to real property. *Luebke, supra.* This is done by recording a conveyance of an interest in real property that is in the form of a trust deed with the county recorder. *ORS* 93.610, 93.630, 205.130.

Once the world is placed on notice, interested parties must undertake further investigation as to the status of the security interest in the real property. Since the borrowers already know there is a security interest and have in fact explicitly granted that interest, the notice provided by the recording statutes is not for the borrowers' benefit. Recording statutes are not consumer protection statutes intended to confer special rights on borrowers. Recording the deed of trust is for the benefit of the Lender and outside third parties.

Equally, the purpose for recording deed of trust assignments is not for the protection of the borrower as Plaintiff asserts, but to ensure the current beneficial interest holder on a junior trust deed receives a trustee's notice of sale from a priority trust deed in foreclosure "*Foreclosing Security Interests (1997 rev. with 2005 cum. supp.) Chapter 2, Trust Deeds, §2.19.*It is thus a provision designed to protect lenders. Plaintiff takes these provisions designed as a shield and seeks to turn it into a weapon to deprive the protected class from exercising its contractual rights.

**THERE IS NO NEXUS BETWEEN THE ALLEGED WRONGFUL CONDUCT AND THE ALLEGED HARM.**

Recording of assignments is not a substantive right for the benefit of Plaintiff. If it is a defect it is at most a ceremonial defect which does not impact Plaintiff's substantive rights. Defects "in form" in the foreclosure process that have "no impact on debtor's substantive rights" do not invalidate a foreclosure sale. *In Re Names*, 2011 Bankr. LEXIS 1805, 1812 (Bankr. D. Or. May 13, 2011). The defect has to go to the "substance of the challenged agreement." *Id. at 1810,*

*citing Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528,

149 P.3d 150 (2006).

**THERE IS NO INJURY IN FACT ON PART OF THE PLAINTIFF THAT ARISES FROM THE ALLEGED WRONG.**

> *There has to be a "causal connection between the alleged injury and the conduct complained of." Am.-Arab Anti-Discrimination Comm. v. Thornburgh, 970 F.2d 501, 506, 510 (9th Cir. 1991), Vannatta v. Keisling, 899 F. Supp. 488, 493 (D. Or. 1995).*

Plaintiff's action is in part a declaratory action to ascertain the rights of the trustee to

pursue this foreclosure. Declaratory actions are recognized under state law. However, a

complaint for declaratory relief can withstand a motion to dismiss only if it alleges a justiciable

controversy; that is, the complaint must allege "the existence of an actual controversy relating to

the legal rights and duties of the parties." *Dry Canyon Farms v. U.S. National Bank of Oregon,*

84 Or App 686, 689, 735 P2d 620 (1987). A justiciable controversy requires "the court's

decision in the matter [to] have some practical effect on the rights of the parties to the

controversy." *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). . The "practical effect"

must be on the party invoking the court's jurisdiction. *Utsey v. Coos County,* 176 Or App 524,

544, 32 P3d 933 (2001) at 543. Some useful purpose has to be achieved in deciding the

controversy." *Pub. Serv. Comm'n of Utah v. Wycoff Co*., 344 US 237, 244, 73 S. Ct. 236, 97 L.

Ed. 291 (1952); *Aetna Life Ins. Co. v. Haworth*, 300 US 227, 241, 57 S. Ct. 461, 81 L. Ed. 617

(1937). Thus it is central to the controversy requirement that there is an allegation of a

substantial and concrete injury in fact by the Plaintiffs. *Granata v. Tanzer,* 31 Or App 21, 23–24,

569 P2d 1090 (1977). Stated in another way plaintiffs have to allege (and ultimately establish) an

"injury in fact" that is more than conjectural or hypothetical but "actual or imminent." *Peebler v.*

*Reno,* 965 F Supp 28, 30 (D Or 1997) (quoting, in part, *Lujan v. Defenders of Wildlife,* 504 US

555, 560, 112 S Ct 2130, 119 L Ed2d 351 (1992)). That "actual or imminent" injury has to be "fairly traceable" to the actions of the defendants. *Id*.

Plaintiff's alleged injury is the loss of the subject property in a foreclosure sale. However, that loss is the natural consequence of Plaintiff's admitted default in not repaying their mortgage loan. It is a remedy that Plaintiff contractually authorized. The recording of assignments is not for the benefit of the Plaintiff, but for the protection of creditors. *Foreclosing Security Interests* (Oregon 1997 *rev. with 2005 cum. supp.*) Chapter 2, Trust Deeds, §2.19. There is a complete lack of nexus between the possible injury and the alleged wrongful conduct.

It is further not disputed that Plaintiff has and had actual notice of the institution of the foreclosure sale and thus an opportunity to cure. Unfortunately Plaintiff has not availed itself of that opportunity, and instead seeks to avoid the consequences of his bargain through litigation.

Lack of notice and thus opportunity to cure is the limited circumstance under which a wrongful foreclosure can be challenged under Oregon law. It is that right of redemption that the Oregon Trust Deed Act is protecting, but even in circumstances where there is a lack of an opportunity to cure, the Oregon Trust Deed act does not provide for automatic invalidation of a foreclosure. *See* ORS 86.739 *Failure To Give Notice To Grantor; Remedy.* Instead, the remedy that the statute provides is to preserve the right to redeem as if the borrower was a junior lienholder who was omitted as a party to a judicial foreclosure. *Id.* Pursuant to ORS 88.080 property sold in a judicial foreclosure can be redeemed in like manner and with like effect as property sold at an execution sale pursuant to ORS 18.860 to 18.993. In addition, ORS 86.742 provides a cause of action for monetary damages. However, these are the sole remedies. ORS 86.742(6).

The action for damages must be dismissed unless the Plaintiff can show under a "standard of clear and convincing evidence, that the omitted person had the financial ability to cure the default," i.e. that Plaintiff had an *actual* injury. ORS 86.742(3). Thus the Oregon Trust Deed Act supports the authority cited below that a wrongful foreclosure suit requires a showing of tender.

While declaratory-judgment proceeding may be legal or equitable in nature, depending on "the nature of the case and the relief sought." *Ken Leahy Construction, Inc. v. Cascade General, Inc.,* 329 Or 566, 571, 994 P2d 112 (1999). Declaratory-judgment proceedings to quiet title to real property, *Estate of Mary M. Blettell v. Snider,* 114 Or App 162, 164, 834 P2d 505 (1992), or to establish title by adverse possession, *Winthers v. Bertrand,* 239 Or 97, 99, 396 P2d 570 (1964);*Sutherlin School Dist. #130 v. Herrera,* 120 Or App 86, 88, 851 P2d 1171 (1993), are clearly equitable.  Plaintiff has given the court no basis to provide equitable relief.

## THERE CAN BE NO "WRONGFUL FORECLOSURE" WITHOUT TENDERING OR OFFERING TO TENDER THE LOAN PROCEEDS.

> *"where the relief sought is the avoidance of the sale, equity would be the proper forum" Harper v. Interstate Brewery Co., 168 Ore. 26, 44 (Or. 1942)*

Plaintiff is ultimately are alleging that he should not have to live with the consequences of his bargain, that his servicer should have relieved him off that burden by renegotiating the loan terms.  His claims are aimed at avoiding the loan, to quiet title, which is  a de facto rescission of the loan.  But while he pleads with this court for justice, nowhere in the Complaint does Plaintiff allege that he is able and willing to tender the money he has borrowed in return, or that the debt is otherwise not due somehow.

Wrongful foreclosure is an equitable remedy. *Harper, supra.*  "[H]e who seeks equity must do equity." *Jensen v. Probert*, 174 Ore. 143, 149 (Or. 1944). Equity is not on Plaintiffs

side. A Plaintiff in order to receive equitable relief must return what was received or tender or show that he is ready, willing, and able to perform. *Bollenback v. Continental Casualty Co.,* 243 Or 498, 503, 414 P2d 802 (1966), *Gaffi v. Burns,* 278 Or 327, 333–334, 563 P2d 726 (1977).

"[T]he law will not require the doing of a useless act." *Daugharty v. Gladden,* 217 Ore. 567, 578 (Or. 1959). It would be a futile exercise to stop this foreclosure on the grounds Plaintiff advances, unless he can establish his ability to pay off or reinstate the loan. *See for example United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A foreclosure that may otherwise be improper is allowed to stand if there was no tender by Plaintiff. *Crane v. Mabry*, 104 Ore. App. 634, 640 (Or. Ct. App. 1990). To have a court determine that an "equitable mortgage" exists, tender must be alleged. *Marshall v. Williams*, 21 Ore. 268, 275 (Or. 1891), *also see, Stations West, LLC v. Pinnacle Bank of Oregon*, 338 Fed. Appx. 658, 660 (9th Cir. 2009)(unpublished)(Action dismissed because Plaintiff failed to allege it could remedy notice of default.) This is because there can be no wrongful foreclosure unless the debt was not due. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (Nev. 1983) ("material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised.")

The bottom line is that Plaintiff must be able to return the funds he borrowed before he can rescind this loan or quiet title to the subject property. Thus, as a threshold matter, if the Plaintiff is unwilling or unable to rescind, this matter cannot stand.

## THE APPOINTMENT AND ASSIGNMENT WERE NOTARIZED IN COMPLIANCE WITH OREGON LAW, AND ARE ENTITLED TO BE RECORDED UNDER OREGON LAW.

Documents acknowledged or certified in compliance with Oregon Statute "are entitled to be recorded." *ORS* 93.480, *Marks v. Wilson*, 72 Ore. 5, 9-10 (Or. 1914). Oregon gives foreign

notarial acts "the same effect under the law of this state as if performed by a notarial officer of this state" if that person is also a notary public or notary in that jurisdiction.  *ORS* 194.555.

## A NOTARY DOES NOT NEED TO WITNESS THE SIGNATURE HE OR SHE ACKNOWLEDGES.

The main thrust of Plaintiff's argument with respect to the questioned notarial acknowledgments of the relevant documents is the accusation that the individual notaries did not witness the signatures which were acknowledged.  Plaintiff asserts that this is an essential notarial requirement.  That is not the case as a matter of law.

Each of the challenged notarial jurats uses practical identical language.  None of those jurats however, assert that the notary in question personally witnessed the signor signing the document.  Instead, the notary certified that the signor "acknowledged" that the signature on the document is his/her signature and that he signed this in his/her authorized capacity.  A signor does not need to sign before a notary. *Blaisell v. Leach*, 101 Cal. 405, 409(1894).  He or she merely needs to acknowledge her signature.  This is the proper way of acknowledging documents:

> The requisites of an acknowledgment … are the personal appearance of the maker, his acknowledgment that he signed it, and the officer's personal knowledge that the maker is the person he purports to be. *Clements v. Snider*, 409 F.2d 549, 550 (9th Cir. Cal. 1969)(referring to Cal Civ Code Sec. 1185)

Oregon statute is consistent.  Pursuant to *ORS* 194.515 notaries may take an acknowledgment or make a verification, if the person having signed the instrument personally appears before the notary.  There is no requirement for the notary to witness the actual

Trial Brief 17

signature.[1]  The person making that "acknowledgment" has to be either identified through proper identification or "personally known" to the notary. ORS 194.515(6).[2]  "Personally known" simply means "familiarity with a person resulting from interactions with that person over a period of time sufficient to eliminate every reasonable doubt that the person has the identity claimed."  ORS 194.515(7)[3].  All signors and notaries were employees of the same companies who worked in the same office and had known each other.

**CONCLUSION**

It is not in dispute that Plaintiff is in breach of her contractual obligations and that she has not made mortgage payments for almost 2 years.  Plaintiff was permitted extensive leeway to conduct discovery and present her case.  There are no longer any factual disputes.  The public record is the public record.  Defendant believes that this record shows that the foreclosure proceeded in compliance with Oregon law.

However, even assuming that the court finds a procedural error the remedy is to cure that procedural error.  The foreclosure sale has not yet occurred.  Defendants have the right to cure any such defect before they proceed to sale.  Plaintiff would not incur any damages as a result of such defect.  To the contrary, Plaintiff would stand to profit by gaining additional time to live rent free in a property she has not been able to afford for a number of years.

---

[1]This is also true for Texas and California.  See Texas *Civil Practice And Remedies Code, Title 6., Sec*. 121.004., *Cal. Civ. Code* §§ 1185, 1188, 1189

[2]Ibid. *See*Texas Sec. 121.005, *Cal. Civ. Code* §§ 1185
[3]*Cal. Civ. Code* §§ 1185 standard is slightly different. It requires "satisfactory evidence" instead of just personal knowledge,   which can be be personal knowledge, but ads the requirement of absence of evidence that signor is not who he/she says he/she is.")

Trial Brief 18

DATED June 9, 2011

McCarthy & Holthus, LLP

*/s/ Holger Uhl*

By_____

Holger Uhl, Of the Firm
Attorneys for First Horizon Home Loan Corporation