Holger Uhl [OSB#950143]
**McCarthy & Holthus LLP**
19735 10th Avenue, Suite N-200
Poulsbo WA 98370
Phone: 206.319.9100 Ext. 8045
Fax: 206.780.6862
Direct: 206.319.9045
Attorneys for First Horizon Home Loan Corporation

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| TAMIE RICHARDSON,<br><br>                              Plaintiff,<br><br>vs.<br><br>First Horizon Home Loan Corporation,<br><br><br><br>                              Defendants. | Case No. 10-03073<br><br><br><br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

COMES NOW the Defendant, by and through its attorney of record, Holger Uhl, and submits this Memorandum of Points and Authorities:

## I.     BACKGROUND

In 2005 Mike A Richardson and Tamie S. Richardson ("Plaintiff") entered into a construction loan with First Horizon Home Loan Corporation ("First Horizon") for the amount of $370,000.00 to build a residence on real property known as 746 Bailey Drive, Grants Pass, Oregon 97527. That loan was converted into a permanent loan upon completion of construction. In March of 2010, a non-judicial foreclosure was instituted for the failure to pay back this Loan as agreed. Plaintiff had failed to make her mortgage payments since June of 2009. In response, and on August 9, 2010, Plaintiff, Tamie Richardson, filed the instant action, to stop this foreclosure on a number of different theories.

Memorandum of Points and Authorities 1

The court eventually rejected all of Plaintiff's theories and causes of action except for the issue whether the non judicial foreclosure is in procedural compliance with the Oregon Trust Deed Act.

It is not in dispute that Plaintiff is in breach of her contractual obligations, that she has not made mortgage payments for almost 2 years and has enjoyed the use of the subject property free from mortgage or rent payments for that period. There are no longer any factual disputes as to Plaintiff's own default. However, the non judicial foreclosure sale has not yet occurred.

Defendant has the right to stop the pending non judicial foreclosure and instead proceed judicially. *See* ORS 86.715 (trust deed can be treated as mortgage); ORS 88.010 (mortgage can be foreclosed judicially). This is what Defendants are in the process of doing. Attached herewith, as Exhibit A, is a copy of the executed Rescission of Notice of Default. Plaintiff would not incur any damages as a result of the cancelation of the non judicial foreclosure and institution of a judicial foreclosure. To the contrary, Plaintiff would stand to profit further by gaining additional time to live rent free in a property she has not been able to afford for a number of years. During that time she retains her contractual and statutory rights to cure her default and she remains free to negotiate a loan modification if she chooses to engage Defendant for that purpose.

**II.    ARGUMENT**

**A.  RESCISION OF THE NON JUDICIAL FORECLOSURE MOOTS PLAINTIFF'S CLAIMS AGAINST DEFENDANT**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." *Luke v. Williams*, 2010 U.S. Dist. LEXIS 123752 (D. Or. 2010), *citing Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). "A case becomes moot

when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Luke, supra., citing McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004), *also see Nike, Inc. v. Adidas Am., Inc.*, 2006 U.S. Dist. LEXIS 90483, 9-11 (D. Or. Dec. 14, 2006), *citing Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005). The controversy must exist at "all stages of review, not merely at the time the complaint is filed.'" *Nike, supra citing Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1056 (Fed. Cir. 1995)

In similar cases, courts have found that stopping the non judicial foreclosure and instituting a judicial foreclosure moots the case as to whether a non judicial foreclosure is proper. *See*, *e.g.*, *Rafferty v. Chase Manhattan Mortg. Corp.*, 152 F.3d 928 (9th Cir. 1998) (table opinion) (recognizing similar case to be moot under similar circumstances); *Skaugawa v. MERS*, No. 10-00028 JMS/BMK, 2011 WL 776051 (D. Hawaii Feb. 25, 2011) (same).

In *Rafferty*, the plaintiff filed an "action alleging defendants improperly commenced nonjudicial foreclosure proceedings against his residence." *Id.* The trial court dismissed the case for lack of subject matter jurisdiction, and the plaintiff appealed, but the Ninth Circuit "dismiss[ed] th[e] appeal as moot." *Id.* As the Ninth Circuit explained, the defendants "ha[d] rescinded the nonjudicial foreclosure proceedings," so "there [wa]s no longer a live issue or controversy and no effective relief c[ould] be granted." *Id.*

Similarly, in *Sakugawa*, the plaintiff sued MERS and a foreclosure trustee, alleging "misconduct in seeking nonjudicial foreclosure" of plaintiffs' home. 2011 WL 776051, at 1. After the plaintiff filed his complaint, however, the defendants rescinded the foreclosure sale and "otherwise ceased to pursue a nonjudicial foreclosure against Plaintiff." *Id.* at 2. The defendants then filed a judicial foreclosure action in state court. *Id*. Under those circumstances, the district

Memorandum of Points and Authorities 3

court dismissed the federal case as moot. *Id.* at 6. As the court explained, "there is no existing controversy regarding the Notice of Foreclosure because it was rescinded." *Id.*

Oregon federal courts have also followed this line of thought and dismissed causes of action arising from an abandoned non-judicial foreclosure proceeding as moot. *See e.g.*, *Delaney v. OneWest Bank, FSB,* No. 10-977-k1, 2011 U.S. Dist. LEXIS 48515 (D. Or. May 5, 2011) (Judge Garr M. King), the court dismissed plaintiffs' claims that defendants lacked the authority to initiate a non-judicial foreclosure, and it held that defendants' decision to initiate judicial foreclosure and abandon non-judicial foreclosure mooted plaintiffs' action. *Id.* at 2-5. The court noted that plaintiffs would be free to assert their claims for relief in the state judicial foreclosure action. *Id.* at 5. *Delaney, Rafferty,* and *Sakugawa* are applicable here. Accordingly, upon rescission of the non judicial foreclosure this case should be dismissed for lack of subject matter jurisdiction because Plaintiffs' claims will be moot.

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT.

Plaintiff has not specified the basis for her claim for damages. To the extent she brings a breach of contract claim for relief she only allege that the foreclosure is not conducted pursuant to applicable law and violated the deed of trust.

To establish a claim for breach of contract, the "plaintiff must allege the existence of a contract, 'its relevant terms, **plaintiff's full performance and lack of breach** and defendant's breach resulting in damage to plaintiff.'" *Slover v. Oregon State Bd. of Clinical Social Workers*, 144 Or. App. 565, 570, 927 P.2d 1098 (1996) (quoting, in part, *Fleming v. Kids and Kin Head Start,* 71 Or. App. 718, 721, 693 P.2d 1363 (1985))(emphasized added).

In this case, plaintiff cannot establish her own full performance and lack of breach.

Plaintiff has failed to allege, and cannot allege, that she performed all of her obligations under the contract and therefore has failed to allege a claim for breach of contract. Moreover,

pursuant to the express terms of the loan documents at issue, plaintiff agreed that if she defaulted on the contract, non-judicial foreclosure could be commenced. That is all that happened here.

In addition, plaintiffs' breach of contract claim fails because she cannot establish that the Defendant's purported breach caused the claimed damages. *Rizo v. U-Lane-Credit Union*, 178 Or App. 498, 501, 37 P.3d 220 (2001). Plaintiffs' alleged damages were not caused by the lack of any recorded assignments. Rather, Plaintiff caused the foreclosure to be initiated by failing to make timely payments as required by the loan agreement and she cannot contend otherwise.

### C. PLAINTIFF'S CLAIM FOR DAMAGES ARE NOT RIPE FOR ADJUDICATION.

Plaintiff's claims for damages are based on the loss of possession of the subject property in a process that allegedly did not follow Oregon law. However, the foreclosure that was threatened has not occurred and is not going to occur under a non judicial process. Thus Plaintiff's claims for damages are pre mature. Ripeness is a jurisdictional matter. *Ecology Center, Inc. v. United States Forest Serv.*, 192 F.3D 922, 926 (9th Cir.) (Dismissal affirmed because district court lacked subject matter jurisdiction when claims were not ripe). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S.. 296, 299, 118 S. Ct. 1257, 1259, 140 l. ed. 2d 406 (1998).

The ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action." *Murphy v. Kenops*, 99 F. Supp. 2d 1255, 1261 (D. Or. 1999),*citing Portman v. Santa Clara*, 995 f.2d 898, 902 (9th cir. 1993). [P]laintiffs must show that postponing review imposes a hardship on them that is immediate, direct, and significant," and that affects their "day-to-day affairs." *Id., citing Anchorage v. United States*, 980 F.2d 1320, 1326 (9th Cir. 1992). Stopping the non judicial foreclosure will allow Plaintiff to remain in possession during the pendency of any judicial foreclosure proceedings. In this case any claims Plaintiff may have as to damages will be addressed in a judicial foreclosure as defenses to a foreclosure.

### D. THERE IS NO NEXUS BETWEEN THE ALLEGED WRONGFUL CONDUCT AND THE ALLEGED HARM.

> *There has to be a "causal connection between the alleged injury and the conduct complained of." Am.-Arab Anti-Discrimination Comm. v. Thornburgh, 970 F.2d 501, 506, 510 (9th Cir. 1991), Vannatta v. Keisling, 899 F. Supp. 488, 493 (D. Or. 1995).*

Plaintiff's action is in part a declaratory action to ascertain the rights of the trustee to pursue this foreclosure. Declaratory actions are recognized under state and federal law. However, a complaint for declaratory relief can withstand a motion to dismiss only if it alleges a justiciable controversy; that is, the complaint must allege "the existence of an actual controversy relating to the legal rights and duties of the parties." *Dry Canyon Farms v. U.S. National Bank of Oregon,* 84 Or App 686, 689, 735 P2d 620 (1987). A justiciable controversy requires "the court's decision in the matter [to] have some practical effect on the rights of the parties to the controversy." *Brumnett v. PSRB,* 315 Or 402, 405, 848 P2d 1194 (1993). . The "practical effect" must be on the party invoking the court's jurisdiction. *Utsey v. Coos County,* 176 Or App 524, 544, 32 P3d 933 (2001) at 543. Some useful purpose has to be achieved in deciding the controversy." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 US 237, 244, 73 S. Ct. 236, 97 L. Ed. 291 (1952); *Aetna Life Ins. Co. v. Haworth*, 300 US 227, 241, 57 S. Ct. 461, 81 L. Ed. 617 (1937). Thus it is central to the controversy requirement that there is an allegation of a substantial and concrete injury in fact by the Plaintiffs. *Granata v. Tanzer,* 31 Or App 21, 23–24, 569 P2d 1090 (1977). Stated in another way plaintiffs have to allege (and ultimately establish) an "injury in fact" that is more than conjectural or hypothetical but "actual or imminent." *Peebler v. Reno,* 965 F Supp 28, 30 (D Or 1997) (quoting, in part, *Lujan v. Defenders of Wildlife,* 504 US 555, 560, 112 S Ct 2130, 119 L Ed2d 351 (1992)). That "actual or imminent" injury has to be "fairly traceable" to the actions of the defendants. *Id*.

Plaintiff's alleged injury is the loss of the subject property in a foreclosure sale. However, that loss is the natural consequence of Plaintiff's admitted default in not repaying their mortgage loan. It is a remedy that Plaintiff contractually authorized. The recording of assignments is not for the benefit of the Plaintiff, but for the protection of creditors. *Foreclosing Security Interests* (Oregon 1997 *rev. with 2005 cum. supp.*) Chapter 2, Trust Deeds, §2.19. There is a complete lack of nexus between the possible injury and the alleged wrongful conduct.

It is further not disputed that Plaintiff has and had actual notice of the institution of the foreclosure sale and thus an opportunity to cure. Unfortunately Plaintiff has not availed herself of that opportunity, and instead seeks to avoid the consequences of her bargain through litigation.

### E. THERE CAN BE NO "WRONGFUL FORECLOSURE" WITHOUT TENDERING OR OFFERING TO TENDER THE LOAN PROCEEDS.

> *"where the relief sought is the avoidance of the sale, equity would be the proper forum"* Harper v. Interstate Brewery Co., 168 Ore. 26, 44 (Or. 1942)

Plaintiff is ultimately alleging that she should not have to live with the consequences of her contractual bargain, that her servicer should have relieved her off that burden by renegotiating the loan on her terms. Her claims are aimed at avoiding the consequences of her default. But whiles she pleads with this court for justice, nowhere in the Complaint does Plaintiff allege that she is able and willing to tender the money she has borrowed in return, or that the debt is otherwise not due somehow.

Wrongful foreclosure is an equitable remedy. *Harper, supra.* "[H]e who seeks equity must do equity." *Jensen v. Probert*, 174 Ore. 143, 149 (Or. 1944). Equity is not on Plaintiffs side. A Plaintiff in order to receive equitable relief must return what was received or tender or show that he is ready, willing, and able to perform. *Bollenback v. Continental Casualty Co.,* 243 Or 498, 503, 414 P2d 802 (1966), *Gaffi v. Burns,* 278 Or 327, 333–334, 563 P2d 726 (1977).

Memorandum of Points and Authorities 7

"[T]he law will not require the doing of a useless act." *Daugharty v. Gladden,* 217 Ore. 567, 578 (Or. 1959). "A foreclosure that may otherwise be improper is allowed to stand if there was no tender by Plaintiff. *Crane v. Mabry*, 104 Ore. App. 634, 640 (Or. Ct. App. 1990). To have a court determine that an "equitable mortgage" exists, tender must be alleged. *Marshall v. Williams*, 21 Ore. 268, 275 (Or. 1891), *also see, Stations West, LLC v. Pinnacle Bank of Oregon*, 338 Fed. Appx. 658, 660 (9th Cir. 2009)(unpublished)(Action dismissed because Plaintiff failed to allege it could remedy notice of default.)

### F. PLAINTIFF LACKS STANDING AS SHE HAD QUITCLAIMED HER INTEREST IN THE SUBJECT PROPERTY

Plaintiff's trial brief has disclosed that Plaintiff quitclaimed her interest in the subject property to a trust:

> Plaintiff established a Private Contract Trust Agreement under the name of "746 Bailey Drive Trust" and recorded Quitclaim Deed to the trust on May 16, 2010. *Docket #127, Page 29, Paragraph 33.*

Rule 17(a) of the Federal Rules of Civil Procedure sets forth the basic requirement for determining who may bring an action in federal court – "every action shall be prosecuted in the name of the real party in interest." Real parties in interest are the persons possessing the right or interest to be enforced through the litigation. *See American States Ins. Co. v. Insurance Co.*, 1998 U.S. App. LEXIS 21653, 3 (9th Cir. Sept. 2, 1998)(defining a real party in interest as a person who, under governing substantive law, is "entitled to enforce the right being asserted.").

In this case, Plaintiff no longer has an interest in the Subject Property that would entitle her to recovery against Defendant. *See Carey v. Andrews*, 207 Fed. Appx. 863, 865 (9th Cir. 2006) (holding that a pro se CEO was not the real party in interest and therefore lacked standing

Memorandum of Points and Authorities 8

to seek injunctive relief because the company for which he served as CEO was the real party in interest).

Nor can Plaintiff act as the attorney for the trust and represent it in this litigation. *See Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008)("As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."), *Wayne v. Martinez*, 58 Fed. Appx. 685 (9th Cir. 2003) (dismissing pro se plaintiff's attempt to bring action because it was not prosecuted in the name of the real party in interest and noting that the real party in interest did not sign the pleadings.)

### III. CONCLUSION

Upon the recording of the rescission of the Notice of Default, Plaintiff's declaratory action as to what is required to proceed with a non judicial foreclosure in Oregon becomes moot. Her claims for damages not only lack specificity, but they are also clearly pre mature. Finally, as part of her overzealous scheme to prevent the enforcement of a contract which she breached, Plaintiff disclaimed her interest in the subject property and thus deprived herself of standing.

DATED June 30, 2011

        McCarthy & Holthus, LLP
         */s/ Holger Uhl*
       By_____
         Holger Uhl, Of the Firm
         Attorneys for First Horizon Home Loan Corporation